

ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

APR -2 2003

by: _Calwher_
Deputy Clerk

LARRY WHISTLER
a/k/a LARRY ZBYSZKO
a/k/a THE LIVING LEGEND,
an individual,

    Plaintiff,

vs.

WORLD WRESTLING FEDERATION
ENTERTAINMENT, INC., a Delaware
Corporation, VINCE MCMAHON,
an individual, CHRIS IRVINE a/k/a
CHRIS JERICHO, a/k/a JERICHO, an
individual,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1 02-CV-1008-CC

## OBJECTION AND RESPONSE TO SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS BY DEFENDANTS VINCE MCMAHON AND CHRIS IRVINE

Defendants Vince McMahon and Chris Irvine respectfully submit this Objection and Response (this "Memorandum") to Supplemental Response ("Plaintiff's Supplemental Response") to Motion to Dismiss by Defendants Vince McMahon and Chris Irvine (the "Motion").

Plaintiff's "Supplemental Response" to the Motion is not authorized by the Local Rules. See N.D. Ga. Local Rule 7.1. Defendants object to the unauthorized filing, but rather than focus upon Plaintiff's procedural flaw, Defendants submit this Memorandum to respond directly to Plaintiff's unwarranted allegation that Defendants misstated the record in their Reply in support of the Motion. Upon review, the record demonstrates that Defendants did not mislead the Court. To the contrary, by reference to truncated questions from Mr. McMahon's deposition and statements out of context, the Plaintiff attempts to create the misimpression that Mr. McMahon, at the time of the alleged tort,

26

knew that Plaintiff was a resident of Georgia.  Defendants will demonstrate that the Supplemental Response and the record do not support the proposition, as claimed, that at the time of the alleged tort, Mr. McMahon directed conduct to the State of Georgia, because he knew that the Plaintiff resided in this forum.

In the Reply in support of the Motion, Defendants accurately cited to Mr. McMahon's deposition testimony that he did not know where the Plaintiff resides.  See McMahon Depo. at 56:15-17.  In point of fact, the record shows that, at the time of the tort alleged, Mr. McMahon did not know that the Plaintiff was a resident of the State of Georgia.

Plaintiff filed this action in April of 2002.  In the Complaint, the Plaintiff alleged that he was a resident of Alpharetta, Georgia.  Complaint ¶ 2.  In his Answer, Mr. McMahon responded that he was without sufficient knowledge or information to form a belief as to the truth or falsity of that allegation.  Answer ¶ 2.  But because of the Plaintiff's allegation in the Complaint and because of the issue that has been raised by the Motion to Dismiss, Mr. McMahon clearly knew at the time of his deposition that the Plaintiff now claims to reside in Georgia.

Thus, when first asked if he knew where Plaintiff lives, Mr. McMahon responded that he did not know.  McMahon Dep. at 56.  In response to a subsequent question, Plaintiff's counsel suggested the answer he wanted, asking, "Are you aware that [Plaintiff] lives in Georgia?"  McMahon Depo. at 65.  In the Supplemental Response, Plaintiff quotes only half of Mr. McMahon's answer to the question.  In point of fact, Mr. McMahon expressed uncertainty about Plaintiff's residence.  He responded, "I believe he does. *I'm not certain*."  McMahon Depo. at 65:15 (emphasis supplied).  This question and answer, which pertain to Mr. McMahon's knowledge at the time of his deposition, i.e., after the Complaint and some eight months of proceedings herein, shows absolutely nothing other than that Mr. McMahon now has knowledge that the Plaintiff alleges that

2

he resides in Georgia. This response has nothing to do with whether Mr. McMahon intentionally directed any activity into the State of Georgia at the time of the alleged tort.

Indeed, the testimony of Mr. McMahon to which the Plaintiff cites is so weak in support of Plaintiff's proposition that the Plaintiff deceptively quoted only the first half of Mr. McMahon's one-line response to the question, wherein Mr. McMahon said, "I believe he does." See Plaintiff's Supplemental Memorandum at 2. The Plaintiff did not disclose to the Court that in the very same breath, Mr. McMahon continued with the statement, saying, "I'm not certain."

At another point in his deposition, Mr. McMahon was asked whether he knew that viewers in Georgia watch his VINCE MCMAHON character on television. McMahon Depo. at 66. Of course, the VINCE MCMAHON character was not involved in the JERICHO/ROCK storyline during which Mr. Irvine utilized, from time to time, the words, "living legend." Be that as it may, Mr. McMahon answered that the Plaintiff is one such individual, because the Plaintiff, who resides in Georgia, had proposed that WWE hire the Plaintiff to engage in a storyline with the VINCE MCMAHON character. McMahon Depo. at 67. But again, Mr. McMahon responded with his current knowledge at the time of the deposition, not with regard to his knowledge (or lack of knowledge) at the time of the alleged tort, many months earlier and prior to the time the Plaintiff filed his Complaint alleging that he is a resident of the State of Georgia.

Accordingly, the testimony to which the Plaintiff cites in no way establishes that Mr. McMahon intentionally targeted a resident in Georgia with any conduct related to the tort that has been alleged and is the subject of the lawsuit. Moreover, in view of Mr. McMahon's testimony in its totality and within context, Plaintiff's claim that Defendants misstated the record rings hollow.

In context, Mr. McMahon's deposition makes clear that, prior to the lawsuit, Mr. McMahon did not know that the Plaintiff resided in the State of Georgia. In his

deposition, Mr. McMahon was shown a copy of the document Plaintiff has attached to his Supplemental Response as Exhibit 1. See McMahon Depo. at p. 68:8 et seq. and Depo. Exh. 3 attached to the Motion as Exh. 4. The letter was not authored by or addressed to Mr. McMahon. Although Plaintiff attaches this letter to the Supplemental Response, Plaintiff fails to inform the Court that Mr. McMahon was specifically questioned about the letter. The importance of Mr. McMahon's testimony about the letter is that it confirms that Mr. McMahon had no knowledge of Plaintiff's Georgia address at the time of the alleged tort.

When questioned about the letter, Mr. McMahon clearly stated that he had never seen the letter before. Mr. McMahon specifically pointed out that he had not previously seen the Alpharetta, Georgia address in the letter that referred to the Plaintiff's place of residence. McMahon Depo. at 69:20-23. Thus, although it is clear that the Plaintiff hoped to utilize the letter as evidence that Mr. McMahon knew the Plaintiff resided in Georgia in the time period relating to the alleged tort, Mr. McMahon's uncontroverted testimony makes it clear that he had neither seen the letter at the time to which it relates, nor did he have knowledge of Plaintiff's Georgia address. Despite this testimony, Plaintiff attempts to utilize this letter to buttress Plaintiff's unsupported claim that Mr. McMahon specifically directed tortious activity toward the State of Georgia.

The evidence surrounding this issue stands in stark contrast to the facts in Horsley v. Feldt, 128 F. Supp.2d 1374, 1379 (N.D. Ga. 2000), wherein the Court found that the Defendants had directed conduct toward the State of Georgia, inasmuch as, the Defendants were "well aware that [Plaintiff] was a Georgia resident operating his business in the Georgia forum" at the time of the conduct in issue. There is no such evidence in this case.

Moreover, for the same reasons outlined above, the letter clearly establishes nothing about Mr. McMahon's own conduct. It is Mr. McMahon's conduct that is the

linchpin of the question of personal jurisdiction over Mr. McMahon, and Mr. McMahon's conduct must be differentiated from the conduct of WWE. As established in the Defendants' prior briefing, the conduct of the company cannot be utilized to establish personal jurisdiction over the individual officer or director, unless the individual participated in or directed the conduct giving rise to contacts with the forum state. The letter to which the Plaintiff refers does none of these things.

Instead, Plaintiff weakly argues that WWE's knowledge of Plaintiff's Georgia address should be "imputed to McMahon," the individual. While knowledge of an appropriate corporate officer may be imputed to a corporation, Plaintiff, for obvious reasons, cites no authority to support the proposition that knowledge of one corporate employee can be imputed to another individual officer or director. The letter to which Plaintiff cites does not support any basis for the exercise of jurisdiction over Mr. McMahon, who had no knowledge of the letter or the address contained in it.

For the foregoing reasons, the Plaintiff's Supplemental Memorandum should be disregarded. The Defendants respectfully renew their request that this matter be dismissed against the individual Defendants for lack of personal jurisdiction.[1]

### [SIGNATURES ON THE NEXT PAGE]

---

[1] Of course, the Plaintiff does not even contend that Mr. Irvine had knowledge of the Plaintiff's residence in the State of Georgia.

104139.1

5

Respectfully submitted,

John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
(412) 355-6500
(412) 355-6501 (fax)

Attorneys for Defendants
World Wrestling Federation Entertainment, Inc.,
Vince McMahon, and Chris Irvine, a/k/a Chris
Jericho, a/k/a Jericho

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1D

Pursuant to Local Rule 7.1D, counsel hereby certifies that this pleading has been prepared with Times New Roman font (14 point).

104139.1                                6

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY WHISTLER )
a/k/a LARRY ZBYSZKO )
a/k/a THE LIVING LEGEND, )
an individual, )
)
)   Civil Action No.  1 02-CV-1008
            Plaintiff, )
)
        vs. )
)
WORLD WRESTLING FEDERATION )
ENTERTAINMENT, INC., a Delaware )
Corporation, VINCE MCMAHON, )
an individual, CHRIS IRVINE a/k/a )
CHRIS JERICHO, a/k/a JERICHO, an )
individual, )
)
            Defendants. )

## CERTIFICATE OF SERVICE

   **I hereby certify that on this day I served opposing counsel(s) of record with
the foregoing OBJECTION AND RESPONSE TO SUPPLEMENTAL RESPONSE
TO MOTION TO DISMISS BY DEFENDANTS VINCE MCMAHON AND CHRIS
IRVINE via facsimile and  First Class Mail, postage pre-paid to the following
address:**

Joel D. Myers, Esq.
**Myers and Associates, P.C.**
1827 Powers Ferry Road
Building 3, Suite 200
Atlanta, Georgia 30339
Facsimile:  (770) 541-7448

Ben C. Brodhead, Esq.
**Ben C. Brodhead, P.C.**
235 Peachtree Street, N.E.
Suite 400
Atlanta, Georgia  30303
Facsimile:  (404) 880-3386

104139.1

This ___2nd___ th day of April, 2003.

Attorneys for Defendants
Vince McMahon, and Chris Irvine, a/k/a
Chris Jericho, a/k/a Jericho

Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone:  (404) 841-3200
Facsimile: (404) 841-3221

104139 1