IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER a/k/a<br>LARRY ZBYSZKO a/k/a<br>THE LIVING LEGEND, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a<br>Connecticut Corporation, VINCE<br>MCMAHON, an individual, CHRIS<br>IRVINE a/k/a CHRIS JERICHO,<br>a/k/a JERICHO, an individual,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:02-CV-1008-CC |

## ORDER

Pending before the court is Defendants Vince McMahon's ("McMahon") and Chris Irvine's ("Irvine") motion to dismiss the claims against them for lack of personal jurisdiction.

I.  BACKGROUND

Plaintiff, a resident of Georgia, is a wrestler who has engaged in wrestling entertainment services under the service mark LIVING LEGEND since at least 1980. Plaintiff contends that Defendant World Wrestling Entertainment, Inc. ("WWE") and Defendants McMahon, a resident of Connecticut and the Chairman of the Board of WWE, and Irvine, a resident of Florida and a wrestler under contract with the WWE, have had actual and/or constructive knowledge of Plaintiff's use of the LIVING LEGEND mark for many years, but nevertheless have adopted an identical trade name for the wrestling services of Defendant Irvine. In his Complaint, Plaintiff asserted claims for trademark infringement under the Lanham Act, 15

U.S.C. § 1114(1), and unfair competition and trademark dilution in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, as well as claims under state law. In lieu of an answer, Defendants moved to dismiss: (i) the Complaint in its entirety as against McMahon and Irvine for lack of personal jurisdiction; (ii) Count I of the Complaint for trademark infringement against all Defendants; and (iii) Counts I through V of the Complaint against McMahon individually for failure to state claims upon which relief can be granted. The court granted Defendants' motion to dismiss Count I of the Complaint as to all Defendants, but denied Defendants' motion to dismiss for lack of personal jurisdiction over McMahon and Irvine as premature, and gave the parties sixty (60) days to conduct discovery solely with respect to McMahon's and Irvine's contacts with the State of Georgia. At the end of the two-month period for jurisdictional discovery, McMahon and Irvine filed the instant renewed motion to dismiss, contending that Plaintiff has failed to adduce evidence to support this court's personal jurisdiction over either McMahon or Irvine individually.

II.  DISCUSSION

   A.  Motion to Dismiss Standard

In the present case, where the court has not conducted an evidentiary hearing on the motion to dismiss, Plaintiff must establish a prima facie case of personal jurisdiction over the nonresident defendants. "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits ... [and,] where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) (internal citations omitted).

B.  Personal Jurisdiction

There are two types of personal jurisdiction: general and specific. "General personal jurisdiction arises from a party's contacts to the forum state that are unrelated to the litigation; the test for general jurisdiction is whether the party had continuous and systematic general business contacts with the forum state. Specific personal jurisdiction is founded on a party's contacts to the forum state that are related to the cause of action." Delong Equipment Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 853 (11th Cir. 1988) (internal citations and quotation omitted). Because the court concludes that neither McMahon nor Irvine have the requisite continuous and systematic contacts with Georgia to create general personal jurisdiction,[1] the court will focus its discussion below on specific jurisdiction.

As stated in its previous order, this court may exercise personal jurisdiction over McMahon and Irvine only to the extent permitted by the state's long-arm statute, and only if the due process clause of the Fourteenth Amendment is satisfied. The applicable provisions of Georgia's long-arm statute authorize personal jurisdiction over any nonresident defendant who:

(2) Commits a tortious act or omission within this state, . . .

(3) Commits a tortious injury in this state caused by an act or omission outside this state if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; . . . .

---

[1] With respect to McMahon, he does not own or have any interest in any property or business in Georgia, and his testimony that he personally visited Georgia in January of 2002 in connection with entertainment services for WWE and that he will likely visit the state at least once a year in connection with these services is clearly insufficient to establish general jurisdiction. As for Irvine, his appearance in Georgia approximately 4 to 6 times per year in connection with wrestling performances on behalf of WWE, his defunct contract with World Championship Wrestling which is based in Georgia, and his band which is organized as a Georgia limited liability company and recorded its first CD here is not so continuous and systematic so as to establish general jurisdiction.

O.C.G.A. § 9-10-91. "The Due Process Clause is satisfied if the court finds that a non-resident has sufficient minimum contacts with the forum state, and that the exercise of jurisdiction would not offend 'traditional notions of fair play and substantial justice.' " Foxworthy v. Custom Tees, Inc., 879 F.Supp. 1200, 1205 (N.D.Ga. 1995).(quoting International Shoe Co. v. Washington, 326 U.S. 310, 315, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940))).

In order to establish the requisite minimum contacts with Georgia, Plaintiff must demonstrate three factors: (1) his cause of action arises out of or relates to McMahon and Irvine's contacts with this state; (2) the contacts must show that these defendants purposefully conducted activities within this state and invoked the benefits and protections of its laws; and (3) the defendants' contacts are such that they should reasonably anticipate being haled into court in this state. *See* Peridyne Technology Solutions, LLC v. Matheson Fast Freight, Inc., 117 F.Supp.2d 1366, 1370 (N.D.Ga. 2000). Put another way, "[a] forum may exercise specific jurisdiction over a non-resident defendant if the defendant has 'purposefully directed' his activities to forum residents and the resulting litigation derives from alleged injuries that ' "arise out of or relate to" ' those activities." Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 857 (11th Cir. 1990) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984))); *see also*, Francosteel Corp. v. M/V Charm, 19 F.3d 624, 627 (11th Cir. 1994) ("the availability of specific jurisdiction depends on the relationship among the defendant, the forum, and the litigation").

1.  Defendant McMahon

Plaintiff contends that jurisdiction over McMahon is reasonable under the three-part test based upon the following conduct: (i) McMahon personally and purposefully used Plaintiff's LIVING LEGEND mark to refer to Defendant Irvine during a live wrestling event in Peoria, Illinois that took place in April of 2002 and was broadcast nationwide; and (ii) McMahon was aware that Plaintiff had been and was continuing to use the LIVING LEGEND mark. In addition, Plaintiff asserts that even if McMahon's individual acts did not provide a basis for jurisdiction, he has directed activities toward Georgia through his position as Chairman of the Board of WWE, including directing and approving the unauthorized use of the LIVING LEGEND mark by Irvine.

The court agrees with McMahon that Plaintiff has failed to establish specific jurisdiction as to him in this state. As cited to by McMahon, "something more than mere liability must exist before the long arm of the state can . . . reach the individual. If the claim against the corporate agent rests on nothing more than that he is an officer or employee of the nonresident corporation and if any connection he had with the commission of the tort occurred without the forum state, then jurisdiction does not attach. . . . What is needed is a purposeful act with or in Georgia." Foxworthy, 879 F.Supp. at 1206 (internal citations and quotations omitted). McMahon's appearances in Georgia to conduct wrestling entertainment services unrelated to the tort at issue here, his position as Chairman of the Board of WWE, and his awareness of Irvine's use of the term "living legend" do not constitute purposeful acts with or in Georgia. Plaintiff's only evidence linking the tort, McMahon's conduct, and this state is McMahon's use of the LIVING LEGEND mark to refer to Irvine during a wrestling event in Peoria, Illinois that was broadcast nationwide, including in the state of Georgia. However, as the evidence

demonstrates that McMahon has no control over broadcasts by the television distributors that WWE enters into agreements with to broadcast WWE programming, the broadcast by these third-party television distributors of WWE programming in Georgia does not support specific jurisdiction over McMahon. *See* Madara, 916 F.2d at 1516 ("[t]he unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state"); *see also*, Kulik Phography v. Cochran, 975 F.Supp. 812, 813 (E.D.Va. 1997) ("even assuming that the Defendants knew that their actions would be televised . . . the Defendants cannot be said to have purposefully availed themselves of the [forum state]"). Accordingly, this court does not have specific personal jurisdiction over McMahon.

    2.    Defendant Irvine

Plaintiff contends that, despite being aware of Plaintiff's use of the LIVING LEGEND mark for at least four years, Irvine has purposefully and repeatedly used Plaintiff's LIVING LEGEND mark to refer to himself while performing at live wrestling events for subsequent WWE broadcast and pay-per-view programming. There is no evidence however, that Irvine ever referred to himself or spoke the words "living legend" at any WWE performance at which he appeared in Georgia. The evidence demonstrates that the only reference to the phrase "living legend" was made in a pre-produced video package broadcast immediately before Irvine's match with WWE's THE ROCK at the 2002 Royal Rumble in Georgia. The video package contained an audio byte in which Irvine spoke the words "living legend," which was taken from WWE's RAW television program broadcast from Madison Square Garden in New York City on January 7, 2002. The video package was produced and edited at WWE's television production studio in Stamford, Connecticut, and was broadcast by satellite for transmission to various pay-per-view providers and by

direct link onto the video monitor in the Madison Square Garden arena. Irvine had no involvement in or knowledge of the creation or production of the video package or its broadcast in Georgia.

With respect to Irvine's use of the phrase "living legend" at WWE events outside of this state that were broadcast in Georgia, here again, Irvine had no control over or involvement in where these events would be broadcast, and there is no evidence that he purposefully directed his actions or use of this phrase toward Georgia. As such, specific personal jurisdiction over Irvine has not been established.

III. CONCLUSION

Defendants McMahon's and Irvine's Motion to Dismiss for Lack of Personal Jurisdiction [19-1] is GRANTED,[2] and McMahon and Irvine are HEREBY DISMISSED as defendants.

SO ORDERED this 7th day of August, 2003.

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

---

[2] McMahon's and Irvine's objection to Plaintiff's supplemental response to their motion to dismiss [26-1] is overruled as moot.