

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

*C. Aleucher*
Deputy Clerk

LARRY WHISTLER                    )
a/k/a LARRY ZBYSZKO               )
a/k/a THE LIVING LEGEND,          )
an individual,                    )
                                  )
          Plaintiff,              )
                                  )    Civil Action
                                  )    No. 1 02-CV-1008-CC
     v.                           )
                                  )
WORLD WRESTLING FEDERATION        )
ENTERTAINMENT, INC., a Connecticut )
Corporation, VINCE MCMAHON,       )
an individual, CHRIS IRVINE a/k/a )
CHRIS JERICHO, a/k/a JERICHO, an  )
individual,                       )
                                  )
          Defendants.             )
_____

**PLAINTIFF'S INITIAL DISCLOSURES**

(1) State precisely the classification of the cause of
action being filed, a brief factual outline of the case
including plaintiff's contentions as to what Defendant did
or failed to do, and a succinct statement of the legal
issues in the case.

Classification of the Cause of Action: Trademark

Infringement; Unfair Competition and Deceptive Trade

Practices



Plaintiff, for more than twenty (20) years, has been and continues to promote his wrestling services under the trademark "The Living Legend". Because of his extensive and prolonged use, many wrestling fans have come to know him as "The Living Legend" of the wrestling industry.

On or about December 9, 2001, Defendants adopted, promoted and utilized the trademark "The Living Legend" for wrestling entertainment services. More specifically, Vince McMahon, Chris Irvine and World Wrestling Entertainment, Inc. (WWE) began promoting Chris Jericho (Jericho) as "The Living Legend", and at least on or about December 9, 2001, January 9, 2002, February 17, 2002, and March 17, 2002, Jericho wrestled as "The Living Legend" in pay-per-view events. In addition to the plurality of internationally televised promotions for Jericho under Plaintiff's trademark, there have been numerous individual internet exposures, print ads, clothing items and toys bearing Plaintiff's trademark for the promotion of Jericho by WWE.

Legal Issues: Whether Defendants have committed trademark infringement, trademark dilution, federal and/or state unfair competition, deceptive trade practices and damages.

2

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

Trademark Infringement under 15 U.S.C. §114 et al.;

Federal Unfair Competition under 15 U.S.C. §1125(a);

Federal Trademark Dilution under 15 U.S.C. §1125(c);

Georgia Unfair Competition and Deceptive Trade

Practices under O.C.G.A. § 23-2-55; and violations of

Georgia Deceptive Trade Practices Act under O.C.G.A. §

10-1-370.

McCarthy on Trademarks, Section 30:59.  International

Star Class Yacht Racing Association v. Tommy Hilfiger

USA, Inc., 80 F.3d 249, 38 U.S.P.Q. 2nd 1369 (2nd Cir.

1996); Bishop v. Equinox International Corp., 47

U.S.P.Q. 2nd 1949 (10th Cir. 1998).

St. Charles Manufacturing Company v. Mercer, 719 F.2d

380 (11th Cir. 1983), reported at 737 F.2d 891, 221

U.S.P.Q. 681 (11th Cir. 1983); Polo Fashions, Inc. v.

Craftex, Inc., 816 F.2d 145, 2 U.S.P.Q. 2nd 1444 (4th

Cir. 1987).

Burger King Corp. v. Mason, 855 F2d 779, 8 U.S.P.Q. 2nd
1263, 1264 (11th Cir. 1988).

Wolf v. National Lead Company, 272 F2d 867, 871, 123
U.S.P.Q. 574, 576 (9th Cir. 1959), cert. denied, 362
U.S. 950 (1960).

McCarthy on Trademarks, Section 30:62, 30:65.

Hamilton-Brown Shoe Company v. Wolf Brothers &
Company, 240 U.S. 251 (1916). Mishawaka Rubber &
Woolen Manufacturing Company v. S.S. Kresge Company,
316 U.S. 203 (1942).  Wynn Oil Company v. American Way
Serve Corp., 943 F2d 595, 19 U.S.P.Q. 2nd 1815 (6th Cir.
1991).

(3) Provide the name and, if known, the address and
telephone number of each individual likely to have
discoverable information that you may use to support your
claims or defenses, unless solely for impeachment,
identifying the subjects of the information. (Attach
witness list to Initial Disclosures as Attachment A.)

   See Exhibit A as attached hereto.

(4) Provide the name of any person who may be used at trial
to present evidence under Rules 702, 703, or 705 of the
Federal Rules of Evidence. For all experts described in
Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report
satisfying the provisions of that rule. (Attach expert

4

witness list and written reports to Responses to Initial
Disclosures as Attachment B.)

    None at this time.


(5) Provide a copy of, or a description by category and
location of, all documents, data compilations, and tangible
things in your possession, custody, or control that you may
use to support your claims or defenses unless solely for
impeachment, identifying the subjects of the information.
(Attach document list and descriptions to Initial
Disclosures as Attachment C.)

    See Exhibit C as attached hereto.


(6) In the space provided below, provide a computation of
any category of damages claimed by you. In addition,
include a copy of, or describe by category and location of,
the documents or other evidentiary material, not privileged
or protected from disclosure, on which such computation is
based, including materials bearing on the nature and extent
of injuries suffered, making such documents or evidentiary
material available for inspection and copying as under
Fed.R.Civ.P. 34. (Attach any copies and descriptions to
Initial Disclosures as Attachment D.)

    Investigation on damages is still underway,

nonetheless, on information and belief, for "Wrestlemania"

alone, WWE had in excess of $40 million dollars worth of

gross revenues, and including "Vengence", "Royal Rumble",

"No Way Out", and "Wrestlemania" had in excess of $75

million in total revenues.  In addition, it is Plaintiff's

belief that there have been substantial amounts of sales

regarding T-shirts, posters, magazines, games and toys

bearing the mark "The Living Legend" for Defendant Jericho (Irvine). .

Because Defendants' acts were knowingly and deliberate, under current case law (see Section 2 above), Plaintiff respectfully asserts that he should be entitled to Defendants profits for said events and merchandise plus attorneys' fees and costs, the amount of which is yet to be determined.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

None known at this time.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

None known at this time.

(Signature on Following Page)

RESPECTFULLY RESUBMITTED, this 27th day of August 2003.

By: _____
Joel D. Myers
Georgia Bar No. 53314
Counselor for Defendant

Myers & Kaplan,
Intellectual Property Law,LLC
1827 Powers Ferry Road
Building 3, Suite 200
Atlanta, Georgia 30339
Phone: 770-541-7444
Fax: 770-541-7448
Email: jmyers@mkiplaw.com

Exhibit A – Preliminary Witness List

Mike Teney
Wrestling Broadcaster
Subject of Information:
- Knowledge of Plaintiff's use of the trademark "The Living Legend" for more than 20 years, and Defendants' use of the trademark "The Living Legend" to promote Defendant Chris Irvine

Scott Hudson
Federal Investigator
Subject of Information:
Knowledge of Plaintiff's use of the trademark "The Living Legend" for more than 20 years, and Defendants' use of the trademark "The Living Legend" to promote Defendant Chris Irvine

Larry Whistler
Plaintiff
Subject of Information:
Knowledge of Plaintiff's use of the trademark "The Living Legend" for more than 20 years, and Defendants' use of the trademark "The Living Legend" to promote Defendant Chris Irvine

Stacy Steele
Subject of Information:
Knowledge of Plaintiff's use of the trademark "The Living Legend" for more than 20 years, and Defendants' use of the trademark "The Living Legend" to promote Defendant Chris Irvine

Terry Taylor
Professional Wrestler/Agent
Subject of Information:
Knowledge of Plaintiff's use of the trademark "The Living Legend" for more than 20 years, and Defendants' use of the trademark "The Living Legend" to promote Defendant Chris Irvine

Bruno Sammartino
Retired Professional Wrestler
Subject of Information:
Knowledge of Plaintiff's use of the trademark "The Living Legend" for more than 20 years.

Exhibit B – Preliminary Expert Witness List

None at this time.

<u>Exhibit C - Preliminary Document List</u>

Various promotional material showing Plaintiff's long term continuous use of the trademark "The Living Legend"
        Location: copy in attorney's possession


Video Tapes, video-tape sleeves, magazines and games showing Defendants use of the trademark "the Living Legend" to promote Chris Irvin.
        Location: copy in attorney's possession

A letter from Defendant WWE admitting against interest that they have used Plaintiff's trademark
        Location: copy in attorney's possession

Deposition statements by Chris Irvin admitting that he had knowledge of Plaintiff's trademark, and that he and Defendant WWE have used Plaintiff's trademark to promote Chris Irvin.
        Location: copy in attorney's possession

Deposition statements by Vince McMahon admitting that he had knowledge of Plaintiff's trademark, and that Defendant WWE has used Plaintiff's trademark to promote Chris Irvin.
        Location: copy in attorney's possession

**ORIGINAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LARRY WHISTLER                        )
a/k/a LARRY ZBYSZKO                    )
a/k/a THE LIVING LEGEND,              )
an individual,                        )
                                      )
        Plaintiff,                    )
                                      )   Civil Action
                                      )   No. 1 02-CV-1008
    v.                                )
                                      )
WORLD WRESTLING FEDERATION            )
ENTERTAINMENT, INC., a Connecticut    )
Corporation, VINCE MCMAHON,           )
an individual, CHRIS IRVINE a/k/a     )
CHRIS JERICHO, a/k/a JERICHO, an      )
individual,                           )
                                      )
        Defendants.                   )
───────────────────────────────────────

### CERTIFICATE OF SERVICE

        This shall certify that I, Joel D. Myers, counsel for
plaintiff, today, August 27, 2003, have served the following
party to the foregoing matter with a copy of the foregoing
**PLAINTIFF'S INITIAL DISCLOSURES,** by first class U.S. mail to the
following:

                    John L. Taylor, Jr.
                    Chorey, Taylor & Feil
                    The Lenox Building
                    Suite 1700
                    3399 Peachtree Road, NE
                    Atlanta, GA 30326
                    Tel. (404) 841-3200
                    Fax  (404) 841-3221

This 27th day of August, 2003.

MYERS & KAPLAN
INTELLECTUAL PROPERTY LAW, LLC

Joel D. Myers
Georgia Bar No. 533147

1827 Powers Ferry Road
Building 3, Suite 200
Atlanta, Georgia 30339
Phone: 770-541-7444
Fax: 770-541-7448
Email: jmyers@mkiplaw.com