# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 1 3 2004

LUTHER D. THOMAS, Clerk
[signature]
Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

LARRY WHISTLER                         )
a/k/a LARRY ZBYSZKO                    )
a/k/a/ THE LIVING LEGEND,              )
an individual                          )
                                       )
                    Plaintiff,         )        Civil Action No.: 1 02- CV-1008
                                       )
vs.                                    )
                                       )
WORLD WRESTLING                        )
FEDERATION ENTERTAINMENT,              )
INC., a Delaware corporation,          )
                                       )
                    Defendant.         )
                                       )

## MOTION TO COMPEL BY WORLD WRESTLING ENTERTAINMENT, INC.

Pursuant to Fed.R.Civ.P. 37(a) and Local Rule 37.1, World

Wrestling Entertainment, Inc., formerly known as World Wrestling

Federation Entertainment, Inc. ("WWE"), submits this Motion to Compel

responses to its First Request to Produce (the "Document Requests") and

First Merits Interrogatories (the "Interrogatories").  Plaintiff Larry

Whistler's ("Whistler") responses to the Document Requests and

Interrogatories are deficient for the reasons set forth in WWE's

Memorandum of Law in support of this Motion, which is attached at Tab 1

1



and which is incorporated herein by reference.  Pursuant to Fed.R.Civ.P. 37(a)(2)(B) and Local Rule 37.1(A)(1), WWE hereby certifies that it in good faith attempted to confer with Whistler in an effort to secure the information and materials sought herein without court action.  In support of its Motion, WWE states as follows:

   1. WWE served the Document Requests and Interrogatories on or about September 22, 2003.

   2. After a request for an extension in responding, which was granted by WWE, Whistler served his responses to the Document Requests and Interrogatories on or about October 29, 2003.

   3. By letter dated November 20, 2003, WWE's advised Whistler's counsel of the deficiencies in Whistler's responses to the Document Requests and Interrogatories.  A copy of that letter is attached at Tab 2.  Among the deficiencies in Whistler's responses, Whistler refused to produce tax records and/or other required financial filings for the years he is claiming to have used the Living Legend mark.

   4. Following receipt of WWE's counsel's November 20 letter, Whistler produced some, but not all of the requested tax record documents.  Specifically, Whistler produced tax records for 1993 through 2002.  This supplemental production remains deficient, however, because as explained in detail in WWE's Memorandum of Law, among other reasons, Whistler has failed to produce tax records for 1980 through 1993—years he is claiming to have used the Living Legend mark—and the tax records

produced for 2000 are for Timothy Lamont Whistler, not Plaintiff Larry Whistler. By letter dated December 11, 2003, WWE's counsel advised Whistler's counsel of the deficiencies specifically with respect to the supplemental production of tax record documents. A copy of that letter is attached at Tab 3. In addition to the outstanding issues regarding Whistler's production of tax record documents, Whistler has never responded to other deficiencies in his responses noted in WWE's counsel's November 20 letter and described in detail in WWE's Memorandum of Law.

5.    On at least two subsequent occasions, (1) in discussions with WWE counsel Curtis B. Krasik following the deposition of Bruno Sammartino on December 16, 2003, and (2) in discussions with WWE counsel John L. Taylor, Jr. on or about January 8, 2003, Whistler's counsel advised that he intended to provide certain supplemental discovery responses, however, nothing has been received. In reliance on those representations and to attempt to avoid motions practice before this Court, WWE waited to file this Motion to Compel until it appeared clear Whistler's counsel's representations were false.

6.    Plaintiff Whistler's deposition in this matter is scheduled to take place on January 19-20, 2004. By Order dated November 20, 2003, discovery closes on January 20, 2004. WWE would be significantly prejudiced if it were compelled to take Plaintiff Whistler's deposition without Whistler's complete responses to WWE's Document Requests and Interrogatories and full document production, including, specifically, the responses and documents described in detail in WWE's Memorandum of

3

Law.  Particularly given WWE good faith reliance on Whistler's counsel's repeated representations that supplemental responses were forthcoming— representations that turned out to be false and a ploy to "hide the ball" from WWE in discovery—WWE should not be compelled to take Plaintiff Whistler's deposition on an incomplete discovery record.

WHEREFORE, WWE respectfully requests that this Honorable Court grant WWE's Motion to Compel and enter the attached proposed Order.

Respectfully submitted,

Attorneys for Defendant
World Wrestling Entertainment, Inc.

John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)

Counsel for Defendant hereby certify that the foregoing Motion to Compel has been prepared in compliance with Local Rule 7.1(D) and using Times New Roman font in 14 point type.



# EXHIBIT / ATTACHMENT

(To be scanned in place of tab)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a/ THE LIVING LEGEND,<br>an individual | )<br>)<br>)<br>) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1 02- CV-1008 |
| | ) | |
| vs. | ) | |
| | ) | |
| WORLD WRESTLING<br>FEDERATION ENTERTAINMENT,<br>INC., a Delaware corporation, | )<br>)<br>) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL BY WORLD WRESTLING ENTERTAINMENT, INC.

Pursuant to Fed.R.Civ.P. 37(a) and Local Rule 37.1, World Wrestling Entertainment, Inc., formerly known as World Wrestling Federation Entertainment, Inc. ("WWE"), submits this Memorandum of Law in Support of its Motion to Compel.

Without objection or explanation, Plaintiff Larry Whistler ("Whistler") has simply failed to produce certain information and documents squarely called for by WWE's First Merits Interrogatories (the "Interrogatories")

and First Request to Produce (the "Document Requests"), and plainly relevant to central issues in this action, as follows:

## LAW AND ARGUMENT

**A.**   **Whistler Has Failed To Produce Tax Returns And/Or Other Required Financial Filings For the Years 1980-1993 and 2000.**

>   WWE's Document Request No. 2 calls for the production of:
>
>   copies of Plaintiff's tax returns, required financial filings, and other financial statements from all years in which Plaintiff has used the Living Legend mark in connection with goods or services, including without limitation, all documents evidencing any income or receipts specifically from use of the Living Legend mark.

Similarly, WWE's Interrogatory No. 3(iv) asks Whistler to identity, for each service and product in connection with which the Living Legend mark has been used by or on behalf of Plaintiff, "revenues and profits on an annual basis for each service or product from Plaintiff's first use to the present." WWE's Interrogatory No. 8(iv) also asks Whistler to identify "the dollar amount paid to Plaintiff by each promotion or organization for each year Plaintiff performed in connection with the Living Legend mark." WWE's Document Request No. 3, in turn, calls for the production of "[a]ll documents identified in, utilized in responding to, or otherwise concerning, the subject matter of any of Plaintiff's responses to any of [WWE's Interrogatories]." In his responses to WWE's Interrogatories, Whistler claimed that his first use of the Living Legend mark was "approximately 1980" and that he allegedly has used the mark continuously through the present. See Responses to Interrogatory Nos. 3(ii)&(iii) and Interrogatory No. 15.

In response to Document Request No. 2, Whistler initially objected to the request claiming "it seeks information that is confidential." When WWE's counsel noted that is not a proper basis to object to producing relevant, responsive documents, particularly given that WWE offered to enter into a stipulated protective order to address any confidentiality concerns Whistler may have, Whistler without objection produced tax returns for the years 1993 through 2002. He produced no tax returns for the years 1980 through 1993, and for 2000 he produced the tax returns of a Timothy Lamont Whistler, but nothing for Plaintiff Larry Whistler.

In response to Interrogatory No. 3(iv), Whistler responded without specific objection that "the . . . revenues and profits are unknown and would be overly burdensome to obtain." In response to Interrogatory No. 8(iv), Whistler responded without specific objection, "Plaintiff does not have available the dollar amounts paid by each organization by year."

The relevancy and discoverability of the requested tax record documents is not at issue, as Whistler has conceded their relevancy by producing tax returns for certain of the years at issue and by not interposing relevancy objections to any of Document Request 2, Interrogatory 3(iv) and/or Interrogatory 8(iv). There can be, therefore, no legitimate basis for withholding the remaining documents Whistler has failed to produce. Moreover, while WWE disputes the veracity of Whistler's claim not to know the amounts he was paid for his alleged use of the Living Legend mark, the requested tax record documents presumably should contain that information.

3

In addition, based on Whistler's incomplete response and production to date, Whistler's tax records for 2001 and 2002 indicate Whistler claimed to be unemployed, and exclusively reported income from unemployment compensation for those years.  That representation to the Internal Revenue Service and his collection of unemployment compensation in those years would appear inconsistent with Whistler's responses to Interrogatories claiming that he continued to use the Living Legend mark in 2001 and 2002 in connection with goods and services.  Accordingly, all documents relating to Whistler's claim for and receipt of unemployment compensation for 2001 and 2002 (and 2003 if appropriate) are relevant and discoverable in this litigation as well.

**B.      Whistler Has Failed To Identify The Damages He Is Claiming In This Action, Including The Amount and Bases For Calculating Those Damages.**

WWE's Interrogatory No. 12 asked Whistler to:

State and Describe in detail all factual and legal bases for Plaintiff's requests for relief, including, without limitation, all bases for any claimed lost profits, reasonable royalties or other measure of damages should [WWE's} liability be established, the amount of such damages or injuries, the bases for calculating such damages or injuries, and identification for all documents concerning such damages or injuries.

Without specific objection, Whistler responded in pertinent part that:

Plaintiff should be entitled to all of Defendants' profits for any revenues generated during the period Plaintiff was utilizing said mark. . . . As such, based on WWE's financial records, approximately $135 million dollars in revenues were generated during said period of

4

> infringement with what is believed to be at least $35
> million in profit.  Therefore, based on Defendant's
> knowing act and the case law in the 11th Circuit, Plaintiff
> is entitled to said profit of at least $35 million plus
> attorneys' fees, costs and interest.

Again, the relevancy and discoverability of the requested information is not at issue, as Whistler has conceded its relevancy by purporting to respond without interposing a relevancy objection.  Indeed, WWE certainly is entitled to discovery regarding Plaintiff's damages claims, including the amount thereof and the bases and evidence therefor.  Yet, in his Response, Whistler has failed to identify the alleged "period of infringement" as well as the basis and/or calculation for WWE's alleged $135 million of revenues and alleged $35 million in profit "generated during said period of infringement."  In addition, it is not clear from Whistler's Response whether these figures represent alleged revenues and profits supposedly resulting from the alleged infringement or all of WWE's alleged revenues and profits during that time, including revenues and profits having nothing to do with the basis for this lawsuit.  If these figures represent alleged revenues and profits supposedly resulting from the alleged infringement, Whistler's Response contains no basis and/or calculation underlying those figures.

C.    **Whistler Has Failed To Provide Information Regarding His Alleged First Use Of The Living Legend Mark.**

WWE's Interrogatory No. 3(ii) asked Whistler to identify and/or describe "[t]he date of, and circumstances surrounding, first use of the Living Legend mark."  Without specific objection, Whistler responded merely, "[a]pproximately 1980."  Clearly, Whistler's Response completely fails to identify the circumstances surrounding his alleged first use of the Living Legend mark, and

the identified date of "approximately 1980" is unresponsive and unduly imprecise. Whistler undoubtedly should be able to identify a precise date on which, and precise circumstances under which, he purportedly began using the Living Legend mark.

**D.      Whistler Has Failed to Provide Information Regarding His Alleged Use Of The Living Legend Mark.**

WWE's Interrogatory No. 3 asked Whistler to identify and/or describe "[e]ach specific service or product in connection with which the Living Legend mark has been used by or on behalf of Plaintiff, including the person or entity that sold or distributed the service or product." Without specific objection, Whistler responded:

> Wrestling and entertainment services by Plaintiff and various wrestling organizations from approximately 1980 to present. A song about Plaintiff performed by The Baby Boomer Band. Action figures of Plaintiff by Remco Toys, Inc., New York, NY 1985. Action figure by Remco Toys, Inc., New York, NY 1986. Various video and audio recordings, posters, articles and many other print ads and t-shirts from approximately 1980 to present.

Aside from the song and two action figures referenced in Whistler's response, the purported video and audio recordings, posters, articles, print ads and t-shirts were not contained in Whistler's document production and are not otherwise identified to WWE. WWE thus has been denied specific information as to the extent to which Whistler is claiming the Living Legend mark was used in connection with goods and services.

Based on the Response to Interrogatory No. 3(iii), WWE then asked in Interrogatory No. 3(iv) for Whistler to identify and/or describe:

> For each service or product identified in (iii) above, (1) the channels of distribution (for products—all retail stores, catalogs, websites, etc., and for services—all wrestling organizations, television networks, pay-per-view distributors and the like) through which each service or product was sold or distributed; (2) the geographic areas (by city and state) in which each service or product was sold or distributed; (3) the time period in which each service or product was sold or distributed; (4) the price charged for each service or product; (5) revenues and profits on an annual basis for each service or product from Plaintiff's first use to the present; and (6) the target market (i.e., age, sex, geographic location, etc.) for each service or product.

Without specific objection, Whistler responded:

> Above referenced products were distributed throughout the world via a variety of channels of distribution including television, radio, video, and print advertisements. The time period is approximately 1980 to present. The prices, revenues and profits are unknown and would be overly burdensome to obtain. Plaintiff has performed a diligent search for said information and if said information becomes available, Plaintiff will supplement this response.

Plainly, Whistler ignored the plain meaning of the Interrogatory and failed to respond on a product-by-product or service-by-service basis. Moreover, Whistler failed to provide any specific information with respect to any of the categories of information sought by WWE for any of the products or services identified in response to Interrogatory No. 3(iii). Needless to say, Whistler's

7

deficiencies in his Responses to Interrogatory Nos. 3(iii) and (iv) are highly prejudicial to WWE's defense against the claims in this action. As the Court no doubt appreciates, a central issue in any trademark infringement/unfair competition action is likelihood confusion. WWE's Interrogatory Nos. 3(iii) and (iv) were specifically drafted to illicit information relevant to the likelihood of confusion analysis articulated by the Eleventh Circuit. See Jellibeans, Inc. v. Skating Clubs of Georgia, Inc., 716 F.2d 833, 840 (11th Cir. 1983), citing Safeway Stores, Inc. v. Safeway Discount Drugs, Inc., 675 F.2d 1160, 1164 (11th Cir. 1982). Without specific information as to the products and services Whistler claims used the Living Legend mark and the ways in which those products and services were advertised and sold, WWE has no way to demonstrate that its alleged use at issue is not likely to cause consumer confusion.

Furthermore, the limited, generalized information Whistler did provide is misleading and inaccurate on its face. Due to the general and vague nature of Whistler's Responses, they suggest that each of the products and services continue to be distributed through today, and that each of the products and services were distributed "throughout the world." Each of these propositions is patently false based on the current incomplete record. Accordingly, WWE requires supplementation and clarification of Whistler's Response to Interrogatory No. 3(iv) to correct inherent inaccuracies as the Response presently stands and to enable WWE to properly mount its defense to the claims asserted against it in this action.

8

## CONCLUSION

For all the foregoing reasons, WWE's Motion to Compel should be granted.

Respectfully submitted,


Attorneys for Defendant
World Wrestling Entertainment, Inc.


John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)

## **CERTIFICATION**

Counsel for Defendant hereby certify that the foregoing Memorandum of Law in Support of Motion to Compel has been prepared in compliance with Local Rule 7.1(D) and using Times New Roman font in14 point type.



# EXHIBIT / ATTACHMENT

## 2

(To be scanned in place of tab)

# Kirkpatrick & Lockhart LLP

Henry W Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312
412.355 6500
www.kl.com

November 20, 2003

Curtis B Krasik
412 355 8696
Fax. 412.355 6501
ckrasik@kl.com

## BY FACSIMILE

Joel D. Myers, Esquire
Myers & Kaplan
1827 Powers Ferry Road
Building 3, Suite 200
Atlanta, GA  30339

Re:    *Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend v  World Wrestling*
*Federation Entertainment, Inc , No. 1-02-CV-1008*

Dear Joel.

Based on our review of your Responses and Objections to WWE's First Request to
Produce and First Merits Interrogatories to Plaintiff and the documents produced therewith, we
are writing to address various deficiencies in your responses and production which require
immediate attention. Pursuant to the Federal Rules of Civil Procedure and the Local Rules for
the United States District Court for the Northern District of Georgia, this letter constitutes our
good faith attempt to consult with you to attempt to resolve these issues without the need for
judicial assistance.

First, you improperly objected and refused to produce documents in response to Request
No. 2 on the alleged basis that "it seeks information that is confidential." Needless to say,
alleged confidentiality is not a permissible basis on which to refuse to produce relevant,
responsive documents. Moreover, as you implicitly concede, the documents called for by
Request No. 2 indisputably are relevant to central issues in this case. The information contained
in documents called for in response to Request No. 2 similarly was requested by Interrogatory
Nos. 3(iv), 4(iv) and 8(iv), to which you did not respond either. We, therefore, insist upon the
immediate production of all documents responsive to Request No. 2. My understanding based
on your discussions with John Taylor was that you were going to produce the requested
documents, subject to our agreement that they would not be disclosed to anyone pending the
execution of a mutually agreeable confidentiality stipulation. As of this time, however, no such
documents have been received by John Taylor's office or this office

PI-1074234 v1

JAN 12 2004 10:35AM

**Kirkpatrick & Lockhart LLP**

Joel D. Myers, Esquire
November 20, 2003
Page 2

Second, your response to Interrogatory No. 3(ii) is deficient in that it completely fails to identify the circumstances surrounding first use of the Living Legend mark and the date it identifies of "approximately 1980" is unresponsive and unduly imprecise  Clearly, Mr. Whistler should be able to identify a precise date on, and precise circumstances under, which he purportedly began using the Living Legend mark.

Third, your responses to Interrogatory Nos. 3(iv) and (v) and Interrogatory No. 4(iv) and (v) are deficient in that they wholly fail to provide any specific information, by product or service, for each requested category of information.  Those interrogatories call for the requested categories of information separately for each service or product you identified in response to Interrogatory Nos. 3(iii) and 4(iii), which you have made no attempt to do.  In particular, WWE requires specific information regarding revenues and profits on an annual basis Mr. Whistler derived from each service or product identified in response to Interrogatory Nos. 3(iii) and 4(iii)

Fourth, your responses to Interrogatory Nos. 8 and 9 are deficient in that they fail to respond to subpart (ii) regarding all names or marks under which Mr. Whistler performed for each identified promotion or organization, and subpart (iv) regarding the dollar amount paid to Mr. Whistler by each promotion or organization for each year Mr. Whistler performed in connection with the Living Legend mark or the Larry Zbyszko mark  In addition, no wrestling promotion whatsoever is identified for the 1980-1982 timeframe.  We also insist you identify each of the "various other independent groups 2001 to 2003" referenced in your response, as such a vague and imprecise response is clearly unresponsive to WWE's interrogatory

Fifth, your response to Interrogatory No. 12 is deficient in that it fails to state or identify the specific factual basis, calculation, and amount of the damages Mr. Whistler is claiming in this action, and the documents and witnesses on which Mr. Whistler intends to rely regarding his damages claim.  Generally identifying "$135 million in revenues . . . generated during said period of infringement with what is believed to be at least $35 million in profit" based on unidentified "WWE financial records" is plainly insufficient with respect to Mr. Whistler's alleged factual basis, calculation and amount of damages.

Sixth, Document Requests 3, 14, 15 and 24 call for the production of any use in commerce of the Living Legend mark and Larry Zbyszko mark.  However, your document production contains no documents regarding various of the services and products you identified in response to Interrogatory Nos. 3(iii) and 4(iii).  In particular, your document production, among other things, contains no video and audio recordings or t-shirts that were specifically referenced in your response

Finally, I understand from John Taylor's office that one of the videos you produced was returned because it could not be copied.  At present, we have not yet received a satisfactory replacement of that video

As noted at the outset, we hope to be able to resolve these issues with you to avoid unnecessary motions practice before the Court.  That said, if we do not receive your prompt

# Kirkpatrick & Lockhart LLP

Joel D. Myers, Esquire
November 20, 2003
Page 3

response to this letter and supplementation of your discovery responses, we would have no alternative but to seek the Court's assistance in compelling your compliance with discovery. Please contact me as soon as possible to discuss these matters further.

Very truly yours,

Curtis B. Krasik

CBK:mac

cc:  John L. Taylor, Jr., Esquire



# EXHIBIT / ATTACHMENT

*3*

(To be scanned in place of tab)

# Kirkpatrick & Lockhart LLP

Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312
412.355.6500
www.kl.com

December 11, 2003

Curtis B. Krasik
412.355.8696
Fax 412.355.6501
ckrasik@kl.com

## BY FACSIMILE

Joel D. Myers, Esquire
Myers & Kaplan
1899 Powers Ferry Road
Suite 310
Atlanta, GA  30339

> Re:   *Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend v World Wrestling Federation Entertainment, Inc.*, No 1-02-CV-1008

Dear Joel:

I am writing to follow up on my "meet and confer" letter to you of November 20, 2003, to which you have not responded  In supplement to the issues raised in that letter, based on our initial review of Mr. Whistler's tax records we note the following additional deficiencies in your document production which require immediate attention  Pursuant to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of Georgia, this letter constitutes our good faith attempt to consult with you to attempt to resolve these issues without the need for judicial assistance.

First, you have only produced tax records for the years 1993 through 2002. As you know, our document requests called for the production of tax records required financial filings and any other financial statements from all years in which you claim Mr. Whistler has used the Living Legend mark in connection with goods and services. Based on your responses to WWE's interrogatories, we understand you to be claiming that Mr. Whistler used the Living Legend mark prior to 1993. Accordingly, we request the immediate production of tax records from all years in which you claim Mr Whistler used the Living Legend mark.

Second, for 2001 and 2002, Mr. Whistler's federal income tax returns indicate that Mr. Whistler claimed to be unemployed and exclusively reported income from unemployment compensation  Based on your responses to WWE's interrogatories, we understand you to be claiming that Mr. Whistler used the Living Legend mark in 2001 and 2002 in connection with

NO. 8252    P. 4

JAN. 12. 2004 10:35AM

# Kirkpatrick & Lockhart LLP

Joel D. Myers, Esquire
December 11, 2003
Page 2

goods and services.  As such, we request immediate production of all filings relating to Mr Whistler's claim for and receipt of unemployment compensation for those years.

Third, for 2000, you produced tax records of Timothy Lamont Whistler, and no tax records of Larry Whistler.  We request the immediate production of Larry Whistler's tax records for 2000 or an explanation as to the basis for producing Timothy Lamont Whistler's tax records in lieu of Larry Whistler's tax records for that year.

Although we have not had a full opportunity to review the tax records in detail and reserve the right to raise additional deficiencies in the production as appropriate, given the impending discovery cutoff we must resolve the foregoing issues as soon as possible.  Needless to say we hope to be able to resolve these issues with you to avoid unnecessary motions practice before the Court  That said, if we do not receive your prompt response to this letter, as well as my November 20, 2003 letter, we will have no alternative but to seek the Court's assistance in compelling your compliance with discovery.

Please contact me as soon as possible to discuss these matters.

Very truly yours,

Curtis B. Krasik

CBK.mac

cc.  John L. Taylor, Jr., Esquire

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY WHISTLER                          )
a/k/a LARRY ZBYSZKO                     )
a/k/a THE LIVING LEGEND,                )
an individual,                          )
                                        )     Civil Action No. 1 02-CV-1008
        Plaintiff,                      )
                                        )
    vs.                                 )
                                        )
WORLD WRESTLING                         )
ENTERTAINMENT, INC., a Delaware         )
corporation,                            )
                                        )
        Defendants.                     )

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of January, 2004, I served

opposing counsel with the foregoing **Motion to Compel and**

**Memorandum of Law in Support of Motion to Compel** by overnight mail

to the following address:

                Joel D. Myers, Esquire
                Myers & Kaplan Intellectual Property Law LLC
                1899 Powers Ferry Road
                Suite 310
                Atlanta, GA  30339

                _____
                Attorneys for Defendant
                World Wrestling Entertainment, Inc.

1

John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
Kirkpatrick & Lockhart
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY WHISTLER                        )
a/k/a LARRY ZBYSZKO                   )
a/k/a THE LIVING LEGEND,              )
an individual,                       )
                                     )    Civil Action No. 1 02-CV-1008
        Plaintiff,                   )
                                     )
    vs.                              )
                                     )
WORLD WRESTLING                      )
ENTERTAINMENT, INC., a Delaware      )
corporation,                         )
                                     )
        Defendants.                  )

## ORDER

AND NOW this __ day of January, 2004, upon consideration of World Wrestling Entertainment, Inc.'s ("WWE") Motion to Compel, it is hereby ORDERED as follows:

(1)     Plaintiff Larry Whistler shall provide the information and documents identified in WWE's Memorandum of Law in Support of Motion to Compel (the "Memorandum of Law") within ten (10) days of this Order.

(2)     Discovery shall be extended for the limited purpose of allowing WWE to take the deposition of Plaintiff Larry Whistler within ten (10) days following Whistler's production of the information and documents identified in WWE's Memorandum of Law.

(3)    WWE's date for filing its Motion for Summary Judgment correspondingly shall be extended until twenty (20) days following the conclusion of Plaintiff Larry Whistler's deposition.

_____