**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN ...

JAN 2 ...

LUT...
By:

| | |
|---|---|
| LARRY WHISTLER a/k/a LARRY ZBYSZKO a/k/a THE LIVING LEGEND, an individual, | ) ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action ) No. 1-02-CV-1008 ) ) |
| WORLD WRESTLING FEDERATION ENTERTAINMENT, INC., a Delaware Corporation, | ) ) ) |
| Defendants. | ) ) ) |

PLAINTIFF'S RESPONSE TO THE MOTION TO COMPEL
BY WORLD WRESTLING ENTERTAINMENT, INC.

Plaintiff Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend (hereinafter "Plaintiff"), hereby submits his Response to Defendant's Motion to Compel.

In Defendant's Motion to Compel, mailed on January 12, 2004, Defendant World Wrestling Entertainment, Inc. alleged that Plaintiff had failed to: (1) produce tax returns and/or other required financial filings for the years 1980-1993 and 2000; (2) identify the damages he is claiming in this action,

including the amount and bases for calculating those damages;
(3) provide information regarding his alleged first use of the
Living Legend mark; and (4) provide information regarding his
alleged use of the Living Legend mark. On January 9, 2004,
Plaintiff supplemented his discovery responses in a letter to
Defendant's attorney, wherein Plaintiff addressed each of the
above matters raised by Defendant. See **Exhibit A**.

Therefore, in light of Plaintiff's supplemental discovery
responses, mailed to Defendant's attorney on January 9, 2004,
Plaintiff now believes that the present motion is moot. All
requested information in Plaintiff's possession or control has
been provided to Defendant.

Respectfully submitted this _26_th day of January, 2004.

By: _____
Joel D. Myers
Georgia Bar No. 533147
Counselor for Plaintiff

Myers & Kaplan,
Intellectual Property Law,
L.L.C.
1899 Powers Ferry Road
Suite 310
Atlanta, Georgia 30339
Phone: 770-541-7444
Fax: 770-541-7448
Email: jmyers@mkiplaw.com

2

## **CERTIFICATION**

Pursuant to Local Rule 7.1D, counsel for Plaintiff hereby certifies that this Memorandum has been prepared with Courier New Font (12 point).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

LARRY WHISTLER                      )
a/k/a LARRY ZBYSZKO                 )
a/k/a THE LIVING LEGEND,            )
an individual,                      )
                                    )
              Plaintiff,            )       Civil Action
                                    )       No. 1-02-CV-1008
       v.                           )
                                    )
WORLD WRESTLING FEDERATION          )
ENTERTAINMENT, INC., a Delaware     )
Corporation,                        )
                                    )
              Defendant.            )

---

<u>CERTIFICATE OF SERVICE</u>

A copy of PLAINTIFF'S RESPONSE TO THE MOTION TO COMPEL BY WORLD WRESTLING ENTERTAINMENT, INC. was served by facsimile and first class mail upon the following:

John L. Taylor, Jr.
Chorey, Taylor & Feil
The Lenox Building
Suite 1700
3399 Peachtree Road, NE
Atlanta, GA 30326
Tel. (404) 841-3200
Fax  (404) 841-3221

This __26__th day of January, 2004.

_____
Joel D. Myers
Georgia Bar No. 533,147
Myers & Kaplan,
Intellectual Property Law, L.L.C.

4

1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339
Tel. (770) 541-7444
Fax  (770) 541-7448





*A*

(To be scanned in place of tab)

# MYERS & KAPLAN
## INTELLECTUAL PROPERTY LAW, L.L.C.

1899 Powers Ferry Road
Suite 310
Atlanta, GA  30339

PATENTS, TRADEMARKS, COPYRIGHTS
AND RELATED MATTERS

TELEPHONE (770) 541-7444
FACSIMILE (770) 541-7448
EMAIL: MYERSIPLAW@AOL.COM

January 16, 2004

**VIA FAX AND HAND DELIVERY**

John L. Taylor, Jr.
Chorey, Taylor & Feil
The Lenox Building
Suite 1700
3399 Peachtree Road, NE
Atlanta, GA 30326

Re:  Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend
v. World Wrestling Federation Entertainment, Inc.,
Chris Irvine a/k/a Chris Jericho a/k/a Jericho
Civil Action No. 1-02-CV-1008
Our File No. 20110-M1

Dear John,

Pursuant to our conversation last week and letters from Curt dated November 20, 2003 and December 11, 2003, please find below our supplemental discovery responses.  Each issue raised in said letters will be addressed sequentially.   Please note that all previously asserted general objections from Plaintiff's prior Discovery Responses are hereby incorporated herein, and thus, all responses herein, or otherwise, are subject to all of said general objections.

**November 20, 2003 Letter**

Tax Records:  The parties have stipulated as to the confidentiality of these records and consequently, all tax records in Plaintiff's possession have been provided.  Therefore, it is Plaintiff's understanding that this issue is moot; if Plaintiff's understanding is incorrect, Plaintiff respectfully request further clarification from Defendant.

First Use of "LIVING LEGEND" Mark:  Although Plaintiff believes that Defendant is already in possession of this information, Plaintiff supplements its response as follows.  On or about August 1980, Plaintiff began promoting himself as "THE LIVING LEGEND" and "THE NEW LIVING LEGEND" during wrestling events as a means of advertising himself in view of a widely

publicized match between himself and Bruno Sammartino. Thereafter and for more than twenty three (23) years, Plaintiff has and continues to promote himself as "THE LIVING LEGEND."

Specific Information, By Product or Services, For Each Category: As previously stated, Plaintiff does not maintain the information requested and is unable to calculate such information at present.

Additional Wrestling Organizations: Wrestling promotions for the years 1980 – 1982: WWWF (on or about 1980); Dominicks (on or about 1981); DeNucci (on or about 1982). Various other independent groups from 2001 to 2003: Superior Wrestling; Turnbuckle Wrestling; Extreme Wrestling Federation; World Wide Wrestling Alliance; NCW Pro Wrestling; Continental Championship Wrestling; MACW Wrestling; UWF Pro Wrestling; NWA-TWA; USA Wrestling; World Wide Wrestling; Cyber Space Wrestling Federation; PCW Wrestling; Global Wrestling Promotions; SWO; NWA National Wrestling Alliance.

Damage Calculations: Due to the willfulness and/or reckless disregard by which Defendant utilized Plaintiff's mark coupled with the law in the 11th Circuit, Plaintiff believes that WWE's profit (based on public corporate disclosures) during said period is an appropriate measure of Plaintiff's damages, and therefore, Plaintiff believes that his answers are responsive.

Additional video and products: A copy of some additional videos is being produced herewith. A copy of said t-shirt was produced. It is Plaintiff's understanding that all products in Plaintiff's possession have been produced. Any additional uncovered products will be provided upon discovery, if applicable.

Defective Video: We are still awaiting instructions from Mr. Taylor as to which video was defective. Upon advising of same, said defective video will be promptly reproduced, provided our copy is not defective.

**December 20, 2003 Letter**

Tax Records: Plaintiff has performed a diligent search and has produced all tax records in Plaintiff's possession.

Claims for unemployment compensation: As previously stated, Plaintiff has performed a diligent search and has uncovered no documents in his possession responsive to this request.

Tax Records of Timothy Lamont Whistler: The production of tax records for Timothy Whistler was in error and should be immediately returned to Plaintiff's counsel. A diligent search has been performed and all tax records within Plaintiff's possession has been produced.

Consequently, as Plaintiff has provided complete and adequate responses based on Plaintiff's current knowledge, Plaintiff respectfully request that the Motion to Compel be withdrawn.

Sincerely,

Myers & Kaplan,
Intellectual Property Law, L.L.C.

Joel D. Myers

JDM/cp

3