RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 2 2 2004

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

ORIGINAL

FILED IN CLERK'S OFFICE
1/28/04
Luther D. Thomas, Clerk
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Delaware<br>corporation,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 1 02-CV-1008<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED, by and between plaintiff Larry Whistler, a/k/a Larry Zbyzsko, by his counsel, Myers & Kaplan and defendant, World Wrestling Entertainment, Inc., f/k/a World Wrestling Federation Entertainment, Inc., by its counsel Chorey, Taylor & Feil and Kirkpatrick & Lockhart LLP, as follows:

1.     <u>Basis For The Stipulation</u>.

It is contemplated by the parties in this action that during the course of discovery in connection with this action, or otherwise, certain documents and other material of a confidential, private and/or proprietary nature may be produced.

In order to protect the confidential, privacy and/or proprietary interests of the parties, the parties have entered into this Stipulation.

2.     <u>Information And Matters Subject To This Stipulation</u>.

This Stipulation and Order ("Order") shall govern all "Confidential Information" (as defined hereinafter) produced or disclosed by any party or witness or deponent to this action, and all information derived therefrom, and all copies, excerpts or summaries of or relating to such information.

3. Definitions.

The following definitions shall apply in the construction and application of this Order:

(a) The term "Confidential Information" means non-public information containing or relating to confidential/proprietary business or financial information, competitively sensitive business information, or other secret business information, the disclosure of which would be detrimental to the disclosing party.

(b) The term "Qualified Person" means any of the following individuals: (i) the Judge who will preside over proceedings in this action and any of his or her staff; (ii) any Magistrate appointed by a judge in this matter to preside over discovery or any hearing(s) in this matter, and any of his or her staff; (iii) Court Reporters/Videographers engaged in proceedings relating to this litigation as are necessary for the preparation of pre-trial motions and discovery, and/or trial of this action; (iv) counsel for each of the parties in this litigation; (v) consultants, paralegals and stenographic, clerical, legal and secretarial personnel employed by counsel for any of the parties; (vi) any party to this action including, where applicable, its officers, directors, employees and agents; (vii) any person employed by counsel for any of the parties to assist counsel in these proceedings, including, but not limited to, experts and consultants, and their employees and clerical and secretarial personnel, whether or not such experts or consultants ultimately are called upon to testify at trial; and (viii) insurance companies or other indemnitors of any party.

(c) The term "disclose" or any synonym thereof means to show, give, make available, or communicate in any fashion, to any person other than the Qualified Person, any

Confidential Information, or information concerning the existence of or contents of any Confidential Information, or any portion, version, excerpt, or summary of any Confidential Information.

4. <u>Designation Of Confidential Information.</u>

(a) Each party, witness or deponent who produces or discloses any document, writing or information that satisfies the provisions of paragraph 3(a) of this Order and who/which wishes to designate the same as Confidential Information shall do so by identifying or marking each page of the designated document or writing with the legend "CONFIDENTIAL." 

(b) Counsel for any party or deponent may also, during the course of a deposition, orally designate deposition exhibits or testimony, or any portions thereof, as Confidential Information. Furthermore, it is agreed that upon receipt of a transcript of a deposition of a witness, the defending party or lawyer may designate portions of said transcript as "CONFIDENTIAL" and said portions shall be treated as such in accordance with this Order. Said designation shall be made by the party or lawyer within thirty (30) days of receipt of said transcript. 

(c) Any document filed in Court or with any Magistrate or Referee that reveals any Confidential Information or includes exhibits which contain Confidential Information shall be filed in accordance with paragraph 6(c) of this Order.

5. <u>Use Of Confidential Information.</u>

Confidential Information shall be used solely and exclusively in connection with, and only as necessary to, this case and the preparation of and trial of this case, or any related appellate proceedings, and shall not be used for any other purpose, including, without limitation, for any business, competitive, public relations or governmental purpose or function.

Confidential Information shall not be disclosed to any person or entity other than a Qualified Person, as provided in this Order, and shall not be disclosed even to such a Qualified Person except in accordance with this Order.

6.  Disclosure Of Confidential Information.

Any disclosure of Confidential Information shall be subject to the following provisions and restrictions:

(a) Agreement To Be Bound. The parties to this action, including, where applicable, any officers and directors, employees and agents, hereby agree to maintain Confidential Information according to the terms of this Order. Any other individual (other than counsel whose law firm is an actual signatory to this Order, the Judge and Magistrate who will preside over proceedings in this action and any of their staff and/or deponents (See Paragraph 6(b) below)) to whom Confidential Information is furnished, shown, communicated, released, disclosed or made available by counsel furnishing him or her such Confidential Information must be provided, prior to the time he or she receives access to such Confidential Information, a copy of this Order and must sign a "Confidentiality Agreement" agreeing to be bound by the terms of this Order. By signing the "Confidentiality Agreement" such individual shall declare that he or she has carefully read the Order and fully understands its terms. The "Confidentiality Agreement" shall be in the form set forth in Exhibit "A." Counsel making disclosure to any person as described hereinabove shall retain the original executed copy of such "Confidentiality Agreement[s]" until final determination of this case by judgment or appeal. If prima facie evidence is presented that this Order has been violated, the "Confidentiality Agreement(s)" signed pursuant to this paragraph are discoverable.

(b) Disclosure During Deposition. In the event that Confidential Information is revealed, utilized, examined, or referred to during depositions (subject to the provisions of Paragraph 4(b) herein), then only the deponent(s) and Qualified Persons shall be present. If

4

Confidential Information is made an exhibit to a deposition, or if Confidential Information is designated during the deposition, then arrangements shall be made for the court reporter to file separately those exhibits and those portions of the transcript containing Confidential Information, and each page on which such information appears shall be stamped with the words "Confidential." Those exhibits and transcript portions shall be placed in a sealed envelope or other appropriate sealed container on which shall be endorsed "Confidential Information Pursuant to Court Order – Larry Whistler, a/k/a Larry Zbyszko v. World Wresting Federation Entertainment, Inc, Civil Action No. 1 02-CV-1008 and state substantially in the following form:

> This envelope is sealed pursuant to Order of this Court dated [insert date], and contains confidential information produced or generated by [identity of Party]. It is not to be opened or the contents thereof to be displayed or revealed except for the purposes enumerated in Paragraph 5 of the Order, a copy of which is appended hereto.

Each court reporter and/or videographer participating in any deposition involving Confidential Information shall be informed of and/or provided with a copy of this Order and of Exhibit "A."

(c) <u>Papers Filed In Court</u>. Any document filed in Court that reveals any Confidential Information or includes exhibits which contain Confidential Information shall be filed under seal, and labeled as set forth in paragraph 6(b) of this Order. Documents so labeled shall be kept under seal and shall be made available only to the Court or other Qualified Persons authorized by the terms of this Order or by the Court to have access to such Confidential Information. To the extent this Order has not been entered as an Order of the Court at the time of filing, the party filing any Confidential Information shall obtain a Court order authorizing the filing under seal. Upon failure of the filing party to so file a document under seal, the producing party, person, or entity, or any party claiming confidentiality with respect to such production, may do so. Notwithstanding the above, any party shall be entitled to use the Confidential

Information at the time of trial.

(d) <u>Disclosure Of Confidential Information</u>. In the event that any party desires that Confidential Information be disclosed, communicated, discussed or made available to any person other than a Qualified Person, such party must submit to opposing counsel a written statement specifically identifying the Confidential Information to be disclosed and the name, title and employer of the persons with whom counsel wishes to communicate. Counsel for the opposing party shall have 10 (ten) days from the date of receipt of the notification to object to the disclosure to any person identified in the notice. If the parties are subsequently unable to agree on the terms and conditions of the requested disclosure, disclosure may be made only upon such terms as the Court may provide. The parties seeking disclosure may file with the Court and personally serve on opposing party a written notice motion or authority to make such disclosure. If opposing counsel does not respond in writing to the 10-day notification provided for above, the persons named in the notification shall, subject to the terms and conditions of this Order, be entitled to receive only that Confidential Information which has been specified in the notification. In addition to the foregoing, the parties seeking disclosure will provide a copy of Exhibit "A" to any such person and obtain his or her execution of Exhibit "A" prior to the disclosure of any Confidential Information to that person.

(e) <u>Unauthorized Disclosure</u>. If counsel for any party or any party becomes aware that material or information designated as Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible (directly or indirectly) for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party having designated such information as Confidential, and, without prejudice to the rights and remedies of the designating party, make reasonable effort to prevent further unauthorized disclosure.

7. <u>Objections To Designation</u>.

Any party may object to the Confidential designation of any designated materials by serving written notice of objection on all other parties specifying with reasonable particularity the materials to which an objection is made. Within fifteen (15) days after the service of such notice, the designating party shall respond in writing. If the designating party does not withdraw the designation, the objecting party may file a motion for a determination by the Court as to the validity of the objection. The designating party shall then have the burden of establishing the need to maintain the original designation. In the event such a motion is filed, the confidentiality of the materials at issue shall be preserved pending resolution of the issue by the Court and for a period of thirty (30) calendar days thereafter to allow the designating party opportunity to seek appellate review of such order. If such appellate review is sought within that period, the designated material in question shall continue to be subject to the restrictions of this Order until the final conclusion of all appellate review.

8.  Objections To Production or Admissibility.

Nothing in this Order shall be deemed to limit or constitute a waiver of any party's right to object to discovery with respect to any information which may be claimed to be outside the scope of discovery for any reason, privilege or other objection otherwise protected or protectable under the laws of the United States or applicable state law. Nothing in this Order shall be deemed to limit or constitute a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary material.

9.  Further Protection.

Nothing contained in this Order shall be deemed to preclude any party at any time (a) from seeking and obtaining from any other party or the Court, on appropriate showing, a further protective order relating to Confidential Information or relating to any discovery in this case; and (b) to apply to the Court for any relief from any provision of this Order. Nothing in this Order shall be construed as preventing any party from making application to the Court for revisions or

7

modifications of the terms of this Order.

10. <u>Rights Of Producing Party</u>.

Nothing in this Order shall be deemed to limit the right of any party producing information which it designates as Confidential to itself disclose such information to other than Qualified Persons.

11. <u>Disclosure Of Information Or Documents Previously In A Party's Possession</u>.

Nothing in this Order shall preclude a disclosure of Confidential Information lawfully in the possession of a party prior to the production of such information pursuant to this Order.

12. <u>No Privilege Waiver</u>.

Entering into, agreeing to and/or complying with the terms of this Order shall not (a) be deemed to be a waiver of any applicable privilege, including, without limitation, the attorney-client and attorney work product protection, (b) operate as an admission by any person that any particular document, information or material actually or presumptively contains or reflects trade secrets, proprietary or commercial information or other confidential matter; (c) require a party to produce or provide any document, information or material or (d) prejudice in any way the right of a person to contest (i) that a particular document information or material should not be produced or provided or (ii) if produced or provided, that such material should or should not be subject to the terms of this Order.

13. <u>Failure to Designate Document(s) as Containing Confidential Information</u>.

The inadvertent failure to designate any materials as Confidential Information shall not be deemed to be or construed as a waiver of Confidentiality; provided, however, that the designating party shall within a reasonable time after discovering the inadvertent production notify the receiving party that such documents have been inadvertently produced without being

8

modifications of the terms of this Order.

   10.   Rights Of Producing Party.

Nothing in this Order shall be deemed to limit the right of any party producing information which it designates as Confidential to itself disclose such information to other than Qualified Persons.

   11.   Disclosure Of Information Or Documents Previously In A Party's Possession.

Nothing in this Order shall preclude a disclosure of Confidential Information lawfully in the possession of a party prior to the production of such information pursuant to this Order.

   12.   No Privilege Waiver.

Entering into, agreeing to and/or complying with the terms of this Order shall not (a) be deemed to be a waiver of any applicable privilege, including, without limitation, the attorney-client and attorney work product protection, (b) operate as an admission by any person that any particular document, information or material actually or presumptively contains or reflects trade secrets, proprietary or commercial information or other confidential matter; (c) require a party to produce or provide any document, information or material or (d) prejudice in any way the right of a person to contest (i) that a particular document information or material should not be produced or provided or (ii) if produced or provided, that such material should or should not be subject to the terms of this Order.

   13.   Failure to Designate Document(s) as Containing Confidential Information.

The inadvertent failure to designate any materials as Confidential Information shall not be deemed to be or construed as a waiver of Confidentiality; provided, however, that the designating party shall within a reasonable time after discovering the inadvertent production notify the receiving party that such documents have been inadvertently produced without being



designated "CONFIDENTIAL." The designating party shall thereafter promptly provide the receiving party's counsel substitute copies of such documents. The substitute copies shall be designated "CONFIDENTIAL" in accordance with paragraphs 3 and 4. The disclosure of such documents or material prior to the receipt of notice from the designating party as provided for above shall not be deemed a violation of this Order. To the extent that such document or thing may have been disclosed to persons other than authorized persons described in this Order, the receiving party shall make every reasonable effort to retrieve the document or thing promptly from such persons and to limit any further disclosure to non-authorized parties.

14. <u>Inadvertent Production of Privileged/Protected Document(s)</u>

Each party is responsible for conducting a reasonable review of all documents to be produced and shall withhold from production those documents for which the party claims any applicable privilege or protection from disclosure. However, the parties recognize that inadvertent disclosure of privileged or protected documents may occur. The parties agree that any such inadvertent disclosure does not constitute a waiver of the party's privileges or protections with respect to any particular document or the document production in general. In the event that a party makes original or copies of documents available for inspection and review by a requesting party, any disclosure of privileged or protected documents shall not constitute a waiver of the producing party's privileges with respect to any particular document or the document production in general. Any party may request the return of inadvertently produced documents to which the party claims any applicable privilege or protection from disclosure. The procedure for seeking such return is as follows:

(a) Within thirty (30) days of its discovery of the inadvertent production, but in no event later than sixty (60) days before trial, the producing party must give notice to all parties who received copies of the document, stating that it is privileged and setting forth the nature of the privilege asserted;

9

(b) Upon receiving such notification, the discovering party shall make no further use of such document(s) and it shall return the original and all existing copies (except one) of the inadvertently produced documents to the producing party within one (1) week of such notice; provided, however, where the party receiving the notification disputes the producing party's claims of privilege or protection with respect to the inadvertently produced document said receiving party may challenge the privilege assertion in Court; and

(c) Inadvertent production of a privileged document, the return of which is requested in accordance with this section, shall not be considered a waiver of any claim of privilege or protection. Nevertheless, any party wishing to contest the claim of privilege may do so as provided above.

15. <u>Return/Destruction Upon Termination Of Action</u>.

Within sixty (60) days after final determination of this action, all materials which have been designated as Confidential Information which have been disclosed by a designating party to another party, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be shredded or delivered to counsel for the designating party. Should the material be shredded, counsel for the party shredding the material shall provide the designating party with a statement, in writing, certifying that such documents were shredded. Notwithstanding the above, counsel for each party herein may retain a single copy of such material to maintain a complete file of the litigation.

16. <u>Termination of Order</u>.

This Order shall terminate upon the written mutual agreement of the parties or upon order of the Court.

17. <u>General Provisions</u>.

(a) This Order is the result of negotiations by attorneys for the parties and

10

shall not be construed for or against any party or signatory to this Order.

(b) This Order shall be construed and interpreted fairly in accordance with its purpose and plain meaning.

(c) Notices pursuant to this Order shall be sent to the attorney of record for the parties listed on the signature page of this Order unless notified by any other party in writing of a change.

(d) Should the Court refuse or otherwise fail to make this Order an Order of the Court, the terms of this Order nonetheless shall, from and after the date of execution hereof by counsel, be binding and enforceable in accordance with its terms.

18. Entire Agreement.

This Stipulation and Protective Order constitutes the entire agreement among the parties and counsel with respect to the subject matters contained herein and supersedes all prior oral or written agreements, understandings and discussions as to the subject matters of this Order. No amendment to or modification of this Order shall be effective unless it is in writing and duly executed by counsel for the parties and approved by the Court.

Dated: January 18th, 2004

Respectfully submitted,

_____
Joel D. Myers
Myers & Associates, P.C.
1827 Powers Ferry Road
Building 3, Suite 200
Atlanta, Georgia 30339
(770) 541-7444
(770) 541-7448 (fax)

11

Attorney for Plaintiff Larry Whistler, a/k/a Larry Zbyszko

*[signature]*

John L. Taylor, Jr.
Celeste McCollough
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
Kirkpatrick & Lockhart
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)

Attorneys for Defendant
World Wrestling Entertainment, Inc.,

SO ORDERED:

*[signature]*
U.S.D.J.
1/27/04

13

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Delaware<br>Corporation,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1 02-CV-1008<br>)<br>)<br>)<br>)<br>)<br>)  **STIPULATION AND PROTECTIVE**<br>)  **ORDER**<br>)<br>)<br>) |

STATE OF [_____] )

                     ) ss.:

COUNTY OF [_____] )

[INSERT NAME], being duly sworn, deposes and says:

1. I am over the age of 18 years and have personal knowledge of the hereinafter stated facts.

2. My address is _____
_____.

3. My present employer is _____
_____, and the address of my present employer is
_____.

PI-954636 v1 0149511-9014

4.      My present occupation or job description is _____

_____.

5.      I have received a copy of the [Protective Order ("Order") in this action signed by the Court on _____, 2003.]

6.      I have carefully read and understand the provisions of the Order.

7.      I hereby agree to be bound by the terms and conditions of the Order.

8.      During the pendency and after final termination of this action and any related proceedings, I will hold in confidence and not disclose to anyone not qualified under the Order any "Confidential Information" (as such terms are defined in the Order) disclosed to me.

9.      I understand that any breach of this agreement may subject me to sanctions for contempt of this Order and possible suit for civil damages and other relief arising therefrom.

_____
[Print Name]

_____
[Signature]

Sworn to before me this
\_\_\_ day of _____, 2003

_____
Notary Public