ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 9 2004

LUTHER D. ........, Clerk
By: F. Finckley, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, INC., a Delaware<br>corporation,<br><br>Defendant. | Civil Action No. 1 02-CV-1008-CC |

## MOTION FOR LEAVE TO EXCEED 25-PAGE LIMIT BY WORLD WRESTLING ENTERTAINMENT, INC.

Pursuant to Local Rule 7.1(D), Defendant World Wrestling Entertainment, Inc. ("WWE") seeks permission to exceed the Court's 25-page limit for its memoranda of law in support of its motion for summary judgment. In support thereof, WWE states as follows:

1.   On February 9, 2004, 20-days after the close of discovery in this action in accordance with Local Rule 56.1(C), WWE is filing a motion for summary judgment on all claims asserted by Plaintiff Larry Whistler ("Whistler").

2.   WWE is moving for summary judgment on five separate bases. Four of those bases pertain to trademark law issues, including, *inter alia,* (1) Whistler does not own a protectible interest in the alleged mark; (2) to the extent the alleged mark is protectible, WWE—not Whistler—has priority of use in the mark; (3) any use of the alleged mark by WWE is protected by the First Amendment and/or fair use defense; and (4) there is no likelihood of confusion.

3.   Unexpectedly, a fifth basis for moving for summary judgment on all of Whistler's claims arose at Whistler's deposition taken on January 19-20, 2004, predicated on the disclosure for the first time in this case that Whistler filed for Chapter 7 bankruptcy protection approximately 9 months after the filing of this lawsuit.

4.   In his bankruptcy filings, including his Statement of Financial Affairs and Schedules thereto, Whistler did not disclose either this lawsuit or the alleged trademark on which it is based. In reliance on Whistler's false and incomplete bankruptcy filings, Whistler was granted a "no asset" discharge of over $66,000 in

2

debts without his creditors, the trustee and the bankruptcy court ever learning of this action or the "Living Legend" trademark Whistler claims to own.

5.  Under three recent Eleventh Circuit rulings, Whistler's claims are barred as a matter of law on the basis of judicial estoppel for concealing those assets from the bankruptcy court. *See Barger v. City of Cartersville, Georgia*, 348 F.3d 1289 (11th Cir. 2003); *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289 (2003); *Burns v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002). In all three cases, a plaintiff attempted to prosecute damage claims in federal court at the same time that the plaintiff was seeking bankruptcy relief in federal bankruptcy court. In all three cases, the plaintiff submitted sworn written statements to the bankruptcy court which failed to disclose the existence of the claims being prosecuted in the simultaneous lawsuit. In each case, the Eleventh Circuit held that the elements of judicial estoppel could be inferred from the record as a matter of law, and the grant of summary judgment against the plaintiff should be affirmed.

6.  Despite learning of this bankruptcy-related argument in the very last days of the discovery period, because the Eleventh Circuit has squarely ruled that judicial estoppel bars Whistler's claims in this action, WWE has moved for summary judgment on that basis in addition to the four trademark law issues noted above.

7. Since this bankruptcy-related argument is wholly factually and legally distinct from WWE's other trademark-related bases for moving for summary judgment, WWE has filed a separate memorandum of law on that specific issue.

8. With the addition of this unexpected fifth basis in addition to the four trademark-related bases on which WWE is moving for summary judgment, WWE submits that it is not able to fully and effectively present all of its arguments in support of summary judgment within the Court's 25-page limit generally applicable to briefs filed in support of a motion.

9. In that WWE believes that its motion for summary judgment will comprehensively resolve all claims in this action, WWE seeks permission to exceed the Court's 25-page limit by filing a Memorandum of Law in Support of Motion for Summary Judgment on Trademark-Related Issues of 25 pages and a Memorandum of Law in Support of Motion for Summary Judgment on the Basis of Judicial Estoppel of 10 pages.

WHEREFORE, WWE respectfully requests that this Honorable Court permit WWE to file a Memorandum of Law in Support of Motion for Summary Judgment on Trademark-Related Issues of 25 pages and a Memorandum of Law in

Support of Motion for Summary Judgment on the Basis of Judicial Estoppel of 10 pages.

Respectfully submitted,

*/s/ Curtis B. Krasik*

Counsel for Defendant World Wrestling Entertainment, Inc.

John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200 (phone)
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
Kirkpatrick & Lockhart LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500 (phone)
(412) 355-6501 (fax)

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1D**

Pursuant to Local Rule 7.1D, counsel hereby certifies that this pleading has been prepared with Times New Roman font (14 point).

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, INC., a Delaware<br>corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1 02-CV-1008-CC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

AND NOW this ___ day of February, 2004, it is hereby ORDERED that World Wrestling Entertainment, Inc.'s ("WWE") Motion for Leave to Exceed 25-page limit is GRANTED. WWE is permitted to file a Memorandum of Law in Support of Motion for Summary Judgment on Trademark-Related Issues of 25 pages and a Memorandum of Law in Support of Motion for Summary Judgment on the Basis of Judicial Estoppel of 10 pages.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>      Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, INC., a Delaware<br>corporation,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1 02-CV-1008-CC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2004, I served opposing counsel with Defendant's **Motion for Leave to Exceed 25-Page Limit** by hand delivery to the following address:

      Joel D. Myers, Esquire
      Myers & Kaplan Intellectual Property Law LLC
      1899 Powers Ferry Road
      Suite 310
      Atlanta, GA  30339

      _____
      Attorneys for Defendant
      World Wrestling Entertainment, Inc.

John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)