ORIGINAL

FILED IN CLERK'S OFFICE
U S C

FEB 0 9 2004

LU........., Clerk
By: J. fur........ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LARRY WHISTLER )
a/k/a LARRY ZBYSZKO )
a/k/a/ THE LIVING LEGEND, )
an individual )
 )
              Plaintiff, )   Civil Action No.: 1 02- CV-1008
 )
    vs. )
 )
WORLD WRESTLING )
FEDERATION ENTERTAINMENT, )
INC., a Delaware corporation, )
 )
        Defendant. )
 )

## NOTICE OF FILING CERTIFIED COPY OF
## CHAPTER 13 BANKRUPTCY FILE

    COMES NOW Defendant World Wrestling Entertainment, Inc.,

("WWE") and hereby gives notice of the filing in this action of the attached

certified copy of the entire file in that certain Chapter 13 bankruptcy case

filed by Lawrence and Kathleen Whistler as Debtors in the United States

Bankruptcy Court, Northern District of Georgia, Atlanta Division,

Bankruptcy Case No. 02-91266, which is hereby submitted in support of

WWE's Motion for Summary Judgment on the basis of judicial estoppel.

Respectfully submitted,

_____

Attorneys for Defendant
World Wrestling Entertainment, Inc.

John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)

## **CERTIFICATION**

Pursuant to Local Rule 7.1D, counsel for Defendant hereby certify that this document has been prepared with Times New Roman font (14 point).

112577_1.DOC                    2

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY WHISTLER )
a/k/a LARRY ZBYSZKO )
a/k/a THE LIVING LEGEND, )
an individual, )
)                    Civil Action No. 1 02-CV-1008
     Plaintiff, )
)
vs. )
)
WORLD WRESTLING )
ENTERTAINMENT, INC., a Delaware )
corporation, )
)
     Defendants. )

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February, 2004, I served
opposing counsel with the foregoing *Notice of Filing Certified Copy of
Chapter13 Bankruptcy File* by First Class Mail to the following address:


Joel D. Myers, Esquire
Myers & Kaplan Intellectual Property Law LLC
1899 Powers Ferry Road
Suite 310
Atlanta, GA  30339

B 131
9/94

# United States Bankruptcy Court

Northern   District Of   Georgia

In re: Lawrence & Kathleen Whistler

Case No. 02-91266-SWC

Debtor : Lawrence & Kathleen Whistler

## EXEMPLIFICATION CERTIFICATE

I, W. Yvonne Evans _____, clerk of the bankruptcy court for this district and keeper of the records and seal of the court, certify that the documents attached are true copies of Case Number 02-91266-SWC consisting of 5-pages of the docket text, 130-pages of the entire docket contents, 4- pages of the list of creditors, 9-pages of The claims register, and 91 pages of the Proof of claims. For a total of 239 pages.

now remaining among the records of the court  In testimony of this statement, I sign my name, and affix the seal of this court at _____ Atlanta _____, in the State of _____ Georgia _____, this 30th Day Of January, 2004.

[Seal of Court]

W. Yvonne Evans
*Clerk of the Bankruptcy Court*

---

I, Joyce Bihary, Chief _____, bankruptcy judge for this district certify that W. Yvonne Evans is and was at the date of the above certificate clerk of the bankruptcy court for this district, duly appointed and sworn, and keeper of the records and seal of the court, and that the above certificate of the clerk and the clerk's attestation are in due form of law.

January 30, 2004
*Date*

Joyce Bihary
*Bankruptcy Judge*

---

I, W. Yvonne Evans _____, clerk of the bankruptcy court for this district and keeper of the seal of the court, certify that the Honorable Joyce Bihary _____ is and was on the date of the above certificate a judge of this court, duly appointed and sworn; and that I am well acquainted with this handwriting and official signature and know and certify the signature written above to be that of the judge.

In testimony of this statement, I sign my name, and affix the seal of the court at _____ Atlanta _____, in the State of _____ Georgia _____, this 30th Day of January, 2004.

[Seal of Court]

W. Yvonne Evans
*Clerk of the Bankruptcy Court*

**CLOSED**

# U.S. Bankruptcy Court
## Northern District of Georgia (Atlanta)
### Bankruptcy Petition #: 02-91266-swc

*Assigned to:* Judge Stacey W. Cotton
Chapter 13
Voluntary
Asset

*Date Filed:* 02/04/2002
*Date Terminated:* 12/20/2002
*Date Dismissed:* 11/20/2002

| | | |
|---|---|---|
| **Lawrence Whistler**<br>425 Red Jacket Way<br>Alpharetta, GA 30005<br>SSN: xxx-xx-3689<br>*Debtor*<br>*aka*<br>**Larry Zbyszko** | represented by | **David L. Miller**<br>Law Offices of David L. Miller<br>Suite 2615 - Tower Place 100<br>3340 Peachtree Rd. N.E.<br>Atlanta, GA 30326<br>(404) 231-1933<br><br>**Robert J. Goldman**<br>2613G Paces Ridge<br>Atlanta, GA 30339<br>678-427-7386 |
| **Kathleen Whistler**<br>425 Red Jacket Way<br>Alpharetta, GA 30005<br>SSN: xxx-xx-5986<br>*Debtor* | represented by | **David L. Miller**<br>(See above for address)<br><br>**Robert J. Goldman**<br>(See above for address) |
| **James H. Bone**<br>Standing Chapter 13 Trustee<br>Suite 1100 Equitable Bldg.<br>100 Peachtree Street, NW<br>Atlanta, GA 30303-1901<br>404-525-2555<br>*Trustee* | represented by | **Daniel L. Gibbs**<br>James H. Bone<br>Suite 1100<br>100 Peachtree Street<br>Atlanta, GA 30303<br>404-525-2555 |

| Filing Date | # | Docket Text |
|---|---|---|
| 02/04/2002 | 1 | Voluntary Petition (Chapter 13) Fee Collected $ 185 Receipt Number 542693.. Schedules A-J due 2/19/2002. Statement of Financial Affairs due 2/19/2002. Atty Disclosure State. due 2/19/2002. Summary of schedule due 2/19/2002. Chapter 13 Plan due by 2/19/2002. Filed by David L. Miller of Law Offices of David L. Miller on behalf of |

| | | Lawrence Whistler, Katherine Whistler. (Simpson, Karen) (Entered: 02/05/2002) |
|---|---|---|
| 02/04/2002 | | Meeting of Creditors (Chapter 13). 341 Meeting to be held on 3/15/2002 at 01:30 PM at Hearing Room 367, Atlanta. Confirmation Hearing to be held on 4/16/2002 at 09:30 AM at Courtroom 1404, Atlanta. Proof of Claims due by 6/13/2002. (Simpson, Karen) (Entered: 02/05/2002) |
| 02/07/2002 | 2 | Notice of Filing of Bankruptcy Case, Meeting of Creditors & Deadlines and Order and Notice w/Certificate of Service by BNC Service Date 02/07/02. (Admin.) (Entered: 02/08/2002) |
| 02/19/2002 | 3 | Motion to Extend Time *To File Schedules* filed by David L. Miller on behalf of Katherine Whistler, Lawrence Whistler. (Smith, Melba) (Entered: 02/20/2002) |
| 02/27/2002 | 4 | Order GRANTING Motion to Extend Time to file Schedules up to and including February 26, 2002 (Related Doc # 3). Service by BNC. Entered on 2/27/2002. (Smith, Melba) |
| 03/01/2002 | 5 | BNC Certificate of Service of Order on Motion to Extend Time Service Date 03/01/02. (Related Doc # 4) (Admin.) (Entered: 03/02/2002) |
| 03/01/2002 | 6 | Motion to Extend Time *To File Chapter 13 Schedules and Plan* filed by David L. Miller on behalf of Katherine Whistler, Lawrence Whistler. (Smith, Melba) (Entered: 03/05/2002) |
| 03/04/2002 | 7 | Request for addition to list of creditors and request for notices filed by General Motors Acceptance Corporation. (Smith, Melba) (Entered: 03/06/2002) |
| 03/08/2002 | 8 | Order GRANTING Motion to Extend Time To File Chapter 13 Schedules and Plan up to and including March 5, 2002(Related Doc # 6). Service by BNC. Entered on 3/8/2002. (Smith, Melba) |
| 03/10/2002 | 9 | BNC Certificate of Service of Order on Motion to Extend Time Service Date 03/10/02. (Related Doc # 8) (Admin.) (Entered: 03/11/2002) |
| 03/12/2002 | 10 | Statement of Financial Affairs, Schedules *A thru J*, Attorney Disclosure Statement *and Summary of Schedules* (related document(s)1) filed by David L. Miller on behalf of Katherine Whistler, Lawrence Whistler. (Smith, Melba) (Entered: 03/13/2002) |
| 03/12/2002 | 11 | Chapter 13 Plan (related document(s)[]) filed by David L. Miller on |

| | | behalf of Katherine Whistler, Lawrence Whistler. (Smith, Melba) (Entered: 03/13/2002) |
|---|---|---|
| 03/12/2002 | | Request for Plan Summary Notice (Smith, Melba) (Entered: 03/13/2002) |
| 03/15/2002 | 12 | Notice of Plan Summary. Service by BNC Service Date 03/15/02. (Admin.) (Entered: 03/16/2002) |
| 03/15/2002 | | Meeting of Creditors Rescheduled 341 Meeting to be held on 3/28/2002 at 01:00 PM at Hearing Room 368, Atlanta. (Collins, Donna) (Entered: 03/29/2002) |
| 03/22/2002 | 13 | Change of Address of *Kohl's Department Store* filed by Kohl's Department Stores. (Smith, Melba) (Entered: 03/26/2002) |
| 03/27/2002 | 14 | Objection to Confirmation of Plan filed by Daniel L. Gibbs on behalf of James H. Bone. (Gibbs, Daniel) |
| 03/28/2002 | | Meeting of Creditors Held. (Yarn, Betty) (Entered: 04/11/2002) |
| 04/03/2002 | 15 | Motion for Relief from Co-Debtor Stay *Timothy Whistler and*, Motion for Relief from Stay Receipt Number 01002741., Fee Collected $ 75 filed by Gregson T. Haan on behalf of General Motors Acceptance Corporation. Objections due by 4/26/2002.Hearing to be held on 5/16/2002 at 09:30 AM at Courtroom 1404, Atlanta, (Smith, Melba) (Entered: 04/04/2002) |
| 04/04/2002 | 16 | Objection to Confirmation of Plan filed by Daniel L. Gibbs on behalf of James H. Bone. (Gibbs, Daniel) |
| 04/16/2002 | | Confirmation Hearing Rescheduled (related document(s)11, 14, 16) Confirmation Hearing to be held on 5/14/2002 at 09:30 AM at Courtroom 1404, Atlanta. (Glasper El, Josette) (Entered: 04/17/2002) |
| 05/14/2002 | | Confirmation Hearing Rescheduled (related document(s)11, 14, 16) Confirmation Hearing to be held on 7/2/2002 at 09:30 AM at Courtroom 1404, Atlanta. (Glasper El, Josette) |
| 05/14/2002 | 17 | Amendment to Voluntary Petition to *change the spelling of Debtor (Katherine to Kathleen Whistler and to add an alias to Debtor Lawrence Whistler*, Amendment to Schedules *B, D, J and Plan* (related document(s)1) filed by David L. Miller on behalf of Katherine Whistler, Lawrence Whistler. (Smith, Melba) (Entered: 05/15/2002) |
| 05/14/2002 | 18 | Amended Chapter 13 Plan , *Chapter 13 Petition and Schedules* (related document(s)11) filed by David L. Miller on behalf of |

| | | |
|---|---|---|
| | | Katherine Whistler, Lawrence Whistler. (Smith, Melba) (Entered: 05/15/2002) |
| 05/14/2002 | 19 | Certificate of Service *on Amendment to Chapter 13 Petition, Schedules and Plan* (related document(s)18, 17) filed by David L. Miller on behalf of Kathleen Whistler, Lawrence Whistler. (Smith, Melba) (Entered: 05/15/2002) |
| 05/21/2002 | 20 | Order GRANTING Motion for Relief from Stay and Motion for Relief from Co-Debtor Stay (Timothy Whistler) filed by General Motors Acceptance Corporation (Related Doc # 15) Service by BNC Entered on 5/21/2002. (Smith, Melba) Modified on 5/21/2002 (Smith, Melba). |
| 05/23/2002 | 21 | BNC Certificate of Service of Order on Motion for Relief from Stay Service Date 05/23/02. (Related Doc # 20) (Admin.) (Entered: 05/24/2002) |
| 07/02/2002 | | *Confirmation of Ch. 13 Plan - Request for Computer Generated Order.* (Glasper El, Josette) |
| 07/04/2002 | 22 | Order Confirming Plan (13) with Certificate of Service by BNC Service Date 07/04/02. (Admin.) (Entered: 07/05/2002) |
| 07/16/2002 | 23 | Motion for Relief from Stay Receipt Number 1009141., Fee Collected $ 75 filed by Mary Ida Townson on behalf of Bank of America Mortgage. (Townson, Mary) Modified Receipt Information Only on 7/19/2002 (Malave, Yary). |
| 07/17/2002 | 24 | Notice of Assignment of Hearing re: Motion for Relief from Stay filed by Bank of America. Creditor's Atty. to serve (related document(s)23) Hearing to be held on 9/12/2002 at 09:30 AM at Courtroom 1404, Atlanta, (Thomas, Nicole) (Entered: 07/18/2002) |
| 07/23/2002 | 25 | Certificate of Service (related document(s)23, 24) filed by Mary Ida Townson on behalf of Bank of America Mortgage. (Townson, Mary) |
| 09/18/2002 | 26 | Notice of Appearance (Attorney) filed by Thomas A. Lee III on behalf of American Express Centurion Bank. (Lee, Thomas) |
| 09/24/2002 | 27 | Notice of Appearance (Attorney) filed by Thomas A. Lee III on behalf of American Express Travel Related Services Co., Inc.. (Lee, Thomas) |
| 09/26/2002 | 28 | Notice of Intent to Pay Late-Filed Claim of *Citifinancial* in the amount of $ *6,551.38* unless objections are filed by debtor or debtor's attorney within 20 days Daniel L. Gibbs filed by on behalf of James H. Bone. (Gibbs, Daniel) |

| | | |
|---|---|---|
| 11/04/2002 | 29 | Order GRANTING Motion for Relief from Stay filed by Bank of America Mortgage (Related Doc # 23) Service by BNC Entered on 11/4/2002. (Smith, Melba) |
| 11/06/2002 | 30 | BNC Certificate of Service of Order on Motion for Relief from Stay Service Date 11/06/02. (Related Doc # 29) (Admin.) (Entered: 11/07/2002) |
| 11/13/2002 | 31 | Motion *by Attorney for Leave to Withdraw with c/s* filed by Robert J. Goldman on behalf of Kathleen Whistler, Lawrence Whistler. (Bennington, Merrill) (Entered: 11/14/2002) |
| 11/15/2002 | 32 | Certification of Non-Compliance of Debtor filed by Daniel L. Gibbs on behalf of James H. Bone. (Gibbs, Daniel) |
| 11/20/2002 | 33 | Order Dismissing Case with Certificate of Service by BNC Service Date 11/20/02. (Related Doc # 32) (Admin.) (Entered: 11/21/2002) |
| 12/19/2002 | 34 | Final Report and Accounting filed by Daniel L. Gibbs on behalf of James H. Bone. (Gibbs, Daniel) |
| 12/20/2002 | | Case Closed. (Smith, Melba) |
| 12/22/2002 | 35 | Order Approving Account, Discharging Trustee and Closing Estate w/Certificate of Mailing by BNC Service Date 12/22/02. (Admin.) (Entered: 12/26/2002) |

(Official Form 1) (9/97)

| FORM B1 | **United States Bankruptcy Court**<br>**Northern District of Georgia**<br>**Atlanta Division** | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Whistler, Lawrence** | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>**Whistler, Katherine** |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>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 | Soc. Sec./Tax I.D. No. (if more than one, state all):<br>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 |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**425 Red Jacket Way**<br>**Alpharetta, GA 30005** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**425 Red Jacket Way**<br>**Alpharetta, GA 30005** |
| County of Residence or of the<br>Principal Place of Business: **Fulton** | County of Residence or of the<br>Principal Place of Business: **Fulton** |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | **02-91266** |

### Information Regarding the Debtor (Check the Applicable Boxes)

Venue (Check any applicable box):
- ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor** (Check all boxes that apply)
- ☒ Individual(s)
- ☐ Corporation
- ☐ Partnership
- ☐ Other _____
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Sec. 304 - Case ancillary to foreign proceeding
- ☐ Chapter 11
- ☐ Chapter 12
- ☒ Chapter 13

**Nature of Debts** (Check one box)
- ☒ Consumer/Non-Business
- ☐ Business

**Filing Fee** (Check one box)
- ☒ Full Filing Fee Attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Chapter 11 Small Business** (Check all boxes that apply)
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101
- ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information** (Estimates only)
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☒ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

JUDGE

COTTON    MURPHY
KAHN     MASSEY
DRAKE    VE VENDINE
BIHARY

INTERPRETER

(Official Form 1) (9/97)

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): | FORM B1, Page 2 |
|---|---|---|

| Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:   **NONE** | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>NONE | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of Debtor (Corporation/Partnership) |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>Telephone Number (If not represented by attorney)<br><br>2/4/01<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X  **Not Applicable**<br>Signature of Authorized Individual<br><br>_____<br>Printed Name of Authorized Individual<br><br>_____<br>Title of Authorized Individual<br><br>_____<br>Date |
| X _____<br>Signature of Attorney<br>Signature of Attorney for Debtor(s)<br><br>**David L. Miller, 506550**<br>Printed Name of Attorney for Debtor(s) / Bar No.<br><br>**Law Offices of David L. Miller**<br>Firm Name<br><br>**3340 Peachtree Road, NE  Suite 2615 - Tower Place 100**<br>Address<br><br>**Atlanta, GA 30326**<br><br>**404-231-1933 ; (fax) 404-233-5335**<br>Telephone Number<br><br>2/4/01<br>Date | Signature of Non-Attorney Petition Preparer<br>I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.<br><br>Not Applicable<br>Printed Name of Bankruptcy Petition Preparer<br><br>_____<br>Social Security Number<br><br>_____<br>Address<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document: |
| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br>☐ Exhibit A is attached and made a part of this petition. | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>X  **Not Applicable**<br>Signature of Bankruptcy Petition Preparer<br><br>_____<br>Date |
| **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11 United States Code, and have explained the relief available under each such chapter.<br><br>X _____   2/4/01<br>Signature of Attorney for Debtor(s)        Date | A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110, 18 U.S.C. § 156. |

(Official Form 1) (9/97)

FORM 1. VOLUNTARY PETITION - Page 3

Name of Debtors:   **Lawrence Whistler**
                  **Katherine Whistler**

Case Number:

| NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT DEBTOR |
|---|

Robert J. Goldman                              **297342**

# 02-91266   Judge ___SWC___

NEW PETITION CHECKLIST

(Circle One)

CHAPTER 7          CHAPTER 11          ~~CHAPTER 12~~          CHAPTER 13

BUSINESS          or          NON BUSINESS

(   )  COMPLETE PETITION
(  ✓  )  INCOMPLETE PETITION

CHECK-MARK THE FOLLOWING DOCUMENTS THAT ARE MISSING:

(  ✓  )  CHAPTER 13 PLAN
        (Notice of Plan Summary to be served by Debtor/Attorney)
(  ✓  )  STATEMENT OF FINANCIAL AFFAIRS
(  ✓  )  SCHEDULES:

___A___B___C___D___E___F___G___H___I___J

(   )  ATTORNEY DISCLOSURE STATEMENT
(   )  STATEMENT OF INTENT (See Schedule D)
(   )  SUMMARY OF SCHEDULES
(   )  LIST OF EQUITY SECURITY HOLDERS
(   )  20 LARGEST UNSECURED CREDITORS
(   )  PRO SE AFFIDAVIT (To be returned within 5 days of
       filing date)

| FEE | |
| --- | --- |
| PAID | 155 |
| BALANCE | 0 |
| ADMIN | 30 |

JUDGE

COTTON          DRAKE
BIHARY          MASSEY
BRIZENDINE      MULLINS
KAHN            MURPHY

CHAPTER 13 TRUSTEE

13B

13T

INTERIM TRUSTEE

| 1 | 6 | 11 | 16 | 21 | 26 |
| 2 | 7 | 12 | 17 | 22 | 27 |
| 3 | 8 | 13 | 18 | 23 | 28 |
| 4 | 9 | 14 | 19 | 24 | 29 |
| 5 | 10 | 15 | 20 | 25 | 30 |
|   | 97 | 98 | | 99 | |

(   )  ATTY/DEBTOR INFORMED THAT REMAINING DOCUMENTS ARE DUE TO BE FILED WITHIN 15 DAYS
       FROM FILING DATE

**For Court Use Only**

Trustee:
          JAMES H. BONE          (SWC)
341 Meel  3-15-02 @ 1:30 Rm. 367
          4-16-02 @ 9:30 Rm. 1404
Confirm:

Case Number **02-91266 swc**

FORM B9I (Chapter 13 Case)(9/97)

# UNITED STATES BANKRUPTCY COURT
### Northern District of Georgia

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on 02/04/02.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations.

| | |
|---|---|
| Debtor(s) (name(s) and address):<br>Lawrence Whistler<br><br>425 Red Jacket Way<br>Alpharetta, GA 30005- | Katherine Whistler<br><br>425 Red Jacket Way<br>Alpharetta, GA 30005- |
| **Case Number: 02-91266 swc**<br><br>This entire case number is required on all claims/correspondence received by the Court | Social Security/Taxpayer ID Nos.:<br>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<br>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 |
| Attorney for Debtor(s) (name and address):<br>David L. Miller<br>3340 Peachtree Rd. N.E.<br>Suite 2615<br>Atlanta, GA 30326<br>Telephone number: 404-231-1933 | Bankruptcy Trustee (name and address):<br>James H. Bone<br>Suite 1100 Equitable Bldg.<br>100 Peachtree Street, NW<br>Atlanta, GA 30303-1901<br>Telephone number: 404-525-2555 |

## Meeting of Creditors:

| | | |
|---|---|---|
| Date: | 03/15/02 | Time: 01:30 PM |
| Location: | Room 367, Russell Federal Building, 75 Spring Street SW, Atlanta, GA 30303 | |

## Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:

For all creditors (except a governmental unit): 06/13/02    For a governmental unit: 09/11/02

### Deadline to Object to Exemptions:

Thirty (30) days after the *conclusion* of the meeting of creditors.

### Filing of Plan, Hearing on Confirmation of Plan

The debtor has not filed a plan. The hearing on confirmation will be held:

| | | |
|---|---|---|
| Date: | 04/16/2002 | Time: 09:30 AM |
| Location: Courtroom 1404, Russell Federal Building, 75 Spring Street SW, Atlanta, GA 30303 | | |

## Creditors May Not Take Certain Actions:

The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, debtor's property, and certain codebtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

**For the Court:**

| | |
|---|---|
| Address of the Bankruptcy Clerk's Office:<br>Atlanta Division<br>1340 Russell Federal Building<br>75 Spring Street, SW<br>Atlanta, GA 30303<br>Telephone number: 404-215-1000 | Clerk of the Bankruptcy Court:<br>W. Yvonne Evans |
| Hours Open:<br>8:00 AM to 4:45 PM | Date:<br>02/05/02 |

## EXPLANATIONS

**FORM B9I(9/97)**

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if one enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| Creditors May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code §362 and §1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice.<br><br>All objections to the confirmation of the debtor's plan shall be filed with the Clerk prior to the 341 meeting of Creditors except objections arising out of said meeting which may be announced at that meeting and must be filed within five business days following that meeting. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. The proof of Claim form attached to this notice may be reproduced for filing. If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim against the debtor in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice. You may want to consult an attorney to protect your rights. |

### ---Refer to Other Side For Important Deadlines and Notices---

An automated response for further information on this case is available 24 hours daily by calling the Court's Voice Case Information System (VCIS) toll free number at 800-510-8284. Please have the case number, social security number or debtor name available when calling.

For copies of petitions, schedules, pleadings or other case-related documents of the Atlanta and/or Newnan divisions, call Georgia Bankruptcy Services at (404) 681-9140.

UNITED STATES BANKRUPTCY COURT
Northern District of Georgia

In re: Lawrence Whistler, 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,    Case No.: 02-91266 swc
Katherine Whistler, 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    Chapter: 13

425 Red Jacket Way
Alpharetta, GA 30005

## ORDER AND NOTICE

An Order for Relief under Title 11 U.S.C. Chapter 13 having been entered on a petition filed by the above-styled debtor on 02/04/02.

IT IS ORDERED AND NOTICE IS HEREBY GIVEN that:

1. Plan summary:
        No Plan has been filed at this time. Plan summary information will be issued after the Debtor's plan has been filed.

2. Valuation of collateral and payments thereon: at the 11 U.S.C. Section 341(a) hearing, rights of the holders of secured claims may be modified: the Chapter 13 Trustee will value the security for such claims and determine and recommend the monthly amount to be paid thereon, and the court will approve the Chapter 13 Trustee's recommendations for valuation and amount of payments, unless each respective secured creditor timely objects at the hearing on the confirmation of the Debtor's plan. Failure of any secured creditor to so appear and object shall be deemed waiver of any such objections to valuation of their collateral or to the allocation of payment on their claim.

3. Direct Payments: Current mortgage/real estate payments will be paid directly by the debtor, unless the Court orders otherwise.

4. Attorney Fees:
  A. Debtors are prohibited from direct or indirect payment of any attorney's fees after the petition in a case is filed, unless authorized by Court order and paid through the Chapter 13 plan.
  B. Prior to the case filing, the attorney for the debtor(s) shall be authorized to collect an advance fee in a sum not to exceed $600 per case, plus actual filing costs. Without specific application or order, but subject to the filing of an objection by a party in interest and subject to Court review, the Chapter 13 Trustee is authorized to pay as an administrative expense, one attorney's fee per case as follows:
    1. Upon confirmation of the plan, payment of a total fee not to exceed $1500, less attorney's fees previously received, with the balance payable at the rate of $75 per month accruing from the date of the filing and continuing monthly until paid or until the case is closed;
    2. If a plan is NOT confirmed and the plan is dismissed or converted, payment of a total fee not to exceed $750, less attorney's fees previously received, after payment of the Chapter 13 Trustee's fees and expenses. Any fees in excess of the foregoing amounts shall be paid only after appropriate application, hearing and Court order pursuant to 11 U.S.C. 330(a).

****************** Please see reverse side ******************

5. Disbursements: Upon confirmation, unless otherwise ordered by the Court, the Chapter 13 Trustee shall be authorized to disburse to creditors with filed and allowed claims, without regard to whether or not the time for filing claims has expired. The Trustee shall also be authorized to reserve funds for payment of any claim(s) in dispute or for which disbursement is not yet appropriate.

6. Strict Compliance: If debtor fails to make one or more payments to the Chapter 13 Trustee, as required by the plan, within six (6) months of date of confirmation, upon the Trustee's report or non-compliance to the Court, the case shall be dismissed, without further notice or hearing.

7. Chapter 13 Trustee's fees: Pursuant to 11 U.S.C. Section 503(b), the Chapter 13 Trustee shall be allowed this percentage fee on receipts in cases which are not confirmed or converted. These fees shall be allowed unless objected to by a party in interest within ten (10) days of the order dismissing or converting the case.

8. Automatic Stay: Under 11 U.S.C. Section 362(a), this Chapter 13 case automatically stays the continuation of any summons of garnishment and any automatic or voluntary credit union loan repayment deduction, and the employer of any debtor is stayed from making any deductions from the debtor/employee's earnings on account of garnishments or loans.

Dated: 02-07-2002

Stacey W. Cotton

United States Bankruptcy Judge

FORM B10 (Official Form 10)(4/01)

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor<br>Lawrence Whistler<br>Katherine Whistler | Case Number<br>02-91266 swc<br><br>Chapter 13 |
|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Name and Address where notices should be sent:<br><br><br><br><br><br>Telephone Number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | 02-91266<br><br>THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor: | Check here if ☐ replaces<br>this claim    ☐ amends       a previously filed claim, dated _____ |
|---|---|

| 1. **Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other _____ | ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Your SS #: _____ _____ _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>(date)            (date) |
|---|---|

| 2. Date debt was incurred: | 3. If court judgment, date obtained: |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**   $_____
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. **Secured Claim.**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☐ Real Estate ☐ Motor Vehicle<br>    ☐ Other_____<br><br>Value of Collateral:  $_____<br><br><br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____ | 6. **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $_____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).<br>☐ Up to $ 2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7)<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).<br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
|---|---|

| 7. **Credits:**    The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, please. If the documents are voluminous, attach a summary.<br>9. **Necessary Copies For Filing:** You are required to file, with the Clerk's Office only, the original plus one copy of this proof of claim form.<br>10 **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy (in addition to the copy required in item 9) of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

Failure to include a duplicate of your claim may delay the processing of your claim.
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FORM BI0 (Official Form 10)(4/01)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

---- DEFINITIONS ----

### Debtor

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim*.)

### Unsecured Claim

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims*.

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money *or* property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**7. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**8. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

**BAE SYSTEMS**

11400 Commerce Park Drive
Suite 600
Reston, Virginia 22091-1506

# CERTIFICATE OF SERVICE

District/off: 113E-9          User: simpsonk          Page 1 of 1                    Date Rcvd: Feb 05, 2002
Case: 02-91266               Form ID: B9I             Total Served: 32

The following entities were served by first class mail on Feb 07, 2002.
db          Katherine Whistler,  425 Red Jacket Way,  Alpharetta, GA 30005
db          Lawrence Whistler,  425 Red Jacket Way,  Alpharetta, GA 30005
aty         David L. Miller,  3340 Peachtree Rd. N.E.,  Suite 2615,  Atlanta, GA 30326
tr         +James H. Bone,  Suite 1100 Equitable Bldg.,  100 Peachtree Street, NW,  Atlanta, GA 30303-1906
4891156     Ann Taylor,  PO Box 1304,  New Haven, CT 06505-1304
4891164     Attorney General of GA,  132 State Judicial Bldg.,  Atlanta, Ga 30334
4891137     Bank of America,  C/o McCalla, Raymer, Padrick, Cobb,,  Nichols & Clark, LLC,
            1544 Old Alabama Road,  Roswell, GA 30076
4891142     Beneficial,  704B North Main Street,  Alpharetta, GA 30004
4891140    +Capital One,  Capital One Services, Inc.,  1957 Westmoreland Road,  Richmond, VA 23276-0001
4891150     Capital One Bank,  PO Box 530092,  Atlanta, Ga 30353
4891143     CitiFinancial,  2650 Dallas Highway,  Suite 160,  Marietta, GA 30064-7506
4891146     Citicorp Credit Services,  7920 NW 110th Street,  Kansas City, MO 64153
4891153     Dillards,  PO Box 29448,  Phoenix, AZ 85038-9448
4891138     Direct Merchants Bank,  PO Box 22128,  Tulsa, OK 74121
4891139     Discover,  PO Box 3008,  New Albany, OH 43054-3008
4891141     First North American national Bank,  PO Box 42364,  Richmond, VA 23242
4891154    +First Select,  PO Box 9104,  Pleasanton, CA 94566-9102
4891145     GA Dept. of Revenue,  Bankruptcy Insolvency Unit,  PO Box 3889,  Atlanta, GA 30334
4891145     GMAC,  PO Box 105677,  Atlanta, Ga 30348
4891144     Haverty's,  PO Box 740506,  Atlanta, Ga 30374-0506
4891157     Jacobson,  PO Box 768,  Jackson, MI 49204-0768
4891152     Kohl's,  PO Box 2983,  Milwaukee, WI 53201-2983
4891155     Lord & Taylor,  PO Box 94873,  Cleveland, OH 44101-4873
4891151     Macy's,  5300 Kings Island Drive,  Mason, OH 45040
4891149     Rich's,  PO Box 4587,  Carol Stream, IL 60197-4587
4891162     State of GA Revenue Commissioner,  410 Trinity- Washington Bldg.,  Atlanta, GA 30334
4891161     Steven Shapiro,  Chief-Tax Division,  Dept. of Justice,  PO Box 14198 Ben Franklin Station,
            Washington, DC 20044
4891148    +Target-Retailers National Bank,  PO Box 59317,  Minneapolis, MN 55459-0317
4891159    +US Attorney,  1800 Richard B. Russell Bldg.,  75 Spring Street, SW,  Atlanta, GA 30303-3309
4891160     US Attorney General,  Dept. of Justice, Tax Division,  Civil Trial Section, Southern Region,
            PO Box 14198 Ben Franklin Station,  Washington, DC 20044
4891147    +Wal-Mart,  PO Box 530929,  Atlanta, GA 30353-0929

The following entities were served by electronic transmission on Feb 05, 2002 and receipt of the transmission
was confirmed on:
4891142     EDI: HFC.COM Feb 05 2002 19:00:00      Beneficial,  704B North Main Street,  Alpharetta, GA 30004
4891144     EDI: TSYS2.COM Feb 05 2002 19:00:00    Haverty's,  PO Box 740506,  Atlanta, Ga 30374-0506
4891158    +EDI: IRS.COM Feb 05 2002 19:00:00      Internal Revenue Service,  PO Box 995,
            Poom 1640, Stop 334-D,  Atlanta, Ga 30301-0995
                                                                                          TOTAL: 3

            ***** BYPASSED RECIPIENTS *****
                                                                                          TOTAL: 0
NONE.

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner
shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Date: Feb 07, 2002                    Signature:    _Joseph Speetjens_

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

02 FEB 19 AM 4: 38

W. . . . . . . EVANS
CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| IN RE: ) | |
| LAWRENCE WHISTLER, ) | |
| And KATHERINE WHISTLER, ) | |
| ) | **CHAPTER 13** |
| Debtor. ) | **CASE NO. 02-91266** |
| ) | |
| ) | **JUDGE COTTON** |

## MOTION FOR EXTENSION OF TIME TO FILE SCHEDULES

COME NOW, LAWRENCE WHISTLER and KATHERINE WHISTLER, Debtors and pursuant to B.R. 1007(c) requests an order extending the time to file schedules. In support thereof, shows this Court the following:

1.

Debtors filed their voluntary petition under Chapter 13 of Title 11 of the Bankruptcy Code on February 4, 2002.

2.

Pursuant to B.R. 1007(c), the schedules were to be filed on or before February 19, 2002.

3.

Debtor's counsel is without sufficient information at this time to state a value of all debtor's claims.

4.

Debtor requests an extension up to and including February 26, 2002, to file the Schedules and Plan.

5.

To the best of Debtor's knowledge, the Section 341 meeting has been scheduled for March 15, 2002 at 1:30 p.m., so the extension will not delay the meeting, nor impose a burden on the creditors or the Chapter 13 Trustee because of the time filed.

WHEREFORE, Debtor prays that the Court issue an order extending the time for filing Debtor's Schedules up to and including February 26, 2002.

Respectfully submitted,

BY: _____

Robert J. Goldman
Georgia Bar No. 297342

Suite 2615—Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326
(404) 231-1933

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing MOTION FOR EXTENSION OF TIME TO FILE SCHEDULES upon the following by depositing a copy of same in the United States Mail postage prepaid and addressed as follows:

UNITED STATES TRUSTEE
75 SPRING STREET
362 RICHARD RUSSELL BUILDING
ATLANTA, GA 30303

JAMES H. BONE
STANDING CHAPTER 13 TRUSTEE
SUITE 1100, THE EQUITABLE BLDG.
100 PEACHTREE STREET, NW
ATLANTA, GA 30303

This the _18th_ day of February, 2002.

Respectfully submitted,

BY: _____
Robert J. Goldman
Georgia Bar No. 297342

Suite 2615—Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326
(404) 231-1933

ENTERED ON DOCKET

2·27-02

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

IN RE:                          )
LAWRENCE WHISTLER,              )
And KATHERINE WHISTLER,         )
                                )       CHAPTER 13
        Debtor.                 )       CASE NO. 02-91266
                                )
                                )       JUDGE COTTON

ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE
SCHEDULES

Before the Court is the Debtor's Motion for Extension of Time to File Schedules.

The motion having been read and considered, it is hereby GRANTED and Debtor shall

have up to and including February 26, 2002 to file the schedules and plan in the above-

styled case.

SO ORDERED this the 26ᵗʰ day of February, 2002.

                        HONORABLE STACEY COTTON
                        JUDGE, UNITED STATES BANKRUPTCY COURT

Prepared and presented by:

Robert J. Goldman
Georgia Bar No. 297342
Attorney for Debtor
3340 Peachtree Road, NE
Suite 2615—Tower Place
Atlanta, Georgia 30326
(404) 231-1933

## DISTRIBUTION LIST

UNITED STATES TRUSTEE
75 SPRING STREET
362 RICHARD RUSSELL BUILDING
ATLANTA, GA 30303

JAMES H. BONE
STANDING CHAPTER 13 TRUSTEE
SUITE 1100, THE EQUITABLE BLDG.
100 PEACHTREE STREET, NW
ATLANTA, GA  30303

ENTERED ON DOCKET

2·27·02

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

IN RE:                                    )
LAWRENCE WHISTLER,                        )
And KATHERINE WHISTLER,                   )
                                          )     CHAPTER 13
         Debtor.                          )     CASE NO.  02-91266
                                          )
                                          )     JUDGE COTTON

ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE
SCHEDULES

        Before the Court is the Debtor's Motion for Extension of Time to File Schedules.

The motion having been read and considered, it is hereby GRANTED and Debtor shall

have up to and including February 26, 2002 to file the schedules and plan in the above-

styled case.

        SO ORDERED this the 26ᵗʰ day of February, 2002.

                              _____
                              HONORABLE STACEY COTTON
                              JUDGE, UNITED STATES BANKRUPTCY COURT

Prepared and presented by:

_____
Robert J. Goldman
Georgia Bar No. 297342
Attorney for Debtor
3340 Peachtree Road, NE
Suite 2615—Tower Place
Atlanta, Georgia 30326
(404) 231-1933

## DISTRIBUTION LIST

UNITED STATES TRUSTEE
75 SPRING STREET
362 RICHARD RUSSELL BUILDING
ATLANTA, GA 30303

JAMES H. BONE
STANDING CHAPTER 13 TRUSTEE
SUITE 1100, THE EQUITABLE BLDG.
100 PEACHTREE STREET, NW
ATLANTA, GA 30303

**BAE SYSTEMS**

11400 Commerce Park Drive
Suite 600
Reston, Virginia 22091-1506

# CERTIFICATE OF SERVICE

District/off: 113E-9          User: smithme              Page 1 of 1                Date Rcvd: Feb 27, 2002
Case: 02-91266              Form ID: PDF                Total Served: 4

The following entities were served by first class mail on Mar 01, 2002.
db        Katherine Whistler,  425 Red Jacket Way,  Alpharetta, GA  30005
db        Lawrence Whistler,  425 Red Jacket Way,  Alpharetta, GA  30005
aty       David L. Miller,  3340 Peachtree Rd. N.E.,  Suite 2615,  Atlanta, GA  30326
tr        +James H. Bone,  Suite 1100 Equitable Bldg.,  100 Peachtree Street, NW,  Atlanta, GA  30303-1906

The following entities were served by electronic transmission.
NONE.                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty*      David L. Miller,  3340 Peachtree Rd. N.E.,  Suite 2615,  Atlanta, GA  30326
tr*       +James H. Bone,  Suite 1100 Equitable Bldg.,  100 Peachtree Street, NW,  Atlanta, GA  30303-1906
pty*      Katherine Whistler,  425 Red Jacket Way,  Alpharetta, GA  30005
pty*      Lawrence Whistler,  425 Red Jacket Way,  Alpharetta, GA  30005
                                                                       TOTALS: 0, * 4

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Date: Mar 01, 2002                          Signature:     *Joseph Speetjens*

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

LAWRENCE WHISTLER, and
KATHERINE WHISTLER

Debtors.

CASE NO.  02-91266-swc

CHAPTER 13
JUDGE COTTON

## MOTION FOR EXTENSION OF TIME TO FILE CHAPTER 13 SCHEDULES
### and PLAN

COME NOW LAWRENCE WHISTLER and KATHERINE WHISTLER debtors, and pursuant to B.R. 1007(c) requests an order extending the time to file their Chapter 13 Schedules and Plan and in support thereof shows this Court as follows:

1.

Debtors filed their voluntary petition for relief under Chapter 13 of Title 11 of the Bankruptcy Code on February 4, 2002.

2.

Pursuant to B.R. 1007(c), the schedules and plan were to be filed on or before February 26, 2002.

3.

Debtors' counsel does not have sufficient information at this time to state a value of all debtors' claims and without a value cannot properly prepare the Chapter 13 schedules and plan.

4.

Debtor, Lawrence Whistler, has been out of the state on employment interviews and was unable to provide to Debtor's Counsel all the necessary information to properly file the schedules. Debtor's acts are not intentional.

5.

Debtors were granted a previous order extending the time for filing Debtor's schedules and plan to February 26, 2002.

**WHEREFORE,** debtors pray that the court issue an order extending the time for filing debtor's schedules up to and including March 5, 2002.

Respectfully submitted,
LAW OFFICES OF DAVID L. MILLER

By: _____
ROBERT GOLDMAN
Georgia Bar No. 297342

Attorney for Debtor

3340 Peachtree Road, NE
Suite 2615 – Tower Place 100
Atlanta, Georgia 30326
404-231-1933

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I am over the age of 18 years and have served a copy of the

foregoing MOTION FOR EXTENSION OF TIME TO FILE SCHEDULES AND PLAN

UPON the following by depositing a copy of same in the United States Mail with

sufficient postage thereon and addressed as follows:

James H. Bone
Standing Chapter 13 Trustee
Suite 1100 The Equitable Building
100 Peachtree Street
Atlanta, GA 30303 - 1901

US TRUSTEE
362 Russell Bldg.
75 Spring St.
Atlanta, Georgia  30303

This 26th day of February, 2002.

ROBERT J. GOLDMAN
GA Bar No. 297342

Suite 2615—Tower Place 100
3340 Peachtree Road, NE
Atlanta, Georgia  30326
(404) 231-1933

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**

IN RE:

**Bky. No. 02-91266-SWC**

**LAWRENCE WHISTLER & KATHERINE WHISTLER,**

**Chapter 13 Case**

DEBTOR(S)



02 MAR -4 PM 2: 55

W. YVONNE EVANS
CLERK

BY

# REQUEST FOR SERVICE

Pursuant to Bankruptcy Rule 2002(g), the undersigned creditor in the above-captioned case requests all parties in interest to serve copies of notices and all papers (including pleadings, motions, applications, orders, financial and other reports) served or filed in this case upon the undersigned at the office address and telephone number set forth below.

General Motors Acceptance Corporation
PO Box 5055
Troy, Michigan  48007-5055
(800) 551-5377

Dated: February 21, 2002

**General Motors Acceptance Corporation**

By

J. Wirebaugh
PO Box 5055
Troy, Michigan  48007-5055
(800) 551-5377

340-0334-28315

ENTERED ON DOCKET

3/8/02

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    :
                                          :        CASE NO. 02-91266-swc
LAWRENCE WHISTLER, and                    :
KATHERINE WHISTLER                        :
                                          :        CHAPTER 13
          Debtor.                         :        JUDGE COTTON

―――――――――――――――――――――

## ORDER GRANTING EXTENSION OF TIME
## TO FILE CHAPTER 13 SCHEDULES and PLAN

**BEFORE THE COURT** is the debtor's Motion for Extension of Time to File

Chapter 13 Schedules and Plan. The motion having been read and considered, it is

hereby **GRANTED** and debtor shall have up to and including March 5, 2002 to file the

schedules and plan in the above-styled case.

**SO ORDERED** this 7th  day of February, 2002.

_____
STACEY W. COTTON, JUDGE
UNITED STATES BANKRUPTCY COURT

Presented and prepared by:

_____
Robert J. Goldman
Georgia Bar No. 297342
Attorney for Debtor

3340 Peachtree Road, NE
Suite 2615 - Tower Place 100
Atlanta, Georgia 303226
(404) 231-1933

Distribution List

James H. Bone
Standing Chapter 13 Trustee
Suite 1100 The Equitable Building
Atlanta, GA 30303 - 1901

Robert J. Goldman
Law Offices of David L. Miller
3340 Peachtree Road NE
Suite 2615 - Tower Place 100
Atlanta, Georgia 30326

US TRUSTEE
362 Russell Bldg.
75 Spring St.
Atlanta, GA  30303

ENTERED ON DOCKET

3/8/02

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    :
                                          :        CASE NO.  02-91266-swc
LAWRENCE WHISTLER, and                    :
KATHERINE WHISTLER                        :
                                          :        CHAPTER 13
        Debtor.                           :        JUDGE COTTON
                                          :
_____ :

## ORDER GRANTING EXTENSION OF TIME
## TO FILE CHAPTER 13 SCHEDULES and PLAN

**BEFORE THE COURT** is the debtor's Motion for Extension of Time to File

Chapter 13 Schedules and Plan.  The motion having been read and considered, it is

hereby **GRANTED** and debtor shall have up to and including March 5, 2002 to file the

schedules and plan in the above-styled case.

**SO ORDERED** this 7th day of February, 2002.

STACEY W. COTTON, JUDGE
UNITED STATES BANKRUPTCY COURT

Presented and prepared by:

Robert J. Goldman
Georgia Bar No. 297342
Attorney for Debtor

3340 Peachtree Road, NE
Suite 2615 - Tower Place 100
Atlanta, Georgia 303226
(404) 231-1933

Distribution List

James H. Bone
Standing Chapter 13 Trustee
Suite 1100 The Equitable Building
Atlanta, GA 30303 - 1901

Robert J. Goldman
Law Offices of David L. Miller
3340 Peachtree Road NE
Suite 2615 - Tower Place 100
Atlanta, Georgia 30326

US TRUSTEE
362 Russell Bldg.
75 Spring St.
Atlanta, GA  30303

**BAE SYSTEMS**

11400 Commerce Park Drive
Suite 600
Reston, Virginia 22091-1506

# CERTIFICATE OF SERVICE

```
District/off: 113E-9          User: smithme          Page 1 of 1              Date Rcvd: Mar 08, 2002
Case: 02-91266               Form ID: PDF            Total Served: 4
```

```
The following entities were served by first class mail on Mar 10, 2002.
db        Katherine Whistler,    425 Red Jacket Way,    Alpharetta, GA  30005
db        Lawrence Whistler,    425 Red Jacket Way,    Alpharetta, GA  30005
aty       David L. Miller,    3340 Peachtree Rd. N.E.,   Suite 2615,   Atlanta, GA  30326
tr        +James H. Bone,    Suite 1100 Equitable Bldg.,   100 Peachtree Street, NW,   Atlanta, GA  30303-1906
```

```
The following entities were served by electronic transmission.
NONE.                                                                          TOTAL: 0
```

```
          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty*      David L. Miller,    3340 Peachtree Rd. N.E.,   Suite 2615,   Atlanta, GA  30326
tr*       +James H. Bone,    Suite 1100 Equitable Bldg.,   100 Peachtree Street, NW,   Atlanta, GA  30303-1906
pty*      Katherine Whistler,    425 Red Jacket Way,    Alpharetta, GA  30005
pty*      Lawrence Whistler,    425 Red Jacket Way,    Alpharetta, GA  30005
                                                                               TOTALS: 0, * 4
```

```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Date: Mar 10, 2002                    Signature:   _Joseph Speetjens_

**UNITED STATES BANKRUPTCY COURT**

**Northern District of Georgia**
**Atlanta Division**

In re:  **Lawrence Whistler**          **Katherine Whistler**          Case No.
**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**                          **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**                Chapter   **13**



## STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
| --- | --- | --- |
| 15,000.00 | Independent Agent | 2001 |
| 9,000.00 | Independent Agent | 2002 - present |

### 2. Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
| --- | --- | --- |

### 3. Payments to creditors

None
☑

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

b.  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☑

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5. Repossessions, foreclosures and returns

None ☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6. Assignments and receiverships

None ☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8. Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9.  Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **David  L. Miller 3340 Peachtree Road, NE Suite 2615 Atlanta, GA 30326** | **02/05/02** | **200.00** |

## 10.  Other transfers

None
☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of
the debtor which were closed, sold, or otherwise transferred within one year immediately preceding
the commencement of this case.  Include checking, savings, or other financial accounts,
certificates of deposit, or other instruments; shares and share accounts held in banks, credit
unions, pension funds, cooperatives, associations, brokerage houses and other financial
institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information
concerning accounts or instruments held by or for either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities,
cash, or other valuables within one year immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either
or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor
within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12
or chapter 13 must include information concerning either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None
☑

If the debtor has moved within the two years immediately preceding the commencement of this
case, list all premises which the debtor occupied during that period and vacated prior to the
commencement of this case.  If a joint petition is filed, report also any separate address of either
spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

## 16. Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory ( including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a      List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law  Indicate the governmental unit, the date of the notice, and, if known, the Enivronmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.      List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.      List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None
☑

a.      If the debtor is an individual, list the names, addresses,  taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director,partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceeding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

If the debtor is a partnership, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|----------------------|---------|--------------------|-----------------------------|
|      |                      |         |                    |                             |

b       Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|------|---------|
|      |         |

## 25. Pension Funds.

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceeding the commencement of the case.

NAME  OF PENSION FUND                          TAXPAYER IDENTIFICATION NUMBER

*[If completed by an individaul or individual  and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date ___3 - 6 · 0 2___

Signature of Debtor    *Lawrence Whistler*

Date ___3 - 6 - 0 2___

Signature of Joint Debtor    *Katherine Whistler*

FORM B6A
(6/90)

In re: <u>Lawrence Whistler</u>          <u>Katherine Whistler</u>          ,     Case No.   _____
                 Debtor                                                                    (If known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 425 Red Jacket Way<br>Alpharetta, Georgia 30005 | 320,000.00 | J | $ 320,000.00 | $ 310,000.00 |
| | Total ➤ | | $ 320,000.00 | |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re  **Lawrence Whistler** _____ **Katherine Whistler** _____ •  Case No. _____
                           Debtor                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Accoun Bank of America | | 160.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Living room, bedroom & dining room furniture. TV, VCR, refrigerator, stove | | 3,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing | | 2,000.00 |
| 7. Furs and jewelry. | | Wedding band, ruby ring | | 4,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Magnum, Smith & Wesson | | 100.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |

FORM B6B
(10/89)

In re  **Lawrence Whistler**          **Katherine Whistler**          Case No. _____
                    Debtor                                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | GMC Jimmy | | 17,000.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |

FORM B6B
(10/89)

In re **Lawrence Whistler**          **Katherine Whistler**          ·   Case No.   _____
              Debtor                                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

_____2_____   continuation sheets attached          Total   ▶          **$ 26,260.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

FORM B6C
(6/90)

In re **Lawrence Whistler**                    **Katherine Whistler**                    . **Case No.** _____
                    Debtor.                                                                         (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)   Exemptions provided in 11 U.S.C. § 522(d).   **Note: These exemptions are available only in certain states.**

☑ 11 U.S.C. § 522(b)(2)   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has
                          been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period
                          than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is
                          exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| GMC Jimmy | OCGA 44-13-100(a)(3) | 2,000.00 | 17,000.00 |
| Living room, bedroom & dining room furniture. TV, VCR, refrigerator, stove | OCGA 44-13-100(a)(4) | 3,000.00 | 3,000.00 |
| Magnum, Smith & Wesson | OCGA 44-13-100(a)(6) | 100.00 | 100.00 |
| Wedding band, ruby ring | OCGA 44-13-100(a)(5) | 1,000.00 | 4,000.00 |

FORM B6D
(6/90)

In re:  **Lawrence Whistler**                    **Katherine Whistler**                    Case No.

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   0026859769<br>**Bank of America**<br>**c/o McCalla Raymer ..., LLC**<br>**1544 Old Alabama Road**<br>**Roswell, GA 30076** | | | **Mortgage**<br>**425 Red Jacket Way**<br>**Alpharetta, Georgia 30005**<br>**VALUE $320,000.00** | | | | 81,046.37 | 0.00 |
| ACCOUNT NO.   67100038-0202812<br>**Citifinancial**<br>**2650 Dallas Highway**<br>**Suite 180**<br>**Marietta, GA 30064-7506** | | | **2nd Mortgage**<br>**425 Red Jacket Way**<br>**Alpharetta, Georgia 30005**<br>**VALUE $320,000.00** | | | | 81,046.37 | 0.00 |
| ACCOUNT NO.<br>**GMAC**<br>**PO Box 105877**<br>**Atlanta, GA 30348** | X | | **GMAC Jimmy**<br>**VALUE $17,000.00** | | | | 0.00 | 0.00 |

0 Continuation sheets attached

| | |
|---|---|
| Subtotal<br>(Total of this page) | $162,092.74 |
| Total<br>(Use only on last page) | $162,092.74 |

(Report total also on Summary of Schedules)

B6E
(Rev.4/98)

In re:  **Lawrence Whistler**                    **Katherine Whistler**              Case No. _____
                          Debtor                                                                                    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**          (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>  Continuation sheets attached

FORM B6E - Cont.
(10/89)

In re: **Lawrence Whistler**                    Katherine Whistler                    Case No. _____
                Debtor                                                                                    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |

Sheet no. _1_ of _1_ sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | ▶ | $0.00 |
| Total (Use only on last page of the completed Schedule E.) | ▶ | $0.00 |

(Report total also on Summary of Schedules)

FORM B6F (Official Form 6F) - (9·97)

In re: __Lawrence Whistler__                    Katherine Whistler                    Case No. _____
                     Debtor                                                                          (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   12-623-805-7 Ann TAylor PO Box 1304 New Haven, CT 06505-1304 | | | Credit Card | | | | 435.85 |
| ACCOUNT NO.   321704-00-533744-8 Beneficial 704 - B North Main Street Alpharetta, GA 30004 | | | Credit card | | | | 4,862.68 |
| ACCOUNT NO.   5291 1518 6316 0451 Capital One Bank PO Box 530092 Atlanta, GA 30353-0092 | | W | Credit card | | | | 618.74 |
| ACCOUNT NO.   5291151893231900 Capitol One Services, Inc. 1957 Westmoreland Road Richmond, VA 23276-5677 | | | Credit card | | | | 640.82 |
| ACCOUNT NO.   5410658453596544 Citicorp Credit Services 9920 NW 110th Street Kansas City, MO 64153 | | W | Credit card | | | | 10,970.80 |

__3__   Continuation sheets attached

Subtotal ➤

Total ➤         $17,528.89

FORM B6F (Official Form 6F) - (9/97)

In re: **Lawrence Whistler**          **Katherine Whistler**          Case No. _____
_____          _____          (If known)
       Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  12-823-605-7 <br><br> **Ann TAylor** <br> **PO Box 1304** <br> **New Haven, CT 06505-1304** | | | Credit Card | | | | 435.85 |
| ACCOUNT NO.  321704-00-533744-8 <br><br> **Beneficial** <br> **704 - B North Main Street** <br> **Alpharetta, GA 30004** | | | Credit card | | | | 4,862.68 |
| ACCOUNT NO.  5291 1518 6316 0451 <br><br> **Capital One Bank** <br> **PO Box 530092** <br> **Atlanta, GA 30353-0092** | | W | Credit card | | | | 618.74 |
| ACCOUNT NO.  5291151893231900 <br><br> **Capitol One Services, Inc.** <br> **1957 Westmoreland Road** <br> **Richmond, VA 23276-5877** | | | Credit card | | | | 640.82 |
| ACCOUNT NO.  5410658453596544 <br><br> **Citicorp Credit Services** <br> **9920 NW 110th Street** <br> **Kansas City, MO 64153** | | W | Credit card | | | | 10,970.80 |

**3**  Continuation sheets attached

Subtotal  ▸

Total  ▸          **$17,528.89**

FORM B6F - Cont
(10/89)

In re: __Lawrence Whistler__          __Katherine Whistler__          .      Case No. _____
              Debtor                                                            (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   5458 0040 9001 1238 <br><br> Direct Merchants Bank <br> PO Box 2128 <br> Tulsa, OK 74121-2128 | | | Credit card | | | | 15,048.25 |
| ACCOUNT NO.   6011 0044 4064 9172 <br><br> Discover <br> PO Box 3008 <br> New Albany, OH 43054-3008 | | | Credit card | | | | 3408.42 |
| ACCOUNT NO.   1523003395995590 <br><br> First North American National Bank <br> PO Box 42364 <br> Richmond, VA 23242 | | | Credit Card | | | | 2,703.34 |
| ACCOUNT NO   09-9371782 <br><br> Haverty's <br> Haverty's Credit Services <br> PO Box 740506 <br> Atlanta, GA 30374-0506 | | | Credit card | | | | 1,358.35 |
| ACCOUNT NO   684-974-231 <br><br> Jacobson <br> PO Box 768 <br> Jackson, Michigan 49204-0768 | | W | Charge Account | | | | 140.45 |

Sheet no. _1_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal  ►    (Total of this page)

Total  ►
(Use only on last page of the completed Schedule F.)

$19,250.39

FORM B6F - Cont
(10/89)

In re: **Lawrence Whistler**       **Katherine Whistler**    ,      Case No. _____
          Debtor                                                             (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  031-7029-395<br><br>Kohl's<br>PO Box 2983<br>Milwaukee, WI 53201-2983 | | | Credit Card | | | | 1,010.47 |
| ACCOUNT NO.  9308-615-31<br><br>Lord & Taylor<br>PO Box 94873<br>Cleveland, OH 44101-4873 | | | Credit Card | | | | 613.48 |
| ACCOUNT NO.  46000294772<br><br>Macy's<br>5300 King's Island Drive<br>Mason, OH 45040 | | W | Charge Account | | | | 545.33 |
| ACCOUNT NO.  011 427 158 6<br><br>Rich's<br>PO Box 4587<br>Carol Stream, IL 60197-4587 | | W | Credit card | | | | 1,604.52 |
| ACCOUNT NO.  4352 3700 0349 0272<br><br>Target<br>c/o Retailers National Bank<br>PO Box 59317<br>Minneapolis, MN 55459-0226 | | W | Credit card | | | | 10,369.36 |

Sheet no. _2_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ (Total of this page)        **$14,143.16**

Total ▶
(Use only on last page of the completed Schedule F.)

FORM B6F - Cont.
(10/89)

In re: **Lawrence Whistler**　　　　　　**Katherine Whistler**　　　　　　,　Case No. _____
　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.　6032 2034 1105 5238 | | W | | | | | 1,202.32 |
| **Wal Mart**<br>**PO Box 530929**<br>**Atlanta, GA 30353-0925** | | | Credit card | | | | |

Sheet no. _3_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▸ (Total of this page)　$1,202.32

Total ▸ (Use only on last page of the completed Schedule F-)　$51,438.98

(Report also on Summary of Schedules)

Form B6G
(10/89)

In re:   **Lawrence Whistler**          **Katherine Whistler**                    Case No.
_____          _____
                        **Debtor**                                                                (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Chase Manhattan  Automotive Finance**<br>**PO Box 5210**<br>**New Hyde Park, NY 11042** | **Lease on Infiniti** |

B&H
(6/90)

In re:  <u>Lawrence Whistler</u>                              <u>Katherine Whistler</u>                              Case No. _____
              Debtor                                                                                                                    (If Known)

# SCHEDULE H - CODEBTORS

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Tim Whistler<br>425 Red Jacket Way<br>Alpharetta, GA 30005 | GMAC<br>PO Box 105677<br>Atlanta, GA 30348 |

In re  **Lawrence Whistler**          **Katherine Whistler**          Case No.

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Debtor's Age: **50**<br>Spouse's Age: **50** | NAMES<br>**Tim Whistler**<br>**John Whistler**<br>**Robert Whistler** | AGE<br>**19**<br>**13**<br>**9** | RELATIONSHIP<br>**Son**<br>**Son**<br>**Son** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Proffesional wrestler/golfer/broadcaste** | **Retail** |
| Name of Employer | **Self employed** | **Bellini's Baby Stor** |
| How long employed | | **6 months** |
| Address of Employer | | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ 4,500.00 | $ 1,400.00 |
| Estimated monthly overtime | $ 0.00 | $ 0.00 |
| SUBTOTAL | $ 4,500.00 | $ 1,400.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ 300.00 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify) | $ 0.00 | $ 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 300.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 4,500.00 | $ 1,100.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 0.00 |
| Income from real property | $ 0.00 | $ 0.00 |
| Interest and dividends | $ 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| Social security or other government assistance (Specify) | $ 0.00 | $ 0.00 |
| Pension or retirement income | $ 0.00 | $ 0.00 |
| Other monthly income (Specify) | $ 0.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | $ 4,500.00 | $ 1,100.00 |

TOTAL COMBINED MONTHLY INCOME          **$ 5,600.00**          (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:          **NONE**

Form B6J
(6/90)

In re _____ **Lawrence Whistler** _____ **Katherine Whistler** _____ , Case No. _____

Debtor                                                                                          (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate
schedule of expenditures labeled "Spouse".

| | | | | | |
|---|---|---|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | | | | $ | 1,832.00 |
| Are real estate taxes included? | Yes _____ | No ✓ | | | |
| Is property insurance included? | Yes _____ | No ✓ | | | |
| Utilities    Electricity and heating fuel | | | | $ | 230.00 |
| Water and sewer | | | | $ | 55.00 |
| Telephone | | | | $ | 100.00 |
| Other   Cable | | | | $ | 35.00 |
| Cell phone | | | | $ | 30.00 |
| Home maintenance (repairs and upkeep) | | | | $ | 0.00 |
| Food | | | | $ | 400.00 |
| Clothing | | | | $ | 100.00 |
| Laundry and dry cleaning | | | | $ | 0.00 |
| Medical and dental expenses | | | | $ | 50.00 |
| Transportation (not including car payments) | | | | $ | 50.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | | | | $ | 0.00 |
| Charitable contributions | | | | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | | | | |
| Homeowner's or renter's | | | | $ | 0.00 |
| Life | | | | $ | 0.00 |
| Health | | | | $ | 0.00 |
| Auto | | | | $ | 159.00 |
| Other | | | | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | | | | |
| (Specify) | | | | $ | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | | | | |
| Auto | | | | $ | 854.00 |
| Other | | | | $ | 0.00 |
| Alimony, maintenance or support paid to others | | | | $ | 0.00 |
| Payments for support of additional dependents not living at your home | | | | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | | | | $ | 0.00 |
| Other   2nd Mortgage | | | | $ | 1,200.00 |
| | | | | | |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | | | | $ | 5,095.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

| | | | |
|---|---|---|---|
| A. Total projected monthly income | | $ | 5,600.00 |
| B. Total projected monthly expenses | | $ | 5,095.00 |
| C. Excess income (A minus B) | | $ | 505.00 |
| D. Total amount to be paid into plan each | _____ Monthly _____ | $ | 505.00 |
| | (interval) | | |

In re:  **Lawrence Whistler**          **Katherine Whistler**          Case No.
         **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**                **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**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of                    **0**  sheets plus the summary
page, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  3-6-02                          Signature _____
                                                  Lawrence Whistler

Date:  3-6-02                          Signature _____
                                                  Katherine Whistler

[If joint case, both spouses must sign]

### DECLARATION UNDER PENALTY OF PERJURY
### ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152
and 3571.

**UNITED STATES BANKRUPTCY COURT**

**Northern District of Georgia**

**Atlanta Division**

In re:   **Lawrence Whistler**    **Katherine Whistler**       Case No. _____
        **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**        **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**       Chapter   **13**

Debtors

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 1,500.00 |
| Prior to the filing of this statement I have received | $ | 200.00 |
| Balance Due | $ | 1,300.00 |

2. The source of compensation paid to me was:

    ☑ Debtor       ☐ Other (specify)

3. The source of compensation to be paid to me is:

    ☑ Debtor       ☐ Other (specify)

4.  ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

  a)  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

  b)  Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

  c)  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

  d)  [Other provisions as needed]
      **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

    **None**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: ____3/7/02____

_David L. Miller_

David L. Miller, Bar No. 506550

**Law Offices of David L. Miller**
Attorney for Debtor(s)

Form B6
(6/90)

# United States Bankruptcy Court
## Northern District of Georgia
### Atlanta Division

In re   Lawrence Whistler                    Katherine Whistler              Case No.

                                                                           Chapter      **13**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED



| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 320,000.00 | | |
| B - Personal Property | YES | 3 | $ 26,260.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 307,689.33 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $ 51,438.98 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 5,600.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 5,095.00 |
| Total Number of sheets in ALL Schedules ➢ | | 16 | | | |
| Total Assets ➢ | | | $ 346,260.00 | | |
| Total Liabilities ➢ | | | | $ 359,128.31 | |

REV. 5-15-91

# UNITED STATES BANKRUPTCY COURT

Northern District of Georgia

*Atlanta Division*

FILED IN JUDGE'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT

02 MAR 12 AM 9: 19

| | | |
|---|---|---|
| In Re: | **Lawrence Whistler** | ) Chapter    **13** |
| SS # | **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** | ) |
| | | ) |
| | **Katherine Whistler** | ) Case No.  *02-91266* |
| SS # | **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** | ) |
| | | ) Judge:    **Cotton** |

TYRONE EVANS
CLERK

*Vyronne D. Wise*

DEPUTY CLERK

## DEBTOR'S(S') CHAPTER 13 PLAN

EXTENSION ☐                                                               COMPOSITION ☑

The debtor(s) submit(s) all future earnings or other future income of the debtor(s) to the supervision and control of the court and Trustee for the execution of the plan and debtor's(s') budget.

Pursuant to 11 U.S.C. Sec. 1301, et. seq., the debtor(s) shall pay (PAY DIRECT REQUESTED ☑ ) or there shall be paid on the debtor's(s') behalf, to the Trustee, out of the debtor's(s') (husband's ☐/wife's ☐) future income the sum of $**505.00** per **MONTH** (week, bi-weekly, semi-monthly, month). Composition plans shall extend a minimum of thirty-six months, regardless of proposed dividend to unsecured creditors.

UNLESS OTHERWISE ORDERED BY THE COURT, THE TRUSTEE SHALL PROVIDE FOR AND DISBURSE ONLY TO CREDITORS WITH FILED AND ALLOWED CLAIMS, REGARDLESS OF THE DATE OF THE PLAN'S CONFIRMATION.

From the payments so received the Trustee shall make disbursements as follows:

1.   FILING FEE: From the money received into the plan, the Trustee shall pay any remaining balance due on the filing fee.

2   ADMINISTRATIVE COSTS: These expenses shall be paid to the Trustee or as otherwise authorized in such amounts as the court fixes within the limits set forth in 11 U.S.C. Sec. 1325(a)(2) and 28 U.S.C. Sec. 586(e)(2).

3.   DEBTOR'S(S') ATTORNEY'S FEE: Without specific application or order but subject to Court review, the Chapter 13 Trustee is authorized to pay as an administrative expense of this case, the Debtor(s)' attorney's fees as follows: (a) upon confirmation of the plan, a total fee of $**1,500.00** (not to exceed $1500.00), less attorney's fees previously received totaling $**200.00**, (not to exceed $600.00) leaving a balance of $**1,300.00**. The aforementioned fees shall be paid as follows: (a) the Chapter 13 Trustee shall make an initial disbursement $750.00 (not to exceed $750.00) of such funds as are available form the proceeds paid into the plan by the debtor(s) or on the debtor(s)' behalf, less any monies received by the debtor(s)' s attorney prior to filing until the $750.00 is paid in full ( prior to payment to creditors and after deduction of any unpaid filing fees and payments of the Chapter 13 Trustee 's fees and expenses); (b) the balance of the attorney's fees after the disbursement described in subsection (a) shall be payable at a rate of $75.00 per month, beginning in the month following the disbursement(s) set forth above and continuing monthly until paid. If a plan is not confirmed and the case is dismissed or converted and after payment of $750.00 any unpaid filing fees and the Chapter 13 Trustee's fees and expenses, a total fee of $ (not to exceed $750.00), less attorney's fees previously received, shall be remitted to debtor(s)'s attorney. Any payment in in excess of the foregoing amounts shall require prior Court approval, upon application and hearing pursuant to 11 U.S.C. §. 330(a).

4.   PRIORITY CLAIMS: After payment of the foregoing expenses as approved by the court, payment shall be made to priority creditors, whose claims have been filed and allowed, in such amounts as the plan provides, or as altered at the 341 meeting, and as approved by the court at the confirmation hearing.

5.   SECURED CREDITORS: The claims of secured creditors, whose claims have been filed and allowed shall be paid as follows:

A. Claims secured by principal residence: Unless otherwise provided by the plan or order of this court, defaults on claims secured by debtor's(s') principal residence shall be cured by payment of pre-petition arrearages within a reasonable time on a pro rata basis with other secured claims or in such monthly amounts as are determined at the 341 meeting, the confirmation hearing or by other court order.

B. All other secured claims: The rights of the holders of each other respective secured claims are hereby modified and each such secured creditor's claim shall be paid to the extent of the value of their security on a pro rata basis, or in such monthly amounts that are determined at the 341 meeting to be sufficient to protect the value of their collateral or in such monthly amounts that are approved or modified by the court at the confirmation hearing.

C. Unless otherwise specifically provided in this plan, or order of the court, the holder of each secured claim retains the lien securing each claim.

6.   UNSECURED CREDITORS:  Unsecured creditors, whose claims have been filed and allowed, shall be paid to the extent of  20
cent(s) on the dollar of, said unsecured claims on a pro rata basis of all money available after the payment of the above-stated claims as,
proposed above, as determined at the 341 meeting, modified at the confirmation hearing, or as determined by court order. If debtor's(s') plan is
less than 100% of all allowed claims, the debtor's(s') projected disposable income to be received in the three-year period beginning on the date
that the first payment is due under the plan shall be paid to the Trustee to be applied to make payments under the plan and shall be distributed
in accordance with the plan.

7.   CLAIMS LESS THAN $200.00:  At the discretion of the Trustee and subject to approval by the court, any claims less than $200.00
may be paid in accordance with the plan at the beginning of the case.

8.   PAYMENTS DIRECT TO CREDITORS:   See attached

9.   OTHER PROVISIONS:   See attached

10.  EXECUTORY CONTRACTS:  The following executory contracts shall be rejected:     NONE

(in addition to listing the rejection of executory contracts here, the debtor must also file an application for rejection or an objection to the claim.)

DATED:  5-6-02

David L. Miller, ATTORNEY FOR DEBTOR(S)
Law Offices of David L. Miller
3340 Peachtree Road, NE
Suite 2615 - Tower Place 100
Atlanta, GA 30326
404-231-1933

Lawrence Whistler, DEBTOR

Katherine Whistler, DEBTOR

## Attachment to Chapter 13 Plan

**Other provisions**:

1.     A secured claim, other than a mortgage arrearage, shall receive interest at the rate of 12% on the value of the collateral securing the claim unless the proof of claim provides otherwise and then at the rate provided for in the note and security instrument.

2.     A claim for pre petition mortgage arrearages shall receive interest at the rate set forth in the proof of claim.

**Payments direct to creditors**:

1.     Post petition mortgage payments shall be made directly to the creditor for the Red Jacket Way property.

2.     Post petition auto loan payments will be made directly to GMAC.

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Georgia**

IN RE:                                    CASE NO.: 02-91266
  Lawrence Whistler, 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,                swc
  Katherine Whistler, 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


  425 Red Jacket Way
  Alpharetta, GA 30005


### *** N O T I C E   O F   P L A N   S U M M A R Y ***


    NOTICE IS HEREBY GIVEN that the Chapter 13 Plan of the Debtor(s)
provides the following:

    From the Debtor's future income, there shall be paid to the Trustee
the sum of:

                        $505.00 per Month


    The Debtor(s) proposes to pay unsecured creditors:


    cents on the dollar on a pro rata basis of all money available after
payments of administrative, priority, and secured claims and Debtor's
attorney fees.  Any claim of less than $200.00 may be paid in accordance
with the plan at case commencement.


Dated: 03-15-2002

                              For the Court

                              W. Yvonne Evans
                              Clerk


                                              NPS
                                        (Rev. 4/19/95)
                                           smithme

**BAE SYSTEMS**

11400 Commerce Park Drive
Suite 600
Reston, Virginia 22091-1506

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| District/off: 113E-9 | User: smithhe | Page 1 of 1 | Date Rcvd: Mar 13, 2002 |
| Case: 02-91266 | Form ID: NPS | Total Served: 36 | |

```
The following entities were served by first class mail on Mar 15, 2002.
db         Katherine Whistler,  425 Red Jacket Way,  Alpharetta, GA  30005
db         Lawrence Whistler,  425 Red Jacket Way,  Alpharetta, GA  30005
aty        David L. Miller,  3340 Peachtree Rd. N.E.,  Suite 2615,  Atlanta, GA  30326
tr        +James H. Bone,  Suite 1100 Equitable Bldg.,  100 Peachtree Street, NW,  Atlanta, GA  30303-1906
cr         General Motors Acceptance Corporation,  PO Box 5055,  Troy, MI  48007-5055
4891156    Ann Taylor,  PO Box 1304,  New Haven, CT  06505-1304
4891164    Attorney General of GA,  132 State Judicial Bldg.,  Atlanta, Ga  30334
4891137    Bank of America,  C/o McCalla, Raymer, Padrick, Cobb,,  Nichols & Clark, LLC,
           1544 Old Alabama Road,  Roswell, GA  30076
4891142    Beneficial,  704B North Main Street,  Alpharetta, GA  30004
4918536    Beneficial Georgia Inc ,  P.O. Box 9055,  Brandon, GL  33509-9055
4891140   +Capital One,  Capital One Services, Inc.,  1957 Westmoreland Road,  Richmond, VA  23276-0001
4891150    Capital One Bank,  PO Box 530092,  Atlanta, Ga  30353
4891143    CitiFinancial,  2650 Dallas Highway,  Suite 160,  Marietta, GA  30064-7506
4891146    Citicorp Credit Services,  7920 NW 110th Street,  Kansas City, MO  64153
4918545   +Conseco Finance Servicing Corp.,  P.O. Box 6154,  MHD Bankruptcy Department,
           Rapid City, SD  57709-6154
4891153    Dillards,  PO Box 29448,  Phoenix, AZ  85038-9448
4891138    Direct Merchants Bank,  PO Box 22128,  Tulsa, OK  74121
4891139    Discover Financial Services,  PO Box 8003,  Hillird, OH  43026
4937689    FDS BANK - Richs,  TSYS TOTAL DEBT MGMT, INC.,  PO BOX 6700,  NORCROSS, GA  30091
4891141    First North American national Bank,  PO Box 42364,  Richmond, VA  23242
4891154   +First Select,  PO Box 9104,  Pleasonton, CA  94566-9102
4891163    GA Dept. of Revenue,  Bankruptcy Insolvency Unit,  PO Box 3889,  Atlanta, Ga  30334
4891145    GMAC,  PO Box 105677,  Atlanta, Ga  30348
4891144    Haverty's,  TSYS Total Debt Management,  POB 6700,  Norcross, GA  30091
4891158   +Internal Revenue Service,  PO Box 995,  Room 1640, Stop 334-D,  Atlanta, Ga  30301-0995
4891157    Jacobson,  PO Box 768,  Jackson, MI  49204-0768
4891152    Kohl's,  PO Box 2983,  Milwaukee, WI  53201-2983
4891155    Lord & Taylor,  111 Boulder Industrial Dr.,  Bridgeton, MO  63044
4891151    Macy's,  5300 Kings Island Drive,  Mason, OH  45040
4891149    Rich's,  PO Box 4587,  Carol Stream, IL  60197-4587
4891162    State of GA Revenue Commissioner,  410 Trinity- Washington Bldg.,  Atlanta, GA  30334
4891161    Steven Shapiro,  Chief-Tax Division,  Dept. of Justice,  PO Box 14198 Ben Franklin Station,
           Washington, DC  20044
4891148   +Target-Retailers National Bank,  PO Box 59317,  Minneapolis, MN  55459-0317
4891159   +US Attorney,  1800 Richard B. Russell Bldg.,  75 Spring Street, SW,  Atlanta, Ga  30303-3309
4891160    US Attorney General,  Dept. of Justice, Tax Division,  Civil Trial Section, Southern Region,
           PO Box 14198 Ben Franklin Station,  Washington, DC  20044
4891147   +Wal-Mart,  PO Box 530929,  Atlanta, Ga  30353-0929

The following entities were served by electronic transmission.
NONE                                                                        TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Date: Mar 15, 2002                    Signature:  *Joseph Speetjens*

CREDITORS BANKRUPTCY SERVICE

P.O. Box 741026
Dallas, TX  75374
972/644-1127



02 MAR 22  PM 3:30

Dated: 03/12/02

DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
75 SPRING STREET SW #1340
ATLANTA, GA 30303

Re: Case #        02-91266 SWC

    Debtor        WHISTLER, LAWRENCE

Please correct the creditor's address on this case as
shown below for all checks and notices.

                KOHL'S DEPARTMENT STORE
                P.O. Box 740933
                Dallas, TX  75374

Thank you for your prompt attention.

—————————————————————
        P. B. Mason
Creditor's Authorized Agent

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

IN RE:                       )          CHAPTER 13
                             )
LAWRENCE WHISTLER            )
KATHERINE WHISTLER           )          CASE NO. A02-91266-C
DEBTOR(S)                    )

OBJECTION TO CONFIRMATION
-------------------------

     COMES NOW JAMES H. BONE, TRUSTEE   herein, and objects
to Confirmation of the plan for the following reasons(s):
     1. The Debtor's payments under the proposed plan are not
current.
     2. Debtor has not filed a plan as required  by 11 USC Sec. 1321
and Bankruptcy Rule 3015.
     3. Debtor has not filed schedules as required by Bankruptcy
Rule 1007.
     4. Debtor must provide to the Trustee a copy of the
declarations page showing proof of insurance on real estate,
automobile(s), mobile home(s), boat(s) and any applicable property.
     5. Debtor(s) appeared at the Meeting of Creditors.  No
meeting was held.
     6. The Meeting of Creditors is reset to March 28, 2002
at  1:00 PM in Room 368.
     7. The plan and schedules were filed late on March 12, 2002
The Trustee requests that attorney's fees be reduced by
$300.00.
     8. Debtor(s)' plan fails to provide for the treatment of
secured claims pursuant to 11 U.S.C. Sections 506 and 1325(a)(5)(B)
(ii).
     Wherefore, the Trustee moves the court to inquire into the
above objection(s), deny confirmation of the debtor's plan and to
dismiss the case pursuant to 11 U.S.C. Section 105(a) and Section
109(g), thereby making the debtor ineligible from refiling another
case for one hundred eighty (180) days. If a plan is confirmed,
the Trustee requests that  debtor be required to  comply  strictly
for the duration of the plan and that any dismissal for failure
to comply strictly be pursuant to 11 U.S.C. Section 105(a) and 109(g),
thereby making  debtor ineligible from filing another  case for one
hundred eighty (180) days.


     WHEREFORE, the Trustee moves the Court to inquire into the
above objections, deny Confirmation of this Debtor's plan, and to
dismiss the case.

Date: 03/19/02          /s/
                        JAMES H. BONE, TRUSTEE
                        STATE BAR NO. 067000

JAMES H. BONE
STANDING CHAPTER 13 TRUSTEE
SUITE 1100, THE EQUITABLE BUILDING
100 PEACHTREE STREET, N.W.
ATLANTA, GEORGIA  30303-1901
404-525-2555

```
----------------------------------------------------------------
A02-91266-C        CERTIFICATE OF SERVICE
----------------------------------------------------------------
```

        This is to certify that I have this day served

    DEBTOR(S):
    LAWRENCE WHISTLER and KATHERINE WHISTLER
    425 RED JACKET WAY
    ALPHARETTA, GA
                    30005

    ATTORNEY FOR DEBTOR:
    DAVID L. MILLER, ATTY.
    3340 PEACHTREE RD NE
    SUITE 2615
    ATLANTA, GA         30326

    in the foregoing matter with a copy of this Objection to
    Confirmation by depositing in the United States Mail a
    copy of same in a properly addressed envelope with adequate
    postage thereon.  In accordance with General Order No. 99-1,
    Paragraph 9, participants in the Electronic Case Filing
    project have been served by electronic service of the "Notice
    of Electronic Filing" to the e-mail address shown thereon.

    Dated: March 22, 2002

    /s/

JAMES H. BONE
STANDING CHAPTER 13 TRUSTEE
SUITE 1100, THE EQUITABLE BUILDING
100 PEACHTREE STREET, N.W.
ATLANTA, GEORGIA  30303-1901
404-525-2555

02-91266

'. . . .: : :: : : OFFICE
:. .::::::::: :: : COURT
::::::::: DISTRICT
:: PEORGIA

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

02 APR -3 AM 10: 14

IN THE MATTER OF:
Lawrence Whistler

BANKRUPTCY NO. 02-91266-SWC VANS
CLERK

Debtor(s),

CHAPTER 13

BY
DEPUTY CLERK

JUDGE STACEY W. COTTON

General Motors Acceptance Corporation

    Movant,

v.

**CONTESTED MATTER**

Lawrence Whistler
Timothy Whistler, (Co-Debtor)
James H. Bone, (Trustee),
    Respondents.

## NOTICE OF ASSIGNMENT OF HEARING

NOTICE IS HEREBY GIVEN that a Motion for Relief from the Automatic Stay has been filed in

the above styled case. In the event a hearing cannot be held within thirty (30) days from the filing of the

Motion for Relief from the Automatic Stay as required by 11 U.S.C. §362, Movant waives this

requirement and agrees to the next possible date, as evidenced by signature below. **The undersigned**

**consents to the automatic stay (and any related co-debtor stay) remaining in effect with respect to**

**Movant until the Court orders otherwise.**

A HEARING will be held on the _16_ day of _MAY_, 2002, at _9:30_ _A_.m.

in, Courtroom _1404_, 75 Spring St.,S.W.,U. S. Courthouse, Atlanta, Georgia 30303.

Within three days of the date of this notice, Movant shall serve the motion and this notice upon

Debtor, Trustee, and their attorneys of record, and shall file a Certificate of Service within three days of

service. BLR 9007-2 NDGa.

DATED: _____ APR 0 3 2002

_____
GREGSON T. HAAN
Georgia Bar No. 316070
1275 Peachtree St., Suite 430
Atlanta, GA  30309-3565
ATTORNEY FOR MOVANT
110.1493

W. YVONNE EVANS, CLERK
U.S. BANKRUPTCY COURT

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN THE MATTER OF:                                    BANKRUPTCY NO. 02-91266-SWC
Lawrence Whistler

    Debtor(s),                                       CHAPTER 13

                                         JUDGE STACEY W. COTTON

General Motors Acceptance Corporation

    Movant,

                                      **CONTESTED MATTER**
v.
Lawrence Whistler
Timothy Whistler, (Co-Debtor)
James H. Bone, (Trustee),
    Respondents.

### CERTIFICATE OF SERVICE

      I,     GREGSON T. HAAN
of            1275 Peachtree St., N.E.
            Suite 430
            Atlanta, GA  30309-3565

Certify:

    That I am, and at all times hereinafter mentioned was, more than 18 years of age:

    That on the __3ʳᵈ__ day of __Apr l__, 2002, I served on the following, by U.S. Mail, a copy of the within

NOTICE OF ASSIGNMENT OF HEARING together with the MOTION FOR RELIEF FROM THE AUTOMATIC STAY

filed in this bankruptcy matter:

Debtor:
Lawrence Whistler
425 Red Jacket Way
Alpharetta, GA 30005

Timothy Whistler
425 Red Jacket Way
Alpharetta, GA 30005

Debtor's Attorney:
David L. Miller
3340 Peachtree Road Suite 2615
Atlanta, GA 30326

Trustee:
James H. Bone
100 Peachtree St.,N.W., Suite 1100
Atlanta, GA 30303

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: __4-3-02__         By: _____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN THE MATTER OF:

Lawrence Whistler

      Debtor(s),

General Motors Acceptance Corporation

      Movant,

v.

Lawrence Whistler
Timothy Whistler, (Co-Debtor)
James H. Bone, (Trustee),
      Respondents.

BANKRUPTCY NO.
02-91266-SWC

CHAPTER 13

JUDGE STACEY W. COTTON

CONTESTED MATTER

02 APR -3 AM 10: 14

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND RELIEF FROM THE CO-DEBTOR STAY

COMES NOW General Motors Acceptance Corporation , Movant in the above-entitled

cause, and as its Motion for Relief from the Automatic Stay and Relief from the Co-Debtor Stay,

shows this Court as follows:

1.

That this motion seeking relief from the automatic stay under §362 of the Bankruptcy

Code is a proceeding which may be initiated by motion under the Rules of Bankruptcy

Procedure.

2.

That Debtor did on February 4, 2002 file a petition for relief under Chapter 13 of the

Bankruptcy Code.

3.

That at the time of the filing of said petition, Debtor and Co-Debtor were indebted to Movant in the sum of $19320.87 on a Retail Installment Sale Contract for the purchase of a 1999 Pontiac Firebird automobile (the "Vehicle"), a true and correct copy of this Contract and the Certificate of Title, evidencing Movant's first lien interest therein, being attached to the Proof of Claim on file with this Court.

4.

That good cause, including, but not limited to, a lack of adequate protection, exists for granting Movant relief from the automatic stay as relates to its interest in the Vehicle.

5.

That there is no equity in the Vehicle for the benefit of Debtor or unsecured creditors, and the Vehicle is not needed for an effective reorganization, thereby entitling Movant to relief from the automatic stay pursuant to §362(d) of the Bankruptcy Code, and relief from the co-debtor stay pursuant to §1301 of the Bankruptcy Code.

6.

That Movant is further entitled to recover, as part of its secured claim, its expenses, including a reasonable attorney's fee incurred in this case and for the bringing of this motion, to the extent that the Vehicle may have a market value exceeding the net outstanding balance due Movant on its claim.

7.

That the Vehicle is collateral which can be easily moved, secreted, and damaged by the Debtor(s) or others and may not now be covered by adequate collision damage and comprehensive insurance, thereby entitling Movant to an order expressly providing that relief

from stay not be stayed for the ten (10) day period provided for under Bankruptcy Rule 4001 (a)(3).

WHEREFORE, Movant prays that the automatic stay presently in effect be lifted so as to permit it to exercise its right to self-help repossess the Vehicle or foreclose upon its interest, that any co-debtor stay as provided by §1301 be lifted, that this Court expressly provide that said relief not be stayed as provided for under Bankruptcy Rule 4001(a)(3), that Debtor be ordered to surrender possession of the Vehicle to Movant, that Movant have and recover from the proceeds of the disposition of the Vehicle, its reasonable expenses, including an attorney's fee, and that Movant have such other and further relief as is just.

McCOLLOUGH & PAYNE

Gregson T. Haan
Georgia Bar No. 316070

1275 Peachtree Street, N.E., Suite 430
Atlanta, Georgia 30309-3565
(404) 873-1386
ATTORNEYS FOR MOVANT
110.1493

```
              U. S. BANKRUPTCY COURT
           NORTHERN DISTRICT OF GEORGIA
                 ATLANTA DIVISION

                # 01002741 - RW
                  April 3, 2002


  Code        Case No      Qty      Amount  By

    ST         02-91266             $75.00  CK
      Judge  - Stacey W. Cotton
      Debtor - L. WHISTLER
    ST         02-61189             $75.00  CK
      Judge  - Margaret H. Murphy
      Debtor - B. WRIGHT
    ST         02-62607             $75.00  CK
      Judge  - James E. Massey
      Debtor - J. HOLT-UNDERWOOD
    ST         02-62185             $75.00  CK
      Judge  - C. Ray Mullins
      Debtor - B. H. CODY, JR.


  TOTAL:                           $300.00


  FROM: MCCULLOUGH & PAYNE
        1275 PEACHTREE ST., STE 430
        ATLANTA, GA  30309-3565
        404) 873-1386
```

Page 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

IN RE:                      )        CHAPTER 13
                            )
LAWRENCE WHISTLER           )
KATHERINE WHISTLER          )        CASE NO. A02-91266-C
DEBTOR(S)                   )

OBJECTION TO CONFIRMATION
-------------------------

     COMES NOW JAMES H. BONE, TRUSTEE   herein, and objects
to Confirmation of the plan for the following reasons(s):
     1. The plan as proposed will extend beyond 60 months,
contrary to 11 U.S.C. Sec. 1322(d).   (000 months)
     2. The Debtor's payments under the proposed plan are not
current.
     3. Debtor must provide to the Trustee a copy of the
declarations page showing proof of insurance on real estate,
automobile(s), mobile home(s), boat(s) and any applicable property.
     4. The plan provides for surrender of collateral.
Proof of surrender is needed prior to confirmation.
     5.  Debtor failed to list the following assets: Infinity -
leased; 1999 Pontiac Firebird.
     6.  Debtor failed to list the following creditors: Chase -
lease of Infinity, GMAC - cosigner on son's Firebird.
     7.  Codebtor must file a name correction of Kathleen.
     8.  Debtor must amend petition to disclose AKA Larry Zabisko.
     9.  Debtor must amend petition to add GMAC on firebird. Debtor
must promptly surrender firebird.

     WHEREFORE, the Trustee moves the Court to inquire into the
above objections, deny Confirmation of this Debtor's plan, and to
dismiss the case.

     Date: 04/03/02          /s/
                             JAMES H. BONE, TRUSTEE
                             STATE BAR NO. 067000

JAMES H. BONE
STANDING CHAPTER 13 TRUSTEE
SUITE 1100, THE EQUITABLE BUILDING
100 PEACHTREE STREET, N.W.
ATLANTA, GEORGIA  30303-1901
404-525-2555

```
----------------------------------------------------------------
     A02-91266-C        CERTIFICATE OF SERVICE
----------------------------------------------------------------
```

         This is to certify that I have this day served

     DEBTOR(S):
     LAWRENCE WHISTLER and KATHERINE WHISTLER
     425 RED JACKET WAY
     ALPHARETTA, GA
                     30005

     ATTORNEY FOR DEBTOR:
     DAVID L. MILLER, ATTY.
     3340 PEACHTREE RD NE
     SUITE 2615
     ATLANTA, GA          30326

     in the foregoing matter with a copy of this Objection to
     Confirmation by depositing in the United States Mail a
     copy of same in a properly addressed envelope with adequate
     postage thereon.  In accordance with General Order No. 99-1,
     Paragraph 9, participants in the Electronic Case Filing
     project have been served by electronic service of the "Notice
     of Electronic Filing" to the e-mail address shown thereon.


     Dated: April 4, 2002


     /s/


JAMES H. BONE
STANDING CHAPTER 13 TRUSTEE
SUITE 1100, THE EQUITABLE BUILDING
100 PEACHTREE STREET, N.W.
ATLANTA, GEORGIA  30303-1901
404-525-2555

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2002 MAY 14  AM 8: 52

W. YVONNE EVANS,
Clerk

BY_____
    DEPUTY CLERK

IN RE:                                              )
                                                    )
LAWRENCE WHISTLER and                               )        CHAPTER 13
KATHLEEN WHISTLER                                   )
(formerly incorrectly                               )        CASE NO. 02-91266-SWC
stated as Katherine Whistler),                      )
                                                    )        JUDGE COTTON
        Debtors.                                    )

## DEBTORS' AMENDMENTS TO
## CHAPTER 13 PETITION, SCHEDULES AND PLAN

COME NOW LAWRENCE WHISTLER and KATHLEEN WHISTLER, debtors,

and amend their Chapter 13 Schedules and Plan as follows:

1.

Debtors filed their petition for relief under Chapter 13 of Title 11 of the United

States Bankruptcy Code on February 4, 2002.

2.

(a)     Debtors' Petition is amended to delete the inadvertent misspelling

"Katherine" from the petition and all subsequent pleadings, schedules and Plan and

replace with the name **KATHLEEN WHISTLER**, which is evidenced by her signature

of the petition and all subsequent documents filed as her true and correct name.  The

change is to the spelling of the name only.  All other identifying information is correct.

(b)     Debtors' Petition, "All other names used the past 6 years" is amended as

to Lawrence Whistler, to add the name of Larry Zbyszko.

3.

The Debtors' Chapter 13 Plan is amended as follows:

The second unnumbered paragraph is amended to delete $505 per month and

insert therein **$700 per MONTH, commencing with the April 2002 payment.**

4.

The Attachment to Chapter 13 Plan, paragraph 8. Payments Direct to Creditors is

amended as follows:

Subparagraph 1 is deleted and the following inserted therein:    Post petition
mortgage payments shall be made directly to Bank of American and Citifinancial.

Subparagraph 2 is deleted and the following inserted therein:    Post petition
auto lease payments will be made directly to Chase Manhattan Automotive Finance.

5.

The Attachment to Chapter 13 Plan,  paragraph 9. Other Provisions is amended to

add the following:

3.    Debtors shall surrender the 1999 Pontiac Firebird to GMAC and shall,
subsequent to surrender,  provide written proof of surrender to the Chapter 13 Trustee.

6.

Schedule B, Personal Property, Paragraph 23 is amended to add the following:

| Type of Property | Description of Property | H.W.Joint | FMV |
|---|---|---|---|
| 23. Automobiles | 1999 Pontiac Firebird | J | 16,300.00 |
|  | 2001 GMC Jimmy | J | 16,325.00 |

Total Schedule B............................................................    **$41,885.00**

7.

Schedule D – Creditors Holding Secured Claims is amended to add the following:

| Creditor's Info. | Date and Nature of Claim Description and Value of Property Subject to Lien | C.L.D. | Claim | Unsecured Portion |
|---|---|---|---|---|
| GMAC PO Box 5055 Troy, MI 48007-5055 | 1999 Pontiac Firebird VIN 2G2FS22K2X2203452 Value: $16,300 | | 19,340.00 | 3,040.00 |
| Chase Manhattan Automotive Finance PO Box 5210 New Hyde Park, NY 11042 | Infiniti automobile lease | | 460.00 | |
| Haverty's TSYS Total Debt Management POB 6700 Norcross, GA 30091 | Two couches Value: $700.00 | | 1,499.90 | 799.90 |
| Haverty's TSYS Total Debt Management POB 6700 Norcross, GA 30091 | Furniture Value: $450. | | 942.48 | 492.48 |

8.

Schedule D – Creditors Holding Secured Claims is amended to state the following

for the previously listed GMAC claim:

| Creditor's Info. | Date and Nature of Claim Description and Value of Property Subject to Lien | C.L.D. | Claim | Unsecured Portion |
|---|---|---|---|---|
| GMAC PO Box 5055 Troy, MI 48007-5055 | GMC Jimmy VIN 1GKCS18W51K199272 Value: $16,325.00 | | 20,055.26 | 3,730.26 |

9.

An Amended Schedule J – Current Expenditures of Individual Debtors is

attached hereto and by this reference incorporated herein.

10.

Debtors do not further amend their schedules, petition or Chapter 13 Plan.

Respectfully submitted,

David L. Miller
Ga. Bar No. 506550
Attorney for Debtors

3340 Peachtree Road, NE
Suite 2615 – Tower Place 100
Atlanta, GA 30303
(404) 231-1933

Form B6J
(6/90)

In re   **Lawrence Whistler**          **Katherine Whistler**          Case No. _____
                                                                              (if known)
        Debtor

# AMENDED SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate
    schedule of expenditures labeled "Spouse".

| | | | |
|---|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | | $ | 1,025.00 |
| Are real estate taxes included?   Yes _____  No ✓ | | | |
| Is property insurance included?   Yes _____  No ✓ | | | |
| Utilities   Electricity and heating fuel | | $ | 175.00 |
| Water and sewer | | $ | 55.00 |
| Telephone | | $ | 65.00 |
| Other   Cable | | $ | 35.00 |
|          Cell phone | | $ | 30.00 |
| Home maintenance (repairs and upkeep) | | $ | 0.00 |
| Food | | $ | 320.00 |
| Clothing | | $ | 75.00 |
| Laundry and dry cleaning | | $ | 0.00 |
| Medical and dental expenses | | $ | 50.00 |
| Transportation (not including car payments) | | $ | 50.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 0.00 |
| Charitable contributions | | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | | |
| Homeowner's or renter's | | $ | 0.00 |
| Life | | $ | 0.00 |
| Health | | $ | 0.00 |
| Auto | | $ | 159.00 |
| Other _____ | | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify) _____ | | $ | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | | |
| Auto | | $ | 854.00 |
| Other _____ | | $ | 0.00 |
| Alimony, maintenance or support paid to others | | $ | 0.00 |
| Payments for support of additional dependents not living at your home | | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| Other   2nd Mortgage | | $ | 1,200.00 |

| | | | |
|---|---|---|---|
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | | $ | 4,900.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

| | | | |
|---|---|---|---|
| A. Total projected monthly income | | $ | 5,600.00 |
| B. Total projected monthly expenses | | $ | 4,900.00 |
| C. Excess income (A minus B) | | $ | 700.00 |
| D. Total amount to be paid into plan each | Monthly | $ | 700.00 |
| | (interval) | | |

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
ATLANTA, GEORGIA
(if known)

2002 MAY 14  PM 3: 52

W. VAUGHE EVANS
CLERK

BY _____
    DEPUTY CLERK

## VERIFICATION

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2002 MAY 14 AM 8: 52

W. YVONNE EVANS

BY_____
DEPUTY CLERK

The undersigned Lawrence Whistler and Kathleen Whistler having been duly sworn, does

hereby state under oath that the facts set forth in the foregoing AMENDMENT TO DEBTORS

CHAPTER 13 PETITION, SCHEDULES AND PLAN are true and correct.

LAWRENCE WHISTLER

Signed before me this __30th__ day of
April, 2002.

Witness

KATHLEEN WHISTLER

Signed before me this __30th__ day of
April, 2002.

Witness

## CERTIFICATE OF SERVICE

This is to certify that I am over the age of 18 years and have served a copy of the foregoing AMENDMENT TO DEBTORS' CHAPTER 13 PETITION, SCHEDULES AND PLAN upon the following by depositing a copy of same in the United States Mail with sufficient postage thereon and addressed as follows:

James H. Bone
Standing Chapter 13 Trustee
Equitable Building, Suite 100
100 Peachtree Street
Atlanta, GA 30303

United States Trustee
362 United States Courthouse
75 Spring Street, SW
Atlanta, GA 30303

This 13th day of May, 2002.

DAVID L. MILLER

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2002 MAY 14  AM 8: 52

W. YVONNE EVANS

BY_____
               DEPUTY CLERK

IN RE:                                    )
                                          )
LAWRENCE WHISTLER and                     )      CHAPTER 13
KATHLEEN WHISTLER                         )
(formerly incorrectly                     )      CASE NO. 02-91266-SWC
stated as Katherine Whistler),            )
                                          )      JUDGE COTTON
        Debtors.                          )

## DEBTORS' AMENDMENTS TO
## CHAPTER 13 PETITION, SCHEDULES AND PLAN

COME NOW LAWRENCE WHISTLER and KATHLEEN WHISTLER, debtors,

and amend their Chapter 13 Schedules and Plan as follows:

1.

Debtors filed their petition for relief under Chapter 13 of Title 11 of the United

States Bankruptcy Code on February 4, 2002.

2.

(a)     Debtors' Petition is amended to delete the inadvertent misspelling

"Katherine" from the petition and all subsequent pleadings, schedules and Plan and

replace with the name **KATHLEEN WHISTLER**, which is evidenced by her signature

of the petition and all subsequent documents filed as her true and correct name.  The

change is to the spelling of the name only.  All other identifying information is correct.

(b)     Debtors' Petition, "All other names used the past 6 years" is amended as

to Lawrence Whistler, to add the name of Larry Zbyszko.

3.

The Debtors' Chapter 13 Plan is amended as follows:

The second unnumbered paragraph is amended to delete $505 per month and

insert therein **$700 per MONTH, commencing with the April 2002 payment.**

4.

The Attachment to Chapter 13 Plan, paragraph 8. Payments Direct to Creditors is

amended as follows:

Subparagraph 1 is deleted and the following inserted therein:     Post petition
mortgage payments shall be made directly to Bank of American and Citifinancial.

Subparagraph 2 is deleted and the following inserted therein:     Post petition
auto lease payments will be made directly to Chase Manhattan Automotive Finance.

5.

The Attachment to Chapter 13 Plan,  paragraph 9. Other Provisions is amended to

add the following:

3.    Debtors shall surrender the 1999 Pontiac Firebird to GMAC and shall,
subsequent to surrender,  provide written proof of surrender to the Chapter 13 Trustee.

6.

Schedule B, Personal Property, Paragraph 23 is amended to add the following:

| Type of Property | Description of Property | H.W.Joint | FMV |
|---|---|---|---|
| 23. Automobiles | 1999 Pontiac Firebird | J | 16,300.00 |
|  | 2001 GMC Jimmy | J | 16,325.00 |

Total Schedule B………………………………………………..     **$41,885.00**

7.

Schedule D – Creditors Holding Secured Claims is amended to add the following:

| Creditor's Info. | Date and Nature of Claim Description and Value of Property Subject to Lien | C.L.D. | Claim | Unsecured Portion |
|---|---|---|---|---|
| GMAC PO Box 5055 Troy, MI 48007-5055 | 1999 Pontiac Firebird VIN 2G2FS22K2X2203452 Value: $16,300 | | 19,340.00 | 3,040.00 |
| Chase Manhattan Automotive Finance PO Box 5210 New Hyde Park, NY 11042 | Infiniti automobile lease | | 460.00 | |
| Haverty's TSYS Total Debt Management POB 6700 Norcross, GA 30091 | Two couches Value: $700.00 | | 1,499.90 | 799.90 |
| Haverty's TSYS Total Debt Management POB 6700 Norcross, GA 30091 | Furniture Value: $450. | | 942.48 | 492.48 |

8.

Schedule D – Creditors Holding Secured Claims is amended to state the following

for the previously listed GMAC claim:

| Creditor's Info. | Date and Nature of Claim Description and Value of Property Subject to Lien | C.L.D. | Claim | Unsecured Portion |
|---|---|---|---|---|
| GMAC PO Box 5055 Troy, MI 48007-5055 | GMC Jimmy VIN 1GKCS18W51K199272 Value: $16,325.00 | | 20,055.26 | 3,730.26 |

9.

An Amended Schedule J – Current Expenditures of Individual Debtors is

attached hereto and by this reference incorporated herein.

10.

Debtors do not further amend their schedules, petition or Chapter 13 Plan.

Respectfully submitted,

David L. Miller
Ga. Bar No. 506550
Attorney for Debtors

3340 Peachtree Road, NE
Suite 2615 – Tower Place 100
Atlanta, GA 30303
(404) 231-1933

Form B6J
(6/90)

In re **Lawrence Whistler**          **Katherine Whistler**          ,          Case No. **02-11414-CC77-WC**
          Debtor          (If known)

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
OF GEORGIA
2002 MAR 14 AM 8: 52
W. AUDREY EVANS
CLERK
BY
DEPUTY CLERK

# AMENDED SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate
  schedule of expenditures labeled "Spouse".

| | | | | |
|---|---|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | | | $ | 1,225.00 |
| Are real estate taxes included? | Yes _____ | No ✓ | | |
| Is property insurance included? | Yes _____ | No ✓ | | |
| Utilities  Electricity and heating fuel | | | $ | 175.00 |
|            Water and sewer | | | $ | 55.00 |
|            Telephone | | | $ | 65.00 |
|            Other  **Cable** | | | $ | 35.00 |
|                   **Cell phone** | | | $ | 30.00 |
| Home maintenance (repairs and upkeep) | | | $ | 0.00 |
| Food | | | $ | 320.00 |
| Clothing | | | $ | 75.00 |
| Laundry and dry cleaning | | | $ | 0.00 |
| Medical and dental expenses | | | $ | 50.00 |
| Transportation (not including car payments) | | | $ | 50.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | | | $ | 0.00 |
| Charitable contributions | | | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | | | |
|            Homeowner's or renter's | | | $ | 0.00 |
|            Life | | | $ | 0.00 |
|            Health | | | $ | 0.00 |
|            Auto | | | $ | 159.00 |
|            Other _____ | | | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | | | |
| (Specify) _____ | | | $ | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | | | |
|            Auto | | | $ | 854.00 |
|            Other _____ | | | $ | 0.00 |
| Alimony, maintenance or support paid to others | | | $ | 0.00 |
| Payments for support of additional dependents not living at your home | | | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | | | $ | 0.00 |
| Other  **2nd Mortgage** | | | $ | 1,200.00 |

| | | | |
|---|---|---|---|
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | | $ | 4,900.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | 5,600.00 |
| B. Total projected monthly expenses | $ | 4,900.00 |
| C. Excess income (A minus B) | $ | 700.00 |
| D. Total amount to be paid into plan each        **Monthly**        (interval) | $ | 700.00 |

## VERIFICATION

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2002 MAY 14 AM 8: 52

W. YVONNE EVANS
BY _____
DEPUTY CLERK

The undersigned Lawrence Whistler and Kathleen Whistler having been duly sworn, does hereby state under oath that the facts set forth in the foregoing AMENDMENT TO DEBTORS CHAPTER 13 PETITION, SCHEDULES AND PLAN are true and correct.

_____
LAWRENCE WHISTLER

Signed before me this __50th__ day of April, 2002.

_____
Witness

_____
KATHLEEN WHISTLER

Signed before me this __30th__ day of April, 2002.

_____
Witness

## CERTIFICATE OF SERVICE

This is to certify that I am over the age of 18 years and have served a copy of the foregoing AMENDMENT TO DEBTORS' CHAPTER 13 PETITION, SCHEDULES AND PLAN upon the following by depositing a copy of same in the United States Mail with sufficient postage thereon and addressed as follows:

James H. Bone
Standing Chapter 13 Trustee
Equitable Building, Suite 100
100 Peachtree Street
Atlanta, GA 30303

United States Trustee
362 United States Courthouse
75 Spring Street, SW
Atlanta, GA 30303

This 13th day of May, 2002.

DAVID L. MILLER

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

02 MAY 14  PM 12: 31

W. VONCE EVANS
CLERK

BY _____
DEPUTY CLERK

IN RE:                                          )
                                                )
LAWRENCE WHISTLER and         )CHAPTER 13
KATHLEEN WHISTLER               )
(formerly incorrectly stated as     )CASE NO. 02-91266-swc
Katherine Whistler)                      )JUDGE COTTON
                                                )
        Debtors.                            )

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the **Debtor's Amendment**

**to Chapter 13 Petition, Schedules and Plan** upon the following by depositing a copy of

same in the United States mail with sufficient postage prepaid and addressed as follows:

James H. Bone, Standing Chapter 13 Trustee
Equitable Building, Suite 100
100 Peachtree Street
Atlanta, Georgia  30303

United States Trustee
362 United States Courthouse
75 Spring Street, SW
Atlanta, Georgia  30303

(see attached list)

This the 14th day of May, 2002.

THE LAW OFFICES OF DAVID L. MILLER

BY:    _____
         ROBERT J. GOLDMAN
         GEORGIA BAR NO. 297342

Suite 2615—Tower Place 100
3340 Peachtree Road, NE
Atlanta, Georgia  30326

Bank of America
C/o McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC
1544 Old Alabama Road
Roswell, GA  30076

Direct Merchants Bank
PO Box 22128
Tulsa, OK  74121

Discover
PO Box 3008
New Albany, OH  43054-3008

Capital One
Capital One Services, Inc.
1957 Westmoreland Road
Richmond, VA  23276-5617

First North American national Bank
PO Box 42364
Richmond, VA  23242

Beneficial
704B North Main Street
Alpharetta, GA  30004

CitiFinancial
2650 Dallas Highway
Suite 160
Marietta, GA  30064-7506

Haverty's
PO Box 740506
Atlanta, Georgia  30374-0506

GMAC
PO Box 105677
Atlanta, Georgia  30348

CitiCorp Credit Services
7920 NW 110th Street
Kansas City, MO  64153

Wal-Mart
PO Box 530929
Atlanta, Georgia  30353-0925

Target-Retailers National Bank
PO Box 59317
Minneapolis, MN 55459-0226

Rich's
PO Box 4587
Carol Stream, IL 60197-4587

Capital One Bank
PO Box 530092
Atlanta, Georgia 30353

Macy's
5300 Kings Island Drive
Mason, OH 45040

Kohl's
PO Box 2983
Milwaukee, WI 53201-2983

Dillards
PO Box 29448
Phoenix, AZ 85038-9448

First Select
PO Box 9104
Pleasonton, CA 94015-3970

Lord & Taylor
PO Box 94873
Cleveland, OH 44101-4873

Ann Taylor
PO Box 1304
New Haven, CT 06505-1304

Jacobson
PO Box 768
Jackson, MI 49204-0768

Internal Revenue Service
PO Box 995
Room 1640, Stop 334-D
Atlanta, Georgia 30370

US Attorney
1800 Richard B. Russell Bldg.
75 Spring Street, SW
Atlanta, Georgia 30335

US Attorney General
Dept. of Justice, Tax Division
Civil Trial Section, Southern Region
PO Box 14198
Ben Franklin Station
Washington, DC 20044

Steven Shapiro
Chief—Tax Division
Dept. of Justice
PO Box 14198
Ben Franklin Station
Washington, DC 20044

State of GA Revenue Commissioner
410 Trinity-Washington Bldg.
Atlanta, GA 30334

GA Dept. of Revenue
Bankruptcy Insolvency Unit
PO Box 3889
Atlanta, Georgia 30334

Attorney General of GA
132 State Judicial Bldg.
Atlanta, Georgia 30334

ENTERED ON DOCKET
5/21/02

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

IN THE MATTER OF:                                    Chapter 13
Lawrence Whistler
Katherine Whistler
    Debtor(s),

                                                     JUDGE STACEY W. COTTON

General Motors Acceptance Corporation

        Movant,                                      CASE NO.02-91266-SWC

vs.
Lawrence Whistler
Katherine Whistler
Timothy Whistler, (Co-Debtor)
James H. Bone, (Trustee)

        Respondent(s).

## ORDER

The above and foregoing matter came on before this court on May 16, 2002 for hearing on the Motion of General Motors Acceptance Corporation, ("Movant") for Relief from the Automatic Stay. The Debtor and non-debtor respondent are indebted to Movant on an installment sale contract for the purchase of a 1999 Pontiac Firebird (the "vehicle"). It appearing that neither the Debtor, the non-debtor respondent nor the Trustee oppose the relief sought by Movant, it is

ORDERED that the Automatic Stay presently in effect against Movant and its interest in the above described vehicle is hereby lifted, as it relates to both the debtor and non-debtor respondent. Any excess proceeds after repossession and resale of the vehicle are to be delivered to the Chapter13 Trustee.

SO ORDERED this the 21st day of May, 2002.

                                        STACEY W. COTTON
                                        UNITED STATES BANKRUPTCY JUDGE

(Additional Signatures on Next Page)

Prepared and Presented By:


Catherine H. Alexander
Georgia Bar No 008860
McCULLOUGH & PAYNE
1275 Peachtree Street, N.E., Suite 430
Atlanta, Georgia 30309-3565
(404) 873-1386
ATTORNEYS FOR MOVANT
Account Number:340-0334-28315


READ AND APPROVED AS TO FORM ONLY:

James H. Bone
CHAPTER 13 TRUSTEE
GA Bar No. 243655
110.1493

## DISTRIBUTION LIST

**Counsel for Movant:**
McCullough and Payne
1275 Peachtree St., N.E.
Suite 430
Atlanta, Georgia 30309


**Counsel for Debtor(s):**
David L. Miller
3340 Peachtree Road Suite 2615
Atlanta GA 30326


**Trustee:**
James H. Bone
100 Peachtree St.,N.W., Suite 1100
Atlanta GA 30303


**Debtor, Co-Debtor:**
Lawrence Whistler
425 Red Jacket Way
Alpharetta, GA 30005

Katherine Whistler
425 Red Jacket Way
Alpharetta, GA 30005

Timothy Whistler
425 Red Jacket Way
Alpharetta, GA 30005

ENTERED ON DOCKET
5/21/02

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

IN THE MATTER OF:                                      Chapter 13
Lawrence Whistler
Katherine Whistler
    Debtor(s),

                                    JUDGE STACEY W. COTTON

General Motors Acceptance Corporation

    Movant,                                        CASE NO.02-91266-SWC

vs.

Lawrence Whistler
Katherine Whistler
Timothy Whistler, (Co-Debtor)
James H. Bone, (Trustee)

    Respondent(s).

## ORDER

    The above and foregoing matter came on before this court on May 16, 2002 for hearing on the Motion of General Motors Acceptance Corporation, ("Movant") for Relief from the Automatic Stay. The Debtor and non-debtor respondent are indebted to Movant on an installment sale contract for the purchase of a 1999 Pontiac Firebird (the "vehicle"). It appearing that neither the Debtor, the non-debtor respondent nor the Trustee oppose the relief sought by Movant, it is

    ORDERED that the Automatic Stay presently in effect against Movant and its interest in the above described vehicle is hereby lifted, as it relates to both the debtor and non-debtor respondent. Any excess proceeds after repossession and resale of the vehicle are to be delivered to the Chapter13 Trustee.

    SO ORDERED this the 21ˢᵗ day of _May_____, 2002.

                            STACEY W. COTTON
                             UNITED STATES BANKRUPTCY JUDGE

(Additional Signatures on Next Page)

Prepared and Presented By:

*Catherine H. Alexander*

Catherine H. Alexander
Georgia Bar No 008860
McCULLOUGH & PAYNE
1275 Peachtree Street, N.E., Suite 430
Atlanta, Georgia 30309-3565
(404) 873-1386
ATTORNEYS FOR MOVANT
Account Number:340-0334-28315

READ AND APPROVED AS TO FORM ONLY:

James H. Bone
CHAPTER 13 TRUSTEE
GA Bar No. 243655
110.1493

## DISTRIBUTION LIST

**Counsel for Movant:**
McCullough and Payne
1275 Peachtree St., N.E.
Suite 430
Atlanta, Georgia 30309


**Counsel for Debtor(s):**
David L. Miller
3340 Peachtree Road Suite 2615
Atlanta GA 30326


**Trustee:**
James H. Bone
100 Peachtree St.,N.W., Suite 1100
Atlanta GA 30303


**Debtor, Co-Debtor:**
Lawrence Whistler
425 Red Jacket Way
Alpharetta, GA 30005

Katherine Whistler
425 Red Jacket Way
Alpharetta, GA 30005

Timothy Whistler
425 Red Jacket Way
Alpharetta, GA 30005

**BAE SYSTEMS**

11400 Commerce Park Drive
Suite 600
Reston, Virginia 22091-1506

# CERTIFICATE OF SERVICE

District/off: 113E-9          User: smithme          Page 1 of 1              Date Rcvd: May 21, 2002
Case: 02-91266               Form ID: PDF           Total Served: 6

The following entities were served by first class mail on May 23, 2002.
db        Kathleen Whistler,   425 Red Jacket Way,   Alpharetta, GA  30005
db        Lawrence Whistler,   425 Red Jacket Way,   Alpharetta, GA  30005
aty       David L. Miller,   3340 Peachtree Rd. N.E.,   Suite 2615,   Atlanta, GA  30326
tr        +James H. Bone,   Suite 1100 Equitable Bldg.,   100 Peachtree Street, NW,   Atlanta, GA  30303-1906
5117591   McCullough and Payne,   1275 Pechtree St., NE,   Suite 430,   Atlanta, GA 30309
5117592   Timothy Whistler,   425 Red Jacket Way,   Alpharetta, GA 30005

The following entities were served by electronic transmission.
NONE.                                                                           TOTAL: 0

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty*      David L. Miller,   3340 Peachtree Rd. N.E.,   Suite 2615,   Atlanta, GA  30326
tr*       +James H. Bone,   Suite 1100 Equitable Bldg.,   100 Peachtree Street, NW,   Atlanta, GA  30303-1906
pty*      Kathleen Whistler,   425 Red Jacket Way,   Alpharetta, GA  30005
pty*      Lawrence Whistler,   425 Red Jacket Way,   Alpharetta, GA  30005
                                                                       TOTALS: 0, * 4

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Date: May 23, 2002                Signature:   _Joseph Speetjens_

UNITED STATES BANKRUPTCY COURT
Northern District of Georgia

In re:
Lawrence Whistler
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
425 Red Jacket Way
Alpharetta GA 30005

Kathleen Whistler
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
425 Red Jacket Way
Alpharetta GA 30005
Debtor(s)

Case No. : 02-91266
Chapter: 13

Judge: Stacey W. Cotton

## ORDER CONFIRMING PLAN AND ORDER TO DEBTOR

A summary of the plan of the above-named debtor(s) has been transmitted to all creditors, and it has been determined after notice and a hearing that the debtor(s) plan satisfies the requirements of 11 U.S.C. Section 1325, therefore

It is ORDERED that the plan is confirmed.

It is further ORDERED that:

1. The debtor is prohibited from incurring any new debts without first applying in writing to the trustee and obtaining permission in writing from the trustee to incur the new debt. Incurring new debt includes buying anything on credit or obtaining a loan for any purpose;

2. The debtor is prohibited from mortgaging, selling or otherwise disposing of any personal or real property without first obtaining written authorization from the court after notice & hearing;

3. The debtor shall immediately notify, in writing, the clerk of the United States Bankruptcy Court and the trustee of any change in the debtor's address;

4. The debtor shall immediately notify the trustee in writing of any termination, reduction of, or other change in the employment of the debtor;

5. Any provision in the plan to the contrary notwithstanding, property of the estate shall not revest in the debtor until the earlier of consummation of the plan, discharge of the debtor or dismissal of the case, unless the court orders otherwise;

6. The debtor shall appear in court whenever notified to do so by the court; and

7. If the debtor fails to make any payment to the Chapter 13 Trustee, as required by the plan, within six (6) months of the date of confirmation, upon the Chapter 13 Trustee's certification of non-compliance to the court, the case shall be dismissed without further notice or hearing.

IT IS SO ORDERED.

Stacey W. Cotton

United States Bankruptcy Judge

Dated: 07/02/02

Form cnf - Rev. 4/10/01

**BAE SYSTEMS**

11400 Commerce Park Drive
Suite 600
Reston, Virginia 22091-1506

# CERTIFICATE OF SERVICE

District/off: 113E-9          User: glasperel          Page 1 of 1          Date Rcvd: Jul 02, 2002
Case: 02-91266               Form ID: CNF              Total Served: 44

The following entities were served by first class mail on Jul 04, 2002.
```
db          Kathleen Whistler,   425 Red Jacket Way,   Alpharetta, GA  30005
db          Lawrence Whistler,   425 Red Jacket Way,   Alpharetta, GA  30005
aty         David L. Miller,   3340 Peachtree Rd. N.E.,   Suite 2615,   Atlanta, GA  30326
aty        +Gregson T. Haan,   1275 Peachtree Street, NE,   Suite 430,   Atlanta, GA  30309-3576
tr         +James H. Bone,   Suite 1100 Equitable Bldg.,   100 Peachtree Street, NW,   Atlanta, GA  30303-1906
4891156     Ann Taylor,   PO Box 1304,   New Haven, CT 06505-1304
4891164     Attorney General of GA,   132 State Judicial Bldg.,   Atlanta, Ga 30334
4891137     Bank of America,   C/o McCalla, Raymer, Padrick, Cobb,,   Nichols & Clark, LLC,
            1544 Old Alabama Road,   Roswell, GA 30076
4891142     Beneficial,   704B North Main Street,   Alpharetta, GA 30004
4918536     Beneficial Georgia Inc.,   P.O. Box 9055,   Brandon, GL 33509-9055
4891140    +Capital One,   Capital One Services, Inc.,   1957 Westmoreland Road,   Richmond, VA 23276-0001
5171451     Capital One Bank,   P.O. Box 85167,   Richmond, VA 23285
4891150     Capital One Bank,   PO Box 530092,   Atlanta, Ga 30353
4891143     CitiFinancial,   2650 Dallas Highway,   Suite 160,   Marietta, GA 30064-7506
4891146     Citicorp Credit Services,   7920 NW 110th Street,   Kansas City, MO 64153
4918545    +Conseco Finance Servicing Corp.,   P.O. Box 6154,   MHD Bankruptcy Department,
            Rapid City, SD 57709-6154
4891153     Dillard National Bank,   P.O. Box 52051,   Phoenix, AZ 85072-2051
4891138     Direct Merchants Bank,   PO Box 22128,   Tulsa, OK 74121
4891139     Discover Financial Services,   PO Box 8003,   Hillird, OH 43026
4937688     FDS BANK - Richs,   TSYS TOTAL DEBT MGMT. INC.,   PO BOX 6700,   NORCROSS, GA 30091
5164438     Federated Macys,   TSYS Debt Mgmt., Inc,   P.O. Box 6700,   Norcross, GA 30091
4891141     First North American national Bank,   PO Box 42364,   Richmond, VA 23242
4891154    +First Select,   PO Box 9104,   Pleasonton, CA 94566-9102
4891163     GA Dept. of Revenue,   Bankruptcy Insolvency Unit,   PO Box 3889,   Atlanta, Ga 30334
4891145     GMAC,   PO Box 7041,   Troy, MI 48007-7041
4992548     General Motors Acceptance Corporation,   PO Box 7041,   Troy,MI 48007-7041
4891144     Haverty's,   TSYS Total Debt Management,   POB 6700,   Norcross, GA  30091
4891158    +Internal Revenue Service,   PO Box 995,   Room 1640, Stop 334-D,   Atlanta, Ga 30301-0995
4891157     Jacobson,   PO Box 768,   Jackson, MI 49204-0768
4891152     Kohl's,   PO Box 740933,   Dallas, TX 75374
4891155     Lord & Taylor,   111 Boulder Industrial Dr.,   Bridgeton, MO  63044
4891151     Macy's,   5300 Kings Island Drive,   Mason, OH 45040
5117591     McCullough and Payne,   1275 Pechtree St.., NE,   Suite 430,   Atlanta, GA 30309
4994970     Providian National Bank,   4900 Johnson Dr.,   Pleasanton, CA  94588
5165254     Resurgent Capital Services,   P.O. Box 10587,   Greenville, SC 29603-0587
4891149     Rich's,   PO Box 4587,   Carol Stream, IL 60197-4587
4891162     State of GA Revenue Commissioner,   410 Trinity- Washington Bldg.,   Atlanta, GA 30334
4891161     Steven Shapiro,   Chief-Tax Division,   Dept. of Justice,   PO Box 14198 Ben Franklin Station,
            Washington, DC 20044
4891148    +Target-Retailers National Bank,   PO Box 59317,   Minneapolis, MN 55459-0317
5117592     Timothy Whistler,   425 Red Jacket Way,   Alpharetta, GA 30005
4891159    +US Attorney,   1800 Richard B. Russell Bldg.,   75 Spring Street, SW,   Atlanta, Ga 30303-3309
4891160     US Attorney General,   Dept. of Justice, Tax Division,   Civil Trial Section, Southern Region,
            PO Box 14198 Ben Franklin Station,   Washington, DC 20044
5052432    +WORLD FINANCIAL NETWORK,   PO BOX 182781,   COLUMBUS, OH 43218-2781
4891147    +Wal-Mart,   PO Box 530929,   Atlanta, Ga 30353-0929
```

The following entities were served by electronic transmission.
NONE.                                                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.


I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.


Date: Jul 04, 2002                    Signature:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | BANKRUPTCY CASE NO. 02-91266 |
| LAWRENCE WHISTLER | ) | |
| KATHLEEN WHISTLER | ) | CHAPTER 13 |
| | ) | |
| Debtors | ) | |

| | | |
|---|---|---|
| | ) | |
| BANK OF AMERICA MORTGAGE, | ) | JUDGE: STACEY W. COTTON |
| | ) | |
| Movant | ) | |
| | ) | |
| vs | ) | CONTESTED MATTER |
| | ) | |
| LAWRENCE WHISTLER | ) | |
| KATHLEEN WHISTLER | ) | |
| JAMES H. BONE, Trustee | ) | |
| | ) | |
| Respondents | ) | |

## NOTICE OF ASSIGNMENT OF HEARING

NOTICE IS HEREBY GIVEN THAT a Motion for Relief from the automatic stay has been filed in the above-styled case.  In the event a hearing cannot be held within thirty (30) days from the filing of the motion for relief from the automatic stay as required by 11 U.S.C. Section 362, Movant waives this requirement and agrees to the next earliest possible date, as evidenced by the signature of its counsel below. The undersigned consents to the automatic stay (and any related co-debtor stay) remaining in effect with respect to Movant until the Court orders otherwise.

A HEARING will be held on the _____ day of _____, 20_____,

at _____.M., in Courtroom 1404, 75 Spring Street, Atlanta, Georgia.

Within three days of the date of this notice, Movant's attorney or a pro se Movant, shall serve the motion and this notice upon the Debtors, Trustee and their attorneys of record, and shall file a certificate of service within three days of service.  BLR 9007-2 NDGa.

DATED:

                           W. YVONNE EVANS, CLERK
                           UNITED STATES BANKRUPTCY COURT

CONSENTED TO:

MARY IDA TOWNSON, BAR NO. 715063
Attorney for Movant
McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC
1544 Old Alabama Road
Roswell, Georgia  30076-2102
(770) 643-2148
(800) 845-8633

File No. BAKY-02-00822

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) BANKRUPTCY CASE |
| LAWRENCE WHISTLER | ) |
| KATHLEEN WHISTLER | ) NO. 02-91266 |
| | ) |
| Debtors | ) |

| | |
|---|---|
| | ) |
| BANK OF AMERICA MORTGAGE, | ) JUDGE: STACEY W. COTTON |
| | ) |
| Movant | ) |
| | ) |
| vs. | ) |
| | ) CHAPTER 13 |
| LAWRENCE WHISTLER | ) |
| KATHLEEN WHISTLER | ) |
| JAMES H. BONE, Trustee | ) |
| | ) |
| Respondents | ) |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW Movant and shows this Court the following:

1.

This is a Motion under Section 362(d) of the Bankruptcy Code for relief from the automatic stay for the purpose of foreclosing on certain real property.

2.

Movant is the holder of a Security Instrument which describes certain real property in which Debtors claim an interest. Said

real property is security for a promissory note held by Movant, and is commonly known as 425 Red Jacket Way, Alpharetta, GA.

3.

Debtors have defaulted in making payments which have come due since this case was filed. Through the month of July 2002, five (5) payments have been missed.

4.

The unpaid principal balance is $ 220,170.21, and interest is due thereon in accordance with the Note.

5.

Because of the Debtors' default and clear inability to make all required payments, Movant is not adequately protected and shows that there is cause for relief from the automatic stay.

6.

Because the Security Instrument so provides, Debtors are responsible for Movant's reasonable attorney's fees.

WHEREFORE, Movant prays for an Order lifting the automatic stay, authorizing Movant to exercise its rights under its Note, Security Instrument and appropriate state statutes, including, but not limited to, the right to foreclose on its collateral.

Movant prays for reasonable attorney's fees and for such other and further relief as is just and equitable.


                                 MARY IDA TOWNSON, BAR NO. 715063
                                 Attorney for Movant

McCalla, Raymer, Padrick, Cobb, Nichols & Clark
1544 Old Alabama Road
Roswell, Georgia  30076-2102
(770) 643-2148
(800) 845-8633

File No. BAKY-02-00822

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
GEORGIA

02 JUL 17 AM 11: 51

W. YVONNE EVANS
CLERK

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO. 02-91266 |
| LAWRENCE WHISTLER | ) | |
| KATHLEEN WHISTLER | ) | CHAPTER 13 |
| | ) | |
| Debtors | ) | |
| | ) | |
| BANK OF AMERICA MORTGAGE, | ) | JUDGE: STACEY W. COTTON |
| | ) | |
| Movant | ) | |
| | ) | |
| vs | ) | CONTESTED MATTER |
| | ) | |
| LAWRENCE WHISTLER | ) | |
| KATHLEEN WHISTLER | ) | |
| JAMES H. BONE, Trustee | ) | |
| | ) | |
| Respondents | ) | |

NOTICE OF ASSIGNMENT OF HEARING

NOTICE IS HEREBY GIVEN THAT a Motion for Relief from the automatic stay has been filed in the above-styled case. In the event a hearing cannot be held within thirty (30) days from the filing of the motion for relief from the automatic stay as required by 11 U.S.C. Section 362, Movant waives this requirement and agrees to the next earliest possible date, as evidenced by the signature of its counsel below. The undersigned consents to the automatic stay (and any related co-debtor stay) remaining in effect with respect to Movant until the Court orders otherwise.

A HEARING will be held on the _12_ day of _Sept._, 20_02_, at _9:30 A_.M., in Courtroom 1404, 75 Spring Street, Atlanta, Georgia.

Within three days of the date of this notice, Movant's attorney or a pro se Movant, shall serve the motion and this notice upon the Debtors, Trustee and their attorneys of record, and shall file a certificate of service within three days of service. BLR 9007-2 NDGa.

DATED: **JUL 17 2002**

W. YVONNE EVANS, CLERK
UNITED STATES BANKRUPTCY COURT

CONSENTED TO:

_____
MARY IDA TOWNSON, BAR NO. 715063
Attorney for Movant
McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC
1544 Old Alabama Road
Roswell, Georgia  30076-2102
(770) 643-2148
(800) 845-8633

File No. BAKY-02-00822

BANKRUPTCY CASE NO. 02-91266

CHAPTER 13

*JUDGE: STACEY W. COTTON*

### CERTIFICATE OF SERVICE

I, Mary Ida Townson, of McCalla, Raymer, Padrick, Cobb, Nichols & Clark, 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That on the date below, I served a copy of the within NOTICE OF ASSIGNMENT OF HEARING, together with the "MOTION FOR RELIEF FROM THE AUTOMATIC STAY" filed in this bankruptcy matter on the following parties at the addresses shown, by regular United States Mail, postage prepaid, unless another manner of service is expressly indicated:

Lawrence Whistler
Kathleen Whistler
425 Red Jacket Way
Alpharetta, GA 30005

David L. Miller, Esquire
Law Offices of David L. Miller
3340 Peachtree Road, NE
Suite 2615
Atlanta, GA 30326

James H. Bone, Trustee
100 Peachtree Street, NW
Suite 1100 The Equitable Building
Atlanta, GA 30303

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on 7/22/02 By: _____
　　　　　　　(date)　　　　MARY IDA TOWNSON, BAR NO. 715063
　　　　　　　　　　　　　Attorney for Movant

File No. BAKY-02-00822

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
GEORGIA

02 JUL 17 AM II: 51

W. YVONNE EVANS
CLERK

BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | BANKRUPTCY CASE NO. 02-91766 |
| LAWRENCE WHISTLER | ) | |
| KATHLEEN WHISTLER | ) | CHAPTER 13 |
| | ) | |
| Debtors | ) | |

| | | |
|---|---|---|
| BANK OF AMERICA MORTGAGE, | ) | JUDGE: STACEY W. COTTON |
| | ) | |
| Movant | ) | |
| | ) | |
| vs | ) | CONTESTED MATTER |
| | ) | |
| LAWRENCE WHISTLER | ) | |
| KATHLEEN WHISTLER | ) | |
| JAMES H. BONE, Trustee | ) | |
| | ) | |
| Respondents | ) | |

## NOTICE OF ASSIGNMENT OF HEARING

NOTICE IS HEREBY GIVEN THAT a Motion for Relief from the automatic stay has been filed in the above-styled case.  In the event a hearing cannot be held within thirty (30) days from the filing of the motion for relief from the automatic stay as required by 11 U.S.C. Section 362, Movant waives this requirement and agrees to the next earliest possible date, as evidenced by the signature of its counsel below. The undersigned consents to the automatic stay (and any related co-debtor stay) remaining in effect with respect to Movant until the Court orders otherwise.

A HEARING will be held on the _12_ day of _Sept._, 20_02_.

at _9:30 A_.M., in Courtroom 1404, 75 Spring Street, Atlanta, Georgia.

Within three days of the date of this notice, Movant's attorney or a pro se Movant, shall serve the motion and this notice upon the Debtors, Trustee and their attorneys of record, and shall file a certificate of service within three days of service.  BLR 9007-2 NDGa.

DATED: **JUL 17 2002**

W. YVONNE EVANS, CLERK
UNITED STATES BANKRUPTCY COURT

CONSENTED TO:

MARY IDA TOWNSON, BAR NO. 715063
Attorney for Movant
McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC
1544 Old Alabama Road
Roswell, Georgia  30076-2102
(770) 643-2148
(800) 845-8633

File No. BAXY-02-00822

WHI.  GA0002

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

IN RE:                          : CHAPTER: 13
  LAWRENCE WHISTLER             :
                                :
                                : BANKRUPTCY NO: 02-91266-SWC
  LARRY ZBYSZKO

REQUEST OF CREDITOR PURSUANT TO BANKRUPTCY RULE 2002(g)
PROVIDING ADDRESS FOR SERVICE
OF NOTICES

To the Clerk:
To the Trustee:

        1. This request is filed pursuant to Bankruptcy Rule 2002(g)
for the purpose of ensuring that the creditors listed in the lower
right-hand corner receive all notices required to be mailed under
Bankruptcy Rule 2002 at the address contained herein.

        2. The address to which all such notices should be sent
appears in the lower right-hand corner of this document and is the
address for the attorney/agent for the creditor.

        3. The address below should be substituted for that of
the creditor named below.

        4. A copy of the request is being mailed this date,
by first class mail, postage prepaid, to the person(s), if any,
whose names and addresses appear in the lower left-hand corner.

                        American Express Centurion Bank
                        c/o BECKET & LEE, LLP
                        P.O. BOX 3001
                        Malvern, PA 19355-0701
                        BECKET AND LEE LLP, ATTORNEYS/AGENT

                        By: /s/Thomas A. Lee III
                             Thomas A. Lee III


                             (610) 644-7800

                        Date: September 18,2002

                         American Express Centurion Bank
                         CREDITOR


Pet: 02/04/02

WHI, GA0001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

IN RE:                              : CHAPTER: 13
 LAWRENCE WHISTLER                  :
                                    :
 LARRY ZBYSZKO                      : BANKRUPTCY NO: A-02-91266-SWC

REQUEST OF CREDITOR PURSUANT TO BANKRUPTCY RULE 2002(g)
PROVIDING ADDRESS FOR SERVICE
OF NOTICES

To the Clerk:
To the Trustee:

        1. This request is filed pursuant to Bankruptcy Rule 2002(g)
for the purpose of ensuring that the creditors listed in the lower
right-hand corner receive all notices required to be mailed under
Bankruptcy Rule 2002 at the address contained herein.

        2. The address to which all such notices should be sent
appears in the lower right-hand corner of this document and is the
address for the attorney/agent for the creditor.

        3. The address below should be substituted for that of
the creditor named below.

        4. A copy of the request is being mailed this date,
by first class mail, postage prepaid, to the person(s), if any,
whose names and addresses appear in the lower left-hand corner.

                        American Express Travel Related
                         Services Co., Inc.
                        c/o BECKET & LEE, LLP
                        P.O. BOX 3001
                        Malvern, PA 19355-0701
                        BECKET AND LEE LLP, ATTORNEYS/AGENT

                        By: /s/Thomas A. Lee III
                             Thomas A. Lee III


                        (610) 644-7800

                        Date: September 24, 2002
                        American Express Travel Related
                         Services Co., Inc.
                        CREDITOR


Pet: 02/04/02

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA      DIVISION

IN RE:                          )        CHAPTER 13
                                )
LAWRENCE AND                    )
KATHLEEN WHISTLER               )        A02-91266-C
                                )
                                )        Mon September 23, 2002
                                )
                                )
                                )

NOTICE OF INTENT TO PAY LATE-FILED CLAIM

Comes now James H. Bone in the above styled case and files herewith

his NOTICE OF INTENT TO PAY LATE-FILED CLAIM.  The following proof of

claim was filed after the bar date set forth in the Notice of

Commencement of Case issued in this Chapter 13 case.

| Name and address of Creditor | Claim Amount | Classification |
|---|---|---|
| CITIFINANCIAL<br>P.O. BOX 17099<br>BALTIMORE, MD 21297 | 6,551.38<br>Plus Int @   .00  % | MORTGAGE ARREARS |

Please be advised that the Chapter 13 Trustee shall fund this claim,
pursuant to the terms of the confirmed plan, unless an objection to
claim is filed with the Clerk of Court and served on affected parties
and the Chapter 13 Trustee within twenty (20) days of the date of this
notice.  The allowance of this claim does not affect the right of Debtor(s)
or Debtor(s) attorney to object to the substance of the claim.  PLEASE
GOVERN YOURSELVES ACCORDINGLY.

JAMES H. BONE
STANDING CHAPTER 13 TRUSTEE
SUITE 1100, THE EQUITABLE BUILDING
100 PEACHTREE STREET, N.W.
ATLANTA, GEORGIA 30303-1901
404-525-2555

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT I HAVE THIS DAY SERVED:

LAWRENCE AND
KATHLEEN WHISTLER
425 RED JACKET WAY
ALPHARETTA, GA 30005


DAVID L. MILLER, ATTY.
3340 PEACHTREE RD NE
SUITE 2615
ATLANTA, GA 30326


CITIFINANCIAL
P.O. BOX 17099
BALTIMORE, MD 21297


IN THE FOREGOING MATTER WITH A COPY OF THE TRUSTEE'S
CERTIFICATION BY DEPOSITING IN THE UNITED STATES MAIL A COPY
OF SAME IN A PROPERLY ADDRESSED ENVELOPE WITH ADEQUATE
POSTAGE THEREON.


DATED: September 26, 2002


/s/_____
OFFICE OF THE TRUSTEE


JAMES H. BONE
STANDING CHAPTER 13 TRUSTEE
SUITE 1100, THE EQUITABLE BUILDING
100 PEACHTREE STREET, N.W
ATLANTA, GA 30303
404-525-2555



ENTERED ON DOCKET

4 NOV 2002

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) BANKRUPTCY CASE |
| LAWRENCE WHISTLER | ) |
| KATHLEEN WHISTLER | ) NO. 02-91266 |
|      Debtors | ) |

| | |
|---|---|
| BANK OF AMERICA MORTGAGE, | ) |
| | ) |
|      Movant | ) CHAPTER 13 |
| vs. | ) |
| | ) |
| LAWRENCE   WHISTLER | ) |
| KATHLEEN   WHISTLER | ) JUDGE: STACEY W. COTTON |
| JAMES H. BONE, Trustee | ) |
| | ) |
|      Respondents | ) |

ORDER GRANTING MOTION FOR RELIEF FROM STAY

The above styled Motion having been called before the Court
for a hearing on September 12, 2002, upon Notice of Assignment of
Hearing to each of the above-captioned parties in interest, and it
appearing that there was no opposition to the Motion and that the
parties were properly served;

IT IS HEREBY ORDERED AND ADJUDGED that the 11 U.S.C. §362(a)
automatic stay is lifted as to Movant herein, its successors and
assigns, regarding the real property commonly known as 425 Red
Jacket Way, Alpharetta, Georgia.

FURTHER ORDERED that Movant, its successors and assigns, may
proceed to assert its rights, including, but not limited to, the

institution and completion of foreclosure proceedings, and to assert any and all of its respective rights and remedies under applicable law, as to its collateral.

FURTHER ORDERED that the Trustee shall cease funding the balance of Movant's pre-petition arrearage claim and supplemental claim, if any.

FURTHER ORDERED that upon the completion of any foreclosure sale, any funds in excess of the payoff due to Movant under its Note and Security Deed shall be paid to the Trustee for the benefit of the Estate.

SO ORDERED this _4th_ day of _November_ ,2002.

_____
STACEY W. COTTON
UNITED STATES BANKRUPTCY JUDGE

PREPARED AND PRESENTED BY:

_____
Mary Ida Townson, Bar No. 715063
Attorney for Movant

McCalla, Raymer, Padrick, Cobb, Nichols & Clark
1544 Old Alabama Road
Roswell, Georgia 30076-2102
(770) 643-2148
(800) 275-7171

NO OPPOSITION:

_____
James H. Bone, Bar No. 067000
Chapter 13 Trustee

## DISTRIBUTION LIST

Bankruptcy Department
McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC
1544 Old Alabama Road
Roswell, Georgia 30076-2102

Lawrence Whistler
Kathleen Whistler
425 Red Jacket Way
Alpharetta, GA  30005

David L. Miller, Esquire
Law Offices of David L. Miller
3340 Peachtree Road, NE
Suite 2615
Atlanta, GA 30326

James H.  Bone, Trustee
100 Peachtree St. NW
Suite 1100 The Equitable Building
Atlanta, GA 30303



ENTERED ON DOCKET

4 NOV 2002

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) BANKRUPTCY CASE |
| LAWRENCE WHISTLER | ) |
| KATHLEEN WHISTLER | ) NO. 02-91266 |
|     Debtors | ) |

| | |
|---|---|
| BANK OF AMERICA MORTGAGE, | ) |
| | ) |
|     Movant | ) CHAPTER 13 |
| vs. | ) |
| | ) |
| LAWRENCE   WHISTLER | ) |
| KATHLEEN   WHISTLER | ) JUDGE: STACEY W. COTTON |
| JAMES H. BONE, Trustee | ) |
| | ) |
|     Respondents | ) |

## ORDER GRANTING MOTION FOR RELIEF FROM STAY

The above styled Motion having been called before the Court for a hearing on September 12, 2002, upon Notice of Assignment of Hearing to each of the above-captioned parties in interest, and it appearing that there was no opposition to the Motion and that the parties were properly served;

IT IS HEREBY ORDERED AND ADJUDGED that the 11 U.S.C. §362(a) automatic stay is lifted as to Movant herein, its successors and assigns, regarding the real property commonly known as 425 Red Jacket Way, Alpharetta, Georgia.

FURTHER ORDERED that Movant, its successors and assigns, may proceed to assert its rights, including, but not limited to, the

institution and completion of foreclosure proceedings, and to assert any and all of its respective rights and remedies under applicable law, as to its collateral.

FURTHER ORDERED that the Trustee shall cease funding the balance of Movant's pre-petition arrearage claim and supplemental claim, if any.

FURTHER ORDERED that upon the completion of any foreclosure sale, any funds in excess of the payoff due to Movant under its Note and Security Deed shall be paid to the Trustee for the benefit of the Estate.

SO ORDERED this _4th_ day of _November_ ,2002.

_____
STACEY W. COTTON
UNITED STATES BANKRUPTCY JUDGE

PREPARED AND PRESENTED BY:

_____
Mary Ida Townson, Bar No. 715063
Attorney for Movant

McCalla, Raymer, Padrick, Cobb, Nichols & Clark
1544 Old Alabama Road
Roswell, Georgia 30076-2102
(770) 643-2148
(800) 275-7171

NO OPPOSITION:

_____
James H. Bone, Bar No. 067000
Chapter 13 Trustee

## DISTRIBUTION LIST

Bankruptcy Department
McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC
1544 Old Alabama Road
Roswell, Georgia 30076-2102

Lawrence Whistler
Kathleen Whistler
425 Red Jacket Way
Alpharetta, GA  30005

David L. Miller, Esquire
Law Offices of David L. Miller
3340 Peachtree Road, NE
Suite 2615
Atlanta, GA 30326

James H.  Bone, Trustee
100 Peachtree St. NW
Suite 1100 The Equitable Building
Atlanta, GA 30303

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113E-9          User: smithme          Page 1 of 1              Date Rcvd: Nov 05, 2002
Case: 02-91266               Form ID: PDF            Total Served: 6
```

```
The following entities were served by first class mail on Nov 06, 2002.
db          Kathleen Whistler,    425 Red Jacket Way,    Alpharetta, GA  30005
db          Lawrence Whistler,    425 Red Jacket Way,    Alpharetta, GA  30005
aty         Daniel L. Gibbs,    Suite 1100,   100 Peachtree Street,   Atlanta, GA  30303
aty         David L. Miller,    3340 Peachtree Rd. N.E.,    Suite 2615,   Atlanta, GA  30326
tr          +James H. Bone,    Suite 1100 Equitable Bldg.,   100 Peachtree Street, NW,   Atlanta, GA  30303-1906
5482269     Bankruptcy Department,    McCalla, Raymer, Padrick, Cobb,   Nichols & Clark,LLC,
              1544 Old Alabama Road,   Roswell, GA 30076
```

```
The following entities were served by electronic transmission.
NONE.                                                                        TOTAL: 0
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty*        David L. Miller,    3340 Peachtree Rd. N.E.,    Suite 2615,   Atlanta, GA  30326
tr*         +James H. Bone,    Suite 1100 Equitable Bldg.,   100 Peachtree Street, NW,   Atlanta, GA  30303-1906
pty*        Kathleen Whistler,    425 Red Jacket Way,    Alpharetta, GA  30005
pty*        Lawrence Whistler,    425 Red Jacket Way,    Alpharetta, GA  30005
                                                                       TOTALS: 0, * 4
```

```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Date: Nov 06, 2002          Signature:  *Joseph Speetjens*

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
DISTRICT
GEORGIA

02 NOV 13  PM 2: 39

CLERK

BY_____
DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LAWRENCE WHISTLER, | ) | **CHAPTER 13** |
| | ) | **CASE NO. 02-91266-SWC** |
| KATHLEEN WHISTLER, | ) | |
| Debtors. | ) | **JUDGE COTTON** |

## ATTORNEY'S MOTION FOR LEAVE TO WITHDRAW

COMES NOW, ROBERT J. GOLDMAN, ATTORNEY MOVANT, and, files this Motion For Leave to Withdraw as counsel of record for Lawrence Whistler and Kathleen Whistler in the above-styled matter, requesting that this Court enter an Order allowing Robert J. Goldman to withdraw as counsel in this Matter. In support of this Motion, Attorney Movant shows this Court the following:

1.

Robert J. Goldman, David L. Miller and the Law Offices of David L. Miller entered an appearance on behalf of for Lawrence Whistler and Kathleen Whistler by filing a Chapter 13 petition in the above styled matter.

2.

On or about July 19, 2002, Robert J. Goldman left the employment of the Law Offices of David L. Miller.

3.

To the best of Movant's knowledge and belief, David L. Miller informed Lawrence Whistler and Kathleen Whistler that Robert J. Goldman was leaving the employment of the Law Offices of David L. Miller and that the client consented to

continuing to utilize the services of the Law Offices of David L. Miller and David L. Miller in this matter.

4.

David L. Miler and the Law Offices of David L. Miller will continue to represent for Lawrence Whistler and Kathleen Whistlers' interests in this matter.

5.

This will not delay the action, interrupt the orderly operation of the court nor be manifestly unfair to the client.

WHEREFORE, MOVANT ROBERT J. GOLDMAN respectfully requests that this Court enter an Order allowing him to withdraw as counsel of record in this matter.

Respectfully submitted this the ___ day of November, 2002.

_____
ROBERT J. GOLDMAN
STATE BAR NO. 297342

2613G Paces Ridge
Atlanta, Georgia 30339
(678) 427-7386

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LAWRENCE WHISTLER, | ) | **CHAPTER 13** |
| | ) | **CASE NO. 02-91266-SWC** |
| KATHLEEN WHISTLER, | ) | |
| Debtors. | ) | **JUDGE COTTON** |

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing ATTORNEY'S MOTION FOR LEAVE TO WITHDRAW upon the following by United States mail with adequate postage prepaid and addressed as follows:

David L. Miller, Esq.
Suite 2615—Tower Place 100
3340 Peachtree Road, NE
Atlanta, Georgia  30326

James H. Bone, Trustee
Suite 1100 , The Equitable Bldg.
100 Peachtree St.
Atlanta, Georgia  30303

This the 11th day of November, 2002.

ROBERT J. GOLDMAN
STATE BAR NO. 297342

2613G Paces Ridge
Atlanta, Georgia  30339
(678) 427-7386

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA      DIVISION

IN RE:                    )        CHAPTER 13
                          )
LAWRENCE AND
KATHLEEN WHISTLER         )        A02-91266-C
                          )

TRUSTEE'S REPORT OF NON COMPLIANCE

THE CHAPTER 13 TRUSTEE HAS REVIEWED THIS CASE AND FINDS THAT:

THE DEBTOR FILED THIS BANKRUPTCY CASE ON February 4, 2002 .
AND THE ORDER CONFIRMING THE CASE WAS ENTERED July 2, 2002 .

THE DEBTOR DEFAULTED ON PAYMENTS THAT CAME DUE TO THE TRUSTEE
IN THE SIX MONTH PERIOD IMMEDIATELY FOLLOWING CONFIRMATION.

THE RECEIPT HISTORY ATTACHED TO THIS REPORT AND MARKED
EXHIBIT "A" WILL SHOW THAT THE DEBTOR DEFAULTED ON PAYMENTS
THAT CAME DUE DURING THIS PERIOD.

PARAGRAPH 6 OF THE ORDER AND NOTICE OF FILING AND PARAGRAPH
7 OF THE ORDER CONFIRMING THE PLAN AND ORDER TO DEBTOR PROVIDE
THAT THIS CASE SHALL BE DISMISSED WITHOUT FURTHER NOTICE
UPON CERTIFICATION BY THE TRUSTEE THAT THE DEBTOR MISSED
ANY PAYMENTS DURING THIS SIX MONTH PERIOD.  PLEASE ENTER
AN ORDER OF DISMISSAL PURSUANT TO THESE PROVISIONS.

DATED:  November 15, 2002    /S/_____
                                 OFFICE OF THE CHAPTER 13 TRUSTEE

JAMES H. BONE
STANDING CHAPTER 13 TRUSTEE
SUITE 1100, THE EQUITABLE BUILDING
100 PEACHTREE STREET, N.W.
ATLANTA, GEORGIA 30303-1901
404-525-2555

EXHIBIT "A"

CASE NO: 02-91266                          11/13/2002
LAWRENCE AND
KATHLEEN WHISTLER

THE ORDER OF CONFIRMATION WAS DATED Tue Jul 02, 2002.  THIS RECEIPT
HISTORY DETAILS THE DEBTOR'S DEFAULT IN THE SIX MONTH PERIOD
FOLLOWING CONFIRMATION.

RECEIPT HISTORY

| DATE | TYPE | SOURCE | AMOUNT |
|------|------|--------|--------|
| Apr 17, 2002 | PERSONAL CHECK FROM | 3723 | 700.00 |
| May 16, 2002 | PERSONAL CHECK FROM | 3733 | 1,400.00 |
| Jul 26, 2002 | PERSONAL CHECK FROM | 3749 | 1,400.00 |
| Aug 23, 2002 | PERSONAL CHECK FROM | 3764 | 700.00 |
| TOTAL PAID IN | | | $ 4,200.00 |

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT I HAVE THIS DAY SERVED:

LAWRENCE AND
KATHLEEN WHISTLER
425 RED JACKET WAY
ALPHARETTA, GA 30005

DAVID L. MILLER, ATTY.
3340 PEACHTREE RD NE
SUITE 2615
ATLANTA, GA 30326

IN THE FOREGOING MATTER WITH A COPY OF THE TRUSTEE'S
CERTIFICATION BY DEPOSITING IN THE UNITED STATES MAIL A COPY
OF SAME IN A PROPERLY ADDRESSED ENVELOPE WITH ADEQUATE
POSTAGE THEREON.

DATED:  November 15, 2002

/S/_____
    OFFICE OF THE TRUSTEE

JAMES H. BONE
STANDING CHAPTER 13 TRUSTEE
SUITE 1100, THE EQUITABLE BUILDING
100 PEACHTREE STREET, N.W.
ATLANTA, GEORGIA 30303-1901
404-525-2555

UNITED STATES BANKRUPTCY COURT
Northern District of Georgia

Case No. : 02-91266

In re:                                        Chapter: 13
Lawrence Whistler
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
425 Red Jacket Way                            Judge: Stacey W. Cotton
Alpharetta GA 30005

Kathleen Whistler
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
425 Red Jacket Way
Alpharetta GA 30005
Debtor(s)

ORDER OF DISMISSAL

The Chapter 13 Trustee reports that the Debtor(s) has failed to comply with the direction of the Court. Therefore,

IT IS ORDERED THAT THIS CASE IS DISMISSED.

Any unpaid filing fees must be paid by the Debtor(s) to the Clerk of the United States Bankruptcy Court within ten (10) days of the date of the entry of this Order.

The Clerk is directed to serve a copy of this Order on the Debtor(s), the Attorney for the Debtor(s), the Chapter 13 Trustee, all creditors and other parties in interest. The Attorney for the Debtor(s) shall serve a copy of this Order upon any employer of the Debtor(s) who is subject to an employer deduction order.

Stacey W. Cotton

United States Bankruptcy Judge

Dated: 11/15/02

Form fcp - Rev. 4/10/01

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113E-9          User: smithme          Page 1 of 2          Date Rcvd: Nov 19, 2002
Case: 02-91266               Form ID: FCP            Total Served: 52


The following entities were served by first class mail on Nov 20, 2002.
db          Kathleen Whistler,    425 Red Jacket Way,    Alpharetta, GA  30005
db          Lawrence Whistler,    425 Red Jacket Way,    Alpharetta, GA  30005
aty         Daniel L. Gibbs,    Suite 1100,    100 Peachtree Street,    Atlanta, GA  30303
aty         David L. Miller,    3340 Peachtree Rd. N.E.,    Suite 2615,    Atlanta, GA  30326
aty        +Gregson T. Haan,    1275 Peachtree Street, NE,    Suite 430,    Atlanta, GA  30309-3576
aty         Mary Ida Townson,    1544 Old Alabama Road,    Roswell, GA  30076
aty         Robert J. Goldman,    2613Q Paces Ridge,    Atlanta, GA  30339
aty         Thomas A. Lee, III,    16 General Warren Blvd.,    Malvern, PA  19355
tr         +James H. Bone,    Suite 1100 Equitable Bldg.,    100 Peachtree Street, NW,    Atlanta, GA  30303-1906
5370295     American Express Centurion Bank,    BECKET AND LEE LLP, ATTORNEYS/AGENT,    c/o BECKET & LEE, LLP,
              P.O. BOX 3001,    Malvern, PA 19355-0701
5383503     American Express Travel Related,    Services Co., Inc.,    BECKET AND LEE LLP, ATTORNEYS/AGENT,
              P.O. BOX 3001,    Malvern, PA 19355-0701
4891156     Ann Taylor,    PO Box 1304,    New Haven, CT 06505-1304
4891164     Attorney General of GA,    132 State Judicial Bldg.,    Atlanta, Ga 30334
4891137     Bank of America,    C/o McCalla, Raymer, Padrick, Cobb,    Nichols & Clark, LLC,
              1544 Old Alabama Road,    Roswell, GA  30076
5482269     Bankruptcy Department,    McCalla, Raymer, Padrick, Cobb,    Nichols & Clark,LLC,
              1544 Old Alabama Road,    Roswell, GA  30076
4891142     Beneficial,    704B North Main Street,    Alpharetta, GA 30004
4918536     Beneficial Georgia Inc.,    P.O. Box 9055,    Brandon, GL 33509-9055
4891140    +Capital One,    Capital One Services, Inc.,    1957 Westmoreland Road,    Richmond, VA 23276-0001
5171451     Capital One Bank,    P.O. Box 85167,    Richmond, VA 23285
4891150     Capital One Bank,    PO Box 530092,    Atlanta, Ga 30353
4891143     CitiFinancial,    2650 Dallas Highway,    Suite 160,    Marietta, GA 30064-7506
5354871     CitiFinancial,    P.O. Box 17099,    Baltimore, MD 21297
4891146     Citicorp Credit Services,    7920 NW 110th Street,    Kansas City, MO 64153
4918545    +Conseco Finance Servicing Corp.,    P.O. Box 6154,    MHD Bankruptcy Department,
              Rapid City, SD 57709-6154
4891153     Dillard National Bank,    P.O. Box 52051,    Phoenix, AZ 85072-2051
4891138     Direct Merchants Bank,    PO Box 22128,    Tulsa, OK 74121
4891139     Discover Financial Services,    PO Box 8003,    Hillird, OH 43026
4937688     FDS BANK - Richs,    TSYS TOTAL DEBT MGMT, INC.,    PO BOX 6700,    NORCROSS, GA 30091
5164438     Federated Macys,    TSYS Debt Mgmt , Inc,    P.O. Box 6700,    Norcross, GA 30091
4891141     First North American national Bank,    PO Box 42364,    Richmond, VA 23242
4891154    +First Select,    PO Box 9104,    Pleasanton, CA 94566-9102
4891163    +First Union,    Dept of Revenue,    Bankruptcy Insolvency Unit,    PO Box 3889,    Atlanta, GA 30334
4891145     GMAC,    PO Box 7041,    Troy, MI 48007-7041
4992548     General Motors Acceptance Corporation,    PO Box 7041,    Troy,MI 48007-7041
4891144     Haverty's,    TSYS Total Debt Management,    POB 6700,    Norcross, GA  30091
4891158    +Internal Revenue Service,    PO Box 995,    Room 1640, Stop 334-D,    Atlanta, Ga 30301-0995
4891157     Jacobson,    PO Box 768,    Jackson, MI 49204-0768
4891152     Kohl's,    PO Box 740933,    Dallas, TX 75374
4891155     Lord & Taylor,    111 Boulder Industrial Dr.,    Bridgeton, MO  63044
4891151     Macy's,    5300 Kings Island Drive,    Mason, OH 45040
5117591     McCullough and Payne,    1275 Pechtree St., NE,    Suite 430,    Atlanta, GA 30309
4994970     Providian National Bank,    4900 Johnson Dr.,    Pleasanton, CA  94588
5165254     Resurgent Capital Services,    P.O. Box 10587,    Greenville, SC 29603-0587
4891149     Rich's,    PO Box 4587,    Carol Stream, IL 60197-4587
4891162     State of GA Revenue Commissioner,    410 Trinity Washington Bldg.,    Atlanta, GA 30334
4891161     Steven Shapiro,    Chief-Tax Division,    Dept. of Justice,    PO Box 14198 Ben Franklin Station,
              Washington, DC 20044
4891148    +Target-Retailers National Bank,    PO Box 59317,    Minneapolis, MN 55459-0317
5117592     Timothy Whistler,    425 Red Jacket Way,    Alpharetta, GA 30005
4891159    +US Attorney,    1800 Richard B Russell Bldg.,    75 Spring Street, SW,    Atlanta, Ga 30303-3309
4891160     US Attorney General,    Dept. of Justice, Tax Division,    Civil Trial Section, Southern Region,
              PO Box 14198 Ben Franklin Station,    Washington, DC 20044
5052432    +WORLD FINANCIAL NETWORK,    PO BOX 182781,    COLUMBUS, OH 43218-2781
4891147    +Wal-Mart,    PO Box 530929,    Atlanta, Ga 30353-0929

The following entities were served by electronic transmission.
NONE.                                                                                      TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

District/off: 113E-9          User: smithme          Page 2 of 2          Date Rcvd: Nov 19, 2002
Case: 02-91266               Form ID: PCP            Total Served: 52

***** BYPASSED RECIPIENTS (continued) *****

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Date: Nov 20, 2002                    Signature:  _____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

IN RE: LAWRENCE WHISTLER          KATHLEEN WHISTLER          CASE No.
       425 RED JACKET WAY         425 RED JACKET WAY
       ALPHARETTA, GA             ALPHARETTA, GA             A02-91266-C
                      30005-0000                    30005-0000

                      FINAL REPORT AND ACCOUNT
                                              SS#1 - 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
                                              SS#2 - 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

This Case was              The Plan was              The Case was
commenced on  02/04/02     confirmed on 07/02/02     concluded on 11/15/02

THIS CASE IS DISMISSED AFTER CONFIRMATION          .
     Your trustee has maintained a detailed record  of  all  receipts, including
the source or other identification of each receipt  and  of  all  disbursements.
Copies of these detailed records are incorporated by reference in this report.

DIVIDEND TO UNSECURED CREDITORS ... 20.00 %

RECEIPTS: Amount paid to the Trustee by or for the Debtor  for  the  benefit  of
          creditors.                                        $  4,200.00

----------------------------------------------------------------------------
| DISBURSEMENTS TO CREDITORS<br>CREDITOR'S NAME | | DEBT<br>AMOUNT | PAID BY<br>TRUSTEE | DIRECT<br>PAY | BALANCE<br>DUE |
|---|---|---|---|---|---|
| BANK OF AMERICA | M | 12,528.16 | 991.13 | 11,537.03 | .00 |
| CAPITAL ONE BANK | U | 673.78 | .00 | .00 | 134.76 |
| CAPITAL ONE BANK | U | 647.13 | .00 | .00 | 129.43 |
| CITIFINANCIAL | M | 5,512.00 | 436.06 | .00 | 5,075.94 |
| CITIFINANCIAL | M | 6,551.38 | .00 | .00 | 6,551.38 |
| DILLARD NATIONAL BANK | U | 596.60 | .00 | .00 | 119.32 |
| DISCOVER FINANCIAL SERVIC | U | 3,789.99 | .00 | .00 | 758.00 |
| GMAC | S | 16,325.00 | 1,144.44 | .00 | 15,180.56 |
| INTEREST PAID TO THE ABOVE CLAIM: | | | 419.90 | | |
| GMAC | U | 19,320.87 | .00 | .00 | 3,864.17 |
| GMAC | U | 599.16 | .00 | .00 | 119.83 |
| GMAC | U | 3,730.26 | .00 | .00 | 746.05 |
| HAVERTY'S CREDIT SERVICES | S | 450.00 | 14.40 | .00 | 435.60 |
| INTEREST PAID TO THE ABOVE CLAIM: | | | 55.03 | | |
| HAVERTY'S CREDIT SERVICES | S | 700.00 | 22.41 | .00 | 677.59 |
| INTEREST PAID TO THE ABOVE CLAIM: | | | 85.59 | | |
| HAVERTY'S CREDIT SERVICES | U | 492.48 | .00 | .00 | 98.50 |
| HAVERTY'S CREDIT SERVICES | U | 799.90 | .00 | .00 | 159.98 |
| HOUSEHOLD RETAIL SERVICES | U | 4,862.68 | .00 | .00 | 972.54 |
| JACOBSON | U | 223.17 | .00 | .00 | 44.63 |
| KOHLS | U | 1,010.47 | .00 | .00 | 202.09 |
| LORD & TAYLOR | U | 687.21 | .00 | .00 | 137.44 |
| PROVIDIAN NATIONAL BANK | U | 29,669.16 | .00 | .00 | 5,933.83 |
| BENEFICIAL | U | .00 | .00 | .00 | .00 |
| CITICORP CREDIT SRV. | U | .00 | .00 | .00 | .00 |
| DIRECT MERCHANTS BAN | U | .00 | .00 | .00 | .00 |

                    PAGE  1 - CONTINUED ON NEXT PAGE

```
------------------------------------------------------------------------
DISBURSEMENTS TO CREDITORS  DEBT         TOTAL      PAID           BALANCE
         CREDITOR'S NAME                 AMOUNT     PAID               DUE
------------------------------------------------------------------------
DISCOVER                    U       .00        .00         .00         .00
1ST N. AMERICAN NTL.        U       .00        .00         .00         .00
HAVERTY'S                   U       .00        .00         .00         .00
RICH'S                      U       .00        .00         .00         .00
TARGET                      U       .00        .00         .00         .00
SHERMAN ACQUISITION LP      U  1,202.32        .00         .00      240.46
TSYS TOTAL DEBT MGMT, INC   U  1,946.07        .00         .00      389.21
TSYS TOTAL DEBT MGMT, INC   U    579.92        .00         .00      115.98
WORLD FINANICAL NETWK NAT   U    641.97        .00         .00      128.39
LAWRENCE   WHISTLER                            .00
```

SUMMARY OF CLAIMS ALLOWED AND PAID

```
------------------------------------------------------------------------
          SECURED   PRIORITY   GENERAL        DEB REF   TOTAL
--------------------------------------------------------------TOTAL PAID
AMT. ALLOW 42066.54      .00  71473.14            .00  113539.68   PLUS
PRIN. PAID  2608.44      .00       .00            .00    2608.44DIRECT PAY
INT.  PAID   560.52      .00       .00                    560.52
DIRECT PAY 11537.03      .00       .00                  11,537.03 14705.99
------------------------------------------------------------------------
OTHER DISBURSEMENTS UNDER ORDER OF COURT:
       DEBTOR'S ATTORNEY          FEE ALLOWED   FEE PAID
DAVID L. MILLER, ATTY.              1,300.00     815.80
------------------------------------------------------------------------
COURT COSTS AND OTHER EXPENSES OF ADMINISTRATION:

    FILING         NOTICING       TRUSTEE
    EXPENSE        EXPENSE        EXPENSE       TOTAL
    ---------      ---------      ---------     ---------
        .00            .00         215.24        215.24
```

WHEREFORE, your Trustee shows this Court that the estate has been properly and fully administered in accordance with the requirements  of the Bankruptcy Code and Rules, and the estate is ready for closing, and prays that a Final Decree be entered discharging the Trustee and closing the estate, and granting such other and further relief as the Court may deem just and proper.


                          /S/_____
                          JAMES H. BONE, TRUSTEE
       Date: 12/17/02     State Bar No. 067000

                          PAGE  2 OF  2

UNITED STATES BANKRUPTCY COURT
Northern District of Georgia

Case Number: 02-91266
Chapter: 13

In re:
Lawrence Whistler, 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, aka
Larry Zbyszko, Kathleen Whistler,
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

Judge: Stacey W. Cotton

425 Red Jacket Way
Alpharetta, GA 30005

Debtor(s)

ORDER APPROVING ACCOUNT, DISCHARGING CHAPTER 13 TRUSTEE
AND CLOSING ESTATE

It appearing that the case of the above-named Debtor(s) was dismissed by Order of this Court, and

It further appearing that the Chapter 13 Trustee herein has made distribution of all funds paid into the hands of the Trustee by the Debtor(s) and has rendered a full and complete account thereof, and that said Trustee has performed all other duties as required in the administration of said estate; and that said estate has been fully administered.

IT IS HEREBY ORDERED that:

1.   The account of the Chapter 13 Trustee is allowed and approved;
2.   The Chapter 13 Trustee is discharged and relieved of the trust;
3.   The estate is closed; and
4.   The Clerk shall mail a copy of this Order to the Debtor, the attorney for the Debtor(s), and the Trustee.

Stacey W. Cotton

United States Bankruptcy Judge

Dated: 12/20/02

Form OD3 - Rev. 07/17/01

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

| | |
|---|---|
| District/off: 113E-9 | User: smithme | Page 1 of 2 | Date Rcvd: Dec 20, 2002 |
| Case: 02-91266 | Form ID: OD3 | Total Served: 52 | |

The following entities were served by first class mail on Dec 22, 2002.
```
db        Kathleen Whistler,   425 Red Jacket Way,   Alpharetta, GA  30005
db        Lawrence Whistler,   425 Red Jacket Way,   Alpharetta, GA  30005
aty       Daniel L. Gibbs,   Suite 1100,   100 Peachtree Street,   Atlanta, GA  30303
aty       David L. Miller,   3340 Peachtree Rd. N.E.,   Suite 2615,   Atlanta, GA  30326
aty      +Gregson T Haan,   1275 Peachtree Street, NE,   Suite 430,   Atlanta, GA  30309-3576
aty       Mary Ida Townson,   1544 Old Alabama Road,   Roswell, GA  30076
aty       Robert J. Goldman,   26136 Paces Ridge,   Atlanta, GA  30339
aty       Thomas A. Lee, III,   16 General Warren Blvd.,   Malvern, PA  19355
tr       +James H. Bone,   Suite 1100 Equitable Bldg.,   100 Peachtree Street, NW,   Atlanta, GA  30303-1906
5370295   American Express Centurion Bank,   BECKET AND LEE LLP, ATTORNEYS/AGENT,   c/o BECKET & LEE, LLP,
          P.O. BOX 3001,   Malvern, PA 19355-0701
5383503   American Express Travel Related,   Services Co., Inc.,   BECKET AND LEE LLP, ATTORNEYS/AGENT,
          P.O. BOX 3001,   Malvern, PA 19355-0701
4891156   Ann Taylor,   PO Box 1304,   New Haven, CT 06505-1304
4891164   Attorney General of GA,   132 State Judicial Bldg.,   Atlanta, Ga 30334
4891137   Bank of America,   C/o McCalla, Raymer, Padrick, Cobb.,   Nichols & Clark, LLC,
          1544 Old Alabama Road,   Roswell, GA 30076
5482269   Bankruptcy Department,   McCalla, Raymer, Padrick, Cobb,   Nichols & Clark,LLC,
          1544 Old Alabama Road,   Roswell, GA 30076
4891142   Beneficial,   7048 North Main Street,   Alpharetta, GA 30004
4918536   Beneficial Georgia Inc.,   P.O. Box 9055,   Brandon, GL 33509-9055
4891140  +Capital One,   Capital One Services, Inc.,   1957 Westmoreland Road,   Richmond, VA 23276-0001
5171451   Capital One Bank,   P.O. Box 85167,   Richmond, VA 23285
4891150   Capital One Bank,   PO Box 530092,   Atlanta, Ga 30353
4891143   CitiFinancial,   2650 Dallas Highway,   Suite 160,   Marietta, GA 30064-7506
5354871   CitiFinancial,   P.O. Box 17099,   Baltimore, MD 21297
4891146   Citicorp Credit Services,   7920 NW 110th Street,   Kansas City, MO 64153
4918545  +Conseco Finance Servicing Corp.,   P.O. Box 6154,   MHD Bankruptcy Department,
          Rapid City, SD 57709-6154
4891153   Dillard National Bank,   P.O. Box 52051,   Phoenix, AZ 85072-2051
4891138   Direct Merchants Bank,   PO Box 22128,   Tulsa, OK 74121
4891139   Discover Financial Services,   PO Box 8003,   Hillird, OH 43026
4937688   FDS BANK - Richs,   TSYS TOTAL DEBT MGMT, INC.,   PO BOX 6700,   NORCROSS, GA 30091
5164438   Federated Macys,   TSYS Debt Mgmt., Inc,   P.O. Box 6700,   Norcross, GA 30091
4891141   First North American national Bank,   PO Box 42364,   Richmond, VA 23242
4891154  +First Select,   PO Box 9104,   Pleasonton, CA 94566-9102
4891163   GA Dept. of Revenue,   Bankruptcy Insolvency Unit,   PO Box 3889,   Atlanta, GA 30334
4891145   GMAC,   PO Box 7041,   Troy, MI 48007-7041
4992548   General Motors Acceptance Corporation,   PO Box 7041,   Troy,MI 48007-7041
4891144   Haverty's,   TSYS Total Debt Management,   POB 6700,   Norcross, GA 30091
4891158  +Internal Revenue Service,   PO Box 995,   Room 1640, Stop 334-D.   Atlanta, Ga 30301-0995
4891157   Jacobson,   PO Box 768,   Jackson, MI 49204-0768
4891152   Kohl's,   PO Box 740933,   Dallas, TX 75374
4891155   Lord & Taylor,   111 Boulder Industrial Dr.,   Bridgeton, MO  63044
4891151   Macy's,   5300 Kings Island Drive,   Mason, OH 45040
5117591   McCullough and Payne,   1275 Pechtree St., NE,   Suite 430,   Atlanta, GA 30309
4994970   Providian National Bank,   4900 Johnson Dr.,   Pleasanton, CA 94588
5165254   Resurgent Capital Services,   P.O. Box 10587,   Greenville, SC 29603-0587
4891149   Rich's,   PO Box 4587,   Carol Stream, IL 60197-4587
4891162   State of GA Revenue Commissioner,   410 Trinity- Washington Bldg.,   Atlanta, GA 30334
4891161   Steven Shapiro,  Chief-Tax Division,   Dept. of Justice,   PO Box 14198 Ben Franklin Station,
          Washington, DC 20044
4891148  +Target-Retailers National Bank,   PO Box 59317,   Minneapolis, MN 55459-0317
5117592   Timothy Whistler,   425 Red Jacket Way,   Alpharetta, GA 30005
4891159  +US Attorney,   1800 Richard B. Russell Bldg.,   75 Spring Street, SW,   Atlanta, Ga 30303-3309
4891160   US Attorney General,   Dept. of Justice, Tax Division,   Civil Trial Section, Southern Region,
          PO Box 14198 Ben Franklin Station,   Washington, DC 20044
5052432  +WORLD FINANCIAL NETWORK,   PO BOX 182781,   COLUMBUS, OH 43218-2781
4891147  +Wal-Mart,   PO Box 530929,   Atlanta, Ga 30353-0929
```

The following entities were served by electronic transmission.
NONE                                                                                 TOTAL: 0

          ***** BYPASSED RECIPIENTS *****

NONE                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

District/off: 113E-9          User: smithme          Page 2 of 2          Date Rcvd. Dec 20, 2002
Case: 02-91266               Form ID: OD3            Total Served: 52

***** BYPASSED RECIPIENTS (continued) *****

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Date: Dec 22, 2002                    Signature:    _Joseph Speetjens_

**02-91266-swc** Lawrence Whistler and Kathleen Whistler
**Case type:** bk **Chapter:** 13 **Asset:** Yes (Select if Chapter 13,11 or 12) **Vol:** v **Judge:** Stacey W. Cotton
**Date filed:** 02/04/2002 **Plan confirmed:** 07/02/2002
**Date terminated:** 12/20/2002 **Date of last filing:** 12/22/2002

# Creditors

**American Express Centurion Bank**
BECKET AND LEE LLP, ATTORNEYS/AGENT
c/o BECKET & LEE, LLP                              (cr)
P.O. BOX 3001
Malvern, PA 19355-0701

**American Express Travel Related**
Services Co., Inc.
BECKET AND LEE LLP, ATTORNEYS/AGENT      (cr)
P.O. BOX 3001
Malvern, PA 19355-0701

**Ann Taylor**
PO Box 1304                                        (cr)
New Haven, CT 06505-1304

**Attorney General of GA**
132 State Judicial Bldg.                           (cr)
Atlanta, Ga 30334

**Bank of America**
C/o McCalla, Raymer, Padrick, Cobb,
Nichols & Clark, LLC                               (cr)
1544 Old Alabama Road
Roswell, GA 30076

**Bankruptcy Department**
McCalla, Raymer, Padrick, Cobb
Nichols & Clark,LLC                                (cr)
1544 Old Alabama Road
Roswell, GA 30076

**Beneficial**
704B North Main Street                             (cr)
Alpharetta, GA 30004

**Beneficial Georgia Inc.**
P.O. Box 9055                                      (cr)
Brandon, GL 33509-9055

**Capital One**
Capital One Services, Inc.
1957 Westmoreland Road                             (cr)
Richmond, VA 23276-5617

**Capital One Bank**
P.O. Box 85167                                    (cr)
Richmond, VA 23285

**Capital One Bank**
PO Box 530092                                     (cr)
Atlanta, Ga 30353

**CitiFinancial**
2650 Dallas Highway
Suite 160                                         (cr)
Marietta, GA 30064-7506

**CitiFinancial**
P.O. Box 17099                                    (cr)
Baltimore, MD 21297

**Citicorp Credit Services**
7920 NW 110th Street                              (cr)
Kansas City, MO 64153

**Conseco Finance Servicing Corp.**
P.O. Box 6154
MHD Bankruptcy Department                         (cr)
Rapid City, SD 57709-9858

**Dillard National Bank**
P.O. Box 52051                                    (cr)
Phoenix, AZ 85072-2051

**Direct Merchants Bank**
PO Box 22128                                      (cr)
Tulsa, OK 74121

**Discover Financial Services**
PO Box 8003                                       (cr)
Hillird, OH 43026

**FDS BANK - Richs**
TSYS TOTAL DEBT MGMT, INC.
PO BOX 6700                                       (cr)
NORCROSS, GA 30091

**Federated Macys**
TSYS Debt Mgmt., Inc
P.O. Box 6700                                     (cr)
Norcross, GA 30091

**First North American national Bank**
PO Box 42364                                      (cr)
Richmond, VA 23242

**First Select**
PO Box 9104                                    (cr)
Pleasonton, CA 94015-3970

**GA Dept. of Revenue**
Bankruptcy Insolvency Unit
PO Box 3889                                    (cr)
Atlanta, Ga 30334

**GMAC**
PO Box 7041                                    (cr)
Troy, MI 48007-7041

**General Motors Acceptance Corporation**
PO Box 7041                                    (cr)
Troy,MI 48007-7041

**Haverty's**
TSYS Total Debt Management
POB 6700                                       (cr)
Norcross, GA 30091

**Internal Revenue Service**
PO Box 995
Room 1640, Stop 334-D                          (cr)
Atlanta, Ga 30370

**Jacobson**
PO Box 768                                     (cr)
Jackson, MI 49204-0768

**Kohl's**
PO Box 740933                                  (cr)
Dallas, TX 75374

**Lord & Taylor**
111 Boulder Industrial Dr.                     (cr)
Bridgeton, MO 63044

**Macy's**
P.O. Box 8120                                  (cr)
Mason, OH 45040

**McCullough and Payne**
1275 Pechtree St., NE
Suite 430                                      (cr)
Atlanta, GA 30309

**Providian National Bank**
4900 Johnson Dr.                               (cr)
Pleasanton, CA 94588

**Resurgent Capital Services**
P.O. Box 10587                                 (cr)

Greenville, SC 29603-0587

**Rich's**
PO Box 4587                                    (cr)
Carol Stream, IL 60197-4587

**State of GA Revenue Commissioner**
410 Trinity- Washington Bldg.                  (cr)
Atlanta, GA 30334

**Steven Shapiro**
Chief-Tax Division
Dept. of Justice                               (cr)
PO Box 14198 Ben Franklin Station
Washington, DC 20044

**Target-Retailers National Bank**
PO Box 59317                                   (cr)
Minneapolis, MN 55459-0226

**Timothy Whistler**
425 Red Jacket Way                             (cr)
Alpharetta, GA 30005

**US Attorney**
1800 Richard B. Russell Bldg.
75 Spring Street, SW                           (cr)
Atlanta, Ga 30335

**US Attorney General**
Dept. of Justice, Tax Division
Civil Trial Section, Southern Region           (cr)
PO Box 14198 Ben Franklin Station
Washington, DC 20044

**WORLD FINANCIAL NETWORK**
PO BOX 182781                                  (cr)
COLUMBUS, OH 43218-2124

**Wal-Mart**
PO Box 530929                                  (cr)
Atlanta, Ga 30353-0925

# Northern District of Georgia
# Claims Register

## 02-91266-swc Lawrence Whistler and Kathleen WhistlerCASE CLOSED on 12/20/2002
### Judge Stacey W. Cotton
### Debtor Name: WHISTLER,LAWRENCE

| Claim No: 1 | *Creditor Name:* Beneficial Georgia Inc.<br>P.O. Box 9055<br>Brandon, GL 33509-9055 | *Last Date to File Claims:*<br>06/13/2002<br>*Last Date to File (Govt):*<br>*Filing Status:*<br>*Docket Status:*<br>*Late:* N |
|---|---|---|
| *Claim Date:* 02/14/2002 | *Amends Claim No:*<br>*Amended By Claim No:* | *Duplicates Claim No:*<br>*Duplicated By Claim No:* |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $4862.68 | |
| **Total** | **$4862.68** | |

*Description:*

*Remarks:*

| Claim No: 2 | *Creditor Name:* Conseco Finance Servicing Corp.<br>P.O. Box 6154<br>MHD Bankruptcy Department<br>Rapid City, SD 57709-9858 | *Last Date to File Claims:*<br>06/13/2002<br>*Last Date to File (Govt):*<br>*Filing Status:*<br>*Docket Status:*<br>*Late:* N |
|---|---|---|
| *Claim Date:* 02/14/2002 | *Amends Claim No:*<br>*Amended By Claim No:* | *Duplicates Claim No:*<br>*Duplicated By Claim No:* |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| **Total** | | |

*Description:* file on incorrect case

*Remarks:* (n/a)

Case 1:02-cv-01008-CC    Document 41    Filed 02/09/04    Page 145 of 242

| Claim No: 3 | Creditor Name: Haverty's<br>TSYS Total Debt Management<br>POB 6700<br>Norcross, GA 30091 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 02/21/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |

| Class | Amount Claimed | Amount Allowed |
|---|---|---|
| Unsecured | $942.48 | |
| **Total** | **$942.48** | |

Description:

Remarks:

| Claim No: 4 | Creditor Name: Haverty's<br>TSYS Total Debt Management<br>POB 6700<br>Norcross, GA 30091 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 02/21/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |

| Class | Amount Claimed | Amount Allowed |
|---|---|---|
| Secured | $1499.90 | |
| **Total** | **$1499.90** | |

Description:

Remarks:

| Claim No: 5 | Creditor Name: FDS BANK - Richs<br>TSYS TOTAL DEBT MGMT, INC.<br>PO BOX 6700<br>NORCROSS, GA 30091 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 02/22/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |

| Class | Amount Claimed | Amount Allowed |
|---|---|---|
| Unsecured | $1946.07 | |
| **Total** | **$1946.07** | |

Description:

Remarks:

| Claim No: 6 | Creditor Name: Discover Financial Services<br>PO Box 8003<br>Hillird, OH 43026 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 02/25/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $3789.99 | |
| **Total** | **$3789.99** | |

Description:

Remarks:

| Claim No: 7 | Creditor Name: Lord & Taylor<br>111 Boulder Industrial Dr.<br>Bridgeton, MO 63044 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 03/04/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $687.21 | |
| **Total** | **$687.21** | |

Description:

Remarks:

| Claim No: 8 | Creditor Name: CitiFinancial<br>2650 Dallas Highway<br>Suite 160<br>Marietta, GA 30064-7506 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt).<br>Filing Status:<br>Docket Status:<br>Late. N |
|---|---|---|
| Claim Date: 03/07/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Secured | $89005.44 | |
| **Total** | **$89005.44** | |

Description:

Remarks:

Case 1:02-cv-01008-CC Document 41 Filed 02/09/04 Page 147 of 242

| Claim No: 9 | Creditor Name. GMAC<br>PO Box 7041<br>Troy, MI 48007-7041 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 03/11/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |

| Class | Amount Claimed | Amount Allowed |
|---|---|---|
| Secured | $19320.87 | |
| Total | $19320.87 | |

Description:

Remarks:

| Claim No: 10 | Creditor Name: GMAC<br>PO Box 7041<br>Troy, MI 48007-7041 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 03/11/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |

| Class | Amount Claimed | Amount Allowed |
|---|---|---|
| Secured | $20055.26 | |
| Total | $20055.26 | |

Description:

Remarks:

| Claim No: 11 | Creditor Name: CitiFinancial<br>2650 Dallas Highway<br>Suite 160<br>Marietta, GA 30064-7506 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 03/07/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |

| Class | Amount Claimed | Amount Allowed |
|---|---|---|
| Secured | $89005.44 | |
| Total | $89005.44 | |

Description:

Remarks.

| Claim No: 12 | Creditor Name: General Motors Acceptance Corporation<br>PO Box 7041<br>Troy, MI 48007-7041 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 03/18/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $599.16 | |
| **Total** | **$599.16** | |

Description:

Remarks:

| Claim No: 13 | Creditor Name: Providian National Bank<br>4900 Johnson Dr.<br>Pleasanton, CA 94588 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 03/18/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $29669.16 | |
| **Total** | **$29669.16** | |

Description:

Remarks:

| Claim No: 14 | Creditor Name: Jacobson<br>PO Box 768<br>Jackson, MI 49204-0768 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 03/18/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $223.17 | |
| **Total** | **$223.17** | |

Description:

Remarks:

Case 1:02-cv-01008-CC    Document 41    Filed 02/09/04    Page 149 of 242

| Claim No: <u>15</u> | Creditor Name: Kohl's<br>PO Box 740933<br>Dallas, TX 75374 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 03/22/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $1010.47 | |
| **Total** | **$1010.47** | |
| Description: | | |
| Remarks: | | |

| Claim No: <u>16</u> | Creditor Name: CitiFinancial<br>2650 Dallas Highway<br>Suite 160<br>Marietta, GA 30064-7506 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 03/27/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Secured | $89005.44 | |
| **Total** | **$89005.44** | |
| Description: | | |
| Remarks: | | |

| Claim No: <u>17</u> | Creditor Name: WORLD FINANCIAL NETWORK<br>PO BOX 182781<br>COLUMBUS, OH 43218-2124 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 04/12/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $641.97 | |
| **Total** | **$641.97** | |
| Description: | | |
| Remarks: | | |

| Claim No: 18 | Creditor Name: Dillard National Bank<br>P.O. Box 52051<br>Phoenix, AZ 85072-2051 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: |
|---|---|---|
| Claim Date: 05/31/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $596.60 | |
| **Total** | **$596.60** | |

Description:

Remarks:

| Claim No: 19 | Creditor Name: Bank of America<br>C/o McCalla, Raymer, Padrick, Cobb,<br>Nichols & Clark, LLC<br>1544 Old Alabama Road<br>Roswell, GA 30076 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 06/12/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Secured | $229848.53 | |
| **Total** | **$229848.53** | |

Description: The arrearage amount is $12,528.16

Remarks: Please send payments to Bank of America Bankruptcy Department 101 E. Main Street Suite 400 Louisville KY 40202

| Claim No: 20 | Creditor Name: Federated Macys<br>TSYS Debt Mgmt., Inc<br>P.O. Box 6700<br>Norcross, GA 30091 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 06/07/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $579.92 | |
| **Total** | **$579.92** | |

Description:

Remarks:

2/2/2004 8:24 AM

| Claim No: <u>21</u> | Creditor Name: Resurgent Capital Services<br>P.O. Box 10587<br>Greenville, SC 29603-0587 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 06/07/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $1202.32 | |
| **Total** | **$1202.32** | |

Description:

Remarks:

| Claim No: <u>22</u> | Creditor Name: Capital One Bank<br>P.O. Box 85167<br>Richmond, VA 23285 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 06/12/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $647.13 | |
| **Total** | **$647.13** | |

Description:

Remarks:

| Claim No: <u>23</u> | Creditor Name: Capital One Bank<br>P.O. Box 85167<br>Richmond, VA 23285 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date: 06/12/2002 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $673.78 | |
| **Total** | **$673.78** | |

Description:

Remarks:

| Claim No: 24 | *Creditor Name:* CitiFinancial<br>P.O. Box 17099<br>Baltimore, MD 21297 | Last Date to File Claims:<br>06/13/2002<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| *Claim Date:* 09/03/2002 | *Amends Claim No:*<br>*Amended By Claim No:* | Duplicates Claim No:<br>Duplicated By Claim No: |

| Class | Amount Claimed | Amount Allowed |
|---|---|---|
| Secured | $79573.37 | |
| **Total** | **$79573.37** | |

Description:

Remarks:

# Claims Register Summary

**Case Name:** Lawrence Whistler and Kathleen Whistler
**Case Number:** 2002-91266-swc
**Chapter:** 13
**Date Filed:** 02/04/2002
**Total Number Of Claims:** 24

| | Total Amount Claimed | Total Amount Allowed |
|---|---|---|
| **Unsecured** | $48072.11 | |
| **Secured** | $617314.25 | |
| **Priority** | | |
| **Unknown** | | |
| **Administrative** | | |
| **Total** | **$665386.36** | |

**FORM B10** (Official Form 10) (4/01)

| UNITED STATES BANKRUPTCY COURT | ATLANTA DISTRICT OF   GA | | |
|---|---|---|---|

| Name of Debtor<br><br>LARRY WHISTLER | Case Number<br>0291266 | Chapter:<br>13 | Judge's Init:<br>STACEY |
|---|---|---|---|
| | Trustee: JAMES H. BONE | | |

Name of Creditor (The person or entity to whom the debtor owes money or property):

**Beneficial Georgia Inc.**

Name and Address Where Notices Should be Sent:
PO Box 9055
Brandon, FL 33509-9055
*SEND ALL PAYMENTS TO HFC AT:
1301 E. Tower Rd
Schaumburg, IL 60173                    Attn: Payment Processing
Telephone Number:  (877) 392-2036

[ ] Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

[ ] Check box if you have never received any notices from the bankruptcy court in this case.

[ ] Check box if the address differs from the address on the envelope sent to you by the court..

'02 FEB 14 ⅄ 9 13

BY_____ DEPUTY CLERK

THIS SPACE IS FOR COURT USE ONL

Account or other number by which creditor identifies debtor:

321704-00-533744

Check here if
this claim    [ ] Replaces        a previously filed claim, dated: _____
             [ ] Amends

**1. Basis for Claim**

[ ] Goods sold
[ ] Services performed
[X] Money loaned
[ ] Personal injury/wrongful death
[ ] Taxes
[ ] Other _____

[ ] Retiree benefits as defined in 11 U.S.C. SEC. 1114(a)
[ ] Wages, salaries, and compensations (fill out below)
Your  SS #: _____
Unpaid compensation for services performed
From _____  to  _____
              (date)                    (date)

| **2. Date debt was incurred:**       03/02/01 | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**        $     4862.68

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 bleow.
[X] Check this box if claim includes interest or other charges in addition to the principal amount of the claim.  Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**

[ ] Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:

[ ] Real Estate      [ ] Motor Vehicle

[ ] Other _____

Value of Collateral:  $_____

Amount of arrearage and other charges at time case filed include in secured claim, if any:  $_____

**6. Unsecured Priority Claim.**

[ ] Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:

[ ] Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U S C sec 507(a)(3).
[ ] Contributions to an employee benefit plan - 11 U S C sec 507(a)(4)
[ ] Up to $2,100* of deposits toward purchase, lease or rental of property or services for personal, family, or household use - 11 U S C sec 507(a)(6)
[ ] Alimony, maintenance, or support owed to a spouse, former spouse, or child - family, or household use - 11 U S C sec 507(a)(7)
[ ] Taxes or penalties of Governmental Units - 11 U S C sec 507(a)(8)
[ ] Other - Specify applicable paragraph of 11 U S C sec 507(a)(__).

* Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgements, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy** To receive an acknowledgment of the filing of your claim, enclose a self-addressed envelope and copy of this proof of claim.

This Space is for Court Use Only

| Date<br><br>February 07, 2002 | Sign and print name and title, if any, of the creditor or other person authorized to file this claim, (attach copy of power of attorney, if any). |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000.00 or imprisonment for up to 5 years, or both. 18 U.S.C. secs. 152 and 357

```
Page: 1 Document Name: untitled

 200-MORE ON NEXT PAGE                    P   321704    533744 W1G
                                BUS UNIT BENEFICIAL
 N1 WHISTLER                LARRY      D 163443689 01 01 50
 N2
 X1
 X2
 DATE MADE    DATE 1ST PMT   DATE FINAL PMT     APR    CONT RATE    EFF DATE COV
 03 02 01      04 02 01       03 02 06       29.678    28.900
 TOTAL OF PMTS    AMT FINANCED     PRINCIPAL      PROC AFTER INS  TRIAD SCEN ID
   9650.40         5001.86        5076.86          5001.86         098
 TTL FIN CHG      SCHED INT    LOAN FEES   MAINT FEES    ORIG FEES   BUS CLS DT
   4648.54         4573.54      75.00                                03 03 01
 LIFE INS CHG   LIFE EXP DT DISAB INS CHG  DISAB EXP DT UNEMP CHG  UNEMP EXP DT
    NONE                       NONE                       NONE
 LIFE COV       FORECL INS PREM    PROP INS PREM      PROP COV    PROP EXP DT
    NONE            NONE            NONE               NONE
 RELI INS PREM      RELI COV     RELI EXP DT   NON FILING INS     PREM TYPE
    NONE            NONE                          NONE               NONE
   1ST PAYMT    STD PYMT    BALLOON PMT   UNIT CHARGE   MOS CONT    FORM CDE
    160.84      160.84  A                              060         32-501-0
 PAYMENT     INT/CH    PRINC    BALANCE   BY DATE    THRU/COMMENTS    V S WP
                                         4h: 020602 g.000*8
                                         5!$ 121801 !RR02/321.68    R03/4

 82.52
```

Page: 1 Document Name: untitled

```
205-PMT  COMPLETED FOR 321704 00 533744    P   321704    533744 W1G

N1 WHISTLER              LARRY        D 163443689 01 01 50
   PAYMENT   INT/CH   PRINC   BALANCE   BY DATE      THRU/COMMENTS      V S WP
   160.84   160.84           4862.68  6m  113001  10- :8.04dl            BB
   INT SH 209.12, DEF INT 119.36, DFT COL 8.04
                                     6!$ 090801 !KR01/160.84      R01/1  Y
60.84    DT INT PD TO 08/28/01 DEF INT 119.36
   337.76   188.57   149.19  4862.68  6m  072801   8- dl                 BB
   DFT COL 8.04
   160.84   160.84           5011.87  6m  062501   6- :8.04dl          Y BB
   INT SH 49.58, DFT COL 8.04
   160.84   120.02    40.82  5011.87  6m  050501   5-                  Y BB
   160.84   136.67    24.17  5052.69  6m  040501   4-                  Y BB
```

| United States Bankruptcy Court<br>Northern District of Georgia | **PROOF OF CLAIM**<br>Chapter 13<br>ATLANTA | FILED IN THE<br>U.S. BANKRUPTCY COURT |
|---|---|---|

| In re (Name of Debtor)<br>~~David Zimmerman~~ | Case Number<br>~~02-60828-A99B~~ | '02 FEB 14 AM 9: 13 |
|---|---|---|

NOTE        This form should not be used to make a claim for an administrative expense after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | | KENNETH WILLIAMS<br>CLERK |
|---|---|---|
| Name of Creditor (The person or entity whom the debtor owes money or property)<br>Conseco Finance Servicing Corp. | ☐ Check box if you are aware that anyone else has filed a Proof of Claim relating to your claim. Attach a copy of statement giving particulars. | BY‾‾‾‾‾‾‾‾‾‾<br>DEPUTY CLERK |
| Name and Addresses Where Notices Should Be Sent<br>Conseco Finance Servicing Corp.<br>PO BOX 6154<br>MHD BANKRUPTCY DEPARTMENT<br>RAPID CITY, SD  57709 9858 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on he envelope sent to you by the court. | THIS SPACE IS FOR<br>COURT USE ONLY |

| Account Number<br>77331352 | Check here if this claim | replaces<br>amends | A previously filed claim dated |
|---|---|---|---|

| 1. BASIS FOR CLAIM:<br>☐ Goods Sold<br>☐ Services Performed<br>☐ Money Loaned<br>☐ Personal Injury/wrongful death<br>☐ Taxes<br>☒ Other (Describe briefly)   **Retail Installment Contract** | ☐ Retiree benefits as defined in 11 U.S.C.§1114(a)<br>☐ Wages, salaries, and compensations (fill out below)<br>Your social security number _____<br>Unpaid compensations for services performed<br>from _____ to _____<br>(date)        (date) |
|---|---|

| 2.  DATE DEBT WAS INCURRED<br>05/17/1997 | 3.  IF COURT JUDGEMENT, DATE OBTAINED: |
|---|---|

4.  CLASSIFICATION OF CLAIM.
(2) Unsecured Priority. (3) Secured. It is possit best describe your claim and STATE THE

☒ **SECURED CLAIM  $38,841.29**
   Attach evidence of perfection o
   Brief Description of Collateral
   ☐ Real Estate  ☒ Motor Vel

Manufactured Home and Appurts.   11.50

Value of Collateral: $

Amount of arrearage and other charges include any **$1,176.01**
Arrs thru 1/28/02; $391.17/mo P&I
☐ UNSECURED NONPRIORITY CL
   A claim is unsecured if there is no c
   property is less than the amount of t

5.  TOTAL AMOUNT OF
   CLAIM AT TIME    (Unsecured
   CASE FILED

*[Handwritten:] This POC was File in error on this Case it has been Corrected on the Claim register*

ring: (1) Unsecured Nonpriority,
'PROPRIATE BOX OR BOXES that

M  $_____

iissions (up to $2000), earned not
e filing of the bankruptcy
he debtor's business, whichever
(3)
oyee benefit plan –

oward purchase, lease, or rental
oersonal, family, or household

vernmental units-11U.S.C.§(a)(7)
)(5) – describe briefly

~~$38,841.29~~
(TOTAL)

☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of additional charges

| 6.   CREDITS AND SET OFFS:  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim, claimant has deducted all amounts that claimant owes to debtor.<br>7.   SUPPORTING DOCUMENTS:  Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.<br>8.   TIME-STAMPED COPY:  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|

| Date<br>02/06/02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim<br>Corey Weber<br>Bankruptcy Representative    *[signature]* |
|---|---|

*Penalty for presenting fraudulent claim.  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C §§ 152 and 3571*

GT-10-00-210 (4/95)  MH-RIC   DELAWARE, FLORIDA, GEORGIA, KENTUCKY, MISSOURI, NEVADA

**MANUFACTURED HOME RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT (CONV. - FHA - VA)  (SI)**   Date 5/23/97   **DISBURSEMENT DATE:** 5/23/97   **ACCOUNT #** 77331352

SPENCER, YOLANDA

BUYER: ZIMMERMAN, GERALD A., 750 SIX FLAGGS RD, AUSTELL, GA 30001

SELLER: JASPER MOBILE HOMES, INC., 214 HIGHWAY 515 S, JASPER, GA 30143

ASSIGNEE: GREEN TREE FINANCIAL SERVICING CORPORATION REG 77, 2300 LAKE PARK DR STE 150, SMYRNA, GA 30081

## FEDERAL TRUTH-IN-LENDING ACT DISCLOSURES

| ANNUAL PERCENTAGE RATE (The cost of my credit as a yearly rate.) | FINANCE CHARGE (The dollar amount the credit will cost me.) | Amount Financed (The amount of credit provided to me or on my behalf.) | Total of Payments (The amount I will have paid after I have made all payments as scheduled.) | Total Sale Price (The total cost of my purchase on credit, including my down payment of $ 2078.98) |
|---|---|---|---|---|
| 11.50% | $ 101320.63 | $ 39500.57 | $ 140821.20 | $ 142900.18 |

My payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 360 | 391.17 | Monthly beginning   06/20/97 |

SECURITY: I am giving a security interest in:
_X_ The goods or property being purchased. _____ Real property located at _____

FILING FEES: $ _____ 16.00   LATE CHARGE: If a payment is more than ___15 days late, I will be charged $ 5.00 or 5.00 % of the payment, whichever is ___LESS

PREPAYMENT: If I pay off early, I will not be charged a prepayment penalty.

ASSUMPTION: Someone buying my home may, subject to conditions, be allowed to assume the remainder of the Contract on the original terms.

See the Contract document below for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

## ITEMIZATION OF THE AMOUNT FINANCED

1. Cash Sale Price (including Taxes of) $ 1957.55 $ 41108.55
2. Gross Trade-in .......... $ .00
   Less Amount Owed on Trade-in $ .00
   Net Trade-in .............. $ .00
   Description: Make _____
   Year _____ Size ____ 0
3. Cash Down Payment .... $ 2078.98
4. Total Down Payment.................................. - $ 2078.98
5. Unpaid Balance of Cash Sale Price (1 - 4) ... + $ 39029.57
6. Paid to Public Officials .............................. + $ 16.00
7. Paid to Insurance Companies ................... + $ 435.00
8. Paid to Appraiser........................................ + $ .00
9. a. Paid to _____ + $ .00
   b. Paid to _____ + $ .00
   c. Paid to _____ + $ .00
   d. Paid to _____ + $ .00
   e. Paid to _____ + $ .00
   f. Paid to _____ + $ .00
   g. Paid to _____ + $ .00
10. Principal Balance (5 + 6 + 7 + 8 + 9 a.-g.) .... + $ 39500.57
11. Prepaid Finance Charges ......................... - $ .00
12. Amount Financed (10 - 11) ...................... $ 39500.57

## PHYSICAL DAMAGE INSURANCE

Physical Damage insurance is required but I may obtain it from anyone I want that is acceptable to you. If I get the insurance checked below from you or through you, I will pay you

$ _____ 435.00 for insurance protection for a term of ____1 years.
_X_ Comprehensive ($ 250.00 deductible)
____ Flood
_X_ Liability
N/A Other
N/A Vendor's Single Interest

### OPTIONAL CREDIT LIFE AND DISABILITY INSURANCE

Credit Life and Disability Insurance are not required to obtain credit and will not be provided unless I sign and agree to pay the additional cost.

The term of this insurance is _____ 0 years.

| | | |
|---|---|---|
| N/A Single Credit Life Insurance | $ | .00 |
| N/A Joint Credit Life Insurance | $ | .00 |
| N/A Single Credit Disability Insurance | $ | .00 |
| Total | $ | .00 |

X_____
Signature of Buyer(s) Insured                    Date

## CONTRACT AND SECURITY AGREEMENT

1. DEFINITIONS: "I", "me", "my" means the Buyer(s). "You", "your" means the Seller and also the Assignee (after the Contract is assigned by Seller). "Manufactured Home" means the manufactured home and any other property described below and on page 2. "Contract" or "Agreement" means this Retail Installment Contract and Security Agreement.

| NEW OR USED | YEAR AND MAKE | Manufactured Home MODEL | SERIAL NUMBER | SIZE |
|---|---|---|---|---|
| N | 1997 FLEETWOOD | | GAFLT3SAB12041HH11 | 28 X 62 |

ZIMMERMAN - 0091274

| X Stove | X Refrig. | ___ Washer | ___ Dryer | ● X Conditioner | ___ Wheels/Axles |

Other
(Describe)   SKIRTING/STEPS

**2.   PURCHASE:** I have the option of buying the Manufactured Home for the cash price or buying on credit. The cash price is shown on page 1 as the "Cash Sale Price", and the credit price is shown on page 1 as the "Total Sale Price". I choose to buy on credit.

**3.   SECURITY INTEREST:** I give you a security interest under the applicable certificate of title law or Uniform Commercial Code in the Manufactured Home and any property added or attached to it, to secure my obligation under this Contract. I also grant you a security interest in any interest I may have in premium refunds or proceeds under any insurance covering the Manufactured Home. I agree to execute any application for certificate of title or ownership, financing statement or other document necessary to perfect your security interest in the Manufactured Home. To the extent, if any, that any Contract (whether or not accompanied by any one or more original) constitutes chattel paper (as such term is defined in the Uniform Commercial Code in effect in the applicable jurisdiction) no security interest in any Contract may be created in any document(s) other than the original.

**4.   PAYMENTS AND LATE CHARGE:** I will pay you the amount shown as the "Total of Payments" according to the payment schedule shown on page 1. I also agree to pay a late charge for late payment as shown on page 1.

**5.   PREPAYMENT: I HAVE THE RIGHT TO PREPAY ALL OR PART OF THE UNPAID BALANCE OF THIS CONTRACT WITHOUT ANY PENALTY.**

**6.   SIMPLE INTEREST CONTRACT:** This is a simple interest contract. The interest rate is ____11.50____ % per annum until paid in full. Interest will accrue upon the unpaid principal balance outstanding from time to time. The Finance Charge, Total of Payments and Payment Schedule were computed based on the assumption that payment will be made on the dates scheduled for payment. Early payments will reduce my final payment. Late payments will increase my final payment. My final payment will be equal to all unpaid sums due under this Contract. My promise requires me to pay the final payment on the date due even if the amount of the final payment differs from the amount of the final payment disclosed.

**7.   NO WARRANTIES:** I agree that there are no warranties of any type covering the Manufactured Home. I am buying the Manufactured Home AS IS and WITH ALL FAULTS and THE ENTIRE RISK AS TO THE QUALITY AND PERFORMANCE OF THE MANUFACTURED HOME IS WITH ME. I agree that any implied warranty of merchantability and any implied warranty of fitness for a particular purpose are specifically excluded and do not cover the Manufactured Home. This No Warranties provision does not apply to the extent that any law prohibits it and it does not cover any separate written warranties.

**8.   PROTECTION OF THE MANUFACTURED HOME:** I will: (a) keep the Manufactured Home in good condition and not commit waste; (b) pay all taxes, charges and lot rent due for the Manufactured Home and the real estate it is located on; (c) not move, use illegally, sell, lease or otherwise transfer the Manufactured Home; (d) not attach the Manufactured Home to any real estate and the Manufactured Home will always be treated as personal property unless you consent in writing and state law permits such contrary treatment; and (e) not let anybody else have any interest in the Manufactured Home.

**9.   INSURANCE:** I will keep the Manufactured Home insured against such risks and in such amounts as you may reasonably require with an insurance company satisfactory to you. I will arrange for you to be named as loss payee on the policy. I agree to provide you written evidence of insurance as requested by you from time to time. If you finance the purchase of any such insurance for me, I will repay you for the cost of that insurance, plus interest up to the contract rate of interest. I authorize you to furnish account data to a licensed insurance agent of your choice so such agent may solicit the purchase of credit, property, warranty or other insurance from me. I agree that the insurance company may make any payments due under the policy directly to you, and I direct the insurance company to do so. You may do whatever you think is necessary to be sure that any proceeds of the insurance will be used to repair the Manufactured Home or pay off this Contract. I give you a power of attorney (which I cannot cancel) so that you may do whatever you need to in order to collect the insurance proceeds. If I fail to obtain, maintain or pay for the required insurance, or if I fail to arrange for you to be named as loss payee, you may treat that as a default of my obligations under this Contract, and you may (but are not required to) purchase such insurance. If you purchase such insurance, I will immediately repay you for any amounts you spend in purchasing the insurance, plus interest up to the contract rate of interest or, at your option, pay you over time as a workout of the obligation. If I owe you for any insurance or for late charges, attorney fees or collection costs), I understand that I owe an additional sum for those debts beyond my monthly principal and interest payment. My monthly payment will therefore be greater than that stated on page 1 until such additional debts are paid in full.

**10.   DEFAULT:** I will be in default if: (i) I do not make a payment on time; or (iii) I do not keep any of my other promises under this Contract; or (iii) I file a case, or someone else files a case against me, under the United States Bankruptcy Code; or (iv) you feel in good faith that the Manufactured Home is in danger or that I will not be able to continue my payments. The default described under (iv) does not apply if this Contract is guaranteed by the Veteran's Administration. You will give me notice of the default except when I voluntarily surrender or abandon the Manufactured Home. I will have the right to cure the default during the notice period. If I do not cure the default, you may do either or both of the following: (a) Acceleration: You can require me to immediately pay you the entire remaining balance of this Contract; and/or (b) Repossession: You can repossess the Manufactured Home. Once you get possession of the Manufactured Home you may sell it. If the amount from the sale, after expenses, is less than what I owe you, I will pay you the difference. If there is any property left in the Manufactured Home when you repossess, you may dispose of it as provided by law. If I default, you can do whatever is necessary to correct my default. If you spend money to correct my default, I will pay you back immediately with interest at the contract rate of interest.

**11.   NOTICE:** Except for any notice required under applicable law to be given in another manner, (a) any notice to me provided for in this Contract shall be given in writing by mailing such notice by certified mail, addressed to me at the Manufactured Home address or at such other address as I may designate by notice to you in writing, and (b) any notice to you shall be given in writing by certified mail, return receipt requested, to your address stated herein or to such other address as you may designate by notice to me in writing.

**12.   ATTORNEY'S FEES:** If you hire an attorney who is not a salaried employee to collect what I owe under this Contract or to get possession of the Manufactured Home or to enforce my agreements herein, I may be required to pay your reasonable attorney's fees plus court costs and actual out-of-pocket expenses. If state law provides for a limit on attorney's fees, I will pay only the legal limit.

**13.   MISCELLANEOUS PROVISIONS:** This written Contract is the only agreement that covers any purchase of the property. This Contract can only be modified or amended, or provisions in it waived (given up), by a written modification to this Contract signed by you. You can decide not to use or enforce any of your rights under this Contract without losing them. For example, you can extend the time for making some payments without extending others. If any part of this Contract cannot be enforced because of a law which prohibits it, all other parts can still be enforced. I agree to pay you all allowable charges for the return by a depository institution of a dishonored check or other negotiable instrument to the full extent provided by applicable law. I agree to cooperate with you regarding any requests after closing to correct errors made concerning this Contract or the transaction and to provide any and all additional documentation deemed necessary by you to complete this transaction.

**14.   ARBITRATION:** All disputes, claims or controversies arising from or relating to this Contract or the parties thereto shall be resolved by binding arbitration by one arbitrator selected by you with my consent. This agreement is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY YOU (AS

ZIMMERMAN - 0091274

PROVIDED HEREIN). The parties agree and understand that all disputes arising under or in statutory law and all other laws including, but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this Contract. The parties agree that the arbitrator shall have all powers provided by law, the Contract and the agreement of the parties. These powers shall include all legal and equitable remedies including, but not limited to, money damages, declaratory relief and injunctive relief. Notwithstanding anything hereunto the contrary, you retain an option to use judicial (filing a lawsuit) or non-judicial relief to enforce a security agreement relating to the Manufactured Home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home. The institution and maintenance of a lawsuit to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by you pursuant to this provision.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

---

NOTICE TO BUYER: 1. DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. 2. YOU ARE ENTITLED TO A COPY OF THIS CONTRACT YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. 3. UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND TO OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE. 4. LIABILITY INSURANCE COVERAGE FOR BODILY INJURY, PUBLIC LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS INDICATED IN THE PHYSICAL DAMAGE INSURANCE BOX ON PAGE 1.

BUYER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS CONTRACT.

X _Gerald A. Zimmerman_                   X _Yolanda Spencer_
Signature of Buyer  GERALD A. ZIMMERMAN        Signature of Buyer   YOLANDA SPENCER

## ASSIGNMENT BY SELLER

Seller hereby sells, assigns and transfers its entire right, title and interest in the Contract and the property described therein (the "Property") to Assignee. To induce Assignee to purchase the Contract, Seller warrants that: (a) the Contract and Guaranty, if any, are genuine, legally valid and enforceable and arose from the sale of the Property; (b) the Contract is subject to no defense, counterclaim or setoff; (c) copies of the Contract and all other documents signed by the Buyer(s) were given to the Buyer prior to consummation; (d) Seller has complied with all applicable federal, state and local laws, regulations, rules and ordinances; (e) the Buyer is not a minor and has legal capacity to execute this Contract; (f) the Property is free and clear of all liens and encumbrances except the security interest granted herein and Seller has the right to assign its interest in the Contract; (g) the security interest granted to Seller constitutes a valid first lien on the Property and has been filed or recorded according to law indicating Assignee as first secured party; (h) the down payment shown on the face hereof has been received and no part thereof was advanced directly or indirectly by Seller to Buyer; (i) all statements of fact made in the Contract and all statements made by or on behalf of the Buyer in the credit applications and any other forms relating to the Contract are true to the best of Seller's knowledge and belief; (j) Buyer has physical damage insurance in the amount of the indebtedness; (k) there has been no material changes in the Buyers' income, indebtedness or employment and no other material changes between loan approval and funding. This is a condition to Assignee funding the Contract. If there is a breach of any of the foregoing warranties, as solely determined by Assignee, without regard to the Seller's knowledge with respect thereto or Assignee's reliance thereon, Seller agrees unconditionally to repurchase the Contract from Assignee, upon demand, for the full amount then unpaid plus costs and expenses incurred by Assignee (plus accrued and unpaid interest), whether the Contract shall then be, or not be, in default, and to indemnify, defend and hold Assignee harmless from any such loss, damages or claims of any nature by reason of such breach of warranty, including attorneys' fees, court costs, disbursements and out-of-pocket expenses.

Seller further agrees that in the event Buyer asserts against Assignee any claim, defense or counterclaim against payment of any sum owing under the Contract or in defense of repossession on the assertion, either oral or written, that the Property is defective, not as represented to Buyer by Seller or that Seller refuses to honor any warranty or service agreement of Seller or the manufacturer, Seller will, upon Assignee's demand, repurchase the Contract from Assignee and pay Assignee the full amount remaining unpaid (plus accrued and unpaid interest) plus Assignee's costs and expenses including attorneys' fees, whether or not any such claim, defense or counterclaim shall be meritorious and without awaiting adjudication of Buyer's claim, defense or counterclaim; and Seller also agrees to indemnify, defend and hold Assignee harmless from any such claims, including attorneys' fees, court costs, disbursements and out-of-pocket expense.

The liability of Seller shall not be affected by any extension, renewal or other change in the manner, place or terms of payment thereof, or the release, settlement or compromise of or with any party liable for payment thereof, or the release or non-perfection of any security thereunder. Assignee shall not be bound to exhaust its recourse against Buyer or any other person or any security before being entitled to payment by the Seller hereunder. Seller waives notice of acceptance of this Agreement and notices of nonpayment and nonperformance of the Contract and any other notices required by law and waives all setoffs and counterclaims.

In addition, this Assignment includes that certain provision to follow, provided that, if none of the following provisions has been checked by the Seller, this Assignment shall be considered to have been checked "With Recourse": A. "Without Recourse". The assignment of the Contract is and shall be without recourse against the Seller except as provided above and in any separate dealer agreement between Seller and Assignee relating to the purchase of Contracts. B. "Limited Recourse". In the event of default of Buyer before Buyer shall have paid the number of monthly payments under the Contract as set forth below under "Limited Recourse", the Seller will, upon demand, repurchase the Contract from Assignee for the full amount remaining unpaid under the Contract. C. "Repurchase". If the Assignee repossesses the Manufactured Home, the Seller will, upon demand, repurchase the Contract from the Assignee for the full amount remaining unpaid under the Contract. D. "With Recourse". The Seller unconditionally guarantees payment of the full amount remaining unpaid under the Contract and agrees to purchase the Contract from the Assignee, upon demand, for the full amount then unpaid, whenever the Contract shall be in default. E. "Limited Repurchase". In the event of default of Buyer before Buyer shall have paid the number of monthly payments under the Contract as set forth below under "Limited Repurchase", the Seller will, upon demand, repurchase the Contract from the Assignee for the full amount remaining unpaid under the Contract if the Assignee repossesses the Manufactured Home.

Seller, by signing below, executes this Contract and also assigns the same to the Assignee in accordance with the foregoing provisions. The Seller's Assignment will also include that certain provision set forth above which is checked below:

JASPER MOBILE HOMES, INC.

By: X _____        (Seller)        Title: _____

( ✓ ) Without Recourse    ( ) B. Limited Recourse  ( ) C. Repurchase  ( ) D. With Recourse  ( ) E. Limited Repurchase
                              _____ Payments                                                              _____ Payments

Bankers Systems, Inc., St. Cloud, MN (1-800-397-2341)  Form GT-MHRCLAZ-2  5/22/95        ORIGINAL        GT-10-00-210 (4/95)  (page 3 of 3)





**FORM B10** (Official Form 10) (4/98)

CHAPTER 13—JAMES H. BON'

068564218-N-N

| UNITED STATES BANKRUPTCY COUR~. NORTHERN ATLANTA | DISTRICT OF GEORGI | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br><br>WHISTLER, KATHERINE | Case Number<br><br>02-91266-SWC | FILED CLERKS OFFICE<br>U.S. BANKRUPTCY COURT<br>ATLANTA DISTRICT |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>HAVERTY'S CREDIT SERVICES, INC.<br><br>Name and address where notices should be sent:<br><br>TSYS TOTAL DEBT MGMT, INC.<br>PO BOX 6700<br>NORCROSS, GA 30091<br><br>Telephone number:     (800) 209-9161 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | 02 FEB 21  PM 2:00<br><br>LUTHER EVANS<br>BY<br>DEPUTY CLERK<br><br>THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor:<br><br>HAV09-9681677 | Check here<br>if this claim ☐ replaces     a previously filed claim, dated: _____<br>              ☐ amends |
|---|---|

| **1. Basis for Claim**<br>☒ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other _____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>    Your SS #: _____  _____  _____<br>    Unpaid compensation for services performed<br>    from _____ to _____<br>         (date)              (date) |
|---|---|

| **2. Date debt was incurred:**<br>06/05/00 | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**     $ _____ 942.48 _____

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| **5. Secured Claim**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☒ Other _____<br>Value of Collateral:  $ _____ 942.48<br>FURNITURE<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any:  $ _____ | **6. Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>  Amount entitled to priority  $ _____<br>  Specify the priority of the claim:<br>  ☐ Wages, salaries or commissions (up to $4,300.), *earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507 (a)(3).<br>  ☐ Contributions to an employee benefit plan - 11 U.S.C.  507 (a)(4).<br>  ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family or household use - 11 U.S.C. § 507 (a)(6).<br>  ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507 (a)(7).<br>  ☐ Taxes or penalties owed to government units - 11 U.S.C. § 507 (a)(8).<br>  ☐ Other - Specify applicable paragraphs of 11 U.S.C. § 507 (a) (___).<br>  *Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
|---|---|

| **7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br><br>**8. Supporting Documents:** *Attach copies of supporting documents, such as* promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br><br>**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date<br><br>02/19/02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Stacy Quine          TSYS TOTAL DEBT MGMT, INC. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Secured Claim Worksheet

Case Number: 02-91266     Case Name: Whistler, Lawrence + Katherine

Instructions:

1. Attach this Worksheet to the proof of claim, which should conform to Official Form 10.

2. Compute the claim as of the date on which the Debtor filed the petition initiating the case.

3. Do NOT include interest or charges that accrue after the Petition Date (the date on which the petition initiating the case was filed) in the computation of the debt due on the Petition Date. A claim that accrues interest after the Petition Date for payments on secured debt not made when due after the petition date should be presented in a separate proof of claim dealing only with post-petition claims.

4. Provide information on computation of claim as of Petition Date in the blanks below. Principal Balance and Accrued Interest MUST NOT include unearned interest. The completion and filing of this form does not prejudice a creditor's right to contest whether the creditor's interest in property of the estate is adequately protected by payments made post-petition.

| A | Principal Balance | $ 942.48 |
|---|---|---|
| B | Accrued Earned Interest As of Date of Filing of Petition | $ Ø |
| C | Late Charges | $ Ø |
| D | Forced Placed Insurance | $ Ø |
| E | Other Charges (itemize) | $ <br> $ Ø <br> $ |
| F | Total Claim as of Petition Date (Sum of A-E) - Copy To Block 4 on Official Form 10 | $ 942.48 |

| G | Amount of arrearage and other charges at time case is filed, if any, included in amount on Line 4 | $ 360.00 |
|---|---|---|
| H | Monthly Payment | $ 45.00 |
| I | No. of Installments Past Due on Petition Date | 5 |
| J | Contractual Annual Interest Rate (APR) | 21 % |
| H | Value of Collateral - Copy to Block 5 on Official Form 10 | $ 942.48 |

Exhibit A

FILE No.315 02/19 '02 12:56  ID:COMPUTER ROOM          FAX:770 452 8163          PAGE  8/ 14

 **HAVERTYS' REVOLVING CHARGE AGREEMENT/SECURITY AGREEMENT**

Account # 908 16 TJ

In this Havertys' Revolving Charge Agreement/Security Agreement ("Agreement"), the words "you" and "your" refer to each person who signs this Agreement, requests a Havertys Credit Card, or is authorized to use the Havertys' Revolving Charge Account ("Account"), the terms of which are set forth below in this Agreement. The words "we", "us", and "our" refer to Havertys Furniture Companies, Inc.. 866 West Peachtree Street, N.W., Atlanta, GA 30308.

**1. Promise to Pay:** In return for extending credit to you from time to time, you agree to pay us at the address shown on your monthly billing statement ("statement") for all goods and services you charge to this Account, plus any Finance Charges and other charges set forth below, according to the terms of this Agreement. This Agreement, which governs consumer credit sales, will not be effective until your application has been approved by us.

**2. Cost of Credit:**

a. **Regular Terms:** There is no Finance Charge in any monthly billing period (1) in which there is no beginning balance (the "Previous Balance" shown on your statement), or (2) in which payments received and credits made within 25 days after the closing date shown on your statement equal or exceed the beginning balance at the beginning of the billing period, except if our 90 day Payment Plan or our No Finance Charge Promotion is selected, no Finance Charge will be imposed when the terms of that Plan or Promotion are met, as explained below in this Agreement. If we do not receive the full amount due within 25 days after the closing date shown on your statement, we will impose a Finance Charge determined by applying a monthly periodic rate of 1.75% **(ANNUAL PERCENTAGE RATE 21%)**, subject to the following exceptions:

| State | Monthly Periodic Rate | ANNUAL PERCENTAGE RATE |
|---|---|---|
| AR | .833% | 10.00% |
| AL | 1.75% up to $750 | 21.00% |
| | 1.5% over $750 | 18.00% |
| FL,NC | 1.5% | 18.00% |
| KS | 1.75% up to $1,000 | 21.00% |
| | 1.2% over $1,000 | 14.40% |

A minimum **FINANCE CHARGE** OF $.50 will be imposed in any month in which the Finance Charge resulting from application of the above-stated monthly periodic rate is less than $.50, except there will be no minimum **FINANCE CHARGE** in AR and NC.

b. **Reduced Rate Promotion:** If any single purchase is designated as a "Reduced Rate Promotion", or similar term, on the sales invoice or otherwise at the point of sale, we will impose a lower Finance Charge rate than set forth above. The lower Finance Charge rate will be disclosed to you at the point of sale, and it will be applied to the balance attributable to that purchase until that purchase is paid for in full. Any existing balance and any subsequent purchases will be subject to the Finance Charge rate imposed under our regular terms as set forth above. Should we fail to receive your required minimum monthly payment at any time during the course of this promotion, the reduced Finance Charge rate will automatically terminate and the Finance Charge will be imposed under the regular terms set forth above, beginning with the first billing statement notifying you of a past due amount.

c. **No Finance Charge Promotion:** Under this promotion, when offered, you are permitted to charge merchandise to your Account and no Finance Charge will be imposed on the balance attributable to that purchase during the special promotional period, which will be disclosed to you on the sales invoice or otherwise at the point of sale. If the payments for that purchase are not made according to the terms of this Agreement, a Finance Charge will be imposed under the regular terms set forth above, beginning with the first billing statement notifying you of a past due amount.

**3. Method of Computing Finance Charge:** We figure the Finance Charge on your Account by applying the above-stated monthly periodic rate to the "Average Daily Balance" of your Account (including current transactions). To get the "Average Daily Balance" we take the beginning balance of your Account each day, add any new purchases, and subtract any payments or credits, any unpaid Finance Charge, and any unpaid late fee or returned check fee. This gives us the daily balance. Then, we add up all the daily balances for the billing cycle and

divide the total by the number of days in the billing cycle. This gives us the "Average Daily Balance".

**4. Minimum Monthly Payment:** You agree to pay us a minimum monthly payment each month as follows $ _____ , unless you have agreed to a specified minimum monthly payment at the time of a purchase on the Account, or you have selected one of the Optional Payment Promotions set forth below:

a. **Deferred Payment Promotion:** Under this Promotion, no minimum payment is required during the promotion period, which will be set forth on the sales invoice or otherwise at the point of sale, although a Finance Charge will be imposed during this period according to our regular terms as set forth above.

b. **Deferred Payment - No Finance Charge Promotion:** Under this Promotion, no minimum payment is required and no Finance Charge is imposed during the promotion period, which will be set forth on the sales invoice or otherwise at the point of sale. After this promotion period, our regular terms will apply as set forth in this Agreement.

c. **Ninety-Day Payment Plan:** Under our Ninety-Day Payment Plan, if you pay each minimum 1/3 of the highest New Balance, rounded up to the nearest dollar, within 25 days of the statement closing date, no Finance Charge will be imposed. In the event you fail to make the required 1/3 payment within 25 days of the closing date, we will impose a Finance Charge on the unpaid balance as provided under our regular terms set forth above, beginning with the first billing period in which the 1/3 minimum payment is not made.

Your minimum monthly payment is based on the highest New Balance. This means that the minimum payment will not decrease as the New Balance reduces, until the New Balance is reduced to zero, and it will increase when new purchases increase the New Balance above its previous highest level. You may at any time pay more than the total minimum monthly payment or your total New Balance.

**5. Security Interest:** Except on any purchase in MO under $150, we retain a purchase money security interest under the Uniform Commercial Code in the goods you charge to this Account until the indebtedness corresponding to each purchase is paid in full. Payments we receive are applied first to pay off any unpaid Finance Charge, then to any unpaid late fees and resumed check fees, if any, and then to each article of merchandise in the order in which it was purchased (articles purchased on the same day are paid off lowest priced items first). You understand that if the goods charged to this Account are lost, damaged, or destroyed while we still retain our security interest, you still remain obligated to pay us for those goods.

**6. Credit Cards:** You request that we issue a Havertys credit card if it is our policy to issue credit cards. All credit cards we issue remain our property and, if requested, you agree to return any credit card issued to you. You agree to notify us promptly if any credit card we issue to you is lost or stolen. You may be liable for the unauthorized use of your credit card. You will not be liable for unauthorized use that occurs after you notify us at 866 West Peachtree St., N.W., Atlanta, GA 30308, or telephone us at (404) 870-9414, orally or in writing, of the loss, theft, or possible unauthorized use. In any case your liability will not exceed $50.

**7. Disputed Amounts:** All communications concerning disputed amounts, including any check or other payment instrument in an amount less than the full amount due that you send to us marked "paid in full", or you otherwise tender as full satisfaction of a disputed amount, must be sent to us at the address for billing inquiries shown on the billing statement. For important information regarding your right to dispute billing errors under federal law, see the Notice that accompanies your copy of this Agreement.

**8. No Waiver By Us:** We have the right to delay or refrain from enforcing any of our rights under this Agreement without losing them. For example, we can extend the time for making certain payments without extending others or we can accept late or partial payments without waiving our right to have future payments made when they are due.

**9. Returned Check Fee:** If any check you give us to pay the amount you owe under this Agreement is returned to us unpaid by your bank, we may charge you a returned check fee of $10.00, except in LA this charge will be the lesser of $10.00 or 5% of the amount of the check.

**10. Late Fee:** In the states of AR, FL, GA, KS, KY, LA, MO, MS, NC, SC, TX and VA, if you fail to make any required minimum monthly payment within 10 days (15 days in MS, 21 days in TX, 30 days in NC) after it is due, we may impose a late payment fee as follows: in AR, GA, and NC - $5.00; in FL, SC, and TX - 5% of the

**NOTICE: SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS**

amount of the required monthly payment or $5.00 whichever is less; in KS, MO - $5.00 if the required minimum monthly payment is greater then $25.00; and in LA, KY, MS, and VA - $10.00. In FL, no late fee will be imposed if the fee would be less than $1.00.

**11. Default/Collection Costs:** You will be in default if you fail to pay any minimum monthly payment when due or if you file for bankruptcy. In the event of default, we may demand that you pay the entire unpaid balance due. We may also retake the goods you purchased on which there is any unpaid balance due, but we will do so only in a lawful manner, and we may pursue any other remedy provided by law. If the Account is referred to an attorney who is not our salaried employee, you agree to pay our reasonable attorney's fees (no attorney's fees is imposed in AL when the unpaid balance is under $300), but attorney's fees will only be imposed to the extent and in the amount permitted by applicable law, and court costs will also be recovered where permitted by applicable law.

**12. Cancelling or Limiting Your Credit:** We have the right at any time to limit or terminate the use of your Account without giving you notice in advance. You may end this Agreement for any reason but, if you do, you agree to pay the total balance due under the current terms of your Account.

**13. Change in This Agreement:** We may change any term of this Agreement, including the rate of Finance Charge, by furnishing you notice of the change in the manner required by applicable law. To the extent permitted by applicable law, any new terms may at our option be applied to any balance existing in the Account at the time of the change, as well as to any subsequent transactions.

**14. Credit Investigation:** You authorize us to investigate your credit history by obtaining credit reports in connection with your application for this Account and subsequently in connection with a purchase, reviewing the Account, or collecting the Account. You authorize us to make direct inquiries of businesses where you have accounts, where you work, and financial institutions where you bank. You also authorize us to report your performance under this Agreement to credit bureaus and others who properly receive such information.

**15. Telephone Monitoring:** In order to assure that you receive the best possible customer service, and that our employees are complying with our policies and all applicable laws in their contacts with you, on occasion a second employee may listen to customer calls.

**16. Change of Address:** You agree to notify us promptly in writing if you move. Until we receive such notice we will send billing statements and any other notices to the address you gave on the application for this Account.

**17. Governing Law:** This Agreement is governed by federal law and the laws of your state of residence if you reside in a state where we have a retail store. If you live in any other state, this Agreement is governed by the laws of the state where your Account was opened.

**Notice to Texas Residents:** The Finance Charge rate shown above is authorized by the Market Competitive Rate ceiling that is in effect under Tex. Rev. Civ. Stat. Ann. 5069-8.03. To contact Haverty Furniture Companies, Inc. about this account call (800) 322-7474. This contract is subject in whole or in part to Texas law which is enforced by the Consumer Credit Commissioner, 2601 North Lamar Boulevard, Austin, Texas 78705-4207. Phone (512) 479-1285 or (800) 538-1579. Contact the Commissioner relative to any inquiries or complaints.

**Notice:** ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**Notice to Buyer:** (a) DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. (b) YOU ARE ENTITLED TO AN EXACT COPY OF THE PAPER YOU SIGN. (c) YOU HAVE THE RIGHT TO PAY IN ADVANCE THE FULL AMOUNT DUE. (d) KEEP THIS AGREEMENT TO PROTECT YOUR LEGAL RIGHTS.

**BY SIGNING BELOW YOU ACKNOWLEDGE RECEIPT OF A COPY OF THIS REVOLVING CHARGE AGREEMENT/SECURITY AGREEMENT.**

Kathleen A. Whistler
Buyer's Name (Print)

_____  65-00
Buyer's Signature                    Date

_____
Co-Buyer's Name (Print)

_____
Co-Buyer's Signature                 Date

## YOUR BILLING RIGHTS. KEEP THIS NOTICE FOR FUTURE USE.

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

### NOTIFY US IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR BILL.

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us (on a separate sheet) at the address listed on your bill. Write to us as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:

• Your name and account number.

• The dollar amount of the suspected error.

• Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

### YOUR RIGHTS AND OUR RESPONSIBILITIES AFTER WE RECEIVE YOUR WRITTEN NOTICE

We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your credit limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to any questioned amount. If we didn't make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within ten days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

FORM NO. 20-RCA 10/98



North Point

**STORE COPY**

FILE No.315 02/19 '02 12:5   ID:COMPUTER ROOM        FAX:7  152 8163        PAGE  10/ 14

# HAVERTYS
**FURNITURE FOR YOUR HOME**

## Sales Invoice
## 1432866

5849 Peachtree Road
Chamblee GA 30341

North Point
(770)442-2810

KATHY WHISTLER
425 RED JACKET WAY
ALPHARETTA GA 90003
(H) 770-569-4647 (W) 770-312-6872

CONTROL: 3-081-501
ACCOUNT:9881677

DATE:06/05/00
TYPE:CHARGE

SLSPERSON:  226 HEATON
 CASHIER:  364 KIRKPATRICK

PAGE 1 OF 1

DELIVERY:UNSCHED.   DELIVERY AS FLOOR SAMPLE THIS THURS 8-8-00
                   CLIPPER BAY DRIVE ( WINDWARD SUB )

| TYPE | LOC | QTY | SKU | DESCRIPTION | UNIT | EXTENDED |
|------|-----|-----|-----|-------------|------|----------|
| | | 1 | 5-3000-8001 FKC | | 1,099.95 | 1,099.95 |
| | | | | LESS 20% DISCOUNT | | 219.99- |
| WD | 8 | 1 & | 0-3001-8116 SFM | LAF TAMPA/B66027/C66127/ /F03 | | |
| WD | 8 | 1 | 0-3001-8117 SFM | RAF TAMPA/B66027/C66127/ /F03 | | |
| | | 1 | 0-1011-0015 | 501 F000 | 79.95 | 79.95 |
| | | | 8-0001-0001 | DELIVERY CHARGE | | 59.00 |

SUB TOTAL:   1,018.91

& COVERED BY GUARDSMAN PROTECTION PLAN.     00/ 7.000% SALES TAX:     71.32

TOTAL:   1,090.23

FOR CUSTOMER SERVICE OR DELIVERY INFO            AMOUNT TENDERED:       .00
PLEASE CALL 770-454-3404                                  CHANGE:       .00
                                                        NET PAID:       .00

PAYMENT INFORMATION

TOTAL CHARGE SALE:   1,090.23
      TOTAL DOWN:        .00
 ADDED TO ACCOUNT:   1,090.23

NO P/I TIL 10/2000

By:

I HAVE REVIEWED THIS DOCUMENT
and all is in order

I have purchased the property and services listed above from Haverty Furniture Cos. Inc. ("Seller"), at the price set forth above for cash or on terms stated on my Revolving Charge Agreement ("RCA") with Seller. I agree that Seller shall retain a security interest in the property above as listed in my RCA. Acceptance of this sales invoice is subject to Seller's approval of buyer's credit. I acknowledge receipt of a completed copy of this sales invoice.

_____ (SEAL) _____ (SEAL) _____
      BUYER                    BUYER                    WITNESS

**FORM B10 (Official Form 10) (4/98)**

CHAPTER 13-JAMES H. BONE

068556802-N--N

| UNITED STATES BANKRUPTCY COU~~RT~~ NORTHERN ATLANTA | DISTRICT OF GEORGI~~A~~ | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>WHISTLER, LAWRENCE | Case Number<br>02-91266-SWC |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>HAVERTY'S CREDIT SERVICES, INC. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | FILED IN CLERKS OFFICE U.S. BANKRUPTCY COURT DISTRICT<br>CR FEB 21 PM 1:59<br>W. YVONNE EVANS CLERK |
| Name and address where notices should be sent:<br><br>TSYS TOTAL DEBT MGMT, INC.<br>PO BOX 6700<br>NORCROSS, GA 30091 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | BY<br>DEPUTY CLERK |
| Telephone number:   (800) 209-9161 | | |

| Account or other number by which creditor identifies debtor:<br><br>HAV09-9371782 | Check here<br>if this claim ☐ replaces   a previously filed claim, dated: _____<br>☐ amends |
|---|---|

| **1. Basis for Claim** | |
|---|---|
| ☒ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other _____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>  Your SS #: _____ _____ _____<br>  Unpaid compensation for services performed<br>  from _____ to _____<br>       (date)        (date) |

| **2. Date debt was incurred:**<br>10/03/98 | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**   $ _____ 1499.90 _____

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| **5. Secured Claim** | **6. Unsecured Priority Claim.** |
|---|---|
| ☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☒ Other _____<br><br>Value of Collateral: $ _____ 1499.90<br><br>FURNITURE<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____ | ☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,300.). *earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507 (a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C.  507 (a)(4).<br>☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family or household use - 11 U.S.C. § 507 (a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507 (a)(7).<br>☐ Taxes or penalties owed to government units - 11 U.S.C. § 507 (a)(8).<br>☐ Other - Specify applicable paragraphs of 11 U.S.C. § 507 (a) (____).<br>*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| **7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>**8. Supporting Documents:** *Attach copies of supporting documents, such as* promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): | |
|---|---|---|
| 02/19/02 | Stacy Kure ) TSYS TOTAL DEBT MGMT, INC. | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Secured Claim Worksheet

Case Number: 02-91246     Case Name: Whistler, Lawrence + Katherine

Instructions:

1. Attach this Worksheet to the proof of claim, which should conform to Official Form 10.

2. Compute the claim as of the date on which the Debtor filed the petition initiating the case.

3. **Do NOT include interest or charges that accrue after the Petition Date (the date on which the petition initiating the case was filed) in the computation of the debt due on the Petition Date.** A claim that accrues interest after the Petition Date for payments on secured debt not made when due after the petition date should be presented in a separate proof of claim dealing only with post-petition claims.

4. Provide information on computation of claim **as of Petition Date** in the blanks below. Principal Balance and Accrued Interest **MUST NOT** include unearned interest. The completion and filing of this form does not prejudice a creditor's right to contest whether the creditor's interest in property of the estate is adequately protected by payments made post-petition.

| A | Principal Balance | $ 1,499.90 |
|---|---|---|
| B | Accrued Earned Interest As of Date of Filing of Petition | $ 0 |
| C | Late Charges | $ 0 |
| D | Forced Placed Insurance | $ 0 |
| E | Other Charges (itemize) | $ <br> $ 0 <br> $ |
| F | Total Claim as of Petition Date (Sum of A-E) - Copy To Block 4 on Official Form 10 | $ 1,499.90 |

| G | Amount of arrearage and other charges **at time case is filed**, if any, included in amount on Line 4 | $ 1,499.90 |
|---|---|---|
| H | Monthly Payment | $ 255.00 |
| I | No. of Installments Past Due on Petition Date | over 120 days |
| J | Contractual Annual Interest Rate (APR) | 21 % |
| H | Value of Collateral - Copy to Block 5 on Official Form 10 | $ 1,499.90 |

Exhibit A

FILE No.315 02/19 '02 12:58  ID:COMPUTER ROOM        FAX:770 452 8163        PAGE  11/ 14



**HAVERTY'S® REVOLVING CHARGE AGREEMENT/SECURITY AGREEMENT**

10 88656

Account # 93 71 7__

In this Haverty' Revolving Charge Agreement/Security Agreement ("Agreement"), the words "you" and "your" refer to each person who signs this Agreement, requests a Haverty's Credit Card, or is authorized to use the Havertys' Revolving Charge Account ("Account"), the terms of which are set forth below in this Agreement. The words "we", "us", and "our" refer to Haverty Furniture Companies, Inc., 866 West Peachtree Street, N.W., Atlanta, GA 30308.

**1.** **Promise to Pay:** In return for extending credit to you from time to time, you agree to pay us at the address shown on your monthly billing statement ("statement") for all credit sales/services you charge to this Account, plus any Finance Charges that we impose as set forth below according to the terms of this Agreement. This Agreement, which governs consumer credit sales, will not be effective until your application has been approved by us.

**2.** **Cost of Credit:**

a. **Regular Terms:** There is no Finance Charge in any monthly billing period (I) in which there is no beginning balance (the "Previous Balance" shown on your statement), or (II) in which payments received and credits made within 25 days after the closing date shown on your statement equal or exceed the balance at the beginning of the billing period, except if our 90 day Payment Plan or our No Finance Charge Promotion is selected, no Finance Charge will be imposed when the terms of that Plan or Promotion are met, as explained below in this Agreement. If we do not receive the full amount due within 25 days after the closing date shown on your statement, we will impose a Finance Charge determined by applying a monthly periodic rate of 1.75% (**ANNUAL PERCENTAGE RATE 21%**), subject to the following exceptions:

| State | Credit Purchase Rate | ANNUAL PERCENTAGE RATE |
|---|---|---|
| AR | 10.00% | 10.00% |
| AL | 1.75% up to $750 | 21.00% |
|  | 1.5% over $750 | 18.00% |
| FL, NC | 1.5% | 18.00% |
| KS | 1.75% up to $1,000 | 21.00% |
|  | 1.2% over $1,000 | 14.40% |

A minimum **FINANCE CHARGE** of $.50 will be imposed in any month in which the Finance Charge resulting from application of the above-stated monthly periodic rate is less than $.50, except there will be no minimum **FINANCE CHARGE** in AR and NC.

b. **Reduced Rate Promotions:** If any single purchase is designated as a "Reduced Rate Promotion", or similar term, on the sales invoice or otherwise at the point of sale, we will impose a lower Finance Charge rate than set forth above. The lower Finance Charge rate will be disclosed to you at the point of sale, and it will be applied to the balance attributable to that purchase until that purchase is paid for in full. Any existing balance and any subsequent purchases will be subject to this Finance Charge rate imposed under our regular terms as set forth above. Should we fail to receive your required minimum monthly payment at any time during the course of this promotion, the reduced Finance Charge rate will automatically terminate and the Finance Charge will be imposed under the regular terms set forth above, beginning with the first billing statement notifying you of a past due amount.

c. **No Finance Charge Promotions:** Under this promotion, when offered, you are permitted to charge merchandise to your Account and no Finance Charge will be imposed on the balance attributable to that purchase during the special promotional period, which will be disclosed to you on the sales invoice or otherwise at the point of sale. If the payments for that purchase are not made according to the terms of this Agreement's Finance Charge will be imposed under the regular terms set forth above, beginning with the first billing statement notifying you of a past due amount.

**3.** **Method of Computing Finance Charge:** We figure the Finance Charge on your Account by applying the above-stated monthly periodic rate to the "Average Daily Balance" of your Account (including current transactions). To get the "Average Daily Balance", we take the beginning balance of your Account each day and any new purchases, and subtract any payments or credits, any unpaid Finance Charge, and any unpaid late fee or returned check fee. This gives us the daily balance. Then, we add

up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle. This gives us the "Average Daily Balance".

**4.** **Minimum Monthly Payment:** You agree to pay us a minimum monthly payment each month as follows $_____, unless you have agreed to a specified minimum monthly payment at the time of a purchase on the Account, or you have selected one of the Optional Payment Promotions set forth below:

a. **Deferred Payment Promotion:** Under this Promotion, no minimum payment is required during the promotion period, which will be set forth on the sales invoice or otherwise at the point of sale, although a Finance Charge will be imposed during this period according to our regular terms as set forth in this Agreement.

b. **Deferred Payment – No Finance Charge Promotion:** Under this Promotion, no minimum payment is required and no Finance Charge is imposed during the promotion period, which will be set forth on the sales invoice or otherwise at the point of sale. After this promotion period, our regular terms will apply as set forth in this Agreement.

c. **Ninety-Day Payment Plan:** Under our Ninety-Day Payment Plan, if you pay each month 1/3 of the highest New Balance, rounded up to the nearest dollar, within 25 days of the statement closing date, no Finance Charge will be imposed. In the event you fail to make the required 1/3 payment within 25 days of the closing date, we will impose a Finance Charge on the unpaid balance as provided under our regular terms set forth above, beginning with the first billing period in which the 1/3 minimum payment is not made.

Your minimum monthly payment is based on the highest New Balance. This means that the minimum payment will not decrease as the New Balance reduces, until the New Balance is reduced to zero, and it will increase when any purchases increase the New Balance above its previous highest level. You may at any time pay more than the total minimum monthly payment or your total New Balance.

**5.** **Security Interest:** We retain a purchase money security interest under the Uniform Commercial Code in the goods you charge to this Account until the indebtedness corresponding to each purchase is paid in full. Payments we receive are applied first to pay off any unpaid Finance Charge, then to any unpaid late fees and returned check fees, if any, and then to each article of merchandise in the order in which items purchased (articles purchased on the same day are paid off lowest priced items first). You understand that if the goods charged to this Account are lost, damaged, or destroyed while we still retain our security interest, you still remain obligated to pay us for those goods.

**6.** **Credit Cards:** You hereby allow us to issue a Haverty's credit card if it is our policy to issue credit cards. All credit cards we issue remain our property and, if requested, you agree to return any credit card issued to you. You agree to notify us promptly if any credit card was lost or stolen. You may be liable for the unauthorized use of your credit card. You will not be liable for unauthorized use that occurs after you notify us at 866 West Peachtree St. N.W., Atlanta, GA 30308, or telephone us at (404) 870-9414, orally or in writing, of the loss, theft, or possible unauthorized use. In any case, your liability will not exceed $50.

**7.** **Disputed Amounts:** All communications concerning disputed amounts, including any check or other payment instrument in an amount less than the full amount due that you send to us marked "paid in full", or you otherwise tender in full satisfaction of a disputed amount, must be sent to us at the address for billing inquiries shown on the billing statement. For important information regarding your right to dispute billing errors under federal law, see the Notice that accompanies your copy of this Agreement.

**8.** **No Waiver By Us:** We have the right to delay or refrain from enforcing any of our rights under this Agreement without losing them. For example, we can extend the time for making certain payments without extending the others or we can accept late or partial payments without waiving our right to have future payments made when they are due.

**9.** **Returned Check Fee:** If any check you give to us to pay the amount you owe under this Agreement is returned to us unpaid by your bank, we may charge you a returned check fee of $10.00, except in LA this charge will be the lesser of $10.00 or 5% of the amount of the check.

**10.** **Late Fee:** In the states of AR, FL, GA, KS, KY, LA, MS, NC, SC, TX, and VA, if you fail to make any required minimum payment within 10 days (15 days in MS, 21 days in TX, 30 days in NC) after it is due, we may impose a late payment fee as follows: in AR, GA, and NC – $5.00; in FL, SC, and TX – 5% of the amount of the

**NOTICE: SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS**

FILE No.315 02/19 '02 12:59   ID:COMPUTER ROOM          FAX:770 752 8163          PAGE  12/ 14

required monthly payment or $5.00 whichever is less; in KS - $5.00 if the required minimum monthly payment is $25.00 or less, and $10.00 if the required minimum monthly payment is greater than $25.00; and in LA, KY, MS, and VA - $10.00. In FL, no fee will be imposed if the required payment is $100 or more.

**11. Default/Collection Costs:** You will be in default if you fail to pay any minimum monthly payment when due or if you file for bankruptcy. In the event of default, we may demand that you pay the entire unpaid balance due. We may also retake the goods you purchased on which there is any unpaid balance due, but we will do so only in a lawful manner, and we may pursue any other remedy provided by law. If the Account is referred to an attorney who is not our salaried employee, you agree to pay our reasonable attorney's fees, (as approved by a court) in AL when the unpaid balance is under $1000, but accrued fees will only be imposed to the extent and in the amount permitted by applicable law, and court costs will also be recovered where permitted by applicable law.

**12. Cancelling or Limiting Your Credit:** We have the right at any time to limit or terminate the use of your Account without giving you notice in advance. You may end this Agreement for any reason, but, if you do, you agree to pay the total balance due under the current terms of your Account.

**13. Change in This Agreement:** We may change any term of this Agreement, including the rate of Finance Charge, by furnishing you notice of the change in the manner required by applicable law. To the extent permitted by applicable law, any new terms may at our option be applied to any balance existing in the Account at the time of the change, as well as to any subsequent transactions.

**14. Credit Investigations:** You authorize us to investigate your credit history by obtaining credit reports in connection with your application for this Account and subsequently in connection with a purchase, reviewing the Account, or collecting this Account. You authorize us to make direct inquiries of businesses where you have accounts, where you work, and financial institutions where you bank. You also authorize us to report your performance under this Agreement to credit bureaus and others who may properly receive such information.

**15. Telephone Monitoring:** In order to assure that you receive the best possible customer service, and that our employees are complying with our policies and all applicable laws in their contacts with you, on occasion a second employee may listen to customer calls.

**16. Change of Address:** You agree to notify us promptly in writing if you move. Until we receive such notice we will send billing statements and any other notices to the address you gave us on application for this Account.

**17. Governing Law:** This Agreement is governed by federal law and the laws of your state of residence if you reside in a state where we have a retail store. If you live in

any other state, this Agreement is governed by the laws of the state where your Account was opened.

**Notice to Texas Residents:** To contact Haverty Furniture Companies, Inc. about the account or to make a complaint, you may write to the company at _____ or the law which is enforced by the Consumer Credit Commissioner, _____ Boulevard, Austin, Texas 78705-4207, Phone (512) 479-1285 or (800) 538-1579. Contact the Commissioner relative to any inquiries or complaints.

**Notice to Buyer:** (a) DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES.  (b) YOU ARE ENTITLED TO AN EXACT COPY OF THE PAPER YOU SIGN.  (c) YOU HAVE THE RIGHT TO PAY IN ADVANCE THE FULL AMOUNT DUE.  (d) KEEP THIS AGREEMENT TO PROTECT YOUR LEGAL RIGHTS.

*1088656*

**BY SIGNING BELOW YOU ACKNOWLEDGE RECEIPT OF A COPY OF THIS REVOLVING CHARGE AGREEMENT/SECURITY AGREEMENT.**

X _Lance D Culverhouse_
Buyer's Name (Print)

X _____   10/3/98
Buyer's Signature                      Date

X _Kathy Whistler_
Co-Buyer's Name (Print)

X _____   10/3/98
Co-Buyer's Signature                  Date

---

### YOUR BILLING RIGHTS. KEEP THIS NOTICE FOR FUTURE USE.

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

### NOTIFY US IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR BILL

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us (on a separate sheet) at the address listed on your bill. Write to us as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:
- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain. If you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

### YOUR RIGHTS AND OUR RESPONSIBILITIES AFTER WE RECEIVE YOUR WRITTEN NOTICE

We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your credit limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to any questioned amount. If we didn't make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within ten days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

FORM NO. 20-RCA 10/97

# North Point

STORE COPY

FILE No.315 02/19 '02 13:0C   ID:COMPUTER ROOM          FAX:77r  '62 8163          PAGE  13/ 14

# HAVERTYS
**FURNITURE FOR YOUR HOME**

### Sales Invoice
### 1088656

5849 Peachtree Road          LARRY WHISLTER
Chamblee GA 30341            425 RED JACKET WAY                CONTROL: 3-d9b-804
                            ALPHARETTA GA 30005-4246          ACCOUNT:9371782
North Point                 (H) 770-569-4647 (W) 404-603-2551
(770)442-2810                                                 DATE:10/03/98
                                                             TYPE:CHARGE
SLSPERSON:  338 SMITH
  CASHIER:  654 BURGESS

DELIVERY:10/08/98  WINDWARD S/D OFF WINDWARD PWKY

| TYPE | LOC | QTY | SKU | DESCRIPTION | UNIT | EXTENDED |
|------|-----|-----|-----|-------------|------|----------|
| 'D | 8 | 2 | 2-2501-1230 | THM SOFA V908-949/E6022-05 TOPAZ | 1,999.95 | 3,999.90 |
|  |  | 2 | 0-1002-0001 | FABRICOAT |  |  |
|  |  | 1 | 0-1011-0016 | 1001-2000 | 129.95 | 129.95 |
| WD | 8 | 1 | 0-1023-0032 | GAR GOLD 869780 GOLD |  |  |
| OA | 8 | 1 | 0-4005-1731 | RIV R/T 3327 CHERRY | 1,799.95 | 1,799.95 |
|  |  |  | 8-0001-0001 | DELIVERY CHARGE |  |  |

AND ALL IS IN ORDER.

X

                                        SUB TOTAL:   5,929.80

                              60/  7.000% SALES TAX:    415.09
                                           TOTAL:    6,344.89
FOR CUSTOMER SERVICE OR DELIVERY INFO
PLEASE CALL 770-454-3494                AMOUNT TENDERED:      .00
                                             CHANGE:         .00
                                            NET PAID:        .00

                                        **PAYMENT INFORMATION**

TOTAL CHARGE SALE:  6,344.89
      TOTAL DOWN:       .00
 ADDED TO ACCOUNT:  6,344.89

NO INT/PMT TILL 3/99

We have purchased the property and services listed above from Haverty Furniture Cos. Inc. ("Seller"), at the price set fo: above for cash or on terms stated on my Revolving Charge Agreement ("RCA") with Seller. I agree that Seller shall retain security interest in the property above as listed in my RCA. Acceptance of this sales invoice is subject to Sellers app of Buyers credit. I acknowledge receipt of a completed copy of this sales invoice.

_____(SEAL)  _____(SEAL)
      BUYER                    BUYER

FILE No.315 02/19 '02 13:00   ID:COMPUTER ROOM          FAX:77' '62 8163          PAGE  14/ 14

# HAVERTYS

**FURNITURE FOR YOUR HOME**

## Sales Invoice
## 1088689

5849 Peachtree Road
Chamblee GA 30341

North Point
(770)442-2810

SLSPERSON:  338 SMITH
  CASHIER:  654 BURGESS

LARRY WHISLTER
425 RED JACKET WAY
ALPHARETTA GA 30005-4246
(H) 770-569-4647 (W) 404-603-2551

CONTROL: 3-05281/
ACCOUNT:9371782

DATE:10/03/98
TYPE:CHARGE

DELIVERY:UNSCHED.  WINDWARD S/D OFF WINDWARD PWKY

| TYPE | LOC | QTY | SKU | DESCRIPTION | UNIT | EXTENDED |
|------|-----|-----|-----|-------------|------|----------|
| WD | 8 | 2 | 2-5005-0251 | SER 3/3 35069/INNISBROOK DENIM | 119.00 | 238.00 |
|    |   |   | 8-0001-0001 | DELIVERY CHARGE | | 49.00 |

|  |  |
|--|--|
| SUB TOTAL: | 287.00 |
| 60/  7.000% SALES TAX: | 20.09 |
| TOTAL: | 307.09 |

FOR CUSTOMER SERVICE OR DELIVERY INFO
PLEASE CALL 770-454-3494

| | |
|--|--|
| AMOUNT TENDERED: | .00 |
| CHANGE: | .00 |
| NET PAID: | .00 |

**PAYMENT INFORMATION**

| | |
|--|--|
| TOTAL CHARGE SALE: | 307.09 |
| TOTAL DOWN: | .00 |
| ADDED TO ACCOUNT: | 307.09 |

*I HAVE REVIEWED THIS DOCUMENT AND ALL IS IN ORDER.*
X

NO INT/PMT TILL 3/99

have purchased the property and services listed above from Haverty Furniture Cos. Inc. ("Seller"), at the price set fo above for cash or on terms stated on my Revolving Charge Agreement ("RCA") with Seller. I agree that Seller shall retai security interest in the property above as listed in my RCA. Acceptance of this sales invoice is subject to Sellers app of Buyers credit. I acknowledge receipt of a completed copy of this sales invoice.

_____ (SEAL)  _____ (SEAL)  _____
   BUYER                   BUYER              WITNESS

FORM B10 (Official Form 10) (4/98)

CHAPTER 13—BONE, JAMES H          068634259-N-N

| UNITED STATES BANKRUPTCY COU | NORTHERN ATLANTA | DISTRICT OF GEORGI | PROOF OF CLAIM |

| Name of Debtor | Case Number |
| WHISTLER, LAWRENCE | 02-91266   FILED IN CLERKS OFFICE |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| FDS Bank - Richs | |
| Name and address where notices should be sent: | ☐ Check box if you have never received any notices from the bankruptcy court in this case. |
| TSYS TOTAL DEBT MGMT, INC. PO BOX 6700 NORCROSS, GA 30091 | ☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| Telephone number:    (800) 209-9161 | |

(stamp text:)
BANKRUPTCY COURT
NORTHERN DISTRICT
GEORGIA
22 FEB 22  PM 3: 13
W. YVONNE EVANS
CLERK
DEPUTY CLERK

THIS SPACE IS FOR COURT USE ONLY

| Account or other number by which creditor identifies debtor: 3000114271786 | Check here if this claim ☐ replaces   a previously filed claim, dated: _____ ☐ amends |

**1. Basis for Claim**

- ☐ Goods sold
- ☐ Services performed
- ☑ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your SS #: _____ _____ _____
  Unpaid compensation for services performed
  from _____ to _____
         (date)              (date)

| **2. Date debt was incurred:** 11/02/93 | **3. If court judgment, date obtained:** |

**4. Total Amount of Claim at Time Case Filed:**   $ _____ 1946.07 _____

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
   ☐ Other _____

Value of Collateral:  $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $ _____

**6. Unsecured Priority Claim.**

☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority  $ _____
   Specify the priority of the claim:
   ☐ Wages, salaries or commissions (up to $4,300.). *earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507 (a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C.   507 (a)(4).
   ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family or household use - 11 U.S.C. § 507 (a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507 (a)(7).
   ☐ Taxes or penalties owed to government units - 11 U.S.C. § 507 (a)(8).
   ☐ Other - Specify applicable paragraphs of 11 U.S.C. § 507 (a) (____).
   *Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents, such as* promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
| 02/21/02 | _Salazar_ TSYS TOTAL DEBT MGMT, INC. |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

STATEMENT OF ACCOUNTS

TODAY'S DATE 02/21/02

CREDITOR:

    ID 3000114271786
    FDS Bank - Rich#
    PO BOX 6700
    NORCROSS, GA 30091

DEBTOR:

    ID 068634259
    WHISTLER, LAWRENCE
    425 RED JACKET WAY
    ALPHARETTA GA 30005

| DEBTOR SSN# | BANKRUPCY CASE | PLACED | TDM FILE# | DEBITS | CREDITS |
|---|---|---|---|---|---|
| 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 | 02-91266 | 02/21/02 | 068634259 | 1946.07 | |

BALANCE AS OF 02/04/02  $1,946.07

Attorney: MILLER DAVID
3340 Peachtree Rd Ne, Ste 2615
Atlanta, GA 30326

Trustee: JAMES BONE
Ste 1100 Equitable Bldg, 100 P;       ee St Nw
Atlanta, GA 30303

810 (Official Form 10) (4/98)

**CH 13**

| UNITED STATES BANKRUPTCY COURT   Atlanta | District of ____ GA | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor: | Case Number |
|---|---|
| LARRY D WHISTLER | 0291266SWC |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed to 11 U.S.C. § 503.

02 FEB 25  PM 4: 20

W. YVONNE EVANS
CLERK

BY

DEPUTY CLERK

| Name of Creditor   *(The person or other entity to whom the debtor owes money or property.)* | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Discover Bank | ☐ Check box if you have never received any notices from the bankruptcy court in this case. |
| Name and address where notices should be sent:  Discover Financial Services  P.O. Box 8003  Hilliard, OH 43026 | ☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| Telephone Number:   800-347-5515 | THIS SPACE IS FOR COURT USE ONLY |

| Account number or other number by which creditor identifies debtor. | Check here ☐ replaces |
|---|---|
| 6011004440649172  Discover | if this claim ☐ amends a previously filed claim, dated: _____ |

**1. Basis for Claim.**

☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other _____ Itemized statement attached.

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your SS # : ____ ____ ____
Unpaid compensation for services performed
from _____ to _____
        (date)               (date)

| 2. Date debt was incurred: | 3. If court judgment, date obtained: |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**     $    3,789.99

☐ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or other charges.

| **5. Secured Claim.** | **6. Unsecured Priority Claim.** |
|---|---|
| ☐ Check this box if your claim is secured by collateral (including a right of setoff). | ☐ Check this box if you have an unsecured priority claim. |
| Brief Description of Collateral: | Amount entitled to priority:  $ _____ |
| ☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____ | Specify the priority of the claim: |
|  | ☐ Wages, salaries, or commissions (up to $4300)*, earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507 (a)(3) |
| Value of Collateral:  $ _____ | ☐ Contributions to an employee benefit plan - 11 U.S.C § 507 (a)(4) |
|  | ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C § 507 (a)(6) |
|  | ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507 (a)(7) |
|  | ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a)(8) |
| Amount of arrearage and other charges at time case filed included | ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507 (a)(___) |
| in secured claim above, if any:    $ _____ | *Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

**7. Credit:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date  2/16/02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any).  *John Cope*  Jonn Cope |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571*

Original

# Discover

## FINANCIAL SERVICES

LARRY D WHISTLER
425 Red Jacket Way
Alpharetta, GA 30005

| Discover | Account Number: 6011004440649172 |
| --- | --- |

STATEMENT DATE:    2/16/02

| | |
| --- | --- |
| PREVIOUS BALANCE | $    3,789.99 |
| PAYMENTS AND CREDITS | $    0.00 |
| PURCHASES | $    0.00 |
| CASH ADVANCES | $    0.00 |
| POST PETITION PAYMENTS AND CREDITS | $    0.00 |
| **BALANCE**  (as of Filing Date) | $    3,789.99 |

| | |
| --- | --- |
| POST PETITION PURCHASES | $    0.00 |
| POST PETITION CASH ADVANCES | $    0.00 |
| **POST PETITION BALANCE** | $    0.00 |

# STATEMENT SUMMARY

State of Delaware     )
                      )     ss
County of New Castle  )

## POWER OF ATTORNEY

Discover Bank, a banking corporation organized and existing under the laws of the State of Delaware and having an office at 12 Read's Way, New Castle County, Delaware ("Principal"), constitutes and appoints the employees of the recovery center for Discover Financial Services, Inc. located in Hilliard, Ohio, its true and lawful attorney-in-fact for the following purposes:

To assert on its behalf any claims in bankruptcy or in probate that it may have by reason of its having loaned money to a person who becomes a debtor or a decedent, and to sign on its behalf any documents necessary for the assertion, processing and filing of those claims.

To act on its behalf in retaining legal counsel to pursue any legal claims that it may have by reason of its having loaned money to persons who have not repaid it, and to sign on its behalf any documents necessary for the assertion or pursuit of those claims.

Principal, through its executive committee, ratifies and confirms everything attorneys-in-fact may lawfully do in the mentioned matters by virtue of this instrument.

In witness whereof, principal has caused this instrument to be sealed with its corporate seal, duly attested by the signature of its President, Kathy Roberts on 13 MAR, 2001.

By _____          (SEAL)
   Kathy Roberts, President
   Discover Bank

V:TILLIE/PowAt

FORM B10(Official Form 10)(4/98)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|
| ATLANTA    DISTRICT OF   GA | Chapter |

| Name of Debtor   KATHERINE WHISTLER | Case Number  02-91266 |

02 MAR -4  PM 4: 09

W. MELVIN C. EVANS
CLERK

BY_____

DEPUTY CLERK

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. Section 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| LORD AND TAYLOR | ☐ Check box if you have never received any notices from the bankruptcy court in this case. |
| Name and address where notices should be sent: | ☑ Check box if the address differs from the address on the envelope sent to you by the court. |
| LORD AND TAYLOR | |
| 111 BOULDER INDUSTRIAL DRIVE | |
| BRIDGETON    MO      63044 | THIS SPACE IS FOR COURT USE ONLY |

Telephone Number:

| Account or other number by which creditor identifies debtor: 930861531 | Check here if  ☐ replaces this claim:  ☐ amends    a previously filed claim, dated _____ |

**1. Basis for Claim:**
- ☒ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. Section 1114(a)
- ☐ Wages, salaries, and compensations (fill out below)
  Your SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
     (date)        (date)

| **2. Date debt was incurred:** 08/01/1991 - 02/04/2002 | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**  $  687.21

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $ 4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. Section 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. Section 507(a)(4).
☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -11 U.S.C. Section 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. Section 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. Section 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. Section 507(a)(_).

*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

THIS SPACE IS FOR COURT USE ONLY

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| DATE  02/28/2002 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *Shirley Oatell*  SHIRLEY OATELL  Bankruptcy Representative |

Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. Sections 152 and 3571.

```
AR410 REL: 01.05          CUSTOMER AFFAIRS SERVICE SYSTEM      01/22/02  09:12:01
DIV: LT                       STATEMENT INQUIRIES              USER  JAI


   930-861-531 T: 2 OT: 0        BENY: N  BEN DT: 00/00/00 SG: A HC: 0 LF: 25.00
KATHLEEN A WHISTLER             DISP: N  DIS DT: 00/00/00       PAY DUE: 02/21/02
                                  CC: 0  RES CD: 33 72 00 52   BILL DT: 01/28/02
425 RED JACKET WAY              P&L: 0  STATUS: CHAPT 13       APR%: 1.80  21.60
                                CR R049  LP DT : 01/12/02      FC BAL:     666.47
ALPHARETTA              GA 30005 D: Y  PS DUE:    687.21       NOW DUE:    687.21
CK'D ID RMVD RC34 020297ELA; CL05 CBR-CB IN SYS -CM                   020297 ECO P
           BEG BALANCE   FIN CHG   PURCHASES      PAYMENTS    CREDITS  NEW BALANCE
  CURR:        687.21      0.00        0.00          0.00       0.00       687.21
BILLED:        723.56     12.00        0.00         36.00      37.35       687.21


 DATE   DIV    REF NO    STR-DEPT     TRANSACTION DESCRIPTION          AMOUNT
JAN 12         201-1135  079 958   LATE PAYMENT FEE CREDIT            25.00 CR
JAN 12         201-1135  079 729   FINANCE CHARGE                     12.35 CR
JAN 12         835-0082  085 000   PAYMENT RECEIVED-THANK YOU         36.00 CR




ALL DETAIL LINES DISPLAYED                          RC QN1  AN 930861531  T 1
```

FORM B10 (Official Form 10)(4/01)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**

| Name of Debtor<br>Lawrence Whistler<br>Katherine Whistler | Case Number<br>02-91266 swc<br><br>Chapter 13 | FILED IN CLERK'S OFS.<br>U.S. BANKRUPTCY COURT<br>NO <br><br>'02 MAR -7 PM 3: 47 |
|---|---|---|

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>CitiFinancial<br>Name and Address where notices should be sent:<br><br>CitiFinancial<br>2650 Dallas Highway<br>Suite 160<br>Marietta, GA 30064-7506<br><br>Telephone Number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☑ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY. |
|---|---|---|

| Account or other number by which creditor identifies debtor:<br>202812 | Check here if ☐ replaces<br>this claim ☐ amends a previously filed claim, dated _____ |
|---|---|

| 1. **Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☑ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other _____ | ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Your SS #: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>(date)        (date) |
|---|---|

| 2. **Date debt was incurred:**<br>7-1-00 | 3. **If court judgment, date obtained:** |
|---|---|

4. **Total Amount of Claim at Time Case Filed:**     $ 89,005.44
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. **Secured Claim.**<br>☑ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☑ Real Estate ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral: $ 300,000<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ 5,572.00 | 6. **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $_____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).<br>☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).<br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
|---|---|

| 7. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>9. **Necessary Copies For Filing:** You are required to file, with the Clerk's Office only, the original plus one copy of this proof of claim form.<br>10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy (in addition to the copy required in item 9) of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date<br>3-6-02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Kathy Bradford assistant manager - KATHY BRADFORD |
|---|---|

Failure to include a duplicate of your claim may delay the processing of your claim.
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FORM B10 (Official Form 10) (4/98)

| UNITED STATES BANKRUPTCY COURT ―――NORTHERN――― | DISTRICT OF ―――GEORGIA――― |
|---|---|

| Name of Debtor<br>Lawrence Whistler   Katherine Whistler | Case Number<br>02-81266-SWC |
|---|---|

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**GENERAL MOTORS ACCEPTANCE CORP.**

Name and address where notices should be sent:

**General Motors Acceptance Corp.**
**P.O. Box 7041**
**Troy, Michigan 48007-7041**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

U.S. BANKRUPTCY COURT'S OFFICE
NORTHERN DISTRICT
GEORGIA
02 MAR 11 PM 3: 33
W. YVONNE EVANS
CLERK
BY
DEPUTY CLERK

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

340-0334-28315

Check here
if this claim ☐ replaces     a previously filed claim, dated:_____
                ☐ amends

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☑ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Your SS #: _____  _____  _____
Unpaid compensation for services performed
from _____ to _____
        (date)                    (date)

**2. Date debt was incurred:** August 6, 2001

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**   $  19320.87
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☑ Motor Vehicle
☐ Other_____

Value of Collateral:   $_____

Late Charges Due:    $90.00
Other Charges Due:   $0.00
Attorney Fees Due:   $0.00
Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority  $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date<br>3/8/2 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Gregson T. Haan   110 1493 | |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

03/06/2002 13:14 FAX 2488133??3      GMAC TROY BKT CTR      ☒007/008

340-0334-28315

# RETAIL INSTALLMENT SALE CONTRACT
## GMAC FLEXIBLE FINANCE PLAN

Dealer Number 8834          Contract Number 28315

Buyer (and Co-Buyer)—Name and Address (Include County and Zip Code)
LAWRENCE D. WHISTLER
TIMOTHY J. WHISTLER
425 RED JACKET WAY
ALPHARETTA GA 30005      FULTON

Creditor (Seller Name and Address)
CARL BLACK PONT/BK/GMC/ISUZU
11225 ALPHARETTA HWY
ROSWELL GA 30076      FULTON

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. By signing this contract, you agree to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor the Amount Financed and Finance Charge according to the payment schedule shown below. The Finance Charge is figured on a daily basis at the unpaid balance of the Amount Financed. Description of Vehicle. You agree to buy and the Creditor agrees to sell the following vehicle:

| New or Used | Year | Make and Model | Body Type | Vehicle Identification No. | Use for Which Purchased |
|---|---|---|---|---|---|
| USED | 1999 | PONTIAC FIREBIRD | 2DR | 262FS22X2X2203462 | ☒ personal ☐ agricultural ☐ business |

If truck—Describe body and major items of equipment sold:

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down-payment of $ 965.74 |
|---|---|---|---|---|
| 13.95 % | $ 7748.95 | $ 19251.05 | $ 27000.00 | $ 27965.74 |

Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due | Or as Follows: |
|---|---|---|---|
| 60 | 450.00 | Monthly beginning 09/21/2001 | |

Late Charge. If a payment is not paid in full within 10 days after it is due, you will pay a late charge of 5% of the amount of the payment that is late with a maximum of $50.00 unless the vehicle is all-highway farm or business equipment.

Prepayment. If you pay off all your debt early, you will not have to pay a penalty.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See the other side of this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, and security interest.

ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1 Cash Price (including any accessories, services, and taxes) | | $ 18297.79 (1) |
| 2 Total Downpayment = Net Trade-in $ 965.74 + Cash Downpayment $ N/A | | |
| + Other (Describe) | $ N/A | |
| Your Trade-in is a 1995 PONTIAC GREAND AM Year Make Model | | $ 965.74 (2) |
| 3 Unpaid Balance of Cash Price (1 minus 2) | | $ 17332.05 (3) |
| 4 Other Charges including Amounts Paid to Others on Your Behalf (Seller may be keeping part of these amounts.) | | |
| A Cost of Required Physical Damage Insurance Paid to the Insurance Company Named Below—Covering Damage to the Vehicle | $ N/A | |
| B Cost of Optional Mechanical Repair Insurance Paid to the Insurance Company Named Below—Covering Certain Mechanical Repairs | $ N/A | |
| C Cost of Optional Credit Insurance Paid to the Insurance Company or Companies Named Below. Life $ N/A Disability, Accident and Health $ N/A | $ N/A | |
| D Official Fees Paid to Government Agencies | $ N/A | |
| E Taxes Not Included in Cash Price | $ N/A | |
| F Government License and/or Registration Fees (Itemize) | $ N/A | |
| G Government Certificate of Title Fees | $ 18.00 | |
| H Other Charges (Seller must identify who will receive payment and describe purpose) | | |
| to RYAN & CARL BLACK PON for 48 MONTHS/48000 MILES / GAP | $ 1901.00 | |
| Total Other Charges and Amounts Paid to Others on Your Behalf | | $ 1919.00 (4) |
| 5 Amount Financed—Unpaid Balance (3 + 4) | | $ 19251.05 (5) |

Insurance. If any insurance is checked below, the policies or certificates issued by the Companies named will describe the terms and conditions.

Required Physical Damage Insurance. Physical damage insurance is required, but you may obtain it from anyone you want who is acceptable to the Creditor. The cost of this insurance is shown in 4A of the itemization above.

Insurance Company N/A      Term: months

Insurance Company N/A

☐ N/A Deductible Collision and either:
☐ Full Comprehensive including Fire, Theft and Combined Additional Coverage
☐ N/A Deductible Comprehensive including Fire, Theft and Combined Additional Coverage
☐ Fire, Theft and Combined Additional Coverage
Optional, if desired—☐ Towing and Labor costs  ☐ Loss of Use  ☐ CB Radio Equipment

Optional Mechanical Repair Insurance. The cost of this insurance is shown in 4B of the itemization above.

Insurance Company N/A
Term ☐ 36 months or 36,000 miles, whichever occurs first
Term ☐
☐ $35 Deductible ☐ $50 Deductible ☐ $ N/A Deductible

Optional Credit Insurance. Credit life insurance and credit disability insurance are not required to obtain credit and will not be provided unless you sign for them and agree to pay the additional cost. If you want this insurance, check the insurance desired and sign below. If you have chosen this insurance, the cost is shown in 4C of the itemization above. Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

Check the insurance desired: ☐ Life (Buyer ☐ Co-Buyer ☐ Both ☐ )
☐ Disability, Accident and Health (Buyer Only)

N/A
(Name of Insurer)                    (Home Office Address)

This policy will pay amounts due on this contract up to $ N/A . Total policy coverage for this and any other Retail Installment Sale Contract is limited to $ N/A .

Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

Check the insurance desired: ☐ Life (Buyer☐Co-Buyer ☐ Both☐)
☐ Disability, Accident and Health (Buyer Only)

_____ N/A _____
(Name of Insurer)                                          (Home Office Address)

Insurance policy will pay amounts due on this contract up to $ _____ N/A _____. Total policy coverage for this and any other Retail Installments Sale Contract is limited to $ ___ N/A ___.

_____          _____          _____          _____
Buyer Signature          Date          Co-Buyer Signature          Date

CREDIT INSURANCE, IF ANY, REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE COVERAGE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.

See the other side of this contract for other important agreements, including your agreement to give the Creditor a security interest in insurance premiums and proceeds.

**Notice to the Buyer**

Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

You signed this contract and received a true copy on _____ AUGUST 6th _____ 2001
                                                      (Mo.)        (Day)        (Yr.)

Buyer Signs _____          Co-Buyer Signs _____

Co-Buyer and Other Owner — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The co-buyer or other owner agrees to the terms of this contract.

Other owner signs here _____          Address _____

Seller Signs   CARL BLACK PONT/BK/GMC/15420          By _____

Seller obtained this vehicle from General Motors Corporation (GM) on installment credit terms. Seller assigns its interest in this contract to GM under the terms of the GM Installment Sales Finance Plan—Terms of Subsitituation and Assignment agreement. Otherwise, Seller assigns its interest in this contract to General Motors Acceptance Corporation (GMAC) under the terms of the GMAC Retail Plan agreement.

Assigned with recourse                                    Assigned without recourse, or with limited recourse
CARL BLACK PONT/BK                                        CARL BLACK PONT/BK/GMC/15420
_____          ____          ____          _____          ____          ____
Seller          By          Title                    Seller          By          Title

Form GA 12/2000 (1) (For use in the State of Georgia) (1 of 4)      Seller: See Other Side                    ORIGINAL
Copyright 2000 General Motors Acceptance Corporation. All Rights Reserved



FORM B10 (Official Form 10) (4/98)

| UNITED STATES BANKRUPTCY COURT __NORTHERN__ | DISTRICT OF __GEORGIA__ | |
|---|---|---|
| Name of Debtor  Lawrence Whistler  Katherine Whistler | Case Number  02-91266-SWC | |

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**GENERAL MOTORS ACCEPTANCE CORP.** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | *FILED IN CLERK'S OFFICE U.S. BANKRUPTCY COURT N.H DISTRICT GEORGIA*<br><br>MAR 11 PM 3: 34 |
| Name and address where notices should be sent:<br><br>**General Motors Acceptance Corp.**<br>**P.O. Box 7041**<br>**Troy, Michigan 48007-7041** | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | *W. YVONNE EVANS CLERK*<br>*DEPUTY CLERK*<br><br>THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor:<br><br>340-0334-23677 | Check here<br>if this claim  ☐ replaces     a previously filed claim, dated:_____<br>               ☐ amends |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☑ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Your SS #: _____ _____ _____
Unpaid compensation for services performed
from _____ to _____
          (date)                    (date)

**2. Date debt was incurred:** July 11, 2001

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**  $  20055.26
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☑ Motor Vehicle
☐ Other_____
Value of Collateral:  $_____
  Late Charges Due:   $118.38
  Other Charges Due:  $0.00
  Attorney Fees Due:  $0.00
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date  3/8/02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Gregson T. Haan   110.1494 |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

03/06/2002 13:19 FAX 2488133603    GMAC TROY BKT CTR    ☒007/010

340-0334-23677

## RETAIL INSTALLMENT SALE CONTRACT
### GMAC FLEXIBLE FINANCE PLAN

**GMAC**   002   Dealer Number **0334**   Contract Number **23677**

RECEIVED 01 JUL 10
GMAC SOUTHLAKE SP

| Buyer (and Co-Buyer)—Name and Address (include County and Zip Code) | Creditor (Seller Name and Address) |
|---|---|
| LAWRENCE DAVID WHISTLER | CARL BLACK PONT/BK/GMC/ISUZU |
| 425 RED JACKET WAY | 11225 ALPHARETTA HWY |
| ALPHARETTA GA 30005    FULTON | ROSWELL GA 30076    FULTON |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. By signing this contract, you agree to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor the Amount Financed and Finance Charge according to the payment schedule shown below. The Finance Charge is figured on a daily basis at the Annual Percentage Rate on the unpaid balance of the Amount Financed.

Description of Vehicle. You agree to buy and the Creditor agrees to sell the following vehicle:

| New or Used | Year | Make and Model | Body Type | Vehicle Identification No. | Use for Which Purchased |
|---|---|---|---|---|---|
| NEW | 2001 | GMC JIMMY | 2DR UT | 1GKCS18W51K199272 | ☒ personal ☐ agricultural ☐ business ☐ |

If truck—Describe body and major items of equipment sold:

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down-payment of $ 3500.00 is |
|---|---|---|---|---|
| 3.90 % | $ 2231.07 | $ 21444.93 | $ 23676.00 | $ 27176.00 |

Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due | Or as Follows: |
|---|---|---|---|
| 60 | 394.60 | Monthly beginning 08/26/2001 | |

Late Charge. If a payment is not paid in full within 10 days after it is due, you will pay a late charge of 5% of the amount of the payment that is late with a maximum of $50.00 unless the vehicle is off-highway farm or business equipment.

Prepayment. If you pay off all your debt early, you will not have to pay a penalty.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See the other side of this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, and security interest.

### ITEMIZATION OF AMOUNT FINANCED

| | | | |
|---|---|---|---|
| 1 Cash Price (including any accessories, services, and taxes) | | $ 23752.93 | (1) |
| 2 Total Downpayment = Net Trade-in $ N/A + Cash Downpayment $ 2000.00 | | | |
| + Other (Covering) MANUFACTURER'S REBATE | 1500.00 | | |
| Your Trade-in is a | | $ 3500.00 | (2) |
| Year    Make    Model | | | |
| 3 Unpaid Balance of Cash Price (1 minus 2) | | $ 20252.93 | (3) |
| 4 Other Charges including Amounts Paid to Others on Your Behalf (Seller may be keeping part of these amounts): | | | |
| A Cost of Required Physical Damage Insurance Paid to the Insurance Company Named Below—Covering Damage to the Vehicle | | N/A | |
| B Cost of Optional Mechanical Repair Insurance Paid to the Insurance Company Named Below—Covering Certain Mechanical Repairs | | N/A | |
| C Cost of Optional Credit Insurance for the Term of this Contract Paid to the Insurance Company or Companies Named Below.   Life $ N/A   Disability, Accident and Health $ N/A | | N/A | |
| D Official Fees Paid to Government Agencies | | N/A | |
| E Taxes Not Included in Cash Price | | N/A | |
| F Government License and/or Registration Fees (itemize) | | N/A | |
| G Government Certificate of Title Fees | | 10.00 | |
| H Other Charges (Seller must identify who will receive payment and describe purpose) | | | |
| to STATE (12) & DEALER (41)  for NV WARR RIGHTS FEE | | 3.00 | |
| to RYAN CARL BLACK PON  for 72 MONTHS/72000 MILES | | 1171.00 | |
| Total Other Charges and Amounts Paid to Others on Your Behalf | | 1192.00 | (4) |
| 5 Amount Financed—Unpaid Balance (3 + 4) | | 21444.93 | (5) |

Insurance. If any insurance is checked below, the policies or certificates issued by the Companies named will describe the terms and conditions.

Required Physical Damage Insurance. Physical damage insurance is required, but you may obtain it from anyone you want who is acceptable to the Creditor. The cost of this insurance is shown in 4A of the itemization above.

Optional Mechanical Repair Insurance. The cost of this insurance is shown in 4B of the itemization above.

| Insurance Company    N/A    Term:    to/from | Insurance Company    N/A |
|---|---|
| ☐ $ N/A  Deductible Collision and either: | Term: ☐ 36 months or 36,000 miles, whichever comes first |
| ☐ Full Comprehensive including Fire, Theft and Combined Additional Coverage | Term: $ |
| ☐ $ N/A  Deductible Comprehensive including Fire, Theft and Combined Additional Coverage | ☐ $35 Deductible ☐ $50 Deductible ☐ $ N/A Deductible |
| ☐ Fire, Theft and Combined Additional Coverage | |

Optional, if desired—☐ Towing and Labor costs ☐ Loss of Use ☐ CB Radio Equipment

Optional Credit Insurance. Credit life insurance and credit disability insurance are not required to obtain credit and will not be provided unless you sign for them and agree to pay the additional cost. If you want this insurance, check the insurance desired and sign below. If you have chosen this insurance, the cost is shown in 4C of the itemization above. Credit life insurance is based upon the payment schedule and term shown above. This insurance may not pay all you owe on this contract if you make late payments. Disability insurance covers the original payment amount for the term shown above. If you make late payments, disability insurance will not pay all of your payments.

Check the insurance desired: ☐ Life (Buyer ☐ Co-Buyer ☐ Both ☐) ☐ Disability, Accident and Health (Buyer Only)

N/A
(Name of Insurer)                                    (Home Office Address)

This policy will pay amounts due on this contract up to $ N/A . Total policy coverage for this and any other Retail Installment Sale Contract is limited to $ N/A .

☐ 8— N/A — Deductible (Unique) and other.
☐ Full Comprehensive including Fire, Theft and Combined Additional Coverage
☐ 8— N/A — Deductible Comprehensive including Fire, Theft and Combined Additional Coverage
☐ Fire, Theft and Combined Additional Coverage

Term: ☐ ____
☐ $25 Deductible  ☐ $50 Deductible  ☐ 8— N/A — Deductible

Optional, if desired—☐ Towing and Labor costs  ☐ Loss of Use  ☐ CB Radio Equipment

Optional Credit Insurance. Credit life insurance and credit disability insurance are not required to obtain credit and will not be provided unless you sign for them and agree to pay the additional cost. If you want this insurance, check the insurance desired and sign below. If you have chosen this insurance, the cost is shown in 4C of the itemization above. Credit life insurance is based upon the payment schedule and term shown above. This insurance may not pay all you owe on this contract if you make late payments. Disability insurance covers the original payment amount for the term shown above. If you make late payments, disability insurance will not pay all of your payments.

Check the insurance desired: ☐ Life (Buyer ☐ Co-Buyer ☐ Both ☐)
☐ Disability, Accident and Health (Buyer Only)

_____N/A_____
(Name of Insurer)                                     (Home Office Address)

This policy will pay amounts due on this contract up to $ ___N/A___  Total policy coverage for this and any other Retail Installment Sale Contract is limited to $ ___N/A___

Buyer Signature                        Date        Co-Buyer Signature                        Date

THE INSURANCE, IF ANY, REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE COVERAGE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.

See the other side of this contract for other important agreements, including your agreement to give the Creditor a security interest in insurance premiums and proceeds.

### Notice to the Buyer

Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

I/we signed this contract and received a copy on ___JULY 11th___ , ___2001___ .
(Mo.)        (Day)        (Yr.)

Buyer Signs                                          Co-Buyer Signs

Buyer or Other Owner— A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but is not required to pay the debt. The co-buyer or other owner knows that the Creditor has a security interest in the vehicle and consents to the security interest.
Other owner signs here                              Address

Creditor Signs  CARL BLACK PONT/BK/GMC/ISUZU                          By                    Title

If Seller obtained this vehicle from General Motors Corporation (GM) on installment credit terms, Seller assigns its interest in this contract to GM under the terms of the GM Installment Sales Finance Plan—Terms of Subsidization and Assignment agreement. Otherwise, Seller assigns its interest in this contract to General Motors Acceptance Corporation (GMAC) under the terms of the GMAC Retail Plan agreement.

| Assigned with recourse | | | Assigned without recourse or with limited recourse CARL BLACK PONT/BK/GMC/ISUZU | | |
|---|---|---|---|---|---|
| Seller | By | Title | Seller | By | Title |

130 FR-GA 6-96 (4) (For use in the State of Georgia) (1 of 4)        Notice: See Other Side

ORIGINAL

**OTHER IMPORTANT AGREEMENTS**

**Finance Charge.** The Finance Charge is figured on a daily basis at the Annual Percentage Rate on the unpaid balance of the Amount Financed. The Creditor will apply each payment first to the earned and unpaid part of the Finance Charge, and then to the unpaid balance of the Amount Financed.

**Late Payments and Early Payments.** The amounts shown on the front of this contract for the Finance Charge, Total of Payments and the Total Sale Price are based on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments and Total Sale Price will be more if you pay late and less if you pay early. If all your scheduled payments are equal, changes will take the form of more or fewer payments of the same amount, with a smaller final payment. If your last scheduled payment is larger than your earlier scheduled payments, changes will take the form of a larger or smaller final payment. The Creditor will send you a notice before the due date of the final scheduled payment. The notice will show the amount of the unpaid balance and the new payment schedule.

**Ownership and Risk of Loss.** You agree to pay the Creditor all you owe under this contract even if the vehicle is damaged, destroyed or missing. You agree not to remove the vehicle from the United States or Canada, or to sell, rent, lease or otherwise transfer any interest in the vehicle or this contract without the Creditor's written permission. You agree not to expose the vehicle to misuse, seizure, or confiscation, or other involuntary transfer, even if the vehicle is not the subject of judicial or administrative action. You will make sure the Creditor's security interest (lien) on the vehicle is shown on the title. If the Creditor pays any repair bills, storage bills, taxes, fines, or other charges on the vehicle, you agree to repay the amount when the Creditor asks for it.

**Security Interest.** You give the Creditor a security interest in (1) the vehicle being purchased, (2) any accessories, equipment and replacement parts installed in the vehicle, (3) any insurance premiums and charges for service contracts returned to the Creditor, (4) any proceeds of insurance policies or service contracts on the vehicle, and (5) any proceeds of insurance policies on your life or health which are financed in this contract. This secures payment of all amounts you owe in this contract and in any transfer, renewal, extension or assignment of this contract. It also secures your other agreements in this contract.

**Prepayment.** You may prepay the unpaid balance of the Amount Financed in full or in part at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other earned amounts due up to the date of payment.

**Required Physical Damage Insurance.** You agree to have physical damage insurance covering loss or damage to the vehicle for the term of this contract. At any time during the term of this contract, if you do not have physical damage insurance which covers both the interest of you and the Creditor in the vehicle, then the Creditor may buy it for you. If the Creditor does not buy physical damage insurance which covers both interests in the vehicle, it may, if it decides, buy insurance which covers only the Creditor's interest.

The Creditor has no obligation to buy any insurance, but may do so if it desires. If the Creditor buys either of these coverages, it will let you know what type it is and the charge you must pay. The charge will consist of the cost of the insurance and a finance charge, at the highest lawful contract rate. You agree to pay the charge in equal installments along with the payments shown on the payment schedule.

If the vehicle is lost or damaged, you agree that the Creditor can use any insurance settlement either to repair the vehicle or to apply to your debt.

**Late Charge.** You will have to pay a late charge on each payment received by the Creditor more than ten days late. The charge is shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you can keep making payments after they are due. The Creditor may also take the steps set forth below if there is any late payment.

**Optional Insurance or Service Contracts.** This contract may contain charges for optional insurance or service contracts. If the vehicle is repossessed, you agree that the Creditor may claim benefits under these contracts and terminate them to obtain refunds for unearned charges.

**Insurance or Service Contract Charges Returned to Creditor.** If any charge for required insurance is returned to the Creditor, it may be credited to your account or used to buy similar insurance or insurance which covers only the Creditor's interest in the vehicle. Any refund on optional insurance or service contracts obtained by the Creditor will be credited to your account. You will be notified of how it is done.

**Required Repayment in Full Before the Scheduled Date.** If you fail to pay any payment when due; a proceeding in bankruptcy, receivership or insolvency is started by you or against you or your property; or you break any of the agreements in the contract (default), the Creditor can

demand that you pay all you owe on this contract at once (not just past due payments). The amount you owe will be the unpaid balance of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and, to the extent allowed by law, any amounts due because you did not keep contract promises.

**Repossession of the Vehicle for Failure to Pay.** Repossession means that, if you fail to pay according to the payment schedule; or if you break any of the agreements in this contract (default), the Creditor can take the vehicle from you. To take the vehicle the Creditor can enter your property, or the property where it is stored, so long as it is done peacefully. If there is any personal property in the vehicle, such as clothing, the Creditor can store it for you. Any accessories, equipment or replacement parts will remain with the vehicle.

**Getting the Vehicle Back After Repossession.** If the Creditor repossesses the vehicle, you have the right to get it back (redeem) by paying the entire amount you owe on the contract (not just past due payments). The amount you owe will be the unpaid balance of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and all other earned amounts due, including the cost of taking and storing the vehicle and other expenses that the Seller or the Creditor has had. To the extent allowed by law, you must also cure any default in addition to nonpayment of what you owe. Your right to redeem will end when the vehicle is sold.

**Sale of the Repossessed Vehicle.** The Creditor will send you a written notice of sale at least 10 days before selling the vehicle. If you do not redeem the vehicle by the date on the notice, the Creditor can sell it. The Creditor will use the net proceeds of the sale to pay all or part of your debt.

The net proceeds of sale will be figured this way: Any late charges and any charges for taking and storing the vehicle, cleaning and advertising etc., and any attorney fees and court costs will be subtracted from the selling price.

If you owe the Creditor less than the net proceeds of sale, the Creditor will pay you the difference, unless required to pay it to someone else. For example, the Creditor may be required to pay it to another who has given you a loan and also taken a security interest in the vehicle.

If you owe more than the net proceeds of sale, you will pay the Creditor the difference between the net proceeds of sale and what you owe when the Creditor asks for it. If you do not pay this amount when asked, you may also be charged interest at the highest lawful rate until you do pay all you owe to the Creditor.

**Collection Costs.** If the Creditor hires an attorney who is not a salaried employee of the Creditor to collect what you owe, you will pay 15% of the principal and interest you owe as attorneys' fees, plus the court costs.

**Delay in Enforcing Rights and Change of this Contract.** The Creditor may delay or refrain from enforcing any of its rights under this contract without losing them. For example, the Creditor can extend the time for making some payments without extending others. Any change in terms of this contract must be in writing and signed by the Creditor. No oral changes are binding. If any part of this contract is not valid, all other parts will remain enforceable.

**Warranties Seller Disclaims.** You understand that the Seller is not offering any warranties and that there are no implied warranties of merchantability, of fitness for a particular purpose, or any other warranties, express or implied by the Seller, covering the vehicle unless the Seller extends a written warranty or service contract within 90 days from the date of this contract.

An implied warranty of merchantability generally means that the vehicle is fit for the ordinary purpose for which such vehicles are generally used. A warranty of fitness for a particular purpose is a warranty that may arise when the Seller has reason to know the particular purpose for which you require the vehicle and you rely on the Seller's skill or judgment to furnish a suitable vehicle.

This provision does not affect any warranties covering the vehicle which may be provided by the vehicle manufacturer.

**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

**Notice of Substitution of Contract.** If Seller obtained this vehicle from General Motors Corporation (GM) on installment credit terms, this contract will be substituted by Seller for and replace the Seller's obligation to pay GM for the vehicle you are purchasing. This substitution will not change the amount you have agreed to pay the Seller, the payment schedule, the finance charge or any of your rights and duties for this purchase. The terms of this contract set forth your entire and only obligation to Seller, GM, or any other holder of this contract.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this

03/06/2002 13:21 FAX 2488133683     GMAC TROY BKT CTR                    010/010



**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**

| Name of Debtor<br>Lawrence Whistler<br>Katherine Whistler | Case Number<br>02-91266 swc<br><br>Chapter 13 | FILED IN OPEN FACE<br>U.S. BANKRUPTCY COURT<br>No. |
|---|---|---|

'02 MAR -7 PM 3: 47

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>CitiFinancial<br>Name and Address where notices should be sent:<br><br>CitiFinancial<br>2650 Dallas Highway<br>Suite 160<br>Marietta, GA 30064-7506<br><br>Telephone Number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor:<br>202812 | Check here if ☐ replaces<br>this claim ☐ amends    a previously filed claim, dated _____ |
|---|---|

| 1. **Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☒ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other _____ | ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>  Your SS #: _____<br>  Unpaid compensation for services performed<br>  from _____ to _____<br>    (date)       (date) |
|---|---|

| 2. Date debt was incurred:<br>7-1-00 | 3. If court judgment, date obtained: |
|---|---|

4. **Total Amount of Claim at Time Case Filed:**  $ 89,005.99
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. **Secured Claim.**<br>☒ Check this box if your claim is secured by collateral (including a right of setoff).<br>  Brief Description of Collateral:<br>  ☒ Real Estate  ☐ Motor Vehicle<br>  ☐ Other _____<br><br>  Value of Collateral:  $ 300,000<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ 5,512.00 | 6. **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>  Amount entitled to priority $_____<br>  Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).<br>☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)___).<br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
|---|---|

| 7. **Credits:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>9. **Necessary Copies For Filing:** You are required to file, with the Clerk's Office only, the original plus one copy of this proof of claim form.<br>10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy (in addition to the copy required in item 9) of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date<br>3-6-02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *Kathy Bradford* - assistant manager - KATHY BRADFORD |
|---|---|

Failure to include a duplicate of your claim may delay the processing of your claim.
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

002649

## Notice to Filer

Rule 5005-1 of the  Local Rules for the United States Bankruptcy Court for the Northern District of Georgia contains a provision that requires all papers filed with the Court to be on 8 ½ by 11 inch paper.  The pertinent language of the local rule is as follows:

**5005-1. Format Requirements**

**The following provisions govern pleadings and papers filed in the Bankruptcy Court: (a) Paper. All pleadings and other papers, including motions, notices, orders and attachments thereto, shall be presented for filing on white opaque paper of good quality, 8½ by 11 inches in size.**

The attachments to the document that you have filed with the Court do not meet the above requirement.  Therefore the attachments are being returned to you.   The document has been processed by the Clerk's Office; however, if you wish to make the attachments part of the record of the Court, you will be required to *file an additional document*, which will include the attachments on 8 ½ by 11 inch paper.  Do not return this notice as part of your amendment.

W. Yvonne Evans

**Clerk of Court**

## United States Bankruptcy Court
### NORTHERN District of GEORGIA

### PROOF OF CLAIM
#### Chapter 13

In re **WHISTLER; LAWRENCE 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**

Case Number: **02-91266**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor**
(The person or entity to whom the debtor owes money or property)

General Motors Acceptance Corporation

**Name and Addresses Where Notices Should be Sent**
General Motors Acceptance Corporation

P. O. Box 7041, Troy, MI 48007-7041

Telephone No.   1-800-551-5377

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS CLERK'S OFFICE
U.S. BANKRUPTCY COURT

02 MAR 18 PM 4: 49

W. YVONNE EVANS
CLERK

BY_____
DEPUTY CLERK
THIS SPACE IS FOR
COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
340-2968-11127   274GH4

Check here if this claim ☐ replaces / ☐ amends   a previously filed claim, dated: _____

**1. BASIS FOR CLAIM**

☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐
Other
Collateral: 1999 GMC SUBURBAN
3GKEC16R0XG523196

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensations (Fill out below)
Your social security number _____
Unpaid compensations for services performed
from _____ to _____

**2. DATE DEBT WAS INCURRED:**   1/8/99

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ **SECURED CLAIM $**
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other (Describe briefly):
Amount of arrearage and other charges included in secured claim above. If any $ _____

☒ **UNSECURED NONPRIORITY CLAIM $ 599.16**
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ **UNSECURED PRIORITY CLAIM $ _____**
Specify the priority of the claim.

☐ Wages, salaries, or commissions (up to $2000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier) - 11 U.S.C. § 507(a)(3)

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507 (a)(4)

☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507 (a)(6)

☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a)(7)

☐ Other - 11 U.S.C. §§ 507(a)(2), (a)(5) - (describe briefly)

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:**

| | | | |
|---|---|---|---|
| $ 599.16 | $ _____ | $ _____ | $ 599.16 |
| (Unsecured) | (Secured) | (Priority) | (Total) |

☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR
COURT USE ONLY

Date
3/14/02

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

GENERAL MOTORS ACCEPTANCE CORPORATION

*Rebecca Avery*
REBECCA AVERY / Agent   MXG

**Penalty for presenting fraudulent claim:** Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

(Rev. 6/91) BKTCLAIM

# GENERAL MOTORS ACCEPTANCE CORPORATION

Mailing Address: PO BOX 7041, Troy, MI 480077041
Telephone:   800-551-5377

BRANCHES THROUGHOUT
THE WORLD

EXECUTIVE OFFICES
DETROIT

October 11, 2001

LAWRENCE WHISTLER
425 RED JACKET WAY
ALPHARETTA, GA  30005

Account Number 340-2968-11127

-Dear LAWRENCE WHISTLER:

We have determined the amount you owe upon early termination of your Lease
Agreement.  A balance of $599.16 is due.  This amount was calculated as
described in your Lease Agreement.

```
Base Monthly Payment times number of monthly payments not yet due  $  3,929.03
Less- Unearned Lease Charges                                      -$  1,206.52
Less- Any Surplus from Vehicle Sale: Part A                       -$      0.00
Subtotal (zero if negative)                                       $  2,722.51
Add - Early Excess Mileage and Wear Charges:  Part B             +$      0.00
Add - Other Amounts Owed:  Part C                                +$    600.58
Less- Security Deposit                                           -$      0.00
Less- Other Funds Received *                                     -$  2,723.93
Amount owed GMAC                                                   $    599.16
```

## Part A. Surplus from Vehicle Sale
```
Vehicle Sale Price Plus Any Insurance Settlement (1)  $ 18,750.00
Less - Termination Value                          (2) -$ 24,357.76
   Surplus from Vehicle Sale [(1) - (2) if positive;      $      0.00 A
   zero if negative]
```

## Part B. Early Excess Mileage and Wear Charges
If there is a Loss from Vehicle Sale, you may also owe an early excess mileage
and wear charge.  This charge is the lesser of the Loss from Vehicle Sale or
the Total Excess Mileage and Wear Charge:

```
Excess Mileage Charge
(       0 miles at $ 0.15 per mile)                   +$      0.00
Add - Excess Wear (None)                              +$      0.00
Total Excess Mileage and Wear Charge          (3)  $      0.00
Loss from Vehicle Sale [if (1)-(2) is negative]  (4)  $  5,607.76
Early Excess Mileage and Wear Charge [Lesser of (3) or (4)]   $      0.00 B
```

LAWRENCE WHISTLER
Page 2
October 11, 2001
340-2968-11127

### Part C. Other Amounts Owed

| | | |
|---|---|---|
| Past Due Monthly Payments (Incl. Sales Tax, etc.) | $ | 600.58 |
| Add - Unpaid Fees and Taxes | +$ | 0.00 |
| Add - Cost of retaking and/or storing the vehicle | | |
| (Includes Attorney's Fees of $0.00) | +$ | 0.00 |
| Add - Unpaid Late Charges and Extension Fees | +$ | 0.00 |
| Add - Sales and Use Taxes | | |
| on Excess Mileage and Wear Charges | +$ | 0.00 |
| Add - Other Charges (None) | +$ | 0.00 |
| Other Amounts Owed | $ | 600.58 C |

A balance of $599.16 is due.  If you have any questions, please contact our
office at 800-551-5377.

Very truly yours,

SMARTLEASE Department

* Note: The amount listed above for Other Funds Received can include any of the
following amounts: additional security deposit, past due rentals paid,
insurance refund, odometer refund, anticipated payments, prepaid excess
depreciation, prepaid excess odometer, or prepaid insurance deductible.

JJM

GDEFE3  (Rev. 08/89)

# GMAC SmartLease® Agreement — Monthly Payment

2968-11227

**LESSEE (and CO-LESSEE)** ("You,") name and address, including county

LAWRENCE WHISTLER
425 RED JACKET WAY , FULTON
ALPHARETTA GA 30005

**LESSOR (Retailer)**

808 DAVIS PONT/OLDS/GMC TRUCK
11225 ALPHARETTA HWY
ROSWELL GA 30076

This is an agreement to lease a vehicle. This is not a purchase agreement. You are not buying the vehicle. By signing this lease, you agree to everything on the front and back.
"We," "us," and "our" refer to Lessor named above and any assignee. An "assignee" is a person to whom this lease is assigned (if it is assigned).

| New/Used | Year | Make & Model | Body Style | Vehicle ID# | Mileage | Primary Use |
|---|---|---|---|---|---|---|
| NEW | 1999 | GMC SUBURBAN | TRK 2HD 15 | 3GKEC16R0XG523196 | 485 | ☒ Personal, Family or Household ☐ Business or Agricultural |

Dealer Installed Options:  N/A

## TRUTH CONSUMER LEASING ACT DISCLOSURES

| Amount Due at Lease Signing or Delivery (itemized Below)* | Monthly Payments | | Other Charges (not part of your monthly payment) | Total of Payments (The amount you will have paid by the end of the lease.) |
|---|---|---|---|---|
| $ 890.58 | Your first monthly payment of $ 600.58 followed by 35 payments of $ 600.58 due on the 8th of each month. The total of your monthly payments is $ 21620.88. | is due on 01/08/99 | Disposition fee (if you do not purchase the vehicle) N/A | |
| | | | Total $ N/A | $ 21910.88 |

### *Itemization of Amount Due at Lease Signing or Delivery:

| Amount Due at Lease Signing or Delivery: | | How the Amount Due at Lease Signing or Delivery will be paid: | |
|---|---|---|---|
| Capitalized cost reduction . . . . . . . . . . . . . . . . | $ 20.00 | Net trade-in allowance. . . . . . . . . . . | $ 20.00 |
| First monthly payment . . . . . . . . . . . . . . . | $ 600.58 | Rebates and noncash credits. . . . . . . | $ N/A |
| Refundable security deposit. . . . . . . . . . . . . | $ N/A | Amount to be paid in cash . . . . . . . . | $ 870.58 |
| Title fees. . . . . . . . . . . . . . . . . . . . . . . | $ 18.00 | | |
| Registration fees . . . . . . . . . . . . . . . . . . | $ N/A | | |
| Sale/use tax . . . . . . . . . . . . . . . . . . . . | $ N/A | | |
| N/A | $ N/A | | |
| OTHER UPFRONT FEES | $ 252.00 | | |
| Total. . . . . . . . | $ 890.58 | Total. . . . . . . . | $ 890.58 |

### Your monthly payment is determined as shown below:

| | |
|---|---|
| Gross capitalized cost. The agreed upon value of the vehicle ($ 36700.00 ) and any items you pay for over the lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 37100.00 |
| Capitalized cost reduction. The amount of any net trade-in allowance, rebate, noncash credit, or cash you pay that reduces the gross capitalized cost. . . . . . . | – $ 20.00 |
| Adjusted capitalized cost. The amount used in calculating your base monthly payment. . . . . . . . . . . . . . . . . . . . . . . . . . . . | = $ 37080.00 |
| Residual value. The value of the vehicle at the end of the lease used in calculating your base monthly payment. . . . . . . . . . . . . . . . . . . . . . . | – $ 24357.76 |
| Depreciation and any amortized amounts. The amount charged for the vehicle's decline in value through normal use and for other items paid over the lease term. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | = $ 12722.24 |
| Rent charge. The amount charged in addition to the depreciation and any amortized amounts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | + $ 7484.20 |
| Total of base monthly payments. The depreciation and any amortized amounts plus the rent charge . . . . . . . . . . . . . . . . . . . . . . . | = $ 20206.44 |
| Lease term. The number of months in your lease . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ÷ 36 |
| Base monthly payment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | = $ 561.29 |
| Monthly sales/use tax (estimated). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | + $ 39.29 |
| N/A | + $ N/A |
| Total monthly payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | = $ 600.58 |

N/A

Total monthly payment. .................................................................................. + $ _____ N/A
= $ 600.58

**Early Termination.** You may have to pay a substantial charge if you end this lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the lease is terminated. The earlier you end the lease, the greater this charge is likely to be.

**Excessive Wear and Use.** You may be charged for excessive wear based on our standards for normal use and or for mileage in excess of _____ 15000 miles per year at the rate of $ .15 per mile.

**Purchase Option at End of Lease Term.** You may have an option to buy the vehicle at the end of the lease term for $ _____ 24357.76 plus official fees and taxes _____

**Other Important Terms.** See your lease documents for additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, and insurance.

**1. ITEMIZATION OF GROSS CAPITALIZED COST.**

| | | |
|---|---|---|
| Agreed upon value of the vehicle ......................... | $ | 36700.00 |
| GMAC administrative fee ................................. | $ | 400.00 |
| License/registration/title fees ........................... | $ | N/A |
| Sales tax. .............................................. | $ | N/A |
| Other tax (describe) __N/A__ ............................ | $ | N/A |
| Optional service contract. .............................. | $ | N/A |
| Optional life insurance ................................. | $ | N/A |
| Optional disability insurance. ........................... | $ | N/A |
| __N/A__ ............................................... | $ | N/A |
| __N/A__ ............................................... | + $ | N/A |
| Gross Capitalized Cost. ................................. | = $ | 37100.00 |

**2. THE VEHICLE YOU ARE TRADING.**   1995    ISUZU  RODEO
                                        (year)          (make)         (model)

| | | |
|---|---|---|
| Gross trade-in value. ................................... | $ | 10350.00 |
| Payoff .................................................. | – $ | 10330.00 |
| Net trade-in value. ..................................... | = $ | 20.00 |

**3. OFFICIAL FEES AND TAXES.** You will pay all government license, title, registration, leading, and inspection fees for the vehicle. You will pay all taxes on the lease or the vehicle that the government levies on you, the vehicle, or us (except our net income taxes). We may change your monthly payment if taxes change. We may bill you separately for official fees and taxes.

**TOTAL ESTIMATED FEES AND TAXES YOU MUST PAY DURING LEASE.** .. $ 2449.44

| | | |
|---|---|---|
| Title fees .............................................. | $ | 18.00 |
| Registration fees ....................................... | $ | N/A |
| License fees. ........................................... | $ | N/A |
| Sales/use taxes (including tax on capitalized cost reduction) .. | $ | 1414.44 |
| Excise taxes. ........................................... | $ | N/A |
| Personal property taxes __ADVALOREM__ ................... | $ | 765.00 |
| Other (describe) __OTHER FEES__ ......................... | $ | 252.00 |

**4. LATE CHARGE.** If you do not pay a monthly payment in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.

**5. EXCESS MILEAGE CHARGE.** The total allowed mileage on the odometer at lease end is:

| | | |
|---|---|---|
| Starting odometer mileage ............................... | | 485 miles |
| Base mileage allowance .................................. | + | 45000 miles |
| Purchased extra miles. .................................. | + | N/A miles |
| Total allowed mileage .................................. | = | 45485 miles |

You are paying $ _____ N/A per mile for each unused extra mile you purchased. There will be no credit if the

$ __N/A__ per mile for extra miles. At scheduled lease end, we will credit you with

**7. OPTIONAL LIFE AND DISABILITY INSURANCE.** We do not require Insurance. If you sign below, you will pay to get the coverage(s) for the term. We will include the premium in your base monthly payment. A notice, if you sign for this insurance, will describe the coverage(s). The insurance may not cover amounts due besides the base monthly payment.

| | | |
|---|---|---|
| Insurer Name | N/A | |
| Address | N/A | |
| | N/A | |

☐ Life Insurance (☐ Lessee ☐ Co-Lessee ☐ Both)
| | |
|---|---|
| Premium | $ N/A |
| Coverage Limit | $ N/A |

☐ Disability Insurance (Lessee Only)
| | |
|---|---|
| Premium | $ N/A |
| Monthly Coverage Limit | $ N/A |

Lessee's Signature _____ N/A _____ Age _____

Co-Lessee's Signature _____ N/A _____ Age _____

**8. WARRANTY AND EXCLUSION OF WARRANTY.** You have the benefit of any warranty checked below.

☒ Standard manufacturer's warranty

☐ Warranty papers that are separate from this lease state any coverage limits. We are giving you a warranty that the vehicle conforms to the description in this lease. THERE ARE NO OTHER EXPRESS WARRANTIES ON THE VEHICLE. WE MAKE NO IMPLIED WARRANTY OF MERCHANTABILITY. THERE IS NO WARRANTY THAT THE VEHICLE IS FIT FOR A PARTICULAR PURPOSE.

**9. OPTIONAL SERVICE OR MAINTENANCE CONTRACT.**

Name _____ N/A _____

Term _____ N/A _____ months, _____ N/A _____ miles.

If you are buying a service or maintenance contract now, you may pay for it at lease signing. If you do not, the price will be in the capitalized cost, and you will pay rent charges on the price.

**10. ASSIGNMENT BY LESSOR.**

☒ If this box is checked, Lessor (Retailer) will assign this lease and sell the vehicle to General Motors Acceptance Corporation ("GMAC").

☐ If this box is checked, GMAC helped to arrange this lease and Lessor (Retailer) will assign it and sell the vehicle to Central Originating Lease Trust.

☐ If this box is checked, Lessor (Retailer) will assign this lease and sell the vehicle to _____ N/A _____

☐ If this box is checked, Lessor (Retailer) intends not to assign this lease. The assignee may designate Vehicle Asset Universal Leasing Trust, or its successor, as agent to hold title for the benefit of the assignee on the vehicle's certificate of title and/or registration.

The sale and assignment will not be considered to change materially your duties, burden, or

Gross trade-in value .................................. $ 10350.00

Payoff ................................................ - $ 10330.00

Net trade-in value ................................... = $ 20.00

**3. OFFICIAL FEES AND TAXES.** You will pay all government license, title, registration, testing, and inspection fees for the vehicle. You will pay all taxes on the lease or the vehicle that the government levies on you, not including or us (except our net income taxes). We may change your monthly payment if taxes change. We may bill you separately for official fees and taxes.

| TOTAL ESTIMATED FEES AND TAXES YOU MUST PAY DURING LEASE | $ 2449.44 |
| Title fees ................................................ | $ 18.00 |
| Registration fees ...................................... | $ N/A |
| License fees .............................................. | $ N/A |
| Excise taxes ............................................. | $ 1414.44 |
| Sales/use taxes (including tax on capitalized cost reduction) | $ N/A |
| Personal property taxes **ADVALOREM** ........... | $ 765.00 |
| Other (describe) **OTHER FEES** ..................... | $ 252.00 |

**4. LATE CHARGE.** If you do not pay a monthly payment in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.

**5. EXCESS MILEAGE CHARGE.** The total allowed mileage on the odometer at lease end is:

| Starting odometer mileage ....................... | 485 | miles |
| Base mileage allowance ........................... | 45000 | miles |
| Purchased extra miles ............................ + | N/A | miles |
| Total allowed miles ............................... = | 45485 | miles |

You are paying $ **N/A** for extra miles. At scheduled lease end, we will credit you with $ _____ per mile for each unused extra mile you purchased. There will be no credit if the lease ends early, you buy the vehicle, or the vehicle is a total loss.

The excess mileage charge is $ .15 per mile for each mile beyond 45485 miles. If the lease ends early, any excess mileage and wear charge will not be more than residual value minus the vehicle sale price. There is no excess mileage charge if you buy the vehicle.

**6. CHARGE FOR FINES.** If the government places a fine on the vehicle and you do not pay it promptly, we may pay it. Each time we pay a fine, you will pay us the fine plus $20.

**THIS IS THE ENTIRE LEASE AGREEMENT.** This lease contains the entire agreement between you and us relating to the lease of the vehicle. Any change to the terms of this lease must be in writing and signed by you or us. No other changes are binding. We may delay or refrain from enforcing any of our rights under this lease without losing them. Lessee (and Co-Lessee) initials

**NOTICE TO LESSEE. 1. DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT. 2. YOU ARE ENTITLED TO A COPY OF THIS AGREEMENT.**

YOU SIGNED THIS AGREEMENT AND RECEIVED A COPY AT **ROSWELL** **GA** ON **01** **08** **99**
(city) (state) (month) (day) (year)

LESSEE: _____

LESSEE: _____   BY: _____   CO-LESSEE: _____   TITLE: _____

LESSOR: **BOB DAVIS PONT/OLDS/GMC TRUCK**   BY: _____   TITLE: _____

**BOB DAVIS PONT/OLDS/GMC TRUCK**

LESSOR: _____   BY: _____   TITLE: _____

871 SLM 5-96

**SEE OTHER SIDE FOR OTHER IMPORTANT AGREEMENTS INCLUDING A PROHIBITION OF TRANSFER OF YOUR INTEREST.**

**8. WARRANTY AND EXCLUSION OF WARRANTY.** You have the benefit of any warranty checked below.

□ Standard manufacturer's warranty

□ Warranty papers that are separate from this lease state any coverage limits. We are giving you a warranty that the vehicle conforms to the description in this lease. **THERE ARE NO OTHER EXPRESS WARRANTIES ON THE VEHICLE. WE MAKE NO IMPLIED WARRANTY OF MERCHANTABILITY. THERE IS NO WARRANTY THAT THE VEHICLE IS FIT FOR A PARTICULAR PURPOSE.**

**9. OPTIONAL SERVICE OR MAINTENANCE CONTRACT.**

Name **N/A**

Term **N/A** months, **N/A** miles.

If you are buying a service or maintenance contract now, you may for it at lease signing. If you do not, the price will be in the capitalized cost, and you will pay rent charges on the price.

**10. ASSIGNMENT BY LESSOR.**

□ If this box is checked, Lessor (Retailer) will assign this lease and sell the vehicle to General Motors Acceptance Corporation ("GMAC").

□ If this box is checked, GMAC helped to arrange this lease and Lessor (Retailer) will assign it and sell the vehicle to Central Originating Lease Trust.

□ If this box is checked, Lessor (Retailer) will assign this lease and sell the vehicle to _____

□ If this box is checked, Lessor (Retailer) intends not to assign this lease.

The assignee may designate Vehicle Asset Universal Leasing Trust, or its agent, to hold title for the benefit of the assignee on the vehicle's certificate of title and/or registration.

The sale and assignment will not be considered to change materially your duties, burden, or risk under this lease. Neither the assignee nor Vehicle Asset Universal Leasing Trust will have to make any repairs to the vehicle, get any insurance, or perform any service. Lessor has agreed to perform under this lease. You will look only to Lessor for these services.

After assignment, GMAC will service this lease. If GMAC is the assignee or if GMAC helped to arrange this lease, You must then make all payments to GMAC (for the of the assignee's account) or as otherwise directed. If we assign this lease, you will not receive notice of assignment.

Lessor assigns all right, title, and interest in this lease as the intended assignee, under the terms of this lease plan dealer agreement as in effect from time to time with the assignee (the "Dealer Agreement"). Lessor also assigns all rights, title, and interest in the leased vehicle to the party identified in this lease as the intended assignee, or to the assignee under the terms of the Dealer Agreement.

LESSOR: **BOB DAVIS PONT/OLDS/GMC TRUCK**   BY: _____   TITLE: _____

**12. USE.** You will not:
— use the vehicle illegally, improperly, for hire or as a public conveyance.
— use the vehicle in any business, trade, or profession.
— remove the vehicle from the United States, except for trips to Canada of under 60 days.
— move the vehicle to another state for more than 30 days without telling us.
— change the vehicle without our written consent.
— expose the vehicle to seizure, confiscation, forfeiture, or other involuntary transfer.

You will not let anyone else do any of these things.

**13. INSURANCE.** You must insure the vehicle through liability and physical damage insurance. The policies must not exclude or restrict coverage while you allow it to drive the vehicle. The policies must show any additional insureds and loss payees that we require. You must give us proof of insurance when we ask. We require no other insurance.

**14. EXCESS WEAR.** Excess wear is wear that is beyond normal wear and tear. Excess wear includes: (a) glass that is damaged or that you tinted; (b) a damaged or corroded body, trim, frame, crossmember, suspension, engine, powertrain, etc.

**15. LIENS.** You will keep the vehicle free of liens unless we agree to them. If you do not remove any liens, we may do so. You will pay us any amount we pay to do so.

**16. SCHEDULED END.** This lease is scheduled to end one month after the last payment is due.

**17. EARLY END.** You may end this lease anytime. We may end this lease if you are in default or if the vehicle is a total loss.

**18. DEFAULT.** You will be in default if any of these things happen:
— You do not pay on time.
— You made a material misrepresentation when you applied for this lease.
— You start a bankruptcy, receivership, or insolvency proceeding or one is started against you.
— You break any of your agreements in this lease.
— You do anything the law says is a default.

If you are in default, we may:
— End the lease and require you to pay the early end charge.
— Take the vehicle from you without demand. If the law permits, we may go on your property to take the vehicle.
— Sue you for damages and to get the vehicle back.
— Pursue any other remedy the law gives us.

**19. VEHICLE RETURN.** At lease end, you will return the vehicle (including any included options you do not buy outright) to any reasonable place we tell you, along with the vehicle.

**20. OPTION TO BUY THE VEHICLE.** You have an option to buy the vehicle only at scheduled lease end. (See the front for the price. You must also pay any related official fees and taxes.)

**21. ODOMETER DISCLOSURE.** Federal law requires you to tell us in connection with a transfer of vehicle ownership. You may be fined and/or imprisoned if you do not complete the disclosure or if you make a false statement.

**22. WHAT YOU OWE AT SCHEDULED END.**
(a) IF YOU BUY THE VEHICLE: If you have paid us and kept your agreements, you owe us nothing more.
(b) IF YOU DO NOT BUY THE VEHICLE: If you have kept your agreements, you owe the residual value or

**SEE OTHER SIDE FOR OTHER IMPORTANT AGREEMENTS.**

21. **ODOMETER DISCLOSURE.** Federal law requires you to tell us the vehicle's mileage in connection with a transfer of vehicle ownership. You may be fined and/or imprisoned if you do not complete the disclosure or if you make a false statement.

**Definition of Surplus:** Unless you get an appraisal or gap protection applies, we will sell the vehicle at wholesale in a commercially reasonable way. If we sell the vehicle for more than residual value, the surplus will be zero. If we sell the vehicle for the residual value or less, the surplus will be zero.

**Appraisal.** You may get a professional appraisal of the vehicle's wholesale value. If you do within a reasonable time, we will use that appraised value as the sale price when we figure the surplus (if any). But the appraisal must be an independent third party, you and we both agree on the appraiser, and you must pay for the appraisal. The appraisal shall be binding.

**Gap Protection.** If the vehicle is a total loss and we get an insurance settlement, we will figure the surplus. If the Total is zero, we owe the residual value, plus any unpaid fees and taxes applying to the vehicle. We will figure a Total, as the amounts due because you broke agreements in this lease. We will figure a Total, as described in the item, but there will be no early excess mileage and wear charge. Also, the surplus will be the excess of the insurance settlement (not including the deductible) over residual value. If the Total is less than zero, we will give you a credit for the Total. If the vehicle is a total loss and we do not get an insurance settlement, there is no gap protection. You will also owe us residual value minus the vehicle's salvage value.

**Definition of Early Excess Mileage and Wear Charge.** Our estimated or actual cost of any repairs the vehicle needs because of excess wear (we do not have to make repairs), plus any excess mileage charge. This charge will not exceed residual value minus the vehicle sale price.

**TERM**

24. **SECURITY DEPOSIT.** If you paid a security deposit, we will use it to pay anything you owe under this lease and do not pay. We will not pay you interest on the security deposit. We will not add to the security deposit any increase or profits we receive from the security deposit. After lease end, we will give you back any part of the security deposit that is left.

26. **INDEMNITY.** You will protect us from all losses, damages, injuries, claims, demands, and expenses arising out of the condition, maintenance, use, or operation of the vehicle. You agree to indemnify, and hold harmless, us and our assigns from all such losses, damages, injuries, claims, demands, and expenses.

| UNITED STATES BANKRUPTCY COURT NORTHERN District of GEORGIA | PROOF OF CLAIM |
|---|---|

| In re(Name of Debtor) WHISTLER, LAWRENCE,,   SS # 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 | Case Number 0291266SWC   Ch. 13 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to U.S.C § 503

Name of Creditor
(The person or entity to whom the debtor owes money or property)
PROVIDIAN NATIONAL BANK F/K/A FIRST DEPOSIT NATIONAL BANK

Name and Address Where Notices Should be Sent

Providian National Bank f/k/a First Deposit National Bank
4940 Johnson Drive
Pleasanton, CA  94588

Telephone No. (925) 416-5000

☐ Check here if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.

☐ Check here if you have never received any notice from the bankruptcy court in this case.

☐ Check here if this address differs from the address on the envelope sent to you by the court.

CLERKS OFFICE
RUPTCY COURT
DISTRICT

02 MAR 18 PM 3: 01

W. YVONNE EVANS
CLERK

BY
DEPUTY CLERK

THIS SPACE IS FOR
COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR
**4428-5612-0060-1398**

☐ ___ replaces
Check here if this claim ___ amends a previously filed claim, dated _____

**1. BASIS FOR CLAIM**

- ☐ Goods sold
- ☐ Services performed
- ☒ Money loaned
- ☐ Personal injury / wrongful death
- ☐ Taxes
- ☐ Other (Describe briefly)

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)

  Your social security number _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)                (date)

| 2. DATE DEBT WAS INCURRED **January 14, 2002** | 3. IF COURT JUDGMENT, DATE OBTAINED |
|---|---|

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE ITEM OR ITEMS that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED

☐ SECURED CLAIM **$0.00**
Attach evidence of perfection of security interest.
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any $ _____

☒ UNSECURED NONPRIORITY CLAIM **$29,669.16**
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $ _____
Specify the priority of the claim.
- ☐ Wages, salaries, or commissions (up to $4000), *earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507 (a)(4)
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507 (a)(4)
- ☐ Up to $1,800 * of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507 (a)(6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507 (a)(7)
- ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a)(8)
- ☐ Other - Specify applicable paragraph of 11 U.S.C § 507 (a) _____

* Amounts are subject to adjustment on 4/1/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**5. TOTAL AMOUNT OF CLAIM AT TIME**

| CASE FILED | $29,669.16 (Unsecured) | $0.00 (Secured) | _____ (Priority) | $29,669.16 (Total) |
|---|---|---|---|---|

☐ Check here if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. CREDITS AND SETOFFS  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. SUPPORTING DOCUMENTS  Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR
COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| **March 05, 2002** | **Russell Martin, Designated Agent,** |

Penalty for Presenting Fraudulent Claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

bkltr.001

```
TCSI 001 CODE IHB ACCT 4428561200601398                CYCLE 28 AGENT 5406
( 12 MONTH HISTORY ):::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
SCREEN SELECTION ( 1 2 3 4 )                        => WHISTLER KATHLE
              CURRENT   (01) 02/27/02 (02) 02/13/02 (03) 01/14/02 (04) 12/14/01
PAYMENT  |        0  |        0  |        0  |        0  |        0
 073001  |      .00  |      .00  |      .00  |      .00  |      .00
MIN PYMT |      .00  | 9,773.00  | 9,773.00  | 7,993.00  | 6,215.00
PURCHASE |        0  |        0  |        0  |        0  |        0
 032901  |      .00  |      .00  |      .00  |      .00  |      .00
CASH ADV |        0  |        0  |        0  |        0  |        0
 031301  |      .00  |      .00  |      .00  |      .00  |      .00
CREDITS  |        0  |        0  |        0  |        0  |        0
 072595  |      .00  |      .00  |      .00  |      .00  |      .00
MISC CHG |        0  |        0  |        0  |        0  |        0
         |   .00  |    .00  |     .00  |    .00  |    .00
INS FEE  |      .00  |      .00  |      .00  |      .00  |      .00
LATE CHG |      .00  |      .00  |      .00  |    29.00  |    29.00
OVRL FEE |      .00  |      .00  |      .00  |      .00  |      .00
PURC F/C |   421.88  |      .00  |      .00  |    78.01  |    71.17
CASH F/C | 2,688.38  |      .00  |      .00  |   468.04  |   430.03
LIMIT    |25,500.00  |25,500.00  |25,500.00  |25,500.00  |25,500.00
BALANCE  |29,669.16  |29,669.16  |29,669.16  |29,669.16  |29,094.11
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
```

FORM B10 (Official Form 10)(4/01)

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA | | |
|---|---|---|
| Name of Debtor<br>Lawrence Whistler<br>Katherine Whistler | Case Number<br>02-91266 swc<br><br>Chapter 13 | CLERKS OFFICE<br>Y COURT<br><br>02 MAR 18 PH 3: 23<br><br>THIS SPACE IS FOR COURT USE ONLY |

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Jacobson<br>Name and Address where notices should be sent:<br><br>Jacobson<br>PO Box 768<br>Jackson, MI 49204-0768<br><br>Telephone Number: 1-800-837-7544 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| Account or other number by which creditor identifies debtor:<br>084-974-231 | Check here if ☐ replaces<br>this claim ☐ amends a previously filed claim, dated _____ |

| 1. Basis for Claim | ☐ Retiree benefits as defined in 11 U.S.C. §1114(a) |
|---|---|
| ☒ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other_____ | ☐ Wages, salaries, and compensation (fill out below)<br>Your SS #: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>(date)         (date) |

| 2. Date debt was incurred: 9/00 – 10/01 | 3. If court judgment, date obtained: |
|---|---|

| 4. Total Amount of Claim at Time Case Filed: | $ 223.11 |
|---|---|

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim. | 6. Unsecured Priority Claim. |
|---|---|
| ☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☐ Real Estate ☐ Motor Vehicle<br>☐ Other_____<br><br>Value of Collateral: $_____<br><br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____ | ☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $_____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).<br>☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| 7. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>9. Necessary Copies For Filing: You are required to file, with the Clerk's Office only, the original plus one copy of this proof of claim form.<br>10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy (in addition to the copy required in item 9) of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date<br>3-12-02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): _____ alice Ormsby Collection Mgr |
|---|---|

Failure to include a duplicate of your claim may delay the processing of your claim.
Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

007569

B10(Official Form 10)
(Rev. 6/91)

# United States Bankruptcy Court

__NORTHERN__ District of __GEORGIA__

In re (Name of Debtor)

WHISTLER, LAWRENCE
& KATHERINE

## PROOF OF CLAIM

CHAPTER 13

Case Number
02-91266 SWC

NOTE: This form should not be used to make a claim for an administrative expense arising after commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to U.S.C § 503.

Name of Creditor
(The person or entity to whom the debtor owes money or property)
KOHL'S DEPARTMENT STORE

Name and Addresses Where Notices Should be Sent

KOHL'S DEPARTMENT STORE
P. O. BOX 740933
DALLAS, TX 75374

Telephone No.  (972) 644-1127

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statements giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
0317029395

Check here if this claim: ☐ replaces ☐ amends a previously filed claim, dated:

1. BASIS FOR CLAIM:
☒ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensations (Fill out below)
Your social security number _____
Unpaid compensations for services performed
from _____ to _____
(date)          (date)

2. DATE DEBT WAS INCURRED:

3. IF COURT JUDGMENT, DATE OBTAINED:

4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

☐ SECURED CLAIM $ _____
Attach evidence of perfection of security interest
Brief description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other (Describe briefly)

Amount of arrearage and other charges included in secured claim above, if any $ _____

☒ UNSECURED NONPRIORITY CLAIM $ __1,010.47__
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim, or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $ _____
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $2000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier--11 U.S.C. § 507(a)(4)
☐ Contributions to an employee benefit plan--U.S.C. § 507(a)(4)
☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use-11 U.S.C. § 507(a)(6)
☐ Taxes or penalties of government units-- 11 U.S.C. § 507(a)(6)
☐ Other--11 U.S.C. § § 507(a)(2),(a)(5)-Describe briefly)

5. TOTAL AMOUNT OF CLAIM AT THE TIME CASE FILED:
$ __1,010.47__ (Unsecured)   $ _____ (Secured)   $ _____ (Priority)   $ __1,010.47__ (Total)

☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

THIS SPACE IS FOR COURT USE ONLY

7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgements, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date

03/12/02

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power attorney, if any)

P. B. MASON - AGENT

1092589

*Penalty for presenting fradulent claim: fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C § § 152 and 3571.*

```
 SC8820/1  02/27/2002 KOP  'S ACCOUNT STATUS DISPLAY  02 /28/2002 08:18  ID: KDD
Acct :  0317029395 52 Cyc   . 90 Bi: 01/20/2002 Due: 02/  /2002 MVC: Y     VIP: N
St/Lc:  90 600 WRITE-OFF ATTORNEY 1   Op: 03/10/2001  Closed: 12/20/2001 Ins: N
Name1: KATHLEEN A WHISTLER          Home: 770 750 - 0078   Pull:  0004 KDD
Name2: LARRY D WHISTLER             Bus1:        -        AScr: - 203 09/01
Addr : 425 RED JACKET WAY           Srce: J 00000001 Emp:  NScr:  686 03/01
 R   :                          Y  C/S :                    Rstr:
     : ALPHARETTA              GA  300054246  AdChg: 02/14/2002 :
Instr: PRMENT RCV BNK CHPT 13 02-91266 2-4-02                    :
              Pymnt H: 5432SNMLN-          Dun H: 5432110010
           Last Stmnt  Curr Stmnt     Auths Last Reage:
Prv Bal:      984.80     1010.47            Avl Credit:    -920.47
Pur/Adv:                             Disputes  :
Returns:                             Last Pymnt:      31.00 08/24/2001
Fee/Int:       25.67       10.00     Cr Lmt  E : 100  5% 11/20/2001
Cr/Dr  :                             Limit Ext :
Pymnts :                             MVC Pur   :
Cls Bal:     1010.47     1020.47   1020.47 Issued Cards    Cnt Sts Issue date
Min Due:       50.00 Min Non-Dl:     50.00 031702939502    1 100 07/21/2001
OverDue:      219.00 Min Deals :           031702939503    1 100 07/21/2001
Ttl Due:      269.00 Interest  :           031702939500    1 106 03/10/2001
Avd FC :     1010.47 Ttl Due   :    269.00 031702939501    1 106 03/10/2001
 ACCTS4 PF1=Read PF5=Hist PF6=Updte  PF7=Comment
 Record read OK
```

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**

| Name of Debtor<br>Lawrence Whistler<br>Katherine Whistler | Case Number<br>02-91266 swc |
| | Chapter 13 |

FILED IN ...
U.S. BANKRUPTC... ...

B-47

This SPACE IS FOR COURT USE ONLY
DEPUTY CLERK

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>CitiFinancial<br>Name and Address where notices should be sent:<br><br>CitiFinancial<br>2650 Dallas Highway<br>Suite 160<br>Marietta, GA 30064-7506<br><br>Telephone Number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |

| Account or other number by which creditor identifies debtor:<br>202812 | Check here if ☐ replaces<br>this claim ☐ amends a previously filed claim, dated _____ |

| 1. Basis for Claim<br>☐ Goods sold<br>☐ Services performed<br>☒ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other | ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Your SS #: ___ ___ ___<br>Unpaid compensation for services performed<br>from _____ to _____<br>         (date)          (date) |

| 2. Date debt was incurred:<br>7-7-00 | 3. If court judgment, date obtained: |

**4. Total Amount of Claim at Time Case Filed:**    $ 89,005.99

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☒ Check this box if claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☒ Real Estate  ☐ Motor Vehicle<br>☐ Other_____<br><br>Value of Collateral:  $ 300,000<br><br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ 5,572.00 | 6. Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $_____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).<br>☐ Up to $ 2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)___).<br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| 7. Credits:    The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>9. **Necessary Copies For Filing:** You are required to file, with the Clerk's Office only, the original plus one copy of this proof of claim form.<br>10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy (in addition to the copy required in item 9) of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |

| Date<br>3-6-02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Kathy Bradford  assistant manager  KATHY BRADFORD |

Failure to include a duplicate of your claim may delay the processing of your claim.
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



# DISCLOSURE STATEMENT

GEORGIA
1ST & 2ND MORTGAGE

| BORROWER (Called "you" or "your")<br>WHISTLER, LARRY D<br><br>425 RED JACKET WAY<br>ALPHARETTA      GA 30005-4246<br>CO-BORROWER: | LENDER (Called "we" or "us")<br>ASSOCIATES FINANCIAL SERVICES OF<br>AMERICA, INC<br>2650 DALLAS HWY SUITE 160<br>MARIETTA       GA  30064 |
|---|---|

| DATE OF LOAN<br>07/07/00 | ACCOUNT NUMBER<br>0304888 |
|---|---|

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 14.32 % | $    71040.88 | $    80061.80 | $  151102.68 |

Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |  |
|---|---|---|---|
| 1 | $    1348.32 | 08/15/00 | |
| 119 | $    1258.44 | Monthly, beginning | 09/15/00 |
| 000 | $     .00 | Monthly, beginning | 00/00/00 |
| 000 | $     .00 | Monthly, beginning | 00/00/00 |
| 000 | $     .00 | 00/00/00 | |

**VARIABLE RATE:** If this is a variable interest rate loan, this transaction has a variable rate feature for which variable rate disclosures have been provided earlier.

**LATE CHARGE:** If a payment is more than 10 days late, you will be charged 5% of the payment, but not more than $25.00. However, if this is a Discounted Fixed Rate or Variable Rate loan, this late charge will not be assessed unless your payment is more than 15 days late.

**PREPAYMENT:** If you pay off early, you  [X] may  [ ] will not   have to pay a penalty. You may be entitled to a rebate of part of the Prepaid Finance Charge.

**SECURITY:** [X]  You are giving a security interest in your real estate located at: _____
425 RED JACKET WAY      ALPHARETTA      GA
[ ]  You are giving a security interest in the real estate being purchased and which is located at: _____

**ASSUMPTION:** If this loan is a purchase money transaction, someone buying your home may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.

See your contract documents for additional information about non-payment, default, any required repayment of your indebtedness in full before the scheduled date, prepayment refunds and security interests.

**INSURANCE:**
Credit insurance is not required to obtain this loan and will not be provided unless you sign below. Insurance provided by the Creditor may be issued by an affiliated company which expects to profit from the insurance.

| TYPE | TERM OF INSURANCE | PREMIUM | SIGNATURE |
|---|---|---|---|
| Single Credit Life Insurance | 120 months, beginning on the Effective Date of Insurance | $   2035.80 | I want single credit life insurance. |
| Joint Borrower Credit Life Insurance | month, beginning on the Effective Date of Insurance | $    .00 | We want joint borrower credit life insurance. |
| Credit Accident and Health Insurance | 036 months, beginning on the Effective Date of Insurance | $   1026.00 | I want credit accident and health insurance. |
| Involuntary Unemployment Insurance | months, beginning on the Effective Date of Insurance | $    .00 | I want involuntary unemployment insurance. |

CANCELLATION OPTION: You may cancel all but not part of the credit insurance coverage on this

nsurance certificates to the office where the l̶ ̶ ̶ was made. The unearned credit insurance prem̶ ̶n will be credited to your account. If cancellation occurs within 15 days from the ̶ ̶ive date, the entire credit insurance premium ̶ ̶ be credited to your account. Even hough a credit is made to your account because the credit insurance is cancelled, you will still be obligated to continue making payments on your loan as scheduled.

NOTICE: SEE OTHER SIDE FOR ADDITIONAL PROVISIONS.

have received a copy of this statement.

_____
**BORROWER**

7-7-00
**DATE**

_____
**BORROWER**

_____
**DATE**

56802 REV. 2-00

☐ ORIGINAL (1)
**BORROWER COPY (1)**
**CO-BORROWER COPY (1)**

00097A.16

ITEMIZATION OF AMOUNT FINANCED (Sum of A, B & C) $ 40061.80

A. **AMOUNT** GIVEN TO YOU DIRECTLY: $_____ $.00   B  AMOUNT PAID ON YOUR ACCOUNT (NO. _0128404) $ _____3988.51
   Check No. _____   $_____ $.00

C. **AMOUNTS** PAID TO OTHERS ON YOUR BEHALF

| | | | | |
|---|---|---|---|---|
| BANK OF AMERICA | 016195 | $ 28172.23 | To Insurance Co. for Credit Life . . . . . . . . $ | 2035.80 |
| PROVIDIAN VISA | 016196 | $ 4508.34 | To Insurance Co. for Credit Accident & Health  $ | 1026.00 |
| CITI GOLD | 016197 | $ 9492.54 | To Insurance Co. for Involuntary Unemployment | |
| AM SOUTH | 016198 | $ 4783.88 | Insurance . . . . . . . . . . . $ | $.00 |
| AMERICAN EXPRESS | 016199 | $ 2958.00 | Georgia Residential Mortgage Act Per Loan Fee $ | 6.50 |
| HOME DEPOT | 016200 | $ 1694.00 | Filing Fee . . . . . . . . . . . . . . . . . . . . . . $ | 14.00 |
| _____ | | $ $.00 | Releasing Fee/Prior Mortgage . . . . . . . . . . $ | $.00 |
| _____ | | $ $.00 | Intangible Tax . . . . . . . . . . . . . . . . . . $ | 258.00 |
| _____ | | $ $.00 | ʰ Fees for Real Estate Transaction: | |
| _____ | | $ $.00 | To Appraiser . . . . . . . . . . . . . . . . . . . $ | 290.00 |
| _____ | | $ $.00 | To _____ | |
| _____ | | $ $.00 | for Abstract . . . . . . . . . . . . . . . . . $ | $.00 |
| _____ | | $ $.00 | To _ENTERRA__ | |
| _____ | | $ $.00 | for Title Examination . . . . . . . . . . . $ | 225.00 |
| _____ | | $ $.00 | To Insurance Co. for Title Insurance. . . . . . . $ | 209.00 |
| _____ | | $ $.00 | To _____ | |
| _____ | | $ $.00 | for Survey . . . . . . . . . . . . . . . . . . . $ | $.00 |
| _____ | | $ $.00 | To Credit Reporting Agency . . . . . . . . . . . . $ | $.00 |
| _____ | | $ $.00 | To _ASSOCIATES FINANCIAL SERVICE_ | |
| _____ | | $ $.00 | for Preparation of Documents . . . . . . . . . $ | 6.50 |

D. **PREPAID FINANCE CHARGE** (not part of "Amount Financed"):

    Broker Fee Paid by Borrower. . . . . . . .   . . . . . . . $_____ $.00   (1)
    Closing Fee . . . . . . . . . . . . . . . . . . . . $_____ 0.00   (2)
    Loan Fee. . . . . . . . . . . . . . . . . . . . . . . $_____ 5604.32  (3)
    **TOTAL PREPAID FINANCE CHARGE**       $_____ 5604.32  (1)+(2)+(3)

608822

000078.10

**Loan Agreement**
(SECURITY AGREEMENT)

GEORGIA
1ST & 2ND MORTGAGE

LENDER:

ASSOCIATES FINANCIAL SERVICES OF
AMERICA, INC

2610 2650 DALLAS HWY SUITE 160 MARIETTA     GA
ANC & COOK STREET ADDRESS CITY AND STATE

| ACCOUNT NUMBER | TYPE | LOAN DATE | | FINAL PAYMENT DATE | BROKER FEE (F) (S) (C) (PREPAID) | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 304888 | 15 | 07/07/00 | | 07/15/10 | 5.00 | | | | | |

BORROWER

HISTLER, LARRY D
25 RED JACKET WAY
L PHARETTA
A     30005-4246

BORROWER (SPOUSE)

| | FEES | CLOSING FEE (F) | CAR (F) (C) | | STANLEY (M) | | | (F) (S) (C) (M) | FINANCE |
|---|---|---|---|---|---|---|---|---|---|
| | 1002.50 | 0.00 | 5604.32 | | 65436.56 | | 71040.88 | ← | CHARGE |
| | CREDIT LIFE INS. PREM. | CREDIT A&H INS PREM | | | | | AMOUNT FINANCED | | |
| | 2035.80 | 1026.00 | | | | | 80061.80 | | |
| | IG | | | PRINCIPAL BALANCE (F) (C) | | | TOTAL OF PAYMENTS (G) + (H) | | |
| | 5.00 | | | 95566.12 | | | 151102.68 | | |

CO-BORROWER (NON-SPOUSE)

FIRST PAYMENT DATE
08/15/00

"I", "me" and "my" refer to the Borrower(s) and Co-Borrower(s) named above "You" and "your" refer to the lender named above

PAYMENT   I promise to pay you at your office, the principal balance together with interest figured at the Agreed Rate of Interest checked below until fully paid.

I will pay principal and interest by making payments each month. I will make my payments as set forth in the Payment Schedule. Payments will be made every month beginning on the first payment date stated above until the loan is fully paid. If there is no such date in any month that follows, payment will be made on the last day of that month.

My monthly payments will be applied to interest before principal. If still owe amounts under this Note on the maturity date, will pay these amounts in full on that date.

PAYMENT
SCHEDULE

Monthly Payment(s) in the amount(s) shown below will be due as shown below. (For Variable Rate Loans, this Schedule may change.)

$     1348.32  beginning on   08/15/00 , followed by 3     1258.44 beginning on   09/15/00  ; followed by
$       5.00  beginning on   00/00/00 ; followed by $       5.00 beginning on   00/00/00  ; followed by
$       5.00  on   00/00/00 .

AGREED
RATE OF
INTEREST

Whichever boxes are checked, the corresponding provision applies

CHECKED RATE:      [X]  The Agreed Rate of Interest on my loan is  12.59  % per annum

DISCOUNTED
CHECKED RATE:      __  The Agreed Rate of Interest on my loan is _____ % per annum  However, for the first _____ payment periods
of my loan term, the Agreed Rate of Interest will be _____ %

VARIABLE
RATE:      __  THIS IS A VARIABLE INTEREST RATE LOAN AND THE AGREED RATE OF INTEREST WILL INCREASE OR
DECREASE WITH CHANGES IN THE INDEX. The index is the "Bank Prime Loan Rate" published in the Federal
Reserve Board's Statistical Release H.15. The Agreed Rate of Interest is determined by the sum of the Index plus
a margin

CURRENT
RATE:      The Index as of the last business day of _____ is _____ % my margin is _____ %, therefore my current
Agreed Rate of Interest is _____ % per year.

My Agreed Rate of Interest is subject to change when the value of the Index changes as set forth below. The rate
cannot increase or decrease more than 2% in any year. In no event, however, will the rate ever be less
than _____ % per year nor more than _____ % per year

MONTHLY
RATE
CHANGE/
ANNUAL
PAYMENT
CHANGE      __  The Agreed Rate of Interest is subject to change the 15th day of every month if the Bank Prime Loan Rate, as
of the last business day of the preceding month, has increased or decreased by at least 1/4 of a percentage
point from the rate for the previous month. Adjustments in the Agreed Rate of Interest will be given effect by
changing the dollar amounts of the remaining monthly payments in the month following the anniversary date of
the loan and every 12 months thereafter so that the total amount due under this Loan Agreement will be paid by
the final payment date, excluding any balloon payment, if applicable. Lender waives the right to any interest
rate increase after the last anniversary date prior to the last payment due date of the loan. The rate will not
change before the First Payment Due Date.

SEMI-ANNUAL
RATE CHANGE/
SEMI-ANNUAL
PAYMENT
CHANGE      __  The Agreed Rate of Interest is subject to change on the sixth payment due date and every sixth month
thereafter if the Bank Prime Loan Rate, as of the last business day of the month preceding the previous month
has increased or decreased by at least 1/4 of a percentage point from the rate for the previous six month
period. Adjustments in the Agreed Rate of Interest will be given effect by changing the dollar amounts of the
remaining monthly payments on the sixth payment due date and every sixth months thereafter so that the total
amount due under this Loan Agreement will be paid by the final payment date, excluding any balloon payment,
if applicable.

DISCOUNTED      However, until my sixth payment due date, my Agreed Rate of

**RATE (APPLIES ONLY TO LOANS SUBJECT TO SEMI-ANNUAL CHANGES)**

However, until my sixth payment due date, my Agreed Rate of Interest is discounted and will be_____% per year.

Beginning with the sixth payment due date, the Agreed Rate of Interest will be determined by adding the margin to the Index as of the last business day of the month preceding the previous month and my payment will change. Thereafter, the Agreed Rate of Interest and payment will increase or decrease on the twelfth payment due date and every six months thereafter as stated in the paragraph immediately above.

Page 1 of 2

NOTICE: See other side for additional loan terms

_____ORIGINAL (1)
BORROWER COPY (1)
CO-BORROWER COPY (1)

S66802 REV. 2-00

00096A.15

**AFTER MATURITY INTEREST**
I agree to pay ... of the Agreed Rate of interest

**LATE CHARGES**
If any payment is more than 10 days past due, I agree to pay a late charge in an amount equal to 5% of the payment, but not more than $25.00. However, if my loan agreement provides for a Discounted Fixed Rate or a Variable Rate, this late charge will not be assessed unless my payment is more than 15 days late.

**DEFAULT**
I will be in default if I fail to pay any payment or part of a payment on time or if I default on any of the terms of any security agreement or Deed To Secure Debt which secures my loan.

If I default, you have the right to declare the entire unpaid amount of my loan immediately due and payable without giving me notice of the default or asking me to pay. If this loan agreement is secured by a mobile home, I will be given a notice of right to cure a default if I am entitled to this notice. In the event of default, I will receive a pro rata rebate of the unearned insurance premiums. If you declare the balance of my loan due and payable, you have the rights and remedies provided for in any security agreement or Deed To Secure Debt that secures this loan, including the right to require me to pay any deficiency.

**ATTORNEY CHARGES**
I will pay court costs and reasonable attorney's fees not in excess of 15% of the principal and interest owing on the indebtedness if you hire an attorney to (1) collect this loan; (2) protect your interest in the property I have given to assure payment of the loan.

**PREPAYMENT**
I have the right to make prepayments of principal at any time. When I make a prepayment, I will tell you on my payment coupon. All prepayments will be applied to applicable charges with the remainder to principal. If I make a principal prepayment there will be no changes in the due dates or changes to the amount of my monthly payment unless you agree in writing to those delays or changes. If I prepay in full, I will pay the principal balance remaining unpaid as of the date of prepayment plus accrued interest. If I prepay in full, whether by refinancing or otherwise, within 12 months of the date of this loan, I will receive a pro rata rebate of the loan fee, calculated as if the date of prepayment by pro rating the fee over the first 12 months of the loan. This means that you will earn 1/12 of the loan fee each month over the first 12 months of the loan. and the loan fee will be fully earned at the end of 12 months, subject to the "Maximum Yield Upon Prepayment" paragraph, below.

**MAXIMUM YIELD UPON PREPAYMENT**
It is agreed that the total of the Finance Charge, payable by me on my loan shall in no event exceed the equivalent of a rate of interest greater than 5% per month computed in accordance with Section 7-4-18, official Code of Georgia Annotated 1982. Therefore, if I prepay this loan, if necessary, you will reduce, waive or refund the Prepaid Finance Charge, as shown on the Disclosure Statement, in the amount required so that your yield on this loan does not exceed 5% per month. This is the case regardless of whether my prepayment is voluntary or otherwise.

**PREPAYMENT PENALTY**
Subject to the "Maximum Yield Upon Prepayment" paragraph, above, if real estate is given as security for this loan and if an amount in excess of 20% of the original principal balance is prepaid in any 12-month period within 5 years of the loan date. I agree to pay a prepayment penalty in an amount equal to 6 months interest on the amount prepaid in excess of 20% of the original principal balance. However, this provision shall not apply if I prepay the loan in full with the proceeds of another loan from you or one of your affiliates.

**DELAY IN ENFORCEMENT**
You can delay enforcing your rights under this loan agreement without losing them. If I default in complying with any of the terms of my loan and you do not declare the loan balance immediately due and payable, this does not mean you cannot do so in the future if I default again.

**SECURITY**
This loan agreement is secured by a Deed To Secure Debt of even date. I agree to pay the actual costs you incur in recording a release or satisfaction of this security instrument when my loan is paid in full.

**ARBITRATION**
The parties have on this date entered into a separate Arbitration Agreement, the terms of which are incorporated herein and made a part hereof by reference.

---

The following Notice is applicable if the proceeds of this loan are applied in whole or in substantial part for the purchase of goods or services from a seller who 1) refers consumers to the creditor, or 2) is affiliated with the creditor by common control, contract, or business arrangement.

### NOTICE

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

---

If this loan is secured solely by residential real estate, the Alternative Mortgage Transaction Parity Act of 1982 governs certain provisions of this loan.

I acknowledge receipt of a completely filled-in copy of this loan agreement.

WITNESS)

WITNESS

BORROWER

BORROWER

BORROWER

Page 2 of 2

Book 29273 Pg 265
Recorded Jul-17-2000 12:32pm
2000-0152662
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

GEORGIA INTANGIBLE TAX PAID
$ 258 00
T ___ ___ : 1233666

JUL 1 4 2000

ITA HICKS, CLERK
___ ___ ___ CLERK, FULTON
COUNTY, GEORGIA
C. Young
DEPUTY CLERK

LOAN DATE 07/07/00
LOAN AMOUNT $85,666.12
MATURITY DATE 07/12/10
INTANGIBLE TAX $258.00

RETURN TO:

ASSOCIATES FINANCIAL SERVICES

2650 DALLAS HWY., SUITE 160

MARIETTA, GA 30064

## Deed To Secure Debt

STATE OF GEORGIA

FULTON _____ County.

THIS INDENTURE, Made this __7TH__ day of __JULY__ __2000__, between
LAWRENCE WHISTLER, AKA LARRY D. WHISTLER _____ and KATHY WHISTLER _____
_____ of FULTON _____ County, State
of GEORGIA (hereinafter called the "Grantor"). and ASSOCIATES FINANCIAL SERVICES OF AMERICA, INC.
with a mailing address of 2650 DALLAS HWY STE 160, MARIETTA, GA 30064 _____ of _____
FULTON _____ County, State of GEORGIA _____ , (hereinafter called the "Grantee"),

WITNESSETH: Grantor is indebted to Grantee in the sum of $ __85,666.12__ with interest thereon, evidenced by a loan agreement or loan contract of even date herewith signed by Grantor payable to Grantee or order, with final payment being due on _____

As security for payment of said indebtedness, Grantor hereby grants, bargains, sells and conveys unto the Grantee, its successors and assigns, the ollowing described property, to-wit:

SEE EXHIBIT "A"

ogether with all buildings, improvements and fixtures thereon, together with all plumbing, heating and lighting fixtures attached thereto or used in onnection therewith, and together with all rights, members, appurtenances and easements thereto belonging or in any wise appertaining, and together ith all timber growing thereon.

This deed is given subject to BANK OF AMERICA _____

(Note prior liens, if any)

TO HAVE AND TO HOLD said property unto said Grantee, its successors and assigns, forever in fee simple; and Grantor hereby represents and arrants that he has good and merchantable title to said property and the right to give his deed and that said property is free of any lien, claim or ncumbrance whatever except such, if any, as may be set out above, and Grantor shall and will forever warrant and defend the title to the same

vnal claims of all persons whomsoever.

... shall ... forever warrant and defend the title thereto against the

This instrument is a deed passing title pursuant to ____ laws of the State of Georgia governing security deeds, ... d is not a mortgage; and is made and ended to secure the payment of said indebtedness, any renewals, thereof and such additional sums thereafter loaned by the Grantor to the Grantor d interest thereon.

**GRANTOR HEREBY COVENANTS.**

Grantor will keep the improvements now existing or hereinafter erected on the premises insured against loss or damage by fire and other hazards and nts included within the scope of a standard extended coverage endorsement, and such other hazards as Grantee may require, in such amounts and such periods as Grantee may require, and in an insurance company or insurance companies acceptable to Grantee. All insurance policies and newals shall designate Grantee as a loss payee and shall be in a form acceptable to Grantee. Grantor hereby confers full power on Grantee to settle d compromise all loss claims on all such policies; to demand, receive, and receipt for all proceeds becoming payable thereunder; and, at Grantee's tion, to apply same toward either the restoration or repair of the premises or the payment of the note. Any application of such proceeds toward yment of the note shall not extend or postpone the due date of monthly installments due under the note.

If Grantor fails to perform the covenants and agreements contained in this Deed, including, without limitation, covenants to pay taxes, procure surance, and protect against prior liens, Grantee may at its option, but shall not be required to, disburse such sums and take such actions necessary to y such taxes, procure such insurance, or otherwise to protect Grantee's interest. Any amount disbursed by Grantee hereunder shall be an additional ligation of Grantor secured by this Deed. Unless Grantor and Grantee agree otherwise, all such amounts shall be payable immediately by Grantor on notice from Grantee to Grantor, and may bear interest from the date of disbursement by Grantee at the lesser of the rate stated in the note or the ghest rate permissible by applicable law. Nothing contained in this paragraph shall require Grantee to incur any expense or take any action atsoever.

rees REV. 10-99 (LB.)

| ORIGINAL (1) |
| BORROWER COPY (1) |
| RETENTION COPY (1) |

00001A.06




Unless prohibited under state law, as additional security, Grantor hereby gives to and confers upon Grantee the right, power, and authority, during the continuance of this deed, to collect the rents, issues, and profits of said property, reserving unto Grantor the right, prior to any default by Grantor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Grantee upon giving written notification to the Grantor or his successors, etc., may either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name, sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less allowable expenses of collection of such rents, issues and profits, and the application thereof aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

Should default occur in any prior deed to secure debt of record or in the prompt payment of any part of the indebtedness hereby secured or in the prompt performance of any of Grantor's covenants or obligations hereunder, or of any covenant or obligation contained in any note hereby secured (time being hereby made of the essence hereof), or should Grantor sell or transfer the property without the Grantee's prior written consent, said Grantee, its successors or assigns, may at its option declare the entire indebtedness hereby secured immediately due and payable and if this occurs, the Grantee, its successors or assigns, may sell all or any part of said property for the purpose of paying the indebtedness hereby secured, any such sale to be advertised and conducted at the time and place and in the usual manner of Sheriff's sales in the County in which said property or a part thereof is located, all other notice being hereby waived by Grantor, and may make the purchaser or purchasers thereof a good and sufficient deed to said property, divesting out of Grantor all right, title, interest and equity he may have in said property and vesting the same in the purchaser or purchasers. Said Grantee, its successors and assigns, may bid and purchase at such sale. Said deed may contain recitals of the happening of the events and the performance of the conditions necessary to make such sale valid, and any such recitals shall be binding and conclusive on Grantor, his heirs, successors and assigns. Said Grantee, its successors and assigns and any officer, agent or attorney thereof, is hereby appointed the true and lawful attorney-in-fact of Grantor to hold such sale and to make such deed. The powers and agencies herein conferred, being coupled with an interest, shall be irrevocable by death or otherwise. The proceeds of any such sale shall be applied first on the cost and expense of such sale and the indebtedness hereby secured, including reasonable attorney's fees not in excess of 15% of the principal and interest owing on the indebtedness, and the balance, if any, returned to Grantor, his heirs or assigns. If, however, there is a prior deed to secure debt, Grantor irrevocably assigns to Grantee such balance to the extent necessary to satisfy the balance due on the loan secured by this instrument immediately upon any such default said Grantee, its successors or assigns, shall be authorized to enter upon said premises and collect the rents therefrom to apply on the indebtedness hereby secured, and all tenants are hereby authorized and directed to pay all rent direct to said Grantee, and said Grantee, its successors and assigns, shall be entitled to a receiver to take charge of said property, regardless of the insolvency of Grantor and the value of said property and of any adequate remedy at law, and Grantor hereby consents to the appointment of a receiver. The possession of Grantor or any one holding under Grantor after any such sale shall be that of tenant holding over, and he may be summarily dispossessed at such. The rights and remedies herein granted are cumulative of those provided by law.

If this deed is signed by more than one person, each, jointly and severally, undertakes all obligations hereunder, and singular words shall be construed as plural wherever appropriate. Masculine words shall include the feminine or neuter. The word "Grantor" wherever used herein shall include the heirs, administrators, assigns and successors in interest of each Grantor, and the word "Grantee" shall include the successors and assigns of said Grantee.

IN WITNESS WHEREOF, Grantor has caused this deed to be signed and sealed the day and year first above written.

Signed, sealed and delivered in the presence of:

(Unofficial Witness)

(Notary Public)

[Notarial Seal]

_____ (SEAL)
(Grantor)
LAWRENCE WHISTLER, AKA LARRY D. WHISTLER

_____ (SEAL)
(Grantor)
KATHY WHISTLER

Notary Public, Carroll County, Georgia
My commission expires: _____ My Commission Expires Oct. 12, 200_

The debt which this instrument was given to secure having been paid in full, this instrument is hereby cancelled and the Clerk of the Superior Court of
_____ County, Georgia, is hereby authorized and directed to mark it satisfied and cancelled of record.

This _____ day of _____

_____
(Lender Corporation Name)

by

_____
Branch Manager

After Recorded, Return To:

Deed Book 29273 Pg 266

607866



## Notice to Filer

Rule 5005-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Georgia contains a provision that requires all papers filed with the Court to be on 8 ½ by 11 inch paper. The pertinent language of the local rule is as follows:

**5005-1. Format Requirements**

**The following provisions govern pleadings and papers filed in the Bankruptcy Court:**

**(a) Paper. All pleadings and other papers, including motions, notices, orders and attachments thereto, shall be presented for filing on white opaque paper of good quality, 8½ by 11 inches in size.**

The attachments to the document that you have filed with the Court do not meet the above requirement. Therefore the attachments are being returned to you. The document has been processed by the Clerk's Office; however, if you wish to make the attachments part of the record of the Court, you will be required to *file an additional document*, which will include the attachments on 8 ½ by 11 inch paper. Do not return this notice as part of your amendment.

W. Yvonne Evans
Clerk of Court

| **United States Bankruptcy Court**<br>Northern District of GA | Court Code<br>GAAT |
|---|---|
| In re (Name of Debtor)<br>KATHLEEN WHISTLER | Case Number<br>0291266swc-13 |

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GA

02 APR 12 PM 4: 42

BY _____
DEPUTY CLERK

NOTE. This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor<br>World Financial Network National Bank | [ ] Check box if you are aware anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and Address Where Notices Should be Sent<br>World Financial Network<br>PO Box 182871<br>Columbus Ohio 43218-2124 | [ ] Check box if you have never received any notices from the bankruptcy court in this case.<br>[X] Check box if the address differs from the address on the envelope sent to you by the court. |
| Telephone No:<br>(800) 695-4902 | THIS SPACE IS FOR COURT USE ONLY |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR<br>5856373009875357  Ann Taylor | Check here if this claim:  [ ] amends  a previously filed claim, dated: _____<br>[ ] replaces |
|---|---|

| 1. BASIS FOR CLAIM | |
|---|---|
| [ ] Goods sold<br>[ ] Services performed<br>[ ] Money loaned<br>[ ] Personal injury/wrongful death<br>[ ] Taxes<br>[X] Other (Describe briefly)   Credit Card | [ ] Retiree benefits in 11 U.S.C. 1114(a)<br>[ ] Wages, salaries and compensations (Fill out below)<br>Your social security number _____<br>Unpaid compensation for services performed from<br>_____ to _____<br>(date)     (date) |

| 2. DATE DEBT WAS INCURRED: | 3. IF COURT JUDGEMENT, DATE OBTAINED: |
|---|---|

4. CLASSIFICATION OF CLAIM: Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured.  It is possible for a part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

| [ ] SECURED CLAIM<br>Attach evidence of perfection of security interest<br>Brief Description of Collateral<br>[ ] Real Estate  [ ] Motor Vehicle  [ ] Other (describe briefly)<br><br>Amount of arrearage and other charges included in secured claim above, if any $ _____<br>[X] UNSECURED NONPRIORITY CLAIM ___ $641.97<br>A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.<br>[ ] UNSECURED PRIORITY CLAIM<br>Specify the portion of the claim. | [ ] Wages, salaries, or commisions (up to $4000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier  ___ 11 U.S.C. 507(a)(3)<br>[ ] Contributions to an employee benefit plan  ___ 11 U.S.C. 507(a)(4)<br>[ ] Up to $1,800 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use  ___ 11 U.S.C. 507(a)(6)<br>[ ] Alimony, maintenance, or support owed to a spouse, former spouse, or child ___ 11 U.S.C. 507(a)(6)<br>[ ] Taxes or penalties of governmental units ___ 11 U.S.C. 507(a)(2), (a)(7)<br>[ ] Other - Specify applicable paragraph of 11 U.S.C. 507(a)(2),(a)(5)<br>*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |
|---|---|

| 5. TOTAL AMOUNT OF<br>CLAIM AT THE TIME<br>CASE FILED: | $641.97<br>(Unsecured) | - 0 -<br>(Secured) | - 0 -<br>(Priority) | $641.97<br>(Total) |
|---|---|---|---|---|

[ ] Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

| 6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents* such as promisory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date:<br>4/1/2002 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>*Kellie Mills*<br>Kellie Mills Claims Specialist |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# *World Financial Network National Bank*

**PO Box 182871**

**Columbus, OH 43272-3324**

4/1/2002

Account Holder
SS#:  477565986
Name:  WHISTLER, KATHLEEN

Bankruptcy Information
Case#: **0291266swc-13**
Court: **ATLANTA**
Chapter: **13**
File Date: **2/4/02**
341A:

| [ Account No. ] |
| --- |
| 5856373009875357 |

| New Balance | $641.97 |
| --- | --- |
| Available Credit | 0.00 |

{ ENTER AMOUNT ENCLOSED }

INCLUDE YOUR ACCOUNT NUMBER ON CHECK AND MAKE PAYABLE TO:

**World Financial Network National Bank**

| CARDMEMBER NAME | ACCOUNT NUMBER | CREDIT LINE | AVAILABLE CREDIT | STATEMENT DATE |
| --- | --- | --- | --- | --- |
| KATHLEEN WHISTLER | 5856373009875357 | $0.00 | 0.00 | 4/1/02 |

| DATE | DESCRIPTION OF TRANSACTION | AMOUNT |
| --- | --- | --- |
| | | $641.97 |
| | TOTAL: | $641.97 |

STATEMENT SUMMARY

FORM B10 (Official Form 10)(4/01)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**

| Name of Debtor | Case Number |
| --- | --- |
| Lawrence Whistler | 02-91266 swc |
| Katherine Whistler | |
| | Chapter 13 |

FILED IN CLERKS OFF.
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT

PH 3. 08

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Dillard National Bank<br>P.O. Box 52051<br>Phoenix, Arizona 85072-2051 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☑ Check box if the address differs from the address on the envelope sent to you by the court. |
| --- | --- |
| Telephone Number: 1800 451 8612 | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor:<br>757 5000 810 482000 | Check here if ☐ replaces ☐ amends   a previously filed claim, dated _____ this claim |
| --- | --- |

| 1. Basis for Claim | |
| --- | --- |
| ☑ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. §1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Your SS #: _____ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | from _____ to _____ |
| ☐ Other _____ | (date)        (date) |

| 2. Date debt was incurred: 2-1-96 | 3. If court judgment, date obtained: _____ |
| --- | --- |

**4. Total Amount of Claim at Time Case Filed:** $16.60

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim. | 6. Unsecured Priority Claim. |
| --- | --- |
| ☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☐ Real Estate ☐ Motor Vehicle<br>☐ Other_____<br><br>Value of Collateral: $_____<br><br><br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____ | ☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $_____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).<br>☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).<br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| | THIS SPACE IS FOR COURT USE ONLY |
| --- | --- |
| 7. **Credits:**   The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>9. **Necessary Copies For Filing:** You are required to file, with the Clerk's Office only, the original plus one copy of this proof of claim form.<br>10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy (in addition to the copy required in item 9) of this proof of claim. | FEB 17 2004 |

| Date: 5/27/02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
| --- | --- |
| | _Kroemeyer_ |

Failure to include a duplicate of your claim may delay the processing of your claim.
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

000061

```
ACCT NO 7575-0008-1048-  `00(00) NAME WHISTLER         INTERCEPT CODE    98
REPRINT STMT __            BILLING STATEMENT FOR JAN 2002 BILLING CYCLE    26
                                                         CYCLE INDEX       92
DATE STORE REG  TXN # TRCD/DPTCLS DESCRIPTION     AMOUNT  BILL DTE 01/26/02
0126 00000 0000 00000 4900        *FINANCE CHARGE   4.99  PREV BAL    591.61
                CS604 - NO MORE TRANSACTIONS             PAYMENTS        .00
                                                         CHARGES         .00
                                                         CREDITS         .00
                                                         FNCE CHG       4.99
                                                         NEW BAL     596.60

                                                         DUE DTE  02/21/02
                                                         SCH PYMT      13.00
                                                         IF PYMT      596.60
                                                         PAST DUE      39.00
                                                         TOTL DUE      52.00
                                                         CRDT LMT        .00
                                                         AVAILCRD    596.60-
                                                         BAL SFCG    594.02

                                                         PF2-STATEMENT ADDR
CP: _____ CT: __  M: _                     D: _
```

# United States Bankruptcy Court
Northern District of Georgia

# PROOF OF CLAIM

| In re (Name of Debtor) | Case Number |
|---|---|
| Lawrence  Whistler and Kathleen   Whistler | 02-91266 Chapter 13 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. * 503.

| Name of Creditor<br>BANK OF AMERICA<br>ITS SUCCESSORS AND/OR ASSIGNS | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement | |
|---|---|---|
| Name and Address Where Notices Should be Sent<br>Bank of America<br>Bankruptcy Department<br>101 E. Main St., Suite 400<br>Louisville, KY  40202<br>(502) 566 5100 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. | |
| | ☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:<br>26859769 | Check here if this claim    ☐ replaces     ☐ a previously filed claim, dated<br>☐ amends |
|---|---|

**1. BASIS FOR CLAIM**
- ☐ Goods Sold
- ☐ Services performed
- ☒ Money loaned (Real Estate Mortgage)
- ☐ Personal Injury/wrongful death
- ☐ Taxes
- ☐ Other (Describe briefly)

- ☐ Retiree benefits as defined in 11 U.S.C. * 1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)
  Your social security number
  Unpaid compensation for services performed
  from _____ to _____
  (date)                    (date)

| 2. DATE DEBT WAS INCURRED<br>September 15, 1998 | 3. IF COURT, JUDGMENT, DATE OBTAINED: |
|---|---|

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☒ SECURED CLAIM $229,848.53 *
Attach evidence of perfection of security interest
☒ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe Briefly)
Amount of arrearage and other charges at time case filed included in secured claim above, if any  $ 12,528.16

☐ UNSECURED NONPRIORITY CLAIM $ _____
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim
☐ UNSECURED PRIORITY CLAIM $ _____
Specify the priority of the claim
* this is an estimated figure and is not to be relied upon as a payoff statement

- ☐ Wages, salaries, or commissions (up to $4000),* earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier--11 U.S.C. * 507(a)(3)
- ☐ Contributions to an employee benefit plan—11 U.S.C. * 507(a)(4)
- ☐ Up to $1,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. * 507(a)(6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child—11 U.S.C. * 507(a)(7)
- ☐ Taxes or penalties of government units—11 U.S.C. * 507(a)(8)
- ☐ Other—Specify applicable paragraph of -11 U.S.C. * 507(a)_____
*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. TOTAL AMOUNT OF**

| CLAIM AT TIME | _____ | $229,848.53 * | _____ | $229,848.53 * |
|---|---|---|---|---|
| CASE FILED | (Unsecured) | (Secured) | (Priority) | Total |

☒ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

| 6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date<br><br>June 11, 2002 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>Glen D. Rubin/Julie D. Srochi/Mary Ida Townson/Karrollanne K. Cayce/Tracie G. Wynn, Agent for Bank of America Its Successors and/or Assigns |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U.S.C. ** 152 and 3571*

BAKY-02-00822

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 02-91266 |
| Lawrence  Whistler | ) | CHAPTER 13 |
| Kathleen   Whistler | ) | JUDGE Stacey W. Cotton |
| | ) | |

## EXHIBIT A

ITEMIZATION OF CLAIM OF BANK OF AMERICA, ITS SUCCESSORS AND/OR
ASSIGNS

Total Arrearage as of 2/4/2002

- Regular Monthly Installments of $ 1,851.03
  September 2001 through February 2002 ............ $ 11,106.18
- Late Charges ............ 377.80
- Pre-Petition Escrow Shortage ............ 58.76
- Pre-Petition Attorney Fees and Costs ............ 965.17
- Inspection Fees ............ 20.25

TOTAL ARREARAGES          $ 12,528.16

Effective 5/1/2002 the monthly payment amount is $ 1,873.71.

Please forward all payments to Bank of America, Bankruptcy Department, 101 E. Main St., Suite 400, Louisville, KY 40202.

Please forward all correspondence and court pleadings to McCalla, Raymer, Padrick, Cobb, Nichols & Clark, National Bankruptcy Department, 1544 Old Alabama Road, Roswell, Georgia  30076-2102, 770-804-0400. File No. BAKY-02-00822, Property Address : 425 Red Jacket Way , Alpharetta, GA  30005 .

GEORGIA, FULTON COUNTY
FILED AND RECORDED

98 SEP 22  AM 8: 30

JUANITA HICKS
CLERK, SUPERIOR COURT

## Please Return To:
J. Gregory Kala, Esq.
Suite 310
1050 Crown Pointe Pkwy
Atlanta, GA 30338
(404) 671-8500

After Recording Please Return To:

NationsBanc Mortgage Corporation

[Company Name]

Attn: Nancy Korosi/Loan Review

[Name of Natural Person]

2059 Northlake Parkway

[Street Address]

Tucker, GA 30084

[City, State ZIP]

GEORGIA INTANGIBLE RECORDING
TAX PAID # 682.50
CERTIFICATE # 762135
JUANITA HICKS, CLERK OF
SUPERIOR COURT, FULTON COUNTY

_Marker_  9-22-98

Deputy Clerk

—————— [Space Above This Line for Recording Data] ——————

Loan No.: 26859769

# SECURITY DEED

THIS SECURITY DEED ("Security Instrument") is given on          September 15          ,    1998    The grantor is
LAWRENCE WHISTLER, MARRIED NOT JOINED HEREIN BY SPOUSE

("Borrower"). This Security Instrument is given to          NationsBanc Mortgage Corporation

which is organized and existing under the laws of          The State of Texas          , and whose address is
P.O. Box 35140, Louisville, KY 40232

("Lender"). Borrower owes Lender the principal sum of
two hundred twenty seven thousand one hundred fifty and NO/100ths
Dollars (U.S. $   227,150.00   ). This debt is evidenced by Borrower's note dated the same date as this Security Instrument
("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on          October   1          ,
2028    . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all
renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect
the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and
the Note. For this purpose, Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with power of sale, the
following described property located in          Fulton          County, Georgia:

See Exhibit "A" attached hereto and incorporated herein by reference.

Initials:

Georgia Security Deed-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
—— The Compliance Source, Inc. ——
To Order Call: (972) 980-2178•Fax (972) 392-2891
www.compliancesource.com

Form 3011 09/90
(page 1 of 6 pages)
14001GAL.CS 02/98

BOOK **25340** PAGE **149**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: )
)   CASE NO. 02-91266
Lawrence  Whistler )   CHAPTER 13
Kathleen  Whistler )   JUDGE Stacey W. Cotton
)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Proof of Claim

has been served by First Class Mail, postage pre-paid, upon the following parties in

interest on the _____ day of June, 2002.

Debtor's Attorney:

David L Miller
3340 Peachtree Rd NE
Suite 2615
Atlanta, GA  30326

Glen D. Rubin, Esq., Georgia Bar No. 618365
Julie J. Srochi, Georgia Bar No. 003714
Mary Ida Townson, Georgia Bar No. 715063
Karrollanne K. Cayce, Georgia Bar No. 428978
Tracie G. Wynn, Georgia Bar No. 779555

File No. BAKY-02-00822

THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

FORM B10 (Official Form 10) (4/98)

| UNITED STATES BANKRUPTCY COURT NORTHERN ATLANTA | DISTRICT OF GEORGIA | PROOF OF CLAIM |
|---|---|---|

CHAPTER 13-BONE, JAMES
068668510-N-N

| Name of Debtor WHISTLER, LAWRENCE | Case Number 02-91266-SWC |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): FEDERATED MACYS | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|

FILED IN CLERKS OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

'02 JUN -7 PM 4: 24

VONNIE EVANS
CLERK
BY Nelson
DEPUTY CLERK

| Name and address where notices should be sent: TSYS DEBT MGMT., INC. PO BOX 6700 NORCROSS, GA 30091 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. |
|---|---|
| Telephone number: (800) 209-9161 | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: 1146000294772 | Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☑ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)

  Your SS #: ___ ___ ___

  Unpaid compensation for services performed

  from _____ to _____
       (date)        (date)

| **2. Date debt was incurred:** 09/25/96 | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**   $    579.92

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
  ☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Priority Claim.**

☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,300.). *earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507 (a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. 507 (a)(4).
☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family or household use - 11 U.S.C. § 507 (a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507 (a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507 (a)(8).
☐ Other - Specify applicable paragraphs of 11 U.S.C. § 507 (a) (___).
*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents, such as* promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date 06/05/02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): [signature] TSYS DEBT MGMT., INC. |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

STATEMENT OF ACCOUNTS

TODAY'S DATE 06/05/02

CREDITOR:

    ID 114600294772
    FEDERATED MACYS
    PO BOX 6700
    NORCROSS, GA 30091

DEBTOR:

    ID 068668510
    WHISTLER, LAWRENCE
    425 RED JACKET WAY
    ALPHARETTA GA 30005

| DEBTOR SSN# | BANKRUPCY CASE | PLACED | TDM FILE# | DEBITS | CREDITS |
|---|---|---|---|---|---|
| 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 | 02-91266-SWC | 02/26/02 | 068668510 | 579.92 | |

BALANCE AS OF 02/04/02     $579.92

| UNITED STATES BANKRUPTCY COURT | | | PROOF OF CLAIM |
|---|---|---|---|

**NORTHERN DISTRICT OF GEORGIA**      (Atlanta)

| Name of Debtor: Kathleen A Whistler<br><br>SSN: 477565986 | Case Number: 0291266-SWC<br>Trustee Name: James Bone      Chapter: 13 | FILED IN CLERK'S OFFICE<br>U.S. BANKRUPTCY COURT<br>NORTHERN DISTRICT<br>OF GEORGIA |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503

**02 JUN -7  PM 12: 30**

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Sherman Acquisition LP dba RESURGENT ACQUISITION . | [ ] Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and address where notices should be sent:<br><br>**Resurgent Capital Services**<br>P. O. Box 10587<br>Greenville, SC 29603-0587<br><br>Telephone No.    (864) 235-7336 | [X] Check box if you have never received any notices from the bankruptcy court in this case. |
| | [ ] Check box if the address differs from the address on the envelope sent to you by the court. |

YVONNE EVANS
CLERK
BY
DEPUTY CLERK

THIS SPACE IS FOR COURT USE ONLY

| Account or other number by which creditor identifies debtor:<br>C77W03411055238 | Check here<br>if this claim: | [ ] replaces<br>[ ] amends      a previously filed claim, dated |
|---|---|---|

**1. BASIS FOR CLAIM:**

[ ] Goods sold
[ ] Services performed
[ ] Money loaned
[ ] Personal injury/wrongful death
[ ] Taxes
[X] Other  UNSECURED CHARGE OFF

[ ] Retiree benefits as defined in 11 U.S.C § 1114 (a)
[ ] Wages, salaries, and compensations (Fill out below)
Your social security number _____
Unpaid compensations for services performed
from _____ to _____
             (date)              (date)

| 2. DATE DEBT WAS INCURRED: 2/19/2002 | 3. IF COURT JUDGEMENT, DATE OBTAINED: |
|---|---|

**4. Total Amount of Claim at Time Case Filed:  $1,202.32**
If all or part of your claim is secured or entitled to priority, also complete item 5 or 6 below.
[ ] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. SECURED CLAIM | 6. UNSECURED PRIORITY CLAIM |
|---|---|
| [ ] Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief description of Collateral:<br>[ ] Real Estate<br>[ ] Motor Vehicle<br>[ ] Other<br><br>Value of Collateral: $<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any $ | [ ] Check this box if you have an unsecured priority claim<br><br>Amount entitled to priority $<br>Specify the priority of the claim:<br>[ ] Wages, salaries, or commissions (up to $4000) earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).<br>[ ] Contributions to an employee benefit plan – 11 U.S.C. § 507 ( a ) (4).<br>[ ] Up to $1,800* of deposits toward purchase, lease or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).<br>[ ] Alimony, maintenance, or support owed to a spouse, former spouse, or child 11 U.S.C. § 507 (a)(7).<br>[ ] Taxes or penalties owed to governmental units - 11 U.S.C. § 507 (a) (8).<br>[ ] Other – Specify applicable paragraph of 11 U.S.C. § 507 9 (a) (_____).<br><br>*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach summary.
**9. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE FOR COURT USE ONLY

| Date: 6/6/2002 | Sign and print name and title of the creditor or other person authorized to file this claim<br><br>Joyce Montjoy, Recovery Manager of Resurgent Capital Services |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500.00 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## UNSECURED PROOF OF CLAIM
## ACCOUNT DETAIL

BANKRUPTCY CASE NO.          0291266-SWC
ACCOUNT NO.                 C77W03411055238

**BORROWER INFORMATION**
BORROWER NAME:              Kathleen A Whistler
SSN:                       477565986
STREET ADDRESS:            425 Red Jacket Way
CITY, STATE ZIP            Alpharetta, GA 300054246

**CREDITOR INFORMATION**
Sherman Acquisition LP dba RESURGENT ACQUISITION
C/O RESURGENT CAPITAL SERVICES INC.
P.O. BOX 10587
GREENVILLE, SC 29603

PREVIOUS CREDITOR:         General Electric Capital Corp
ALTERNATE CREDITOR NAMES: **Regular Wal-Mart**

**ACCOUNT INFORMATION**

PRODUCT:                   UNSECURED CHARGE OFF
INTEREST RATE:             0.00
CHARGE-OFF DATE:           2/19/2002

TOTAL AMOUNT DUE:          $1,202.32

B10 (Official Form 10)

| United States Bankruptcy Court | PROOF OF CLAIM |
|---|---|
| NORTHERN _____ District of _____ GA | 13 |

In re (Name of Debtor)   **LAWRENCE WHISTLER**     Case Number   **0291266SWC**

FILED IN CLERKS OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
GEORGIA

02 JUN 12 PM 4:42

W. YVONNE EVANS
CLERK
BY _____
DEPUTY CLERK

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor
(The person or other entity to whom the debtor owes money or property)
**CAPITAL ONE BANK**

Name and Address Where Notices Should be Sent
**CAPITAL ONE BANK
P.O. Box 85167
Richmond, VA 23285**

Telephone No.  1-800-846-9966

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR
COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR.
5291151893231900

Check here if this claim ☐ replaces    a previously filed claim, dated: _____
☐ amends

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☐ Services performed
- ☒ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other (Describe briefly)

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)
  Your social security number _____
  Unpaid compensation for services performed
  from _____ to _____
       (date)              (date)

**2. DATE DEBT WAS INCURRED**
Account Opened: 03/27/2001
C/O Date: 02/21/2002

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority. (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM $ _____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim, above, if any $ _____

☒ UNSECURED NONPRIORITY CLAIM $ _____ 647.13
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $ _____
Specify the priority of the claim
- ☐ Wages, salaries, or commission (up to $4000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)
- ☐ Contribution to an employee benefit plan - 11 U.S.C. § 507(a)(4)
- ☐ Up to $1800 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
- ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7)
- ☐ Other - Specify applicable paragraph or 11 U.S.C. § 507 (a) _____

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED.**   $ _____ 647.13 (Unsecured)   $ _____ (Secured)   $ _____ (Priority)   $ _____ 647.13 (Total)

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

THIS SPACE IS FOR
COURT USE ONLY

**7. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date  06/04/2002 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)  B. James Zotti, Agent |
|---|---|

Penalty for presenting fraudulent claim: Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

NORTHERN DISTRICT OF GA1
75 SPRING ST SW #1340
ATLANTA, GA 30303
Case #: 0291266SWC

Primary Debtor: LAWRENCE WHISTLER
Account #: 5291151893231900

# CAPITAL ONE BANK

### Account Summary for Proof of Claim (See next page)

## TOTAL CHARGES

| | |
|---|---|
| **Principal:** | **337.52** |
| **Interest & Fees:** | **309.61** |
| **Balance as of Petition Date:** | **647.13** |

B10 (Official Form 10)

| United States Bankruptcy Court | PROOF OF CLAIM |
|---|---|
| NORTHERN _____ District of _____ GA | |

In re (Name of Debtor)   **KATHLEEN A WHISTLER**    Case Number   **0291266SWC**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor**
(The person or other entity to whom the debtor owes money or property)

**CAPITAL ONE BANK**

**Name and Address Where Notices Should be Sent**

**CAPITAL ONE BANK**
**P.O. Box 85167**
**Richmond, VA 23285**

Telephone No.  1-800-846-9966

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

FILED IN CLERKS OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
GEORGIA

**02 JUN 12 PM 4: 43**

W. YVONNE EVANS
CLERK

THIS SPACE IS FOR
COURT USE ONLY CLERK

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
**5291151863160451**

Check here if this claim   ☐ replaces    ☐ amends    a previously filed claim, dated: _____

**1  BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your social security number _____
Unpaid compensation for services performed
from _____ to _____
       (date)              (date)

**2. DATE DEBT WAS INCURRED**
Account Opened: 02/03/2001
C/O Date:  02/21/2002

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority. (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM $ _____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any $ _____

☒ UNSECURED NONPRIORITY CLAIM $ _____ **673.78**
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $ _____
Specify the priority of the claim
☐ Wages, salaries, or commission (up to $4000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)
☐ Contribution to an employee benefit plan - 11 U.S.C. § 507(a)(4)
☐ Up to $1800 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7)
☐ Other - Specify applicable paragraph or 11 U.S.C. § 507 (a) _____

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED.**   $ **673.78** (Unsecured)   $ _____ (Secured)   $ _____ (Priority)   $ **673.78** (Total)

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR
COURT USE ONLY

| Date 06/04/2002 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)  B. James Zotti  B. James Zotti, Agent |
|---|---|

*Penalty for presenting fraudulent claim:* Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

003714/QA-000929/C#?#ZIG/BA

NORTHERN DISTRICT OF GA1        **Primary Debtor:** KATHLEEN A WHISTLER
75 SPRING ST SW #1340           **Account #:** 5291151863160451
ATLANTA, GA 30303
**Case #:** 0291266SWC

# CAPITAL ONE BANK

## Account Summary for Proof of Claim (See next page)

## TOTAL CHARGES

| | |
|---|---|
| **Principal:** | 305.33 |
| **Interest & Fees:** | 368.45 |
| **Balance as of Petition Date:** | 673.78 |

003715/QA-000929/CRT2STG/KA

FORM B10 (Official Form 10) (4/01)

| UNITED STATES BANKRUPTCY COURT DST OF GA  DISTRICT OF GA | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Larry D. Whistler | Case Number: 0291266 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):

CitiFinancial/CitiBank/Associates/
Kentucky Finance/Avco
Investment Recovery
P.O. Box 17099
Baltimore, MD 21297

Telephone number: 1-800-401-9836

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☑ Check box if the address differs from the address on the envelope sent to you by the court.

*FILED IN CLERKS OFF.*
*U.S. BANKRUPTCY COURT*
*NORTHERN DISTRICT*
*OF GEORGIA*
*'02 SEP -3 PM 4: 22*
*W. YVONNE EVANS*
*CLERK*
*DEPUTY CLERK*

THIS SPACE IS FOR COURT USE ONLY

**Account or other number by which creditor identifies debtor:**

09080202903

SS# 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

**Check here if this claim**
☐ replaces
☐ amends
a previously filed claim, dated: _____

**1. Basis for Claim**
☐ Goods Sold
☐ Services Performed
☑ Money Loaned
☐ Personal Injury/Wrongful Death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☑ Wages, salaries, and compensation (fill out below)

Your SS #: _____

Unpaid compensation for services performed

from _____ to _____
      (date)        (date)

**2. Date debt was incurred:** 7/12/00

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 79573.37

☐ This claim is a General Unsecured Claim, unless otherwise indicated in section 5 or 6 below.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff). $_____ value of collateral.
Brief Description of Collateral:
☑ Real Estate  ☐ Motor Vehicle  ☐ Other _____

If plan proposes separate treatment for Prepetition Arrearages, the amount of that arrearage is $ 6551.38

Set forth how this arrearage was computed below:
Back Payments :$ 5mths × 1235.42
Late Charges :$ _____
Attorney Fees :$ _____
Foreclosure :$ _____
Other (specify) :$ _____

**6. Priority Unsecured Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease or rental of property or services for personal, family or household use – 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance or support owed to a spouse, former spouse or child – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

THIS SPACE IS FOR COURT USE ONLY

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date 7/5/02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *Lisa Handwerger* Lisa Handwerger – Bankruptcy Representative |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

JUL-06-00 10:04 FROM-CITIF NCIAL USA   ID:7704137495   PAGE 2/7

# DISCLOSURE STATEMENT

ACORBA 1ST & 2ND MORTGAGE

| BORROWER (Called "you" or "your") | LENDER (Called "we" or "us") |
|---|---|
| WHIPPLE, LARRY D | ASSOCIATES FINANCIAL SERVICES OF |
| | AMERICA, INC |
| 425 RED JACKET WAY | 2650 DALLAS HWY SUITE 160 |
| ALPHARETTA   GA 30005-4246 | MARIETTA   GA 30064 |
| CO-BORROWER | |

| DATE OF LOAN | ACCOUNT NUMBER |
|---|---|
| 07/07/00 | 0304888 |

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed the amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 14.32 % | $ 71040.88 | $ 80061.80 | $ 151102.68 |

Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 1 | $ 1848.32 | 08/15/00 |
| 119 | $ 1268.44 | Monthly, beginning 09/15/00 |
| 000 | $ 0.00 | Monthly, beginning 00/00/00 |
| 000 | $ 0.00 | Monthly, beginning 00/00/00 |
| 000 | $ 0.00 | 00/00/00 |

**VARIABLE RATE:** If this is a variable interest rate loan, this transaction has a variable rate feature for which variable rate disclosures have been provided earlier.

**LATE CHARGE:** If a payment is more than 10 days late, you will be charged 5% of the payment, but not more than $35.00. However, if this is a Discounted Fixed Rate or Variable Rate loan, this late charge will not be assessed unless your payment is more than 15 days late.

**PREPAYMENT:** If you pay off early, you ☒ may ☐ will not   have to pay a penalty. You may be entitled to a rebate of part of the Prepaid Finance Charge.

**SECURITY:** ☒ You are giving a security interest in your real estate located at: _____
425 RED JACKET WAY      ALPHARETTA      GA
☐ You are giving a security interest in the real estate being purchased and which is located at: _____

**ASSUMPTION:** If this loan is a purchase money transaction, someone buying your home may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.

See your contract documents for additional information about non-payment, default, any required repayment of your indebtedness in full before the scheduled date, prepayment refunds and security interests.

**INSURANCE:**
Credit insurance is not required to obtain this loan and will not be provided unless you sign below. Insurance provided by the Creditor may be issued by an affiliated company which expects to profit from the insurance.

| TYPE | TERM OF INSURANCE | PREMIUM | SIGNATURE |
|---|---|---|---|
| Single Credit Life Insurance | 120 months, beginning on the Effective Date of Insurance | $ 2035.80 | I want single credit life insurance. |
| Joint Borrower Credit Life Insurance | months, beginning on the Effective Date of Insurance | $ 0.00 | We want joint borrower credit life insurance. |
| Credit Accident and Health Insurance | 036 months, beginning on the Effective Date of Insurance | $ 1026.00 | I want credit accident and health insurance. |
| Involuntary Unemployment Insurance | months, beginning on the Effective Date of Insurance | $ 0.00 | I want involuntary unemployment insurance. |

**CANCELLATION OPTION:** You may cancel all, but not part of, the credit insurance coverages on this loan by returning the credit insurance certificates to the office where the loan was made. The unearned credit insurance premium will be credited to your account. If cancellation occurs within 15 days from the above date, the entire credit insurance premium will be credited to your account. Even though a credit is made to your account because the credit insurance is cancelled, you will still be obligated to continue making payments on your loan as scheduled.

**NOTICE: SEE OTHER SIDE FOR ADDITIONAL PROVISIONS**

I have received a copy of this statement.

_____ BORROWER      _____ 7-7-00   DATE

_____ BORROWER      _____ DATE

☐ ORIGINAL (1)
☐ BORROWER COPY (1)
☐ CO-BORROWER COPY (1)

600982 REV. 8-00

JUL-06-00 10:04 PROM:CITY FINANCIAL 630          ID:770192490          PAGE 9/9

ITEMIZA.    OF AMOUNT FINANCED (Sum of A, B & C) $   )061.80

A. AMOUNT GIVEN TO YOU DIRECTLY: $_____ $.00   B. AMOUNT PAID ON YOUR ACCOUNT (NO. _013**04) $ _ 3288.51
   Check No. _____ $ ____ 0.00

C. AMOUNTS PAID TO OTHERS ON YOUR BEHALF:

| | | | | |
|---|---|---|---|---|
| BANK OF AMERICA | 016120 | 20172.23 | To Insurance Co. for Credit Life | $ 2033.80 |
| PROVIDIAN VISA | 016196 | 24908.34 | To Insurance Co. for Credit Accident & Health | $ 1026.00 |
| CITY GOLD | 016197 | 9492.31 | To Insurance Co. for Involuntary Unemployment | |
| AM SOUTH | 016129 | 4782.98 | Insurance | $ .00 |
| AMERICAN EXPRESS | 016199 | 2938.00 | Georgia Residential Mortgage Act Per Loan Fee | $ 6.50 |
| HOME DEPOT | 016200 | 1594.00 | Filing Fee | $ 14.00 |
| | | .00 | Releasing Fee/Prior Mortgage | $ .00 |
| | | 5.00 | Intangible Tax | $ 288.00 |
| | | 0.00 | Fees for Real Estate Transaction: | |
| | | 6.00 | To Appraiser | $ 280.00 |
| | | 5.00 | To _____ | |
| | | 0.00 | for Abstract | $ .00 |
| | | 6.00 | To ENTHARA | |
| | | 0.00 | for Title Examination | $ 225.00 |
| | | 5.00 | To Insurance Co. for Title Insurance | $ 200.00 |
| | | 0.00 | To _____ | |
| | | 6.00 | for Survey | $ .00 |
| | | 0.00 | To Credit Reporting Agency | $ 6.00 |
| | | 0.00 | To ASSOCIATES FINANCIAL SERVICE | |
| | | 0.00 | for Preparation of Documents | $ 6.50 |

D. PREPAID FINANCE CHARGE (not part of "Amount Financed"):
   Broker Fee Paid by Borrower.........................$ ____ 6.00  (1)
   Closing  Fee ............................$ ____ 0.00  (2)
   Loan Fee..............................$ ____ 5664.33  (3)
   TOTAL PREPAID FINANCE CHARGE................$  5664.33   (1)+(2)+(3)

JUL-06-00 16:04 FROM-CITY FINANCIAL 000    ID-770145900    PAGE 427

## Loan Agreement
(SECURITY AGREEMENT)

ASSOCIATES FINANCIAL SERVICES OF
AMERICA, INC
7610 2490 DALLAS HWY SUITE 160 MARIETTA    GA

| | |
|---|---|
| 0304888 | 07/07/00 |

WHTOTLER, LARRY D
425 RED JACKET WAY
ALPHARETTA
GA    30005-4246

"I", "me" and "my" refer to the Borrower (s) and Co-Borrower(s) named above. "You" and "your" refer to the lender named above.

**MY PAYMENT**   I promise to pay you at your office, the principal balance together with interest figured at the Agreed Rate of Interest checked below until fully paid

I will pay principal and interest by making payments each month. I will make my payments as set forth in the Payment Schedule. Payments will be made every month beginning on the first payment date stated above until the loan is fully paid. If there is no such date in any month that follows, payment will be made on the last day of that month.

My monthly payments will be applied to interest before principal. If, still owe amounts under this Note on the maturity date, I will pay these amounts in full on that date.

**PAYMENT SCHEDULE**   Monthly payment(s) in the amount(s) shown below will be due as shown below. (For Variable Rate Loans, this Schedule may change.)

$ __1348.32__ beginning on __00/15/00__ ; followed by $ ____1259.44__ beginning on __00/15/00__ ; followed by
$ ____.00__ beginning on __00/00/00__ , followed by $ ____9.00__ beginning on __00/00/00__ , followed by
$ ____.00__ on __00/00/00__ .

**AGREED RATE OF INTEREST**   Whenever boxes are checked, the corresponding provision applies.

**FIXED RATE:**  [X] The Agreed Rate of Interest on my loan is __12.59__ % per annum.

**DISCOUNTED FIXED RATE:**  [ ] The Agreed Rate of Interest on my loan is ____% per annum. However, for the first ____ payment periods of my loan term, the Agreed Rate of Interest will be ____%.

**VARIABLE RATE**  [ ] THIS IS A VARIABLE INTEREST RATE LOAN AND THE AGREED RATE OF INTEREST WILL INCREASE OR DECREASE WITH CHANGES IN THE INDEX. The index is the "Bank Prime Loan Rate" published in the Federal Reserve Board's Statistical Release H.15. The Agreed Rate of Interest is determined by the sum of the Index plus a margin.

**CURRENT RATE:**   The Index as of the last business day of ____ is ____%, my margin is ____%, therefore my current Agreed Rate of Interest is ____% per year.

My Agreed Rate of Interest is subject to change when the value of the Index changes as set forth below. The rate cannot increase or decrease more than 5% in any year. In no event, however, will the rate ever be less than ____% per year nor more than ____% per year.

**MONTHLY RATE CHANGE/ ANNUAL PAYMENT CHANGE**  [ ] The Agreed Rate of Interest is subject to change on the 15th day of every month if the Bank Prime Loan Rate, as of the last business day of the preceding month, has increased or decreased by at least 1/4 of a percentage point from the rate for the previous month. Adjustments in the Agreed Rate of Interest will be given effect by changing the dollar amounts of the remaining monthly payments in the month following the anniversary date of the loan and every 12 months thereafter so that the total amount due under this Loan Agreement will be paid by the final payment date, excluding any balloon payment, if applicable. Lender waives the right to any interest rate increase after the last anniversary rate prior to the last payment due date of the loan. The rate will not change before the First Payment Due Date.

**SEMI-ANNUAL RATE CHANGE/ SEMI-ANNUAL PAYMENT CHANGE**  [ ] The Agreed Rate of Interest is subject to change on the sixth payment due date and every sixth month thereafter if the Bank Prime Loan Rate, as of the last business day of the month preceding the previous month has increased or decreased by at least 1/4 of a percentage point from the rate for the previous six month period. Adjustments in the Agreed Rate of Interest will be given effect by changing the dollar amounts of the remaining monthly payments on the sixth payment due date and every sixth months thereafter so that the total amount due under this Loan Agreement will be paid by the final payment date, excluding any balloon payment, if applicable.

**DISCOUNTED RATE (APPLIES ONLY TO LOANS SUBJECT TO SEMI-ANNUAL CHANGES)**  [ ] However, until my sixth payment due date, my Agreed Rate of Interest is discounted and will be ____% per year.

Beginning with the sixth payment due date, the Agreed Rate of Interest will be determined by adding the margin to the Index as of the last business day of the month preceding the previous month and my payment will change. Thereafter, the Agreed Rate of Interest and payment will increase or decrease on the twelfth payment due date and every six months thereafter as stated in the paragraph immediately above.

Page 1 of 2

NOTICE: See other side for additional loan terms.

[ ] ORIGINAL (1)
[ ] BORROWER COPY (1)
[ ] CO BORROWER COPY (1)

AT MATURITY
MATURITY
INTEREST

I agree to pay interest after maturity at the Agreed Rate of Interest.

LATE
CHARGES

If any payment is more than 10 days past due, I agree to pay a late charge in an amount equal to 5% of the payment, but not more than $25.00. However, if my loan agreement provides for a Discounted Fixed Rate or a Variable Rate, this late charge will not be assessed unless my payment is more than 15 days late.

DEFAULT

I will be in default if I fail to pay any payment or part of a payment on time or if I default on any of the terms of any security agreement or Deed To Secure Debt which secures my loan.

If I default, you have the right to declare the entire unpaid amount of my loan immediately due and payable without giving me notice of the default or asking me to pay. If this loan agreement is secured by a mobile home, I will be given a notice of right to cure a default if I am entitled to this notice. In the event of default, I will receive a pro rata rebate of the unearned insurance premiums. If you declare the balance of my loan due and payable, you have the rights and remedies provided for in any security agreement or Deed To Secure Debt that secures this loan, including the right to require me to pay any deficiency.

ATTORNEY
CHARGES

I will pay court costs and reasonable attorney's fees not in excess of 15% of the principal and interest owing on the indebtedness if you hire an attorney to: (1) collect this loan; (2) protect your interest in the property I have given to secure payment of this loan.

PREPAYMENT

I have the right to make prepayments of principal at any time. When I make a prepayment, I will tell you on my payment coupon. All prepayments will be applied to applicable charges with the remainder to principal. If I make a principal prepayment there will be no changes in the due dates or changes to the amount of my monthly payment unless you agree in writing to these delays or changes. If I prepay in full, I will pay the principal balance remaining unpaid as of the date of prepayment plus accrued interest. If I prepay in full, whether by refinancing or otherwise, within 12 months of the date of this loan, I will receive a pro rata rebate of the loan fee, calculated as of the date of prepayment by pro rating the fee over the first 12 months of the loan. This means that you will earn 1/12 of the loan fee each month over the first 12 months of the loan, and the loan fee will be fully earned at the end of 12 months, subject to the "Maximum Yield Upon Prepayment" paragraph, below.

MAXIMUM YIELD
UPON
PREPAYMENT

It is agreed that the total of the Finance Charge, payable by me on my loan shall in no event exceed the equivalent of a rate of interest greater than 5% per month computed in accordance with Section 7-4-18, official Code of Georgia Annotated, 1982. Therefore, if I prepay this loan, if necessary, you will reduce, waive or refund the Prepaid Finance Charge, as shown on the Disclosure Statement, in the amount required so that your yield on this loan does not exceed 5% per month. This is the case regardless of whether my prepayment is voluntary or otherwise.

PREPAYMENT
PENALTY

Subject to the "Maximum Yield Upon Prepayment" paragraph, above, if real estate is given as security for this loan and if an amount in excess of 20% of the original principal balance is prepaid in any 12-month period within 5 years of the loan date, I agree to pay a prepayment penalty in an amount equal to 6 months interest on the amount prepaid in excess of 20% of the original principal balance. However, this provision shall not apply if I prepay the loan in full with the proceeds of another loan from you or one of your affiliates.

DELAY IN
ENFORCEMENT

You can delay enforcing your rights under this loan agreement without losing them. If I default in complying with any of the terms of my loan and you do not declare the loan balance immediately due and payable, this does not mean you cannot do so in the future if I default again.

SECURITY

This loan agreement is secured by a Deed To Secure Debt of even date. I agree to pay the actual costs you incur in recording a release or cancellation of this security instrument when my loan is paid in full.

ARBITRATION

The parties have on this date entered into a separate Arbitration Agreement, the terms of which are incorporated herein and made a part hereof by reference.

The following Notice is applicable if the proceeds of this loan are applied in whole or in substantial part for the purchase of goods or services from a seller who 1) refers consumers to the creditor, or 2) is affiliated with the creditor by common control, contract, or business arrangement.

NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

If this loan is secured solely by residential real estate, the Alternative Mortgage Transaction Parity Act of 1982 governs certain provisions of this loan.

I acknowledge receipt of a completely filled-in copy of this loan agreement.

_____
(WITNESS)

_____
(BORROWER)

_____
(WITNESS)

_____
(BORROWER)

_____
(CO-BORROWER)

Page 2 of 2

GEORGIA INTANGIBLE TAX PAID
F $ .00
T ... 1233666

JUL 1 4 2000

LOAN DATE 07/07/00
LOAN AMOUNT $85,666.12
MATURITY DATE 07/12/10
INTANGIBLE TAX $258.00

RETURN TO:

ASSOCIATES FINANCIAL SERVICES

2650 DALLAS HWY., SUITE 160

MARIETTA, GA 30064

## Deed To Secure Debt

STATE OF GEORGIA

_____FULTON_____ County.

THIS INDENTURE, Made this _____7TH_____ day of _____JULY_____, 2000, between

_LAWRENCE WHISTLER, AKA LARRY D. WHISTLER_ and _KATHY WHISTLER_

of _____FULTON_____ County, State

of GEORGIA (hereinafter called the "Grantor"), and _ASSOCIATES FINANCIAL SERVICES OF AMERICA, INC._

with a mailing address of _2650 DALLAS HWY STE 160, MARIETTA, GA 30064_ of

_____FULTON_____ County, State of _GEORGIA_ (hereinafter called the "Grantee"),

WITNESSETH: Grantor is indebted to Grantee in the sum of $ 85,666.17 with interest thereon, evidenced by a loan agreement or loan contract of even date herewith signed by Grantor payable to Grantee or order, with final payment being due on

As security for payment of said indebtedness, Grantor hereby grants, bargains, sells and conveys unto the Grantee, its successors and assigns, the following described property, to wit:

SEE EXHIBIT "A"

together with all buildings, improvements and fixtures thereon, together with all plumbing, heating and lighting fixtures attached thereto or used in connection therewith, and together with all rights, members, appurtenances and easements thereto belonging or in any wise appertaining, and together with all timber growing thereon.

This deed is given subject to _BANK OF AMERICA_

TO HAVE AND TO HOLD said property unto said Grantee, its successors and assigns, forever in fee simple; and Grantor hereby represents and warrants that he has good and marketable title to said property and the right to grant him deed and that said property is free of any lien, claim or encumbrance whatsoever except such, if any, as may be set out above, and Grantor shall and will forever warrant and defend the title thereto against the lawful claims of all persons whomsoever.

This instrument is a deed passing title pursuant to the laws of the State of Georgia governing security deeds and is not a mortgage; and is made and intended to secure the payment of said indebtedness, any renewals thereof and such additional sums thereafter loaned by the Grantee to the Grantor and all other sums.

Grantor will keep the improvements now existing or hereafter erected on the premises insured against loss or damage by fire and other hazards and perils included within the scope of a standard extended coverage endorsement, for such other hazards as Grantee may require, in such amounts and for such periods as Grantee may require, and in an insurance company or insurance companies acceptable to Grantee. All insurance policies and renewals shall designate Grantee as a loss payee and shall be in a form acceptable to Grantee. Grantor hereby confers full power on Grantee to settle and compromise all loss claims on all such policies; to demand, receive, and receipt for all proceeds becoming payable thereunder; and at Grantee's option, to apply same toward either the restoration or repair of the premises or the payment of the note. Any application of such proceeds toward payment of the note shall not extend or postpone the due date of monthly installments due under the note.

If Grantor fails to perform the covenants and agreements contained in this Deed, including, without limitation, covenants to pay taxes, procure insurance, and protect against prior liens, Grantee may at its option, but shall not be required to, disburse such sums and take such actions necessary to pay such taxes, procure such insurance, or otherwise to protect Grantee's interest. Any amount disbursed by Grantee hereunder shall be an additional obligation of Grantor secured by this Deed. Unless Grantor and Grantee agree otherwise, all such amounts shall be payable immediately by Grantor upon notice from Grantee to Grantor, and may bear interest from the date of disbursement by Grantee at the lower of the rate stated in the note or the highest rate permissible by applicable law. Nothing contained in this paragraph shall require Grantee to incur any expense or take any action whatsoever.

ORIGINAL (1)
BORROWER COPY (1)
RETENTION COPY (1)

Page: 1. Document Name: untitled

```
ZWIN     1ZSU              CACSPlus WINDOWS      9ERS     08/22/02   13:34
020108 09080202903      NFN UPD      DSP PRI    NEXT 09080202903
LARRY D WHISTLER          C/O DTE:06/25/02 DOB:01/01/51 WE HAVE:
1026100304888100038N   ZZ   C/O AMT: 79573.37    SEC:3                BK
425 RED JACKET WAY        DTE LP:11/20/01 SSN:163443689 RESP COLL: BK1
                          AMT LP:   700.00 ST IND:1   HOLD DATE: 10/05
ALPHARETTA     GA 30005    JUDGEMENT IND: 0    PREV A/C:1000380202812
PV 770 750 0078           BK IND: 3             RECOVERY SCORE: 206
BV 404 216 6962 0000 001 / 001                            9LXH 07/05/02
   OPEN     MATURES     ORIG BAL     APR      PMT AMT     BALANCE
   07/12/00  08/15/10    148250.40    0.000     1235.42    79573.37
   CASE NO:0291266       CHAPTER NO:13          DATE FILED:02/04/02
   BK COURT:DIST OF GA   CLAIM DATE:07/05/02    CLAIM AMT:  79573.37
   BK CT PH:__           DISMISSED:__/__/__     DISCHARGE:__/__/__
   BANK ATY:DAVID MILLER            TRUSTEE ATY:JAMES BONE
     ATY PH:4042311933              TRUSTEE PH:4045152555
   SECONDARY ACCOUNT HOLDER:__                             01 OF 02
FILED SEC POC
 TXN/PMT   DATE    TIME AC P C RTE  PROMISE 1    PROMISE 2   EX T COLL 3
        08/22/02 1334                                        9ERS 0079573
        07/05/02 1414 RV    B13         10/05             * 9LXH 0079573
        07/05/02 1414 RV    B13                             9LXH 0079573
        07/05/02 0843 OC K O B30         07/10             * 9LXH 0079573
1-MORE 2-MEN 3-OFF 10-NXT 11-LKU 13-MAP 14-DM 17-S/WK 18-S/DM 19-S/BWD 20-S/VW
```

Date: 8/22/ 2 Time: 02:42:38 PM

```
ZSE2      1ZSU          SECONDARY COLLECTION DATA  9ERS      08/22/02   13:34
020108 09080202903     NFN UPD      DSP PRI    NEXT 09080202903
LARRY D WHISTLER          C/O DTE:06/25/02 DOB:01/01/51 WE HAVE:
1026100304888100038N   ZZ      C/O AMT:  79573.37   SEC:3                    BK
425 RED JACKET WAY         DTE LP:11/20/01 SSN:163443689 RESP COLL: BK1
                           AMT LP:    700.00 ST IND:1    HOLD DATE: 10/05
ALPHARETTA     GA 30005    JUDGEMENT IND: 0    PREV A/C:1000380202812
PV 770 750 0078            BK IND: 3           RECOVERY SCORE: 206
BV 404 216 6962 0000 001 / 001                        9LXH 07/05/02
CHARGEOFF DATE 06/25/02        BANK IND 3    PREV ACCT  1000380202812
CHARGEOFF AMT      79,573      ORIGINAL APR  0.000 LANG
REQUEST CBR ?                  ORIGINAL TERM 120   CR SCORE 206
REQUEST APPL FILE ?           SSN 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        STATEMENT IND 1
NO   DATE    PRINCIPAL    INTEREST     TOTAL    DESCRIPTION
01 11/20/01     0.00      700.00      700.00    PAYMENT
02 10/29/01   414.75      820.67    1,235.42    PAYMENT
03 07/18/01   433.41      825.03    1,258.44    PAYMENT
04 07/05/01   395.14      863.30    1,258.44    PAYMENT
05 06/13/01   391.04      867.40    1,258.44    PAYMENT
06 04/17/01   386.98      871.46    1,258.44    PAYMENT
07 03/15/01   382.96      875.48    1,258.44    PAYMENT
08 02/14/01   378.98      879.46    1,258.44    PAYMENT
09 01/12/01   375.05      883.39    1,258.44    PAYMENT
1-MORE 2-MEN 3-OFF 4-NOT 5-SEC 6-LG 7-HIS 8-PRI 9-TX 10-NXT 11-LKU 13-MAP 14-DM
```