# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 0 9 2004

LUTHER D. THOMAS, Clerk
By: J. Purckia Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER a/k/a LARRY ZBYSZKO a/k/a THE LIVING LEGEND, an individual, ) ) ) ) ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| ) | No. 1-02-CV-1008 |
| v. ) | |
| ) | **-CC** |
| WORLD WRESTLING FEDERATION ENTERTAINMENT, INC., a Delaware Corporation, ) ) ) ) | |
| Defendant. ) | |

## MOTION TO COMPEL BY PLAINTIFF

Pursuant to Fed.R.Civ.P. 37(a) and Local Rule 37.1, Plaintiff Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend (hereinafter "Plaintiff"), submits this Motion to Compel responses to its Request for Admissions and First Merits Interrogatories (the "Interrogatories"). Defendant World Wrestling Entertainment, Inc.'s, formerly known as World Wrestling Federation Entertainment, Inc., ("WWE's") responses to the Requests for Admissions and Interrogatories are deficient for the reasons set forth in Plaintiff's Memorandum of Law in support of this Motion, which is

attached hereto and which is incorporated herein by reference.  Pursuant to Fed.R.Civ.P. 37(a)(2)(B) and Local Rule 37.1 (A)(1), Plaintiff hereby certifies that in good faith attempted to confer with Defendant in an effort to secure the information and materials sought herein without court action.  In support of its Motion, Plaintiff states as follows:

1.   Plaintiff served the Requests for Admissions and Interrogatories on or about December 20, 2003.

2.   Defendant served their responses to the Document Requests and Interrogatories on or about January 20, 2004.

3.   In a phone conversation on or about January 29, 2004, Plaintiff's counsel advised Defendant's counsel, John L. Taylor, Jr., that Defendant's responses were deficient.

4.   By letter dated January 30, 2004, Plaintiff advised Defendant's counsel of the specific deficiencies in Defendant's responses to the Requests for Admissions and Interrogatories.  A copy of that letter is attached as Exhibit A.

2

5.    Following receipt of Plaintiff's counsel January
30, 2004 letter, Defendant's counsel, in a letter dated
February 2, 2004, simply raised objections to Plaintiff's
letter and failed to provide any supplemental response to
their deficient and evasive discovery responses.  See
Exhibit B.  Plaintiff's good-faith attempt was summarily
rejected by Defendant's counsel, wherein he merely asserting
that WWE "did respond to certain of the identified
interrogatories" and "did admit or deny certain of the
identified requests for admissions" without offering any
proof or identifying which Interrogatories or Requests for
Admissions of the ones at issue herein he felt that WWE had
adequately responded to.   Moreover, he asserted that "WWE
has no understanding of what those purported questions or
concerns may be."  However, WWE failed to provide any
response to the Interrogatories at issue and failed to admit
or deny any of the Request for Admissions at issue, and thus
they are fully aware of how said responses are deficient.

6.    By telephone conference on Thursday, February 5,
2004, between Plaintiff's counsel Joel D. Myers and
Defendant's counsel John L. Taylor, Jr., Mr. Taylor

3

represented that if Plaintiff would hold off filing the
present Motion to Compel, he would attempt to provide us
supplemental responses by Friday, February 6, 2004.
However, Plaintiff's attorney neither received said
supplemental responses nor a telephone call regarding same.

Consequently, Defendant's discovery responses (or lack
thereof) remain deficient for failing to respond to
Interrogatory No's. 15, 16, 17, 18 and 20, and Request for
Admissions No's. 18, 20, 21, 22, 23, 24, 25, 26, 33, 36, 39,
41, 42 and 46.  Despite our good-faith attempt to resolve
the above deficiencies, Plaintiff has yet to  receive
adequate responses to our Discovery Request.

WHEREFORE, Plaintiff respectfully requests that this
Honorable Court grant Plaintiff's Motion to Compel, award
Plaintiff's attorney fees and costs in seeking this Motion,
and enter the attached proposed Order.

4

Respectfully submitted,

Myers & Kaplan,
Intellectual Property Law, LLC

Dated: 2/6/04            By: _____
                             Joel D. Myers
                             Attorney for Plaintiff
                             Georgia Bar No. 533147

                             Barry E. Kaplan
                             Georgia Bar No. 406805

                             1899 Powers Ferry Road
                             Suite 310
                             Atlanta, Georgia 30339
                             Phone: 770-541-7444
                             Fax: 770-541-7448
                             Email: jmyers@mkiplaw.com


CERTIFICATION


    Pursuant to Local Rule 7.1D, counsel for Plaintiff

hereby certifies that this document has been prepared with

Courier New (12 point).

.

ATTACHMENT A

# MYERS & KAPLAN

## INTELLECTUAL PROPERTY LAW, L.L.C.

**1899 Powers Ferry Road**
**Suite 310**
**Atlanta, GA 30339**

PATENTS, TRADEMARKS, COPYRIGHTS
AND RELATED MATTERS

TELEPHONE (770) 541-7444
FACSIMILE (770) 541-7448
EMAIL: JMYERS@MKIPLAW.COM

January 30, 2004

## VIA FAX AND HAND DELIVERY

John L. Taylor, Jr.
Chorey, Taylor & Feil
The Lenox Building
Suite 1700
3399 Peachtree Road, NE
Atlanta, GA 30326

Re:  Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend
v. World Wrestling Federation Entertainment, Inc.,
Chris Irvine a/k/a Chris Jericho a/k/a Jericho
Civil Action No. 1-02-CV-1008
Our File No. 20110-M1

Dear John,

This letter is our good faith attempt to resolve deficiencies based on your discovery responses. This letter is a follow up to my previous conversation regarding various deficiencies in WWE's *responses to our discovery*. As discovery has closed and our deadline to file a motion to compel is quickly approaching, we respectfully request an immediate response to these deficiencies by Monday, February 2, 2004. Defendants have failed to provide any response to Interrogatory Nos. 15, 16, 17, 18 and 20.

Now referring to the Request for Admissions, Defendants have failed to admit or deny Request Nos. 11, 12, 18, 20, 21, 22, 23, 24, 25, 26, 33, 36, 39, 41, 42 and 46. We respectfully request proper responses to these Requests for Admissions.

We look forward to your prompt response.

Sincerely,
Myers & Kaplan,
Intellectual Property Law, L.L.C.

Joel D. Myers

JDM/cp

**ATTACHMENT B**

Received Time Feb.    4:00PM

# Kirkpatrick & Lockhart LLP

Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312
412.355.6500
www.kl.com

February 2, 2004

Curtis B. Krasik
412.355.8696
Fax: 412.355.6501
ckrasik@kl.com

## BY FACSIMILE AND FEDERAL EXPRESS

Joel D. Myers, Esquire
Myers & Kaplan
1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339

Re:    *Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend v. World Wrestling Federation Entertainment, Inc.*, No. 1-02-CV-1008

Dear Joel:

I am writing in response to your letter of January 30, 2004 addressed to John Taylor.

As an initial matter, please be advised that we do not consider your letter to be a good faith attempt to resolve alleged deficiencies in WWE's discovery responses, as you have not identified any alleged deficiency you claim with respect to any particular discovery response. Moreover, I am quite confused by the specific discovery responses identified in your letter since WWE, in fact, did respond to certain of the identified interrogatories and did admit or deny certain of the identified requests for admissions. With regard to the remainder of the identified discovery responses, WWE appropriately interposed objections in accordance with Fed.R.Civ.P. 34 and Fed.R.Civ.P. 36 to those discovery requests to which WWE was not able to respond as drafted.

Naturally, in the spirit of good faith mandated by the Federal Rules of Civil Procedure, WWE is willing to discuss any specific questions or concerns you may have with any particular discovery response and to supplement its discovery responses if appropriate. Based on your January 30 letter, however, WWE has no understanding of what those purported questions or concerns may be. Please contact me should you wish to discuss these matters further.

In closing, we are in receipt of the Stipulation and Protective Order entered by the Court on January 27, 2004. We, therefore, are now able to produce certain confidential documents that

PI-1117024 v1

NO. 8637    P. 2                                    FEB. 2. 2004   4:04PM

Received Time Feb. 2. 1:00PM

# Kirkpatrick & Lockhart LLP

Joel D. Myers, Esquire
February 2, 2004
Page 2

were being withheld from production pending entry of the Stipulation and Protective Order by the Court. Those documents are enclosed under cover of this letter. Also enclosed is WWE's Privilege Log in supplement to its document production.

Very truly yours,

Curtis B. Krasik

CBK:mac
Enclosures (by Federal Express)

cc: John L. Taylor, Jr., Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY WHISTLER                          )
a/k/a LARRY ZBYSZKO                     )
a/k/a THE LIVING LEGEND,                )
an individual,                          )
                                        )
            Plaintiff,                  )
                                        )        Civil Action
                                        )        No. 1-02-CV-1008
      v.                                )
                                        )
WORLD WRESTLING FEDERATION              )
ENTERTAINMENT, INC., a Delaware         )
Corporation,                            )
                                        )
            Defendant.                  )
_____

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO COMPEL BY PLAINTIFF

      Pursuant to Fed.R.Civ.P.37(a) and Local Rule 37.1,

Plaintiff Larry Whistler a/k/a Larry Zbyszko a/k/a The

Living Legend (hereinafter "Plaintiff"), submits this

Memorandum of Law in support of it's Motion to Compel.


      Without adequate explanation, Defendant World Wresting

Entertainment Inc., formerly known as World Wrestling

Federation Entertainment, Inc., ("WWE") has failed to

produce certain information and respond to certain Request

for Admissions squarely called for by Plaintiff's First

Merits Interrogatories ("the "Interrogatories") and Request

for Admissions and which is plainly relevant to central

issues in this action, as follows:

## A.   **WWE Has Failed To Provide Information Regarding Any Licensing Agreements For The Living Legend Mark.**

Plaintiff's Interrogatory No. **15** asked WWE to identify

"any and all license agreements entered into by Defendant

with any other person or entity for use of the terms 'living

legend'". WWE objected to Interrogatory No. 15, alleging

"that it is vague, ambiguous, overbroad, unreasonably

burdensome and calls for the production of information not

relevant to any claim or defense in this action and not

reasonably calculated to lead to the discovery of admissible

evidence."


The requested information is clearly relevant to the

central cause of action in this matter and the respective

defenses thereto. It is Plaintiff's position that if

Defendant has licensed use of the term "Living Legend," it

would be estopped from now asserting that it is not a

protectable trademark. If Defendant failed to license same,

it would be estopped from now asserting that it has any

9

claim to rights in the terms.   Defendant understands the critical nature of such evidence and as such, is simply attempting to evasively avoid providing same, thereby attempting to substantially and improperly prejudice Plaintiff's case.

Moreover, said Interrogatory is limited to agreements regarding use of the terms "living legend", and as such, is clearly not vague, ambiguous, overbroad or unreasonably burdensome.

Plaintiff's Interrogatory No. **16** asked WWE to identify "all persons or entities that are licensed to manufacture WWE merchandise including, but not limited to, toys, video games, trading cards, posters, T-shirts and hats."   WWE objected to Interrogatory No. 16, alleging "that it is harassing, overbroad, unreasonably burdensome and not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence."   WWE further contended that "the burden or expense of the proposed discovery outweighs its likely benefit."

The requested information is clearly relevant to the central cause of action in this matter and the respective defenses thereto.  Non-parties to this suit have produced merchandise bearing the mark "Living Legend" on behalf of Defendant.  Therefore, Plaintiff needs this information in an attempt to perform adequate and thorough discovery as to Defendant's infringing acts.  All entities/persons that are currently licensed to manufacture merchandise on behalf of WWE is clearly within WWE's knowledge and should be readily available.  Any attempts to avoid providing this information is clearly an abuse of the discovery process in an attempt to substantially and improperly prejudice Plaintiff's case.

B.  **WWE Has Failed To Provide Information Regarding Their Use Of The Living Legend Mark.**

Plaintiff's Interrogatory No. **17** asked WWE to identify "all occurrences where Defendant utilized the terms "living legend" from January 1, 1999 to present."  WWE objected to Interrogatory No. 17, alleging "that it is harassing, vague, ambiguous, overbroad, unreasonably burdensome in that it calls for information wholly unrelated to Chris Jericho's

11

alleged use of the term 'living legend' and it would require
WWE to search every video, document, advertisement and
product created by WWE over the last 5 years.  WWE further
asserted that "the burden or expense of the proposed
discovery outweighs its likely benefit."

Said Interrogatory is limited to only a five-year
period and pertains only to WWE's actual use.  This
information should be readily available and within the
actual knowledge of the Defendant.

Defendant argues as a defense that the mark "The Living
Legend" is commonly utilized and as such, is generic.
However, as WWE is likely the largest wrestling organization
in the world, if said mark was so commonly utilized, WWE
should have some record of its own use within the last five
years.  However, if WWE presents evidence of its use,
Plaintiff's damages are likely to increase.  As such, and
for the same reasons, Defendant is attempting to completely
avoid providing any response to this Interrogatory, thus
substantially and improperly prejudicing Plaintiff's case.

12

Plaintiff's Interrogatory No. 18 asked WWE to identify
"any and all written legal opinions obtained by Defendant,
prior to Defendant's use of the term 'living legend',
regarding Defendant's use of the term 'living legend' to
support Defendant's defense that their infringement was not
willful."  WWE objected to Interrogatory No. 18, alleging
"that it calls for the identification of documents protected
by the attorney-client privilege and/or work product
doctrine."

By Defendant asserting that their acts were not
willful, they are placing any written opinions as to their
use at issue and clearly relevant to this matter.  Failing
to obtain a written opinion of noninfringement prior to use
has been held by some courts as proof of willfulness.  If
Defendant did obtain a written opinion that they should not
use the mark "The Living Legend" or that they should license
it, their use would clearly be willful.  As such, this
information 1) is central to rebutting Defendant's defense,
2) is only available through Defendant and 3) failure to
provide same would substantially prejudice Plaintiff's case.

Plaintiff's Interrogatory No. 20 asked WWE to identify "any and all documents relating to Defendant's actions to cease use of the terms 'living legend' in reference to wrestler Jericho after April 17, 2002."  WWE objected to Interrogatory No. 20, alleging "that it is not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence." WWE further contended that "it calls for the identification of documents protected by the attorney-client privilege and/or work product doctrine."

Defendant's response to this Interrogatory may be its most egregious attempt to improperly avoid responding to a discovery response.  Defendant's actions (or lack thereof) to cease use of the mark "The Living Legend" is clearly relevant to show Defendant's blatant and reckless disregard to Plaintiff's rights and thus goes to the issue of willfulness and damages.  As such, this information 1) is central to rebutting Defendant's defense, 2) is only available through Defendant and 3) failure to provide same would substantially prejudice Plaintiff's case.

14

C.   **WWE Has Failed To Admit or Deny Numerous Requests for
     Admission**

    1.   Plaintiff's Request for Admission No. 18 asked WWE
to admit that they have "the authority to prevent WWE
wrestlers from making certain statements during WWE
wrestling events."  WWE objected, alleging that "it
improperly seeks a global admission without reference to any
particular or individual wrestler or context, to which WWE
cannot respond."

    This request seeks an admission that WWE has the
authority to prevent its own wrestlers from making certain
statements during WWE events.  In other words, that WWE is
ultimately in control of the content of its program events.
If WWE does not have said authority as to certain wrestlers,
then they could so state and otherwise admit.  However, WWE
has failed to provide any admission or denial.

    2.   Plaintiff's Request for Admission No. 20 asked WWE
to admit that they "did not remove the terms 'living legend'
from the broadcast of any WWE wrestling events."  WWE

objected, alleging that "the context and use for which
Plaintiff is seeking an admission that WWE did not remove
the use of the term 'the living legend' from the broadcast
of any WWE wrestling events vague, ambiguous and undefined."

    Either WWE removed the terms 'living legend' or it
didn't.  Objecting to same and failing to make a good-faith
attempt to admit or deny is clearly improper and
sanctionable.

    3.  Plaintiff's Request for Admission No. 21 asked WWE
to admit that they "could have advised Chris Irvine not to
use the terms 'living legend' in the promotion of himself."
WWE objected, alleging that "the point in time for which and
context in which Plaintiff is seeking an admission as to
whether WWE could have advised Chris Irvine not to use the
term 'living legend' in the promotion of himself is vague,
ambiguous and undefined."  WWE further asserts that Request
for Admission No. 21 is "improperly and inaccurately based
on the premise that Chris Jericho used the term 'living
legend' in the promotion of himself."

16

This request seeks an admission that WWE had the
authority to prevent Chris Irvine from using the term
'living legend'.  In other words, that WWE is ultimately in
control of the content of its program events.  Additionally,
Mr. Chris Irvine, in his deposition, has admitted to using
the term 'living legend' in the promotion of himself and
thus said Interrogatory is not based on an improper premise
as asserted by Defendant.

Ironically, in Request for Admission No. 18, Defendant
objected stating that "it improperly seeks a global
admission without reference to any particular or individual
wrestler."  However, now in Request No. 21, even though a
particular wrestler is listed, they still fail to provide
any admission or denial, thus clearly indicating Defendant's
abusive and evasive attempts.

4.  Plaintiff's Request for Admission No. 22 asked WWE
to admit that they "did not instruct Chris Irvine not to use
the terms 'living legend' in the promotion of himself."  WWE
objected, alleging that "the point in time for which and
context in which Plaintiff is seeking an admission as to
whether WWE did not instruct Chris Irvine not to use the

17

terms 'living legend' in the promotion of himself is vague, ambiguous and undefined." WWE further asserts that Request for Admission No. 22 is "improperly and inaccurately based on the premise that Chris Jericho used the term 'living legend' in the promotion of himself."

This request seeks an admission that WWE did not instruct Chris Irvine not to use the term 'living legend'. Either WWE did instruct him or they didn't. Objecting to same and failing to make a good-faith attempt to admit or deny is clearly improper and sanctionable.

Additionally, Mr. Chris Irvine, in his deposition, has admitted to using the term 'living legend' in the promotion of himself and thus said Interrogatory is not based on an improper premise as asserted by Defendant. As Chris Irvine has wrestled for WWE for a known period of time (i.e., 3 ½ years according to his deposition), the point and time regarding said Request is not vague, ambiguous or undefined.

5. Plaintiff's Request for Admission No. 23 asked WWE to admit that they "did not instruct Vince McMahon not to

18

use the terms 'living legend' in promoting or referring to

wrestler Chris Jericho." WWE objected, alleging that "the

point in time for which and context in which Plaintiff is

seeking an admission as to whether WWE did not instruct

Vince McMahon not to use the terms 'living legend' in

promoting or referring to wrestler Chris Jericho is vague,

ambiguous and undefined."

This request seeks an admission that WWE did not

instruct Vince McMahan not to use the term 'living legend'.

Either WWE did instruct him or they didn't. Objecting to

same and failing to make a good-faith attempt to admit or

deny is clearly improper and sanctionable.

Additionally, as Chris Irvine has wrestled for WWE for

a known period of time (i.e., 3 ½ years according to his

deposition), the point and time regarding said Request is

not vague, ambiguous or undefined.

6. Plaintiff's Request for Admission No. 24 asked WWE

to admit that, as of the date of filing of this lawsuit,

they "had not instructed distributors of licensed WWE

products to remove products from commerce that contain the

terms 'living legend'".  WWE objected, alleging that Request
for Admission No. 24 is "improperly and inaccurately based
on the premise that WWE previously had approved the use of
licensed WWE products containing the term 'living legend' in
commerce prior to the date of the filing of this lawsuit."

The evidence of record clearly shows that products
containing the terms "living legend" were in the stream of
commerce and thus, either WWE instructed them to remove said
products from commerce or they didn't.  Objecting to same
and failing to make a good-faith attempt to admit or deny is
clearly improper and sanctionable.

7.  Plaintiff's Request for Admission No. 25 asked WWE
to admit that, as of July 1, 2002, they "had not instructed
distributors of licensed WWE products to remove products
form commerce that contained the terms 'living legend'".
WWE objected, alleging that Request for Admission No. 25 is
"improperly and inaccurately based on the premise that WWE
previously had approved the use of licensed WWE products
containing the term 'living legend' in commerce prior to
July 1, 2002."

20

The evidence of record clearly shows that products containing the terms "living legend" were in the stream of commerce and thus, either WWE instructed them to remove said products from commerce or they didn't.  Objecting to same and failing to make a good-faith attempt to admit or deny is clearly improper and sanctionable.

8.   Plaintiff's Request for Admission No. 26 asked WWE to admit that they "had not instructed distributors of licensed WWE products to remove products form commerce that contained the terms 'living legend'".  WWE objected, alleging that Request for Admission No. 26 is "improperly and inaccurately based on the premise that WWE previously had approved the use of licensed WWE products containing the term 'living legend' in commerce."

The evidence of record clearly shows that products containing the terms "living legend" were in the stream of commerce and thus, either WWE instructed them to remove said products from commerce or they didn't.  Objecting to same and failing to make a good-faith attempt to admit or deny is clearly improper and sanctionable.

9.   Plaintiff's Request for Admission No. 33 asked WWE
to admit that they "never sent any written correspondence to
Plaintiff regarding his use of the phrase "THE LIVING
LEGEND" prior to the letter dated February 15, 2002 from Ed
Kaufman."  WWE objected, alleging that Request for Admission
No. 33 is "based on the improper and inaccurate premises
that Plaintiff used the phrase 'The Living Legend' and that
WWE had knowledge of that alleged use."

     Either WWE sent written correspondence to Plaintiff
regarding his use of the phrase "THE LIVING LEGEND" prior to
the letter dated February 15, 2002 from Ed Kaufman or they
didn't.  Objecting to same and failing to make a good-faith
attempt to admit or deny is clearly improper and
sanctionable.

     11.   Plaintiff's Request for Admission No. 36 asked WWE
to admit that "wrestler Chris Jericho generated revenues for
WWE."  WWE objected, alleging that it "improperly seeks a
global admission without reference to any particular aspect
of WWE's business".

22

To the extent that Chris Jericho generated any revenues for WWE in any aspect of WWE's business, said Request should be admitted. Objecting to same and failing to make a good-faith attempt to admit or deny is clearly improper.

12.   Plaintiff's Request for Admission No. 41 asked WWE to admit that they "have knowledge that wrestlers utilize phrases to promote wrestling services."  WWE objected, alleging that it "improperly seeks a global admission without reference to any particular or individual wrestler or context".

To the extent that WWE has knowledge, generally, that wrestlers utilize phrases to promote wrestling services, said Request should be admitted. Objecting to same and failing to make a good-faith attempt to admit or deny is clearly improper.

13.   Plaintiff's Request for Admission No. 42 asked WWE to admit that "the use of phrases and character names by wrestlers is to distinguish a wrestler."  WWE objected,

23

alleging that it "improperly seeks a global admission
without reference to any particular or individual wrestler
or context".

To the extent that WWE has knowledge, generally, that
the use of phrases and character names by wrestlers is to
distinguish a wrestler, said Request should be admitted.
Objecting to same and failing to make a good-faith attempt
to admit or deny is clearly improper.

14.  Plaintiff's Request for Admission No. 46 asked WWE
to admit that they "continue to use the terms 'living
legend' to refer to WWE wrestlers."  WWE objected, alleging
that it "improperly seeks an admission on a global basis
without reference to any particular or individual wrestler
or context".  WWE further alleged that the phrase "continued
use" is "vague, ambiguous and undefined."

Either WWE continues to use the terms "living legend"
or they don't.  The phrase "continued use" simply means that
WWE is continuing to use the term "living legend," whether
such use is directly by WWE or through a licensee, and as

24

such, it is not vague, ambiguous or undefined as asserted by
Defendant.  Objecting to same and failing to make a good-
faith attempt to admit or deny is clearly improper and
sanctionable.

                          Respectfully submitted,

                          Myers & Kaplan,
                          Intellectual Property Law, LLC


Dated: 2/6/04           By: _____
                          Joel D. Myers
                          Attorney for Plaintiff
                          Georgia Bar No. 533147

                          Barry E. Kaplan
                          Georgia Bar No. 406805

                          1899 Powers Ferry Road
                          Suite 310
                          Atlanta, Georgia 30339
                          Phone: 770-541-7444
                          Fax: 770-541-7448
                          Email: jmyers@mkiplaw.com




                          CERTIFICATION


      Pursuant to Local Rule 7.1D, counsel for Plaintiff
hereby certifies that this document has been prepared with
Courier New (12 point).

                               25

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

```
LARRY WHISTLER                     )
a/k/a LARRY ZBYSZKO                )
a/k/a THE LIVING LEGEND,           )
an individual,                     )
                                   )
          Plaintiff,               )
                                   )    Civil Action
                                   )    No. 1 02-CV-1008
     v.                            )
                                   )
WORLD WRESTLING FEDERATION         )
ENTERTAINMENT, INC., a Connecticut )
Corporation,                       )
                                   )
          Defendant.               )
```

## CERTIFICATE OF SERVICE

A copy of the MOTION TO COMPEL BY PLAINTIFF and MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL BY PLAINTIFF was served by U.S. first class mail upon the following:

> John L. Taylor, Jr.
> Chorey, Taylor & Feil
> The Lenox Building
> Suite 1700
> 3399 Peachtree Road, NE
> Atlanta, GA 30326
> Tel. (404) 841-3200
> Fax  (404) 841-3221

27

This 6th day of February, 2004.

_____
Joel D. Myers
Georgia Bar No. 533,147
Myers & Kaplan,
Intellectual Property Law, L.L.C.
1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339
Tel. (770) 541-7444
Fax  (770) 541-7448

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

LARRY WHISTLER                      )
a/k/a LARRY ZBYSZKO                 )
a/k/a THE LIVING LEGEND,            )
an individual,                      )
                                    )
          Plaintiff,                )
                                    )   Civil Action
                                    )   No. 1 02-CV-1008
     v.                             )
                                    )
WORLD WRESTLING FEDERATION          )
ENTERTAINMENT, INC., a Connecticut  )
Corporation,                        )
                                    )
          Defendant.                )
_____

**ORDER**

     AND NOW this ____ day of February, 2004, upon consideration of the Motion to Compel by Plaintiff, it is hereby ORDERED as follows:

     (1)  Defendant *World Wrestling Entertainment, Inc.* shall provide the information, admissions/denials and documents identified in the Memorandum of Law in Support of Motion to Compel by Plaintiff (the "Memorandum of Law") within ten(10) days of this Order.

     (2)  That if this Court considers any of Plaintiff's Request for Admissions to be vague and can not be properly responded to by Defendant, Plaintiff shall, within five (5) days of this Order, present to Defendant revised Request for Admissions as to said vague Request, and Defendant shall have five (5) days to respond and/or object thereto.  If applicable, the following *Request for Admissions* are considered by this Court as vague and incapable of a response: _____.

29

(3)   Discovery shall be extended for the limited
      purpose of allowing Plaintiff to take a 30(b)(6)
      deposition of WWE within ten (10) days following
      Defendant's production of the information and
      admissions identified in Plaintiff's Memorandum of
      Law.

(4)   Plaintiff's date for filing its Motion for Summary
      Judgement correspondingly shall be extended until
      twenty (20) days following the conclusion of WWE's
      deposition.

(5)   Plaintiff shall be awarded all costs and
      attorneys' fees associated with seeking this
      Motion.