# ORIGINAL



IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>        Plaintiff,<br><br>   vs.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, INC., a Delaware<br>corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 1 02-CV-1008-CC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## WORLD WRESTLING ENTERTAINMENT, INC.'S
## OPPOSITION TO MOTION TO COMPEL

World Wrestling Entertainment, Inc. ("WWE") files this Opposition to the Motion

to Compel by Plaintiff Larry Whistler ("Whistler").

## I. OVERVIEW

In an abusive waste of this Court's time and resources, Whistler filed this Motion

to Compel without engaging in good faith discussions with WWE regarding the alleged

deficiencies in WWE's discovery responses as mandated by the Federal Rules of Civil

Procedure and the Local Rules. In fact, in his race to the courthouse, Whistler apparently

PI-1122571 v1 0149511-9014



did not even review WWE's discovery responses in sufficient detail to notice that WWE, in reality, did provide substantive responses in certain of the allegedly "non-responsive" discovery responses identified in his Motion to Compel.

In further violation of the Local Rules, Whistler's Motion to Compel troublingly has presented an incomplete discovery record to this Court. Whistler's Motion to Compel omits additional correspondence from WWE's counsel encouraging Whistler's counsel, as it had done in its initial letter as well, to simply advise WWE of its specific questions or concerns so the parties could engage in good faith discussions regarding those issues. Whistler never advised WWE of any specific questions or concerns prior to filing his Motion to Compel. Whistler's Motion to Compel also fails to set forth each complete discovery request and discovery response at issue. This omission is particularly troubling because Whistler has selectively and inaccurately presented to this Court out-of-context fragments of WWE's discovery responses while omitting critical aspects of WWE's responses, even including WWE's substantive responses to discovery requests to which Whistler has claimed WWE did not respond.

Notably, the discovery requests at issue were served precisely 30-days prior to the end of discovery—the very last day on which discovery could be served. Previously, Whistler had conducted no merits discovery in this litigation; he took no depositions of WWE witnesses and he propounded no written discovery of WWE. At the last possible

moment, Whistler abusively served WWE with <u>51 document requests, 20 Interrogatories and 46 requests for admission,</u> many of which were redundant and repetitive.  WWE responded in good faith to this deluge of transparently harassing and vexatious discovery demonstrated by the fact that Whistler has taken issue with only a fraction of the nearly <u>120 discovery requests</u> to which WWE responded.  In this Opposition, WWE demonstrates that its Responses and Objections to the discovery requests identified in Whistler's Motion to Compel were wholly proper and warranted.  Because there is no substantive basis to the Motion to Compel and Whistler filed his Motion without engaging in any good faith discussions with WWE to attempt to resolve these issues in violation of Fed.R.Civ.P. 37 and Local Rule 37.1, WWE seeks its attorneys' fees and costs incurred in responding to this specious filing.

## II.  LAW AND ARGUMENT

**A.  Whistler's Motion to Compel Violates Fed.R.Civ.P. 37 and Local Rule 37.1**

In violation of Fed.R.Civ.P. 37 and Local Rule 37.1, Whistler's Motion to Compel: (1) was filed without conferring in good faith with WWE to resolve the alleged dispute without court action, and (2) fails to quote verbatim each discovery request and WWE's response to which objection is taken.

**1.  Whistler Failed To "Meet And Confer" Prior To Filing His Motion To Compel As Required By Fed.R.Civ.P. 37 and Local Rule 37.1**

Whistler's Motion to Compel should be denied for failure to comply with the "meet and confer" requirements of Fed.R.Civ.P. 37(a)(2)(A) and Local Rule 37.1. This Court has ruled that failure to "show good faith effort to resolve the discovery disputes under Fed.R.Civ.P. 37(a)(1) and Local Rule 37.1" warrants denial of a motion to compel. *Anding v. Gray,* No. CIV. A. 1:00CV1801BBM, 2001 WL 260060, at *4 (N.D. Ga. Jan. 12, 2001) (denying motions to compel for failing to put forth a good faith effort to resolve discovery disputes prior to filing frivolous motions).

Although Whistler's Motion to Compel purports to certify that he "in good faith attempted to confer with Defendant in an effort to secure the information and materials sought herein without court action," the record indisputably demonstrates otherwise. By letter dated January 30, 2004 (attached as Attachment A to the Motion to Compel), Whistler's counsel wrote to WWE's counsel claiming this was his "good faith attempt" to resolve purported deficiencies in WWE's discovery responses and baldly alleging that Defendants had failed "to provide any response" to certain Interrogatories and failed to admit or deny certain Requests for Admissions.

By letter dated February 2, 2004 (attached as Attachment B to the Motion to Compel), WWE's counsel responded to Whistler's allegations expressing WWE's confusion at the allegedly deficient discovery responses identified in Whistler's counsel's letter given that, "WWE, in fact, did respond to certain of the identified interrogatories

4

and did admit or deny certain of the identified requests for admissions." WWE's counsel further noted that for the remainder of the identified discovery responses, "WWE appropriately interposed objections in accordance with Fed.R.Civ.P. 34 and Fed.R.Civ.P. 36 to those discovery requests to which WWE was not able to respond as drafted." WWE's counsel added that "in the spirit of good faith mandated by the Federal Rules of Civil Procedure, WWE is willing to discuss any specific questions or concerns [Whistler] may have with any particular discovery response and to supplement its discovery responses if appropriate." However, based on Whistler's counsel's January 30 letter, WWE had "no understanding of what those questions or concerns may be." WWE's counsel closed its letter with the invitation, "Please contact me should you wish to discuss these matters further."

Yet Whistler's counsel never contacted WWE's counsel with any specific questions or concerns either by telephone or in writing. Rather, Whistler's counsel sent another letter to WWE's counsel dated February 3, 2003, which inexplicably is not attached to his Motion to Compel (attached hereto as Exhibit 1), again merely identifying those discovery responses Whistler alleged were deficient and claiming "despite our good faith attempt to resolve the above deficiencies, we have not received adequate responses to our discovery requests." Ironically, Whistler's counsel went on to characterize WWE's counsel's February 2 letter as "non-responsive," yet nowhere did he address the

5

substance of any of WWE's specific objections to Whistler's discovery requests, or offer

to clarify any of the discovery requests to which WWE had objected. Whistler's counsel

closed his letter by saying, "we have no choice except to file the motion to compel

discovery."

Upon receipt of that letter, WWE's counsel again attempted to avoid unnecessary

motions practice before the Court. By letter dated February 4, 2004, which Whistler also

inexplicably and significantly did not attach to his Motion to Compel (attached hereto as

Exhibit 2), WWE's counsel advised, "WWE remains willing to discuss any specific

questions or concerns you may have with any particular discovery response and to

supplement its discovery responses if appropriate. We remain unable to do that,

however, because you have made no effort to identify to us what those purported

questions or concerns may be." WWE's counsel further advised Whistler's counsel, "we

are incredulous how you can claim in your February 3, 2004 letter that you have made

any effort, let alone a good faith effort, to resolve discovery disputes without explaining

to WWE the basis for the purported dispute in the first instance." WWE's counsel

concluded its letter by reiterating its invitation, "we remain committed to discussing any

alleged concerns or questions you may have with WWE's discovery responses; we

simply are waiting for you to contact us to have the opportunity to do so. . . .  I look

forward to hearing from you to discuss these matters further."

However, Whistler's counsel never contacted WWE's counsel to discuss those alleged questions or concerns. In that connection, the Motion to Compel fundamentally mischaracterizes the telephone call between Whistler's counsel and WWE's counsel, John L. Taylor, Jr., on Thursday, February 5, 2004. Contrary to Whistler's misrepresentation, WWE's counsel did not agree to provide supplemental discovery responses by Friday, February 6, 2004 "if Plaintiff would hold off filing the present Motion to Compel." *See* Affidavit of John L. Taylor, Jr. (Taylor Aff.") at ¶ 2 (attached as Exhibit 3). He rather reiterated WWE's oft-repeated encouragement for Whistler to advise WWE of his purported specific questions or concerns and, if appropriate, WWE would supplement its discovery requests. Taylor Aff. at ¶ 4. In response, Whistler again avoided substantive discussion of these issues with WWE by leaving WWE's counsel a voicemail message merely repeating the discovery responses he claimed were deficient. Taylor Aff. at ¶ 5. Needless to say, since Whistler filed his Motion to Compel the very next day, he clearly could have discussed the purported substantive basis for his claims had he so desired.

On this record, Whistler never conferred with WWE in good faith in violation of Fed.R.Civ.P. 37 and Local Rule 37.1. Despite filing a 20-page memorandum of law in support of his Motion to Compel setting forth specific, purported bases for WWE's allegedly deficient discovery responses, Whistler never discussed any of those specific

7

purported bases with WWE prior to filing his Motion.  There simply is no excuse for his failure to do so.  Indeed, if such a discussion had occurred, perhaps certain, if not all, of Whistler's objections to WWE's discovery responses could have been resolved and his Motion to Compel thus avoided.  Accordingly, Whistler's failure to make a good faith effort to attempt to resolve this discovery dispute without court involvement mandates the denial of his motion to compel.

### 2.   Whistler Failed To Quote Verbatim The Discovery Requests And Responses On Which He Has Moved To Compel In Violation Of Local Rule 37.1(A)(2)

In violation of Local Rule 37.1(A)(2), Whistler's Motion to Compel fails to "quote verbatim each disclosure, interrogatory, deposition question, request for designation of deponent, or request for inspection to which objection is taken."  This Court has found that a movant's failure to adhere to the Local Rule warrants the denial of a motion to compel. *Preston v. Settle Down Enterprises, Inc.*, 90 F. Supp.2d 1267, 1282 (N.D. Ga. 2000)(denying motion to compel for failure to comply with Local Rule 37.1(A)(2)'s requirement to quote discovery requests and responses verbatim); *Display Solutions, inc. v. Daktronics, Inc.*, 983 F. Supp. 1476, 1478 (N.D. Ga. 1997) (denying motion to compel for failing to comply with Local Rule 37.1 including, failing to "quote verbatim" each request and response), *rev'd on other grounds*, 178 F.R.D. 626 (N.D. Ga. 1997).

Whistler's failure to quote verbatim each discovery request and response at issue

here is particularly improper and has substantive implications because Whistler has selectively quoted out-of-context fragments of WWE's responses, often omitting critical provisions.  In multiple instances, in fact, Whistler has moved to compel on certain of WWE's discovery responses claiming them to be non-responsive, <u>while omitting from his presentation to this Court WWE's substantive responses to those very discovery requests</u>.  Whistler thus has used his selective truncation of WWE's discovery responses in violation of Local Rule 37.1 as a means to mislead this Court by creating the appearance of discovery disputes where none really exists.  As such, Whistler's Motion to Compel should be dismissed for willful non-compliance with this Court's Local Rules.

**B.     WWE's Responses And Objections To The Discovery Requests Identified In Whistler's Motion To Compel Were Proper And Warranted**

**1.     General Flaws Permeating Whistler's Motion To Compel**

Two general flaws permeate Whistler's arguments across the specific discovery responses identified in his Motion to Compel.  First, Whistler appears to ignore that this is a trademark infringement suit exclusively involving WWE's alleged use of the term "living legend" in reference to its character Chris Jericho.  Viewed properly in that context, Whistler's myriad discovery requests concerning each and every instance in its history in which WWE may have used the generic term "living legend," without specific reference to Chris Jericho, is overbroad, unreasonably burdensome and not relevant to the issues in this litigation.  Indeed, WWE has no record of and no means of identifying each

and every instance in which it may have referred to a wrestler using the generic term

"living legend" on television, in advertisements, in magazines or in connection with

products. As such, the only way for WWE to be able to respond to such discovery

requests would be to review every second of footage, every advertisement, every

magazine and every product WWE has ever produced in its over forty-year history.

Clearly, such a search, particularly with respect to an issue that in any event is not

relevant to the claims in this lawsuit, is unreasonably burdensome and properly

objectionable.

Second, Whistler served a number of unreasonably vague and general requests for

admission that cannot be answered without regard to particular individuals,

circumstances and contexts. At bottom, Whistler is attempting to use requests for

admissions to compensate for the fact that he conducted no merits discovery of WWE.

Having not sought corporate testimony of WWE—in which any WWE corporate

representative would have been able to explain and contextualize the testimony as

appropriate—Whistler now is attempting to box WWE into corporate admissions with

requests that simply do not have general responses as Whistler would want. WWE,

therefore, properly interposed objections to all such requests for admissions specifically

describing WWE's inability to respond to the requests as drafted.

**2.     Discussion Of WWE's Responses And Objections to The Discovery
Requests Identified In Whistler's Motion To Compel**

In contrast to Whistler's improper use of truncated and out-of-context fragments of the discovery requests and responses identified in his Motion to Compel in violation of the Local Rules, WWE has set forth below the complete request and response for each discovery request followed by a discussion as to the appropriateness of WWE's responses.

## Responses and Objections to Interrogatories

**Interrogatory No. 15:** Identify any and all documents concerning any and all license agreements entered into by Defendant with any other person or entity for use of the terms "living legend".

## RESPONSE:

WWE objects to Interrogatory No. 15 on the grounds that it is vague, ambiguous, overbroad, unreasonably burdensome and calls for the production of information not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its General and Specific Objections, WWE responds there are "no responsive, non-privileged documents.

As clearly set forth in its complete response set forth above, WWE did substantively respond to Interrogatory No. 15 stating that there are "no responsive, non-privileged documents" to identify. Simply put, there is no further information WWE is able to provide in response to Interrogatory No. 15. WWE takes exception to the fact that in Whistler's Motion to Compel he deceptively and inaccurately truncated WWE's response by presenting to the Court only WWE's objections, while omitting the last

11

sentence providing WWE's substantive response.  That is a bad faith tactic in blatant

violation of the Local Rules.

**Interrogatory No. 16:**  Identify all persons or entities that are licensed to manufacture WWE merchandise including, but not limited to, toys, video games, trading cards, posters, T-shirts and hats.

## RESPONSE:

WWE objects to Interrogatory No. 16 on the grounds that it is harassing, overbroad, unreasonably burdensome and not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.  WWE further objects to Interrogatory No. 16 on the grounds that the burden or expense of the proposed discovery outweighs its likely benefit.

WWE properly objected to Interrogatory No. 16 because it cannot conceive how

the identities of WWE's hundreds of licensees could be relevant to this litigation.  It

rather seems more plausible Whistler hoped to learn such information to attempt to harass

WWE's business partners.  Contrary to the purported explanation offered in Whistler's

Motion to Compel, simply knowing the names of WWE's licensees is not evidence

probative of any issue in this case.  Indeed, Whistler's purported explanation that "non-

parties to this suit have produced merchandise bearing the mark 'Living Legend' on

behalf of Defendant"—irrespective of the veracity of that statement, which WWE

disputes—is irrelevant.  For any such non-parties who supposedly already have produced

merchandise with the term "living legend," Whistler clearly already knows of their

identity.  While if WWE were to have identified each of its hundreds of licensees in

response to Interrogatory No. 16, that information would not reveal any other alleged merchandise depicting Chris Jericho with the term "living legend," of which there is none. Moreover, given that WWE's discovery responses were due on the last day of discovery in this action, Whistler cannot claim to have needed the information for additional discovery of any of WWE's licensees, as discovery in this litigation was already closed. Finally, there is no effort to focus or limit the interrogatory to any type of product or merchandise supposedly at issue in this case.

**Interrogatory No. 17:** Identify all occurrences where Defendant utilized the terms "living legend" from January 1, 1999 to present.

## RESPONSE:

WWE objects to Interrogatory No. 17 on the grounds that it is harassing, vague, ambiguous, overbroad, unreasonably burdensome in that it calls for information wholly unrelated to Chris Jericho's alleged use of the term "living legend" and it would require WWE to search every video, document, advertisement and product created by WWE over the last 5 years. WWE further objects to Interrogatory No. 17 on the grounds that the burden or expense of the proposed discovery outweighs its likely benefit.

WWE properly objected to Interrogatory No. 17 because, as described above, the interrogatory is not limited to WWE's alleged use of the term "living legend" to refer to Chris Jericho. Accordingly, as WWE set forth in its objection, the only way it could respond to this interrogatory would be to review every piece of video footage, every document, every advertisement and every piece of merchandise produced by the WWE in

the last five years.  Interrogatory No. 17 thus clearly is overbroad and unreasonably

burdensome.  Moreover, any use WWE may have made of the generic term "living

legend" to refer to a wrestler other than Chris Jericho is not relevant to Whistler's

trademark infringement claim here.  In particular, contrary to Whistler's baseless

suggestion in his Motion to Compel, any use by WWE of the generic term "living

legend" to refer to a wrestler other than Chris Jericho would in no way increase

Whistler's damages as his Complaint, and thus any potential damages claims, is

specifically limited to alleged use of the term "living legend" to refer to Chris Jericho.

Finally, with regard to such information being relevant to WWE's claim that "living

legend" is generic, WWE has produced an expert report demonstrating hundreds of

figures in sports and entertainment, including over 120 wrestlers, described as a "living

legend."  As set forth in WWE's Memorandum of Law in Support of Motion for

Summary Judgment on Trademark-Related Issues, that expert report and the

documentation on which it is based, is what WWE principally relies upon in claiming

that "living legend" is a generic term incapable of trademark protection.  Any claimed

need by Whistler for additional information from WWE is simply harassing and

unreasonably burdensome.

> **Interrogatory No. 18:**  Identify any and all written legal opinions obtained by
> Defendant, prior to Defendant's use of the term "living legend", regarding
> Defendant's use of the term "living legend" to support Defendant's defense that

their infringement was not willful.

**RESPONSE:**

WWE objects to Interrogatory No. 18 on the grounds that it calls for the identification of information protected by the attorney-client privilege and/or work product doctrine.

WWE properly objected to Interrogatory No. 18 on the basis that any legal opinions provided by counsel would be protected by the attorney-client privilege. Whistler's attempts to invade the privilege are improper and baseless. Principally, WWE's claim that its alleged conduct was not willful does not somehow place any advice it may have received from counsel at issue. As set forth in WWE's Memorandum of Law in Support of Motion for Summary Judgment on Trademark-Related Issues, WWE's alleged conduct was not willful because "living legend" is a cliche in the English language particularly used to describe figures in sports and entertainment. It is, therefore, a generic term incapable of trademark protection as a matter of law. The record is further undisputed that WWE in no way intended to trade on, or even considered, Whistler or his alleged use of the term in deciding to refer to Chris Jericho using the generic term "living legend" in the context of its fictional storyline. The record is also undisputed that WWE has referred to Bruno Sammartino as "The Living Legend" since the 1960's. WWE has never claimed advice of counsel in this litigation and, therefore, Whistler cannot attempt to invade the attorney-client privilege on such a fabricated pretense.

**Interrogatory No. 20:**  Identify any and all documents relating to Defendant's actions to cease use of the terms "living legend" in reference to wrestler Jericho after April 17, 2002.

## RESPONSE:

WWE objects to Interrogatory No. 20 on the grounds that it is not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.  WWE further objects to Interrogatory No. 17 on the grounds that it calls for the identification of documents protected by the attorney-client privilege and/or work product doctrine.  Subject to and without waiver of its General and Specific Objections, WWE has produced responsive, non-privileged documents in response to Plaintiff's document requests.

Again, Whistler has deceptively and inaccurately truncated WWE's Response to omit the last sentence containing WWE's substantive response, in which WWE states that it has "produced responsive, non-privileged documents" in accordance with Fed.R.Civ.P. 33(d).  To be more precise, although based on the relatively small size of WWE's document production those documents are not difficult to identify, the responsive documents are located at Bates Numbers ZBY/WWE 1145-1146.

### Responses and Objections to Requests for Admissions

**Request No. 18:**  That WWE has the authority to prevent WWE wrestlers from making certain statements during WWE wrestling events.

## RESPONSE:

WWE objects to Request for Admission No. 18 on the grounds that it improperly seeks a global admission without reference to any particular or individual wrestler or context, to which WWE cannot respond.

WWE properly objected to Request for Admission No. 18 because, as noted above,

WWE cannot provide a general response without regard to a specific context.  The response would entirely depend on the individual wrestler and context.  Whistler's purported explanation in his Motion to Compel of what he intended Request for Admission No. 18 to mean is wholly irrelevant and beside the point.  As drafted and served, WWE could not respond to Request for Admission No. 18 and, therefore, properly objected.

**Request No. 20:**  That WWE did not remove the use of the terms "the living legend" from the broadcast of any WWE wrestling events.

**RESPONSE:**

WWE objects to Request for Admission No. 20 on the grounds that the context and use for which Plaintiff is seeking an admission that WWE did not remove the use of the term "the living legend" from the broadcast of any WWE wrestling events vague, ambiguous and undefined.

WWE properly objected to Request for Admission No. 20 because, as noted above, the request for admission is not limited to WWE's alleged use of "living legend" to refer to Chris Jericho.  As such, for WWE to be able to respond to Request for Admission No. 20 would require WWE to review every piece of video footage in its history to determine whether any use of the term "living legend" in reference to any wrestler was ever edited out of a broadcast for any reason.  Such a search, and consequently Request for Admission No. 20, is clearly overbroad and unreasonably burdensome.

17

**Request No. 21:** That WWE could have advised Chris Irvine not to use the terms "living legend" in the promotion of himself.

**RESPONSE:**

WWE objects to Request for Admission No. 21 on the grounds that the point in time for which and context in which Plaintiff is seeking an admission as to whether WWE could have advised Chris Irvine not to use the term "living legend" in the promotion of himself is vague, ambiguous and undefined. WWE further objects to Request for Admission No. 21 on the grounds that it is improperly and inaccurately based on the premise that Chris Jericho used the term "living legend" in the promotion of himself.

WWE properly objected to Request for Admission No. 21 because it is predicated on the improper and inaccurate contention that Chris Jericho used the term "living legend" in the promotion of himself. WWE's position in this lawsuit is that he did not do so, and WWE submits the factual record undisputedly supports that position. Whistler's bald claim in his Motion to Compel that Chris Jericho allegedly admitted to using the term "living legend" in the promotion of himself, without deposition citation, is incorrect and WWE has no idea on what testimony Whistler purports to rely. Since the entire request for admission is predicated on an improper and inaccurate contention that WWE fundamentally disputes, Request for Admission No. 21 is properly objectionable.

**Request No. 22:** That WWE did not instruct Chris Irvine not to use the terms "living legend" in the promotion of himself.

**RESPONSE:**

WWE objects to Request for Admission No. 22 on the grounds that the point in

time for which and context in which Plaintiff is seeking an admission as to whether WWE did not instruct Chris Jericho not to use the term "living legend" in the promotion of himself is vague, ambiguous and undefined.  WWE further objects to Request for Admission No. 22 on the grounds that it is improperly and inaccurately based on the premise that Chris Jericho used the term "living legend" in the promotion of himself.

WWE's basis for properly objecting to Request for Admission No. 22 is the same as for Request for Admission No. 21 above.

**Request No. 23:**  That WWE did not instruct Vince McMahon not to use the terms "living legend" in promoting or referring to wrestler Chris Jericho.

## RESPONSE:

WWE objects to Request for Admission No. 23 on the grounds that the point in time for which and context in which Plaintiff is seeking an admission as to whether WWE did not instruct Vince McMahon not to use the term "living legend" in promoting or referring to wrestler Chris Jericho is vague, ambiguous and undefined.

WWE's basis for properly objecting to Request for Admission No. 23 is the same as for Request for Admission No. 21 above.  WWE also properly objected to Request for Admission No. 23 because, as stated in its objection, the point in time for which Plaintiff is seeking such an admission is vague, ambiguous and undefined.  WWE cannot provide a general response without regard to a particular point in time, as its response would vary based on different points in time.  WWE thus could not reasonably respond to Request for Admission No. 23 as drafted and served.

**Request No. 24:**  That WWE, as of the date of the filing of this lawsuit, had not

instructed distributors of licensed WWE products to remove products from commerce that contained the terms "living legend".

**RESPONSE:**

WWE objects to Request for Admission No. 24 on the grounds that it improperly and inaccurately is based on the premise that WWE previously had approved the use of licensed WWE products containing the term "living legend" in commerce prior to the date of the filing of this lawsuit.

WWE properly objected to Request for Admission No. 24 because it presupposes that WWE had approved and thus had knowledge of licensed WWE products depicting Chris Jericho with the term "living legend." The factual record, by contrast, is undisputed that WWE did not approve any licensed products depicting Chris Jericho with the term "living legend" and thus had no knowledge of any such products. Accordingly, WWE cannot admit or deny a request based on a false and inaccurate predicate.

**Request No. 25:** That WWE, as of July 1, 2002, had not instructed distributors of licensed WWE products to remove products from commerce that contained the terms "living legend".

**RESPONSE:**

WWE objects to Request for Admission No. 25 on the grounds that it improperly and inaccurately is based on the premise that WWE previously had approved the use of licensed WWE products containing the term "living legend" in commerce prior to July 1, 2002.

WWE's basis for properly objecting to Request for Admission No. 25 is the same as for Request for Admission No. 24 above.

20

**Request No. 26:** That WWE, as of today, had not instructed distributors of licensed WWE products to remove products from commerce that contained the terms "living legend".

**RESPONSE:**

WWE objects to Request for Admission No. 26 on the grounds that it improperly and inaccurately is based on the premise that WWE previously had approved the use of licensed WWE products containing the term "living legend" in commerce.

WWE's basis for properly objecting to Request for Admission No. 26 is the same as for Request for Admission No. 24 above.

**Request No. 33:** That WWE never sent any written correspondence to Plaintiff regarding his use of the phrase "THE LIVING LEGEND" prior to the letter dated February 15, 2002 from Ed Kaufman.

**RESPONSE:**

WWE objects to Request for Admission No. 33 on the grounds that it is based on the improper and inaccurate premises that Plaintiff used the phrase "The Living Legend" and that WWE had knowledge of that alleged use. Subject to and without waiver of its General and Specific Objections, Request for Admission No. 33 is admitted.

Repeating his improper and bad faith tactic of failing to present WWE's complete response to the Court, Whistler's Motion to Compel inexplicably claims that WWE did not respond to Request for Admission No. 33 when WWE quite clearly did respond with an admission.

**Request No. 36:** That wrestler Chris Jericho generated revenues for WWE.

**RESPONSE:**

WWE objects to Request for Admission No. 36 on the grounds that it improperly seeks a global admission without reference to any particular aspect of WWE's business, to which WWE cannot respond.

WWE properly objected to Request for Admission No. 36 because, again, the request is not capable of response on a general basis as the response would vary depending on each different segment or aspect of WWE's business.

**Request No. 41:** That Defendant WWE has knowledge that wrestlers utilize phrases to promote wrestling services.

**RESPONSE:**

WWE objects to Request for Admission No. 41 on the grounds that it improperly seeks a global admission without reference to any particular or individual wrestler or context, to which WWE cannot respond.

WWE properly objected to Request for Admission No. 41 because, on the one hand, the language of the request—"wrestlers utilize phrases to promote wrestling services"—is so hopelessly vague, ambiguous and undefined that WWE does not understand what it is being asked to admit or deny.  On the other hand, the request is predicated on the unproven assumption that wrestlers utilize phrases to promote wrestling services.  WWE cannot admit or deny knowledge of an assumption that is unproven on the record of these proceedings and which varies based on individual wrestlers and contexts.

**Request No. 42:**  That the use of phrases and character names by wrestlers is to distinguish a wrestler.

## RESPONSE:

WWE objects to Request for Admission No. 42 on the grounds that it improperly seeks a global admission without reference to any particular or individual wrestler or context, to which WWE cannot respond.

WWE properly objected to Request for Admission No. 42 because, again, it is not capable of response on a general basis without reference to a specific wrestler or context. A wrestler might use a phrase or character name for any number of reasons, potentially having nothing to do with distinguishing a wrestler. Without identification of a particular wrestler or context, WWE cannot admit or deny why wrestlers generally use phrases and character names.

**Request No. 46:**  That WWE continues to use the terms "living legend" to refer to WWE wrestlers.

## RESPONSE:

WWE objects to Request for Admission No. 46 on the grounds that it improperly seeks an admission on a global basis without reference to any particular or individual wrestler or context. WWE further objects to Request for Admission No. 46 on the grounds that the phrase "continues to use" is vague, ambiguous and undefined.

WWE properly objected to Request for Admission No. 46 because, again, it is not limited to WWE's alleged use of "living legend" to refer to Chris Jericho. As noted above, WWE has no mechanism for identifying every word or term that may be used on

all of its television programming, advertisements and merchandise.  Moreover, Request

for Admission No. 46 is akin to the prototypically objectionable discovery question, "do

you still beat your wife?"  The term "continues to use" presupposes that WWE

continuously has used the term "living legend" to "refer to WWE wrestlers," which is

inaccurate and contrary to the discovery record.

**C.      Whistler Should Be Required To Pay WWE's Reasonable Attorneys' Fees
          And Costs Incurred In Opposing This Motion To Compel**

Fed.R.Civ.P. 37 presumptively requires every loser to make good the victor's

costs.  *See Falanga v. The State Bar of Georgia,* No. 1:95-CV-2160-GET, 1997 WL

33488228, at *1 (N.D. Ga. Jan. 6, 1997); Charles Alan Wright & Arthur R. Miller, 8

*Federal Practice & Procedure* § 2288 at 787 ("The great operative principle of Rule

37(a)(4) is that the loser pays.").  Specifically, Rule 37 provides

> If the motion [to compel discovery] is denied, the court . . .
> shall, after affording an opportunity to be heard, require the
> moving party or the attorney filing the motion or both of them
> to pay to the party or deponent who opposed the motion the
> reasonable expenses incurred in opposing the motion, including
> attorneys' fees, unless the court finds that the making of the
> motion was substantially justified or that other circumstances
> make an award of expenses unjust.

*Falanga,* 1997 WL 33488228, at *1, *citing* Fed.R.Civ.P. 37(a)(4)(B).  A loser may avoid

payment only by establishing that his position was substantially justified.  *See*

Fed.R.Civ.P. 37(a)(4)(B).

Here, Whistler cannot prove that the filing of his Motion to Compel was substantially justified. Indeed, the record establishes that Whistler willfully ignored and avoided every opportunity to attempt to resolve these issues without court action. Despite repeated requests by WWE's counsel to discuss these matters without wasting this Court's time and resources, Whistler raced off to the courthouse never advising WWE of any of the more than 20 pages of specific purported bases for this Motion. As such, Whistler's Motion to Compel could have and should have been avoided. Pursuant to Fed.R.Civ.P. 37, Whistler now must bear the costs for his decision to burden this Court and WWE with unwarranted and ill-advised motions practice.

## III. CONCLUSION

For all the foregoing reasons, Whistler's Motion to Compel should be denied and Whistler should be ordered to pay WWE's reasonable attorneys' fees and costs in responding to this Motion.

Respectfully submitted,

Counsel for Defendant World Wrestling
Entertainment, Inc.

John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013

CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200 (phone)
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
Kirkpatrick & Lockhart LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500 (phone)
(412) 355-6501 (fax)

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1D

Pursuant to Local Rule 7.1D, counsel hereby certifies that this pleading has been prepared with Times New Roman font (14 point).



# EXHIBIT / ATTACHMENT

(To be scanned in place of tab)

# MYERS & KAPLAN
## INTELLECTUAL PROPERTY LAW, L.L.C.

1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339

PATENTS, TRADEMARKS, COPYRIGHTS
AND RELATED MATTERS

TELEPHONE (770) 541-7444
FACSIMILE (770) 541-7448
EMAIL: JMYERS@MKIPLAW.COM

February 3, 2004

## VIA FAX AND HAND DELIVERY

John L. Taylor, Jr.
Chorey, Taylor & Feil
The Lenox Building
Suite 1700
3399 Peachtree Road, NE
Atlanta, GA 30326

Re:  Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend
v. World Wrestling Federation Entertainment, Inc.,
Chris Irvine a/k/a Chris Jericho a/k/a Jericho
Civil Action No. 1-02-CV-1008
Our File No. 20110-M1

Dear John,

I am writing in regards to the various deficiencies in WWE's responses to our
discovery. As we discussed in our previous conversations, and my letter of January 30,
2004, WWE has failed to respond to Interrogatory Nos. 15, 16, 17, 18 and 20.
Furthermore, WWE has failed to admit or deny Request for Admissions Nos. 11, 12, 18,
20, 21, 22, 23, 24, 25, 26, 33, 36, 39, 41, 42 and 46. Despite our good faith attempt to
resolve the above deficiencies, we have not received adequate responses to our discovery
requests.

We received a letter from Curtis B. Krasik on February 2, 2004, wherein Mr.
Krasik raised objections to our discovery requests. Mr. Krasik failed to respond to our
requests in good faith by merely asserting that WWE "did respond to certain of the
identified interrogatories" and "did admit or deny certain of the identified requests for
admissions" without offering any proof or identifying which interrogatories and which
requests for admissions he feels that WWE had adequately responded to. In light of this

EXHIBIT __1__

non-responsive letter, and due to our deadline to file a motion to compel, we have no choice except to file the motion to compel discovery.

Sincerely,
Myers & Kaplan,
Intellectual Property Law, L.L.C.

FOR JOEL MYERS

Joel D. Myers

JDM/dnm

2



# EXHIBIT / ATTACHMENT



(To be scanned in place of tab)

# Kirkpatrick & Lockhart LLP

Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312
412 355 6500
www.kl.com

February 4, 2004

Curtis B. Krasik
412 355 8696
Fax  412 355 6501
ckrasik@kl.com

## BY FACSIMILE

Joel D. Myers, Esquire
Myers & Kaplan
1899 Powers Ferry Road
Suite 310
Atlanta, GA  30339

Re:   *Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend v. World Wrestling Federation Entertainment, Inc.* No. 1-02-CV-1008

Dear Joel:

I am writing in response to your letter of February 3, 2004 addressed to John Taylor, which I must confess I read with considerable surprise.

As you know, in this letter as in your prior January 30, 2004 letter, you have continued to refuse to explain to us the alleged deficiency you claim with respect to any particular discovery response. As I previously indicated in my February 2, 2004 letter and reiterate here, WWE remains willing to discuss any specific questions or concerns you may have with any particular discovery response and to supplement its discovery responses if appropriate. We remain unable to do that, however, because you have made no effort to identify to us what those purported questions or concerns may be.

Rather, you seem intent on burdening the Court with unnecessary and unwarranted motions practice without engaging in any good faith attempt to resolve alleged discovery disputes between the parties as mandated by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Georgia. Indeed, we are incredulous as to how you can claim in your February 3, 2004 letter that you have made any effort, let alone a good faith effort, to resolve discovery disputes without explaining to WWE the basis for the purported dispute in the first instance. That incredulity is exacerbated by the fact that, as I pointed out in my February 2 letter, WWE in fact did substantively respond to certain of

PI-1118393 v1

BOSTON  ·  DALLAS  ·  HARRISBURG  ·  LOS ANGELES  ·  MIAMI  ·  NEWARK  ·  NEW YORK  ·  PITTSBURGH  ·  SAN FRANCISCO  ·  WASHINGTON

EXHIBIT 2

## Kirkpatrick & Lockhart LLP

Joel D Myers, Esquire
February 4, 2004
Page 2

the identified interrogatories and did admit or deny certain of the identified requests for admissions

In that regard, your letter fundamentally misstates and mischaracterizes my February 2 letter to you. You claim I supposedly "failed to respond to [your] requests in good faith" and that my letter was "non-responsive," but as I repeatedly explained in my February 2 letter and repeat here, I am unable to respond to your alleged concerns unless I am informed as what those alleged concerns are. Let me reiterate that we remain committed to discussing any alleged concerns or questions you may have with WWE's discovery responses, we simply are waiting for you to contact us to have the opportunity to do so.

Please be advised that should you insist on filing a Motion to Compel with the Court on the current record, we intend to seek all costs incurred in having to respond to such a unnecessary and unwarranted motion as provided in Fed. R. Civ P 37(a)(4)(B)  Please further be advised that pursuant to Local Rule 37.1(B), a Motion to Compel "must be filed within the time remaining prior to the close of discovery." As the discovery period in this action clearly closed on January 20, 2004, we submit that any Motion to Compel at this point is untimely and in violation of the Local Rules.

I look forward to hearing from you to discuss these matters further.

Very truly yours,

Curtis B. Krasik

CBK:mac

cc  John L Taylor, Jr, Esquire



# EXHIBIT / ATTACHMENT

## *3*

(To be scanned in place of tab)

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual, | )<br>)<br>)<br>) | |
| | ) | Civil Action No. 1 02-CV-1008-CC |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | |
| WORLD WRESTLING<br>ENTERTAINMENT, INC., a Delaware<br>corporation, | )<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

## AFFIDAVIT OF JOHN L. TAYLOR, JR.

STATE OF GEORGIA

COUNTY OF FULTON

Personally appeared before the undersigned officer, duly authorized to administer oaths in the State and County aforesaid, JOHN L. TAYLOR, JR., who, after first being duly sworn, states under oath and deposes as follows:

1.

My name is John L. Taylor, Jr. I am of the age of majority, and I make this affidavit based upon my own personal knowledge. I am an attorney-at-law, and serve as counsel for World Wrestling Entertainment, Inc. ("WWE") in the above-

112951_1.DOC

1

EXHIBIT _3_

styled case. I make this affidavit for all purposes permitted by the Federal Rules of Civil Procedure, including the response of WWE to the pending Motion to Compel.

2.

Among other things, I wish to respond to the contention in Plaintiff Larry Whistler's ("Whistler") motion that I advised counsel for Whistler that WWE would provide supplemental discovery responses if Whistler would hold off filing a Motion to Compel.

3.

On Thursday, February 5, 2004, I received a telephone call from counsel for Whistler. My recollection is that Whistler himself was on the call as well. Among other things, Whistler's counsel inquired as to whether WWE would be willing to provide supplemental discovery responses.

4.

I responded that I believed a motion to compel would be a waste of both the time of the Parties and the Court. I further advised that if Whistler's counsel would provide me with specific objections, questions or concerns with some particularity as to individual discovery requests, I would endeavor to obtain supplementary responses, if appropriate. In so doing, I was repeating offers that we had made to

counsel for Whistler, in writing, on at least two prior occasions.  At the end of the

conversation, I was under the impression that Whistler's counsel would provide me

with specific questions, concerns, or objections to our responses which would

permit WWE to understand Whistler's concerns, and address them.

5.

By the close of business on Thursday, February 5, 2004, I had not heard

from Whistler's counsel.  Upon arrival at my office on the morning of February 6,

2004, I noted that I had received a telephone message from Whistler's counsel the

night before.  In that message, Whistler's counsel read aloud to me, by number, the

same requests that had been mentioned before.  Again, there were no specific

questions, concerns, or issues raised with respect to WWE's answers or objections

that would have permitted the substantive discussions contemplated by the rules of

this Court.  Later that same day, the current motion to compel was filed.

FURTHER AFFIANT SAYETH NOT.

John L. Taylor, Jr.

Sworn and subscribed to before me
this _20th_ day of February, 2004.

Notary Public

My Commission Expires _____, 2004

112951_1.DOC                                                          3

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY WHISTLER                        )
a/k/a LARRY ZBYSZKO                    )
a/k/a THE LIVING LEGEND,              )
an individual,                        )
                                      )    Civil Action No.  1 02-CV-1008-CC
          Plaintiff,                  )
                                      )
     vs.                              )
                                      )
WORLD WRESTLING                       )
ENTERTAINMENT, INC., a Delaware       )
corporation,                          )
                                      )
          Defendant.                  )

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2004, I served opposing
counsel with Defendant's **Opposition to Motion to Compel** by facsimile, and by placing
a copy in the U.S. Mail, with adequate postage thereon, addressed to the following:

> Joel D. Myers, Esquire
> Myers & Kaplan Intellectual Property Law LLC
> 1899 Powers Ferry Road
> Suite 310
> Atlanta, GA  30339

Attorneys for Defendant
World Wrestling Entertainment, Inc.

John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)