**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Connecticut<br>Corporation,<br><br>　　　　Defendant. | Civil Action<br>No. 1-02-CV-1008-CC |

## PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE DUE TO LACK OF STANDING

COMES NOW Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend (hereinafter "Plaintiff Zbyszko"), by and through his attorney, Joel D. Myers, Myers & Kaplan, Intellectual Property Law, L.L.C., hereby files this motion to dismiss the present action without prejudice due to lack of standing.

On February 4, 2002, Plaintiff Zbyszko filed for Chapter 13 bankruptcy. On April 17, 2002, Plaintiff Zbyszko filed the

1

present lawsuit for trademark infringement.  Approximately nine months later, Plaintiff Zbyszko's Chapter 13 bankruptcy was dismissed.  Subsequently, on January 3, 2003, Plaintiff Zbyszko filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code.  Shortly thereafter, the Bankruptcy Court granted Plaintiff Zbyszko a discharge of his debts.  Unfortunately, and unbeknownst to Plaintiff Zbyszko, his bankruptcy attorney inadvertently omitted the present lawsuit from Plaintiff Zbyszko's Statement of Financial Affairs.  As soon as Plaintiff Zbyszko became aware of the undisclosed claims, he immediately filed a motion to reopen the bankruptcy proceeding to correct his disclosures and include the present lawsuit.

Because Plaintiff Zbyszko filed his Chapter 7 bankruptcy petition after he filed his claims for trademark infringement, the trademark and its associated claims for infringement are the property of the bankruptcy estate.  Accordingly, the bankruptcy trustee is the real party in interest and it has exclusive standing to assert any trademark infringement claims.  Therefore, Plaintiff moves this Court to dismiss the

present action pursuant to Federal Rules of Civil Procedure 17(a), or in the alternative, 41(a)(2).

The present motion is supported by the accompanying "Memorandum of Law in Support of Plaintiff's Motion To Dismiss Without Prejudice Due To Lack Of Standing."

Respectfully submitted this 27th day of February, 2004.

By: _____
Joel D. Myers
Georgia Bar No. 533147
Counselors for Defendant

Myers & Kaplan, LLC,
1899 Powers Ferry Road
Suite 310
Atlanta, Georgia 30339
Phone: 770-541-7444
Fax: 770-541-7448
Email: jmyers@mkiplaw.com

## **CERTIFICATION**

Pursuant to Local Rule 7.1D, counsel for Plaintiff hereby certifies that this Memorandum has been prepared with Courier New Font (12 point).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

```
LARRY WHISTLER                        )
a/k/a LARRY ZBYSZKO                   )
a/k/a THE LIVING LEGEND,              )
an individual,                        )
                                      )
        Plaintiff,                    )
                                      )   Civil Action
                                      )   No. 1-02-CV-1008
    v.                                )
                                      )
WORLD WRESTLING FEDERATION            )
ENTERTAINMENT, INC., a Connecticut    )
Corporation,                          )
                                      )
        Defendant.                    )
```

CERTIFICATE OF SERVICE

A copy of the PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE DUE TO LACK OF STANDING was served by U.S. First Class Mail upon the following:

> John L. Taylor, Jr.
> Chorey, Taylor & Feil
> The Lenox Building
> Suite 1700
> 3399 Peachtree Road, NE
> Atlanta, GA 30326
> Tel. (404) 841-3200
> Fax  (404) 841-3221

5

This 27th day of February, 2004.

_____
Joel D. Myers
Georgia Bar No. 533,147
Myers & Kaplan,
Intellectual Property Law, L.L.C.
1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339
Tel. (770) 541-7444
Fax  (770) 541-7448

ORIGINAL

FILED IN

FEB

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>      Plaintiff,<br><br>v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Connecticut<br>Corporation,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action<br>No. 1-02-CV-1008 -CC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS
WITHOUT PREJUDICE DUE TO LACK OF STANDING**

I. INTRODUCTION

    COMES NOW Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend (hereinafter "Plaintiff Zbyszko"), by and through his attorney, Joel D. Myers, Myers & Kaplan, Intellectual Property Law, L.L.C., hereby files this motion to dismiss the present action without prejudice due to lack of standing pursuant to Federal Rules of Civil Procedure 17(a), or in the alternative, 41(a)(2). Due to the Federal Rules of Civil Procedure response deadlines, subsequently to this

1

present Motion to Dismiss, Plaintiff will be filing its response in opposition to Defendant's Motion for Summary Judgment; however, as this Motion to Dismiss, if granted, will render said Motion for Summary Judgment moot, Plaintiff respectfully requests the Court to first act on this Motion to Dismiss.

On February 4, 2002, Plaintiff Zbyszko filed for Chapter 13 bankruptcy. On April 17, 2002, Plaintiff Zbyszko filed the present lawsuit for trademark infringement. Approximately nine months later, Plaintiff Zbyszko's Chapter 13 bankruptcy was dismissed. Subsequently, on January 3, 2003, Plaintiff Zbyszko filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code. Shortly thereafter, the Bankruptcy Court granted Plaintiff Zbyszko a discharge of his debts, as more fully described below. Unfortunately and unbeknownst to Plaintiff Zbyszko, his bankruptcy attorney inadvertently omitted the present lawsuit from Plaintiff Zbyszko's Statement of Financial Affairs. As soon as Plaintiff Zbyszko became aware of the undisclosed claims, he immediately filed a motion to reopen the bankruptcy

proceeding to correct his disclosures and include the present lawsuit.

Because Plaintiff Zbyszko filed his Chapter 7 bankruptcy petition after he filed his claims for trademark infringement, the trademark and its associated claims for infringement are the property of the bankruptcy estate. See Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1292 (11th Cir. 2003). Accordingly, the bankruptcy trustee is the real party in interest and it has exclusive standing to assert any trademark infringement claims.

II. DISCUSSION

Determining the identity of the party who can properly assert the trademark infringement claims begins with Federal Rule of Civil Procedure 17(a). Rule 17(a) states that "[e]very action shall be prosecuted in the name of the real party in interest." Id. See also Trans-Continental Meats, Inc. v. Shaw Food Serv. Co., No 594-CV-875-Bo(2), 1995 U.S. Dist. LEXIS 19665, at *8, 9 (E.D.N.C. Dec. 1, 1995)(plaintiff

3

lacked standing therefore court lacked jurisdiction). As provided in Title 11 of the United States Code, the commencement of a case in bankruptcy creates an estate, wherein said estate comprises "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). This Circuit has recently found that the bankruptcy trustee is the real party in interest in a civil action regarding a claim pertaining to the bankruptcy estate bringing his civil claims. See Barger, 348 F.3d at 1292 (11th Cir. 2003) (citing Wieburg v. GTE Southwest Incorporated, 272 F.3d 302, 306 (5th Cir. 2001) (finding that a trustee is the real party in interest with exclusive standing to assert claims which are property of the bankruptcy estate)).

Furthermore, the Federal Rules provide for the voluntary dismissal of lawsuits by order of court. Fed. R. Civ. Pro. Rule 41(a)(2). See also In re Federal Election Campaign Act Litig., 474 F.Supp. 1051, 1053 (D.C. Cir. 1979)("[i]f a court believes that it is without subject matter jurisdiction, it is inappropriate for that court to engage in the balancing

4

process required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised"). Pursuant to 11th Circuit law, such dismissal should be granted if their will be no prejudicial effect. McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986); see also Farmaceutisk Laboratorium Ferring A/S v. Reid Rowell, Inc., 142 F.R.D. 179, 181 (N.D. Ga 1991) (dismissal proper if no legal prejudice); Fisher v. Puerto Rico Marine Management, Inc., 940 F.2d 1502, 1503 (11th Cir. 1991)(plain legal prejudice standard).

The mere prospect of subsequent action is not "prejudicial". Farmaceutisk Laboratorium Ferring A/, 142 F.R.D. at 181 (mere prospect of second lawsuit not sufficient); Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849 (1947)("mere prospect" of second lawsuit not enough); Moldovan v. Remington Arms Co., Inc., 113 F.R.D. 141, 142 (S.D. Fla. 1986)(loss of statute of repose defense not legal prejudice). Fisher; 940 F.2d at 1503 (must go beyond prospect of second suit); Druid Hills Civic Ass'n v. Federal Highway Admin., 833 F.2d 1545, 1549 (11th Cir. 1987), cert. denied, 488 U.S. 819 (1988); Greenberg v. Centurion Investors Group, Inc., 145 F.R.D. 610, 611 (S.D.

Fla. 1993), aff'd without opinion, 20 F.3d 1174 (11th Cir. 1994)(same). A voluntary dismissal should not be denied when the work product in the dismissed action will not be wasted but may be utilized in subsequent or continuing litigation. See Berry v. General Star Nat'l Ins. Co., 190 F.R.D. 697, 698 (M.D. Ala. 2000)(defendant does not suffer prejudice merely because limited discovery has been done, especially when defendant may be able to use evidence already gathered if plaintiff refiles); Der., 142 F.R.D. at 345-346 (granting dismissal when defendant could make use of discovery in refilled state court action). In the present action, if the bankruptcy trustee becomes the plaintiff and refiles, all parties will be able to reuse all evidence gathered to date.

The fact that the plaintiff may obtain some tactical advantage by taking a voluntary dismissal is also not sufficient grounds to deny a motion under Rule 41(a)(2). Der. v. E.I. Dupont de Nemours & Co., 142 F.R.D. 344, 345 (M.D. Fla 1992)("assuming arguendo that the plaintiffs would gain a tactical advantage by defeating diversity jurisdiction, a tactical advantage is no bar to a voluntary dismissal"; dismissal permitted to allow joinder of non-diverse party);

Spencer v. Moore Business Forms, Inc., 87 FRD 118, 119 (N.D. Ga. 1980)(plaintiff's intentions are "of no consequence").

The courts have enumerated a number of factors relevant to the consideration of whether the defendant will be prejudiced by the grant of a voluntary dismissal without prejudice. No one set of factors has been adopted in any particular circuit; the lists formulated have been non-exclusive and are meant to serve merely as guidelines for the district court. See Radiant Technology Corp. v. Electrovert USA Corp., 122 FRD 201, 203 (N.D. Tex 1988)("the courts have considered a number of factors to determine whether dismissal will result in prejudice to a defendant; no one set appears to have been adopted in this or any other circuit").

One factor is the progress of litigation. A voluntary dismissal is most likely to be granted at an early stage of the litigation. See Greenberg, 145 F.R.D. at 612 (granting dismissal when, although action had been pending for several years, it never progressed past the pre-trial stages). Conversely, a dismissal may be denied when it is sought late in the litigation and the defendant has been put to great

7

effort and expense in defending the action. See Fisher, 940 F2d at 1503 (affirming denial of voluntary dismissal when motion made after pre-trial order issued). In the present case, this Motion to Dismiss is made before a ruling on Summary Judgment Motions and before the pre-trial order.

Because the claims for trademark infringement in the present lawsuit are the property of Plaintiff Zbyszko's bankruptcy estate, the bankruptcy trustee is the real party in interest and it has exclusive standing to assert any claims for trademark infringement. However, because Plaintiff Zbyszko's bankruptcy proceeding has been closed, the real party in interest cannot be added at this time. Therefore, the present action should be dismissed without prejudice in order for Plaintiff Zbyszko to reopen his bankruptcy proceeding, thereby giving the bankruptcy trustee an opportunity to refile as the real party in interest.

Plaintiff Zbyszko and his attorneys for the present action were unaware of this bankruptcy filing error until Defendant's submission of their Motion for Summary Judgment on the basis of judicial estoppel, received on February 9, 2004.

8

Both Defendant and Plaintiff became aware of Plaintiff's lack of standing at approximately the same time, therefore neither party has gained an unfair advantage due to the timing of this issue. Thus, in accordance with Rules 17(a), or in the alternative, 41(a)(2) of the Federal Rules of Civil Procedure, this case should be dismissed without prejudice for lack of standing.

Respectfully submitted this 27th day of February, 2004.

By: _____
Joel D. Myers
Georgia Bar No. 533147
Counselors for Defendant

Myers & Kaplan, LLC,
1899 Powers Ferry Road
Suite 310
Atlanta, Georgia 30339
Phone: 770-541-7444
Fax: 770-541-7448
Email: jmyers@mkiplaw.com

## **CERTIFICATION**

Pursuant to Local Rule 7.1D, counsel for Plaintiff hereby certifies that this Memorandum has been prepared with Courier New Font (12 point).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual, | )<br>)<br>)<br>) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| | ) | No. 1-02-CV-1008 |
| v. | ) | |
| | ) | |
| WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Connecticut<br>Corporation, | )<br>)<br>) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

A copy of the MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE DUE TO LACK OF STANDING was served by U.S. First Class Mail upon the following:

> John L. Taylor, Jr.
> Chorey, Taylor & Feil
> The Lenox Building
> Suite 1700
> 3399 Peachtree Road, NE
> Atlanta, GA 30326
> Tel. (404) 841-3200
> Fax  (404) 841-3221

11

This 27th day of February, 2004.

_____
Joel D. Myers
Georgia Bar No. 533,147
Myers & Kaplan,
Intellectual Property Law, L.L.C.
1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339
Tel. (770) 541-7444
Fax  (770) 541-7448

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER )<br>a/k/a LARRY ZBYSZKO )<br>a/k/a THE LIVING LEGEND, )<br>an individual, )<br>  )<br>       Plaintiff, )<br>  )<br>   v. )<br>  )<br>WORLD WRESTLING FEDERATION )<br>ENTERTAINMENT, INC., a Connecticut )<br>Corporation, )<br>  )<br>       Defendant. ) | Civil Action<br>No. 1-02-CV-1008 |

**ORDER TO DISMISS WITHOUT PREJUDICE**

Plaintiff Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend has filed a motion to dismiss the present action without prejudice due to lack of standing;

Wherein the Bankruptcy Trustee of Plaintiff's Chapter 7 Bankruptcy is the real party in interest;

**IT IS HEREBY ORDERED THAT** the present case is hereby dismissed, without prejudice.

**SO ORDERED** this \_\_\_\_\_ day of _____, 2004, at _____ o'clock \_\_\_ M.

_____
Hon. Clarence Cooper
United States District Judge