**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 1 - 2004

LUTHER D. THOMAS, Clerk
By: J. Pinckney, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>    Plaintiff,<br><br>v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Delaware<br>Corporation,<br><br>    Defendant. | Civil Action<br>No. 1-02-CV-1008 |

**PLAINTIFF'S RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS
BY WORLD WRESTLING ENTERTAINMENT, INC.**

COMES NOW Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend (hereinafter "Plaintiff Zbyszko"), by and through his attorney, Joel D. Myers, Myers & Kaplan, Intellectual Property Law, L.L.C., hereby response to the Statement of Undisputed Material Facts by World Wrestling Entertainment, Inc., as follows:

52

**RESPONSES TO SPECIFIC NUMBERED PARAGRAPHS:**

**1.**

Agree.

**2.**

Controvert

**3.**

Agree except to the extent that statement implies that trademark application was filed solely in anticipation of litigation.

**4.**

Agree.

**5.**

Agree.

**6.**

Controvert.

**7.**

Controvert.

**8.**

Controvert.

**9.**

Controvert.

1

**10.**

Controvert.

**11.**

Controvert.

**12.**

Agree.

**13.**

Controvert.

**14.**

Controvert.

**15.**

Controvert.

**16.**

Controvert.

**17.**

Controvert.

**18.**

Controvert.

**19.**

Controvert.

**20.**

Controvert.

**21.**

Controvert.

**22.**

Agree, to the extent that Bruno Sammartino was referred to as "The Living Legend" prior to Whistler's use, otherwise controvert.

**23.**

Agree.

**24.**

Controvert.

**25.**

Agree.

**26.**

Agree, to the extent that he defeated said characters in the storyline, but that the outcome was predetermined and planned.

**27.**

Agree.

**28.**

Agree, to the extent that he defeated said characters in the storyline, but that the outcome was predetermined and planned.

**29.**

Agree.

**30.**

Controvert.

**31.**

Controvert.

**32.**

Controvert.

**33.**

Controvert.

**34.**

Controvert.

**35.**

Agree.

**36.**

Controvert.

**37.**

Controvert.

**38.**

Controvert.

**39.**

Agree that the appearance of a twenty (20) year personal feud between Plaintiff and Vince McMahon was a storyline, but controvert that Whistler did not object to WWE's use of his trademark.

**40.**

Agree that twenty (20) year feud was false, otherwise controvert.

**41.**

Agree.

**42.**

Controvert.

**43.**

Controvert.

**44.**

Controvert.

**45.**

Agree that a letter was sent, otherwise controvert.

**46.**

Controvert.

**47.**

Controvert.

**48.**

Controvert.

**49.**

Controvert.

**50.**

Controvert.

**51.**

Controvert.

**52.**

Agree.

**53.**

Controvert.

**54.**

Agree.

**55.**

Agree.

**56.**

Agree except to the extent that it implies that he is required to pay same.

6

**57.**

Controvert.

**58.**

Controvert.

**59.**

Agree that WWE has submitted report of a person purported to be David M. Yerkes, otherwise controvert.

**60.**

Agree to the extent that Yerkes concluded same but controvert that conclusion is correct.

**61.**

Agree to the extent that Yerkes' opinion may be based on same; however, controvert that such basis is appropriate under trademark law.

**62.**

Controvert.

**63.**

Controvert legal conclusion.

**64.**

Controvert legal conclusion.

**65.**

Controvert.

**66.**

Controvert.

**67.**

Controvert legal conclusion.

**68.**

Agree to the extent of witnesses' definition but controvert as to the application in Yerkes' legal conclusion.

**69.**

Agree except to the extent that it has any relevance to the issues at hand, otherwise controvert.

**70.**

Controvert except to the extent that Whistler has used different phrases to promote himself.

**71.**

Controvert.

**72.**

Controvert.

**73.**

Controvert.


**74.**

Controvert.

**75.**

Controvert.

**76.**

Controvert.

**77.**

Controvert.

**78.**

Controvert.

**79.**

Controvert.

**80.**

Agree to the extent that Whistler plays golf with Stacey Steele and currently lives in Mr. Steele's home, otherwise controvert.

**81.**

Controvert.

**82.**

Controvert.

**83.**

Controvert.

**84.**

Controvert.

**85.**

Controvert.

**86.**

Agree.

**87.**

Agree.

**88.**

Controvert.

**89.**

Agree.

**90.**

Agree.

**91.**

Agree.

**92.**

Controvert.

**93.**

Controvert.

**94.**

Agree.

**95.**

Controvert.

**96.**

Agree to the extent that the filing did not identify, but controvert that Whistler failed to identify.

**97.**

Agree.

**98.**

Controvert.

**99.**

Controvert.

Respectfully submitted this ___ day of March, 2004.

By: _____
Joel D. Myers
Georgia Bar No. 533147
Counselor for Plaintiff

Myers & Kaplan, LLC,
1899 Powers Ferry Road
Suite 310
Atlanta, Georgia 30339
Phone: 770-541-7444
Fax: 770-541-7448
Email: jmyers@mkiplaw.com

11

## **CERTIFICATION**

Pursuant to Local Rule 7.1D, counsel for Plaintiff hereby certifies that this Memorandum has been prepared with Courier New Font (12 point).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>      Plaintiff,<br><br>v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Delaware<br>Corporation,<br><br>      Defendant. | Civil Action<br>No. 1-02-CV-1008 |

CERTIFICATE OF SERVICE

A copy of the PLAINTIFF'S RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS BY WORLD WRESTLING ENTERTAINMENT, INC., was served by U.S. First Class Mail upon the following:

> John L. Taylor, Jr.
> Chorey, Taylor & Feil
> The Lenox Building
> Suite 1700
> 3399 Peachtree Road, NE
> Atlanta, GA 30326
> Tel. (404) 841-3200
> Fax  (404) 841-3221

13

This １st day of March, 2004.

_____
Joel D. Myers
Georgia Bar No. 533,147
Myers & Kaplan,
Intellectual Property Law, L.L.C.
1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339
Tel. (770) 541-7444
Fax  (770) 541-7448