

**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 1 - 2004

LUTHER D. THOMAS, Clerk
By: J. Pinckney
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY WHISTLER )
a/k/a LARRY ZBYSZKO )
a/k/a THE LIVING LEGEND, )
an individual, )
 )
    Plaintiff, )
 ) Civil Action
 ) No. 1-02-CV-1008
    v. )
 )
WORLD WRESTLING FEDERATION )
ENTERTAINMENT, INC., a Delaware )
Corporation, )
 )
    Defendant. )

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF JUDICIAL ESTOPPEL
BY WORLD WRESTLING ENTERTAINMENT, INC.[1]**

FILED UNDER SEAL

CONTAINS CONFIDENTIAL INFORMATION PURSUANT TO THE PARTIES'
STIPULATION AND PROTECTIVE ORDER

---

[1] Plaintiff's Memorandum of Law in Response to WWE's Motion for Summary
Judgment on Trademark-Related Issues is filed concurrently herewith.

1



COMES NOW Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend (hereinafter "Plaintiff"), by and through his attorney, Joel D. Myers, Myers & Kaplan, Intellectual Property Law, L.L.C., hereby files this Response to the motion for summary judgment on the basis of judicial estoppel by World Wrestling Entertainment, Inc. in the above action and shows this Honorable Court as follows:

## I. SUMMARY JUDGMENT IS INAPPROPRIATE BECAUSE ISSUES OF MATERIAL FACT REMAIN WITH REGARD TO DEFENDANT'S ASSERTION OF JUDICIAL ESTOPPEL

In order to prevail on a motion for summary judgment, Defendant must establish that there is no genuine issue as to any material fact and that Defendant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. As demonstrated below, applying this standard, Defendant is clearly not entitled to summary judgment.

In this Circuit, the applicability of judicial estoppel largely turns on two factors. Barger v. City of Cartersville, Ga., 348 F.3d 1289 (11th Cir. 2003) (citing Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1284 (11th Cir. 2002)). First, a party's allegedly inconsistent positions must have been "made under oath in a prior proceeding." Second, the

2

"inconsistencies must be shown to have been *calculated* to make a mockery of the judicial system." Id. (Emphasis added, citations omitted). <u>Issues of material fact remain with regard to whether Plaintiff's inconsistencies were calculated.</u>

Defendant relies upon three recent Eleventh Circuit decisions to assert that Plaintiff's inconsistent statements to the bankruptcy court were calculated. See Memorandum of Law in Support of Motion for Summary Judgment on the Basis of Judicial Estoppel by World Wrestling Entertainment, Inc., pp. 6-10 (citing <u>Barger</u>, 348 F.3d at 1289; <u>Burnes</u>, 291 F.3d at 1282; and <u>De Leon v. Comcar Industries, Inc.</u>, 321 F.3d 1289 (11th Cir. 2003)). Contrary to Defendant's assertion, however, all three cases are distinguishable from the present lawsuit. In all three cases, the Eleventh Circuit held that the debtor intentionally failed to list his or her employment discrimination claim in their concurrent bankruptcy proceeding. See <u>Burnes</u>, 291 F.3d at 1288 (in spite of Court's order for debtor to update his financial schedules after he converted the bankruptcy to Chapter 7, debtor still failed to list the civil suit; under these circumstances, the Court inferred that the debtor intentionally failed to disclose lawsuit). As more fully discussed below, Plaintiff's omission

3

was the result of simple *error and inadvertence*, not purposeful contradiction. Thus, issues of material fact remain with regard to Plaintiff's intent.

For purposes of judicial estoppel, "intent is a purposeful contradiction – not simple error or inadvertence." See Barger, 348 F.3d at 1294. Intentional manipulation can be inferred from the record where the debtor "has knowledge of the undisclosed claims and has motive for concealment." Id.

In the present case, Defendant alleges that Plaintiff's conduct rises to "intentional manipulation" and that Plaintiff is guilty of criminal fraud. See Memorandum of Law in Support of Motion for Summary Judgment on the Basis of Judicial Estoppel by World Wrestling Entertainment, Inc., p. 10. Defendant's far-reaching and speculative allegations are completely false and could not be further from the truth. In the present case, the facts of which are under dispute, Plaintiff's omissions were the result of simple error and inadvertence on the part of Plaintiff's bankruptcy attorney.

In late January to early February of 2002, a couple of months before filing this lawsuit, Plaintiff hired David L.

4

Miller, Esq. to assist him with his Chapter 13 bankruptcy filing. Approximately nine months after bringing suit, Plaintiff requested Mr. Miller to convert his Chapter 13 filing to a Chapter 7 bankruptcy filing. Unfortunately, and unbeknownst to Plaintiff, Mr. Miller merely took Plaintiff's personal information from the Chapter 13 bankruptcy filing and transferred said information onto the Chapter 7 bankruptcy forms. This simple oversight was a clerical error that certainly does not rise to the level of a calculated inconsistency meant to make a "mockery of the judicial system." See Affidavit by Larry Whistler a/k/a Larry Zbyszcko a/k/a The Living Legend. Moreoever, Mr. Miller was informed by Plaintiff of the present litigation, and therefore it was reasonable for Plaintiff to rely on his bankruptcy attorney to prepare his Chapter 7 bankruptcy documents.

Furthermore, Plaintiff never had knowledge of any improperly undisclosed claims. Contrary to Defendant's allegations, Plaintiff had no knowledge that his attorneys clerical error was in fact a clerical error or based on a legal conclusion that disclosure was not necessary. See Affidavit by Larry Whistler a/k/a Larry Zbyszcko a/k/a The Living Legend. Here, as disputed by Defendant, Plaintiff, as

one uneducated in bankruptcy laws and proper disclosure requirements, reasonably relied on his attorney's perceived professional decision not to disclose the present litigation. In other words, he reasonably assumed that because he had taken the proper steps to disclose the litigation to his attorney, his attorney had concluded that disclosure was not legally necessary. Therefore, Plaintiff's conduct was the result of simple error and inadvertence, not purposeful contradiction for the purpose of making a mockery of the judicial system. See In re Burue, 293 BR 806 (M.D. Fla. 2003) (Bank) ("it is well established that doctrine is an extraordinary remedy to be applied only when there is evidence of an intentional and deliberate manipulation" citing New Hampshire v. Maine, 532 US 742 (2001)). Defendant would have this Court believe otherwise, and thus, a factual dispute exists as to whether Plaintiff's inconsistencies were calculated or inadvertent, and thus, summary judgement under the current disputed facts would not be appropriate.

## II. THE INCONSISTENCIES HAVE NOT BEEN CALCULATED TO MAKE A MOCKERY OF THE JUDICIAL SYSTEM

As previously discussed, in determining whether to apply the doctrine of judicial estoppel, the "inconsistencies must

be shown to have been calculated to make a mockery of the judicial system." Barger, 348 F.3d at 1293-94.

In the present case, it would be a mockery of the judicial system if the motion for summary judgment were granted. If Plaintiff were estopped from bringing claims for monetary relief, the Court would be punishing Plaintiff for a simple inadvertent mistake made in an unrelated court proceeding, and rewarding Defendant for its blatant and willful acts of trademark infringement.

Justice would not be served by granting Defendant's motion; the only party to benefit would be the tortfeasor. Recently, the Supreme Court observed that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." New Hampshire v. Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968 (2001) ("Judicial estoppel is an equitable doctrine invoked at a court's discretion.") Nevertheless, the Supreme Court stated that a factor to consider in determining whether to apply the doctrine in a particular case is whether the party advancing the

7

inconsistent position would derive an unfair advantage on the opposing party. Id.

In this case, none of the parties were prejudiced by Plaintiff's mistake. As soon as Plaintiff became aware of the undisclosed claims, he filed a motion to reopen the bankruptcy proceeding to correct his disclosures and include the present lawsuit. If the bankruptcy court finds that Plaintiff's omissions were calculated, it has the power to modify its earlier findings. Moreover, the bankruptcy trustee still has ample time to take an interest in this litigation or to refile as the party in interest, if he so chooses, to the benefit of creditors. It would be completely inequitable to apply the discretionary doctrine of judicial estoppel to Plaintiff and the bankruptcy trustee, because Mr. Miller's omission occurred without knowledge or fault of Plaintiff and the bankruptcy trustee. See In re Haskett, 297 BR 637 (N.D. Ala. 2003) (Bank) (citing Burnes, the Court noted that "Burnes' 'motive to conceal' is none other than 'interest of creditors' harmed by a dash of bad faith. The true hook is wither a debtor's failure to disclose had any effect on the outcome of the case."). Furthermore, Defendant would avoid paying the consequences of its wrongful acts by pointing out a simple

error in a court proceeding that is entirely unrelated to its acts of willful trademark infringement.

### III. CONCLUSION

For all the foregoing reasons, the Motion For Summary Judgment On The Basis Of Judicial Estoppel By World Wrestling Entertainment, Inc. should be denied.

Respectfully submitted this 1st day of March, 2004.

_____
Joel D. Myers
Georgia Bar No. 533147
Myers & Kaplan, L.L.C.
1899 Powers Ferry Road
Suite 310
Atlanta, Georgia 30339
Phone: 770-541-7444
Fax: 770-541-7448
Email: jmyers@mkiplaw.com

### CERTIFICATION

Pursuant to Local Rule 7.1D, counsel for Plaintiff hereby certifies that this Response has been prepared with Courier New Font (12 point).

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER ) | |
| a/k/a LARRY ZBYSZKO ) | |
| a/k/a THE LIVING LEGEND, ) | |
| an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| ) | No. 1-02-CV-1008 |
| v. ) | |
| ) | |
| WORLD WRESTLING FEDERATION ) | |
| ENTERTAINMENT, INC., a Delaware ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF LARRY WHISTLER

State of Georgia    )
                    )  ss:
County of Cobb      )

I, LARRY WHISTLER, declare under penalty of perjury of the laws of the United States of Americas the following to be true and correct to the best of my knowledge:

1. I am over the age of eighteen years old and if called as witness to testify in this matter, I could and would competently testify to the within matters as being of my own personal knowledge. I am personally familiar with the facts and circumstances stated herein.

2. In late January to early February of 2002, a couple months before filing the present lawsuit, I hired the law offices of David L. Miller, Esq. to assist me with a Chapter 13 bankruptcy. At that time, I provided the requested information. As the present lawsuit had not been filed, it was not at issue.

3. After the filing of the lawsuit, I had at least two conversations with Mr. Miller, wherein I disclosed the present litigation.

4. Subsequently, the Chapter 13 plan did not work out and the Chapter 13 bankruptcy was dismissed. Soon thereafter, I phoned Mr. Miller and, based on his advice, I filed a Chapter 7 bankruptcy.

5. He did not re-inquire as to my information and I assumed that if he needed any additional information, he would ask for it.

6. Additionally, as we had had several conversations regarding the present litigation, I assumed that if it was legally required to disclose, he would have disclosed it.

7. On or about January 2, 2003, I received a phone call that the paperwork was ready for our signature. As Mr. Miller was familiar with my situation, including the litigation, and due to the fact that we had just recently gone through the bankruptcy process, I did not review the

disclosures.

8. Consequently, I was unaware that the present litigation was not disclosed to the Bankruptcy court.

9. As soon as Mr. Myers informed me of the oversight, I immediately phoned the law offices of Roderick Martin and Associates, and instructed them to begin the process to reopen the bankruptcy so that the present litigation can be disclosed. Mr. Martin informed me that this type of oversight is common and can be easily corrected by reopening the bankruptcy and giving the Trustee an opportunity to evaluate the information.

10. My lack of knowledge of this oversight was certainly unintentional and was not intended to make a mockery of the legal system.

I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Dated: March 1, 2004

_____
LARRY WHISTLER

Subscribed and sworn to before me
This 1st day of March, 2004.

_____
Notary Public
My Commission Expires:

Notary Public, Cobb County, Georgia
My Commission Expires Feb. 14, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Delaware<br>Corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action<br>)    No. 1 02-CV-1008<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CERTIFICATE OF SERVICE

A copy of the **PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF JUDICIAL ESTOPPEL BY WORLD WRESTLING ENTERTAINMENT, INC.** was served by U.S. First Class Mail upon the following:

> John L. Taylor, Jr.
> Chorey, Taylor & Feil
> The Lenox Building
> Suite 1700
> 3399 Peachtree Road, NE
> Atlanta, GA 30326
> Tel. (404) 841-3200
> Fax  (404) 841-3221

10

This 1st day of March, 2004.

                                                                      _____
Joel D. Myers
Georgia Bar No. 533,147
Myers & Kaplan,
Intellectual Property Law, L.L.C.
1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339
Tel. (770) 541-7444
Fax (770) 541-7448



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LARRY WHISTLER ) | |
| a/k/a LARRY ZBYSZKO ) | |
| a/k/a THE LIVING LEGEND, ) | |
| an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| ) | No. 1-02-CV-1008 |
| v. ) | |
| ) | |
| WORLD WRESTLING FEDERATION ) | |
| ENTERTAINMENT, INC., a Connecticut ) | |
| Corporation, ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF FILING ORIGINAL AFFIDAVIT OF LARRY WHISTLER**

PLEASE TAKE NOTICE that Plaintiff, Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend, hereby files an original Affidavit of Larry Whistler.

Respectfully submitted this 1st day of March, 2004.

By: _____
Joel D. Myers
Georgia Bar No. 533147
Counselor for Plaintiff

Myers & Kaplan, LLC,
1899 Powers Ferry Road
Suite 310
Atlanta, Georgia 30339
Phone: 770-541-7444
Fax: 770-541-7448
Email: jmyers@mkiplaw.com

**ORIGINAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>      Plaintiff,<br><br>v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Connecticut<br>Corporation,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action<br>)   No. 1-02-CV-1008<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CERTIFICATE OF SERVICE

A copy of the AFFIDAVIT OF LARRY WHISTLER, was served by U.S. First Class Mail upon the following:

> John L. Taylor, Jr.
> Chorey, Taylor & Feil
> The Lenox Building
> Suite 1700
> 3399 Peachtree Road, NE
> Atlanta, GA 30326
> Tel. (404) 841-3200
> Fax  (404) 841-3221

This 1st day of March, 2004.

_____
Joel D. Myers
Georgia Bar No. 533,147
Myers & Kaplan,
Intellectual Property Law, L.L.C.
1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339
Tel. (770) 541-7444
Fax  (770) 541-7448

2