ORIGINAL



FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 15 2004

LUTHER D. THOMAS, Clerk
By: J. Pineda Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, INC., a Delaware<br>corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1 02-CV-1008-CC

## DEFENDANT WWE'S RESPONSE IN OPPOSITION
## TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE
## DUE TO LACK OF STANDING

World Wrestling Entertainment, Inc. ("WWE") files this Response in opposition to Plaintiff Larry Whistler's ("Whistler") motion to dismiss without prejudice due to lack of standing.

## INTRODUCTION

Plaintiff Whistler's motion to dismiss is nothing more than procedural gamesmanship to attempt to avoid the dismissal of his claims on the merits pursuant to WWE's pending motions for summary judgment. Whistler has been vigorously prosecuting this case for almost two years. During that time, in order to

113482_1.DOC

defend itself, WWE has been forced to engage in extensive pre-trial litigation efforts, including the prosecution and defense of various motions, the propounding and responding to substantial discovery requests, the deposition of nine witnesses in five states, the retention of an expert witness and the filing of his report, and the completion of all discovery within the deadlines. As a result of these efforts, WWE was able to file in February its motions for summary judgment which demonstrate that Whistler's claims are barred as a matter of law, both on the merits of the trademark-related issues and on the independent ground of judicial estoppel.

The judicial estoppel motion was occasioned by Whistler's surprising disclosure in his deposition in January 2004 to the effect that, at the same time that he has been asserting an alleged claim in this case against WWE seeking millions of dollars, he sought and obtained a no-asset discharge in a Chapter 7 bankruptcy filed in this District. Following this disclosure, a review of the certified records of the Bankruptcy Court revealed that, during the time he was litigating this case, he filed two successive bankruptcy cases in this District, in which he repeatedly submitted sworn statements and schedules representing that he was not involved in any pending litigation and had no intellectual property or other claims of the type that he is asserting in this litigation. In other words, he concealed the existence of this lawsuit from the Bankruptcy Court in order to obtain the benefits of a no-asset

discharge of his debts, while at the same time avoiding his responsibility to turn over this litigation and these claims (assertedly worth millions of dollars) to the Bankruptcy Trustee.

Now, after having forced WWE into almost two years of litigation, and when it has become apparent that his claims are barred as a matter of law based on the pending motions for summary judgment, Plaintiff Whistler moves to dismiss his case on the grounds that he has never been the real party in interest with the right to prosecute the litigation. Instead, he asserts that a yet-to-be-appointed Bankruptcy Trustee in his yet-to-be-reopened bankruptcy case is actually the real party in interest.

Fortunately, this outrageous abuse of the legal system by Plaintiff Whistler is barred by the terms of the Federal Rules of Civil Procedure, and also by the Eleventh Circuit's holdings in the controlling case of *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003). Briefly stated, both F.R.C.P. 17(a) (real party in interest) and F.R.C.P. 25(c) (substitution of parties upon transfer of interest) both specifically provide that the case should **not** be dismissed on the ground that it is not prosecuted in the name of the real party in interest, but instead the real party in interest should be given an opportunity to join or be substituted in the litigation. Moreover, the Eleventh Circuit's opinion in the *Barger* case, which was decided on

3

virtually identical facts, shows that the case should proceed to an adjudication, even where the plaintiff succeeds in reopening her bankruptcy case and obtains the re-appointment of a Bankruptcy Trustee.  Based on these controlling authorities, Plaintiff Whistler's motion should be denied.

I.    **WHISTLER REMAINS THE REAL PARTY IN INTEREST AS NO TRUSTEE HAS BEEN APPOINTED AND THE BANKRUPTCY CASE HAS NOT YET BEEN REOPENED.**

In support of his assertion that he is no longer the real party in interest, Plaintiff Whistler asserts that he is proceeding with a motion in the Bankruptcy Court to reopen his no-asset Chapter 7 bankruptcy case in order to remedy his failure to disclose the existence of this lawsuit and the existence of his alleged trademark-related assets during the time when the bankruptcy case was actually pending.  Whistler offers no proof, and does not even allege, that the bankruptcy case has in fact been reopened.  Moreover, he makes no assertion that any Trustee has been appointed.

WWE submitted certified copies of Whistler's Chapter 13 bankruptcy case and Chapter 7 bankruptcy case in support of WWE's motion for summary judgment on the basis of judicial estoppel.  The certified file of the Chapter 7 bankruptcy case reveals that Whistler filed the case on January 3, 2003, that he submitted sworn statements and schedules on January 28, 2003 which failed to

4

disclose the existence of this lawsuit or the claims asserted therein, and that he sought and obtained the benefit of a no-asset discharge on April 12, 2003, at which time the Bankruptcy Court entered its Order stating that the bankruptcy estate is closed and "the Trustee is discharged from and relieved of said trust." (The certified records of Whistler's prior Chapter 13 case reveal that the Chapter 13 case was open between February 4, 2002, and November 15, 2002, when the case was dismissed).

During the time in 2002 and 2003 when his successive bankruptcy cases were pending, Plaintiff Whistler was not in fact the real party in interest with the authority to prosecute this case. Nonetheless, because of his false sworn statements in the bankruptcy cases, the Trustees in each case were unaware of the existence of the litigation in which they were actually the real parties in interest. Despite his lack of standing to prosecute the action during these time periods, Whistler nonetheless vigorously prosecuted his case in this Court, apparently in the belief that his concealments in the bankruptcy cases would not be discovered. By the time these concealments came to light, there were no more open bankruptcy cases and no serving Trustees, because Whistler had used the benefit of his concealments to obtain a no-asset discharge and dismissal of the Trustee back in April 2003.

Since the closing of his bankruptcy case and the dismissal of the Trustee, Whistler has been the only person with standing to litigate the claims in this lawsuit. Unless and until the bankruptcy case is actually reopened and a Trustee is actually appointed, Whistler is and will remain the only real party in interest with standing to pursue this case.

Whistler should have waited until the bankruptcy case was in fact re-opened and a Trustee was in fact appointed before bringing any such motion. The only reason for bringing this premature motion now is the apparent realization that he is about to suffer an adverse adjudication in his case based on the pending motions for summary judgment brought by WWE, and to attempt to avoid that ruling by procedural gamesmanship.

II.     **EVEN IF A TRUSTEE HAD BEEN APPOINTED AND THE BANKRUPTCY CASE HAD BEEN REOPENED, THE CASE SHOULD NOT BE DISMISSED UNDER THE CONTROLLING ELEVENTH CIRCUIT PRECEDENT.**

Less than five months ago, the Eleventh Circuit issued a ruling that is directly on point and controlling with respect to the issue of standing raised by Whistler's motion to dismiss. In *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003), the Court dealt with a situation where the Plaintiff (Ms. Barger) was engaged in prosecuting a federal employment discrimination case in District Court at the same time that she also sought and obtained a no-asset discharge in a

Chapter 7 bankruptcy case. Like Whistler in this case, Ms. Barger failed to disclose the existence of the District Court litigation in her sworn statements and schedules submitted to the Bankruptcy Court. When this fact came to light in the District Court proceeding, the defendant City filed its motion for summary judgment on the grounds of judicial estoppel, just as WWE did here. In response to the filing of that motion, Ms. Barger proceeded to obtain an Order from the Bankruptcy Court that re-opened her bankruptcy case (so that she could amend her schedules to disclose the claims in the District Court) and appointed a new Bankruptcy Trustee. 348 F.3d at 1291-92. Even though the Bankruptcy Court ruled that the bankruptcy case would be reopened, the District Court (Judge Harold Murphy) nonetheless proceeded to grant the defendant's motion for summary judgment on the grounds of judicial estoppel.

Even though the bankruptcy case had been re-opened and a Trustee re-appointed, these facts did not cause either District Judge Murphy or the Eleventh Circuit to refrain from addressing the merits of the case. In fact, some 16 months after the bankruptcy case had been re-opened, the Eleventh Circuit proceeded to affirm District Judge Murphy's grant of summary judgment on grounds of judicial estoppel. In so ruling, the Eleventh Circuit in *Barger* expressly addressed the

standing issue raised by the re-appointment of the Bankruptcy Trustee.  348 F.3d at 1292-93.

In its discussion of the standing issue, the Eleventh Circuit noted that neither F.R.C.P. 17(a) (dealing with real parties in interest) nor F.R.C.P. 25(c) (dealing with the substitution of parties upon transfer of interest) called for the dismissal of the case merely because a Bankruptcy Trustee had been appointed.  The Eleventh Circuit quoted the portion of Rule 17(a) which states that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."  348 F.3d at 1292.  Similarly, the Eleventh Circuit in *Barger* quoted the portion of Rule 25(c) which states that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."  348 F.3d at 1292-93.

Under the plain language of both of these Rules, the Eleventh Circuit held that dismissal because of the appointment of a Bankruptcy Trustee was not

appropriate. Instead, the *Barger* Court held: "Since the district court never directed the Trustee to substitute for Barger or join her in this suit, the Trustee simply takes Barger's place from here on." Having made this ruling, the Eleventh Circuit proceeded in its Opinion to affirm the grant of summary judgment to the defendant on grounds of judicial estoppel.

Based on this controlling opinion, it is clear that the mere appointment in the future of a Trustee (in the event that in the future Whistler's bankruptcy case is re-opened) would not in itself be sufficient to justify a dismissal of the case for lack of standing by Whistler. Instead, under the express language of both Rules 17(a) and 25(c), the case should proceed with the Bankruptcy Trustee being given a reasonable opportunity to decide whether to be substituted or joined in the action. If the Bankruptcy Trustee were to decide that it was not worthwhile to continue the pursuit of the action, then the claim could be dismissed at that time with prejudice as a result of the failure of the Trustee to go forward with the claim. On the other hand, if the Trustee were to decide to join or be substituted into the case, the case would proceed subject to WWE's pending motions for summary judgment. Indeed, Barger dictates that this Court should proceed to address the merits of and grant WWE's motions for summary judgment.

All of the recent decisions in the Eleventh Circuit and in this District dealing with this issue consistently hold that a plaintiff's belated attempt to re-open a bankruptcy case does nothing to prevent the District Court from proceeding to grant summary judgment on the basis of judicial estoppel. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002); *De Leon v. Comcar Industries, Inc.*, 321 F.3d 1289 (11th Cir. 2003); *Traylor v. Gene Evans Ford, LLC*, 185 F.Supp.2d 1338 (N.D. Ga. 2002). Accordingly, even if Whistler were to re-open his bankruptcy case and a new Trustee were to be appointed, this Court should nonetheless proceed to grant the motions for summary judgment submitted by WWE and deny Whistler's motion to dismiss.

## III. HAVING PROSECUTED THIS LITIGATION FOR ALMOST TWO YEARS IN BAD FAITH, WHISTLER SHOULD NOT NOW BE ALLOWED TO DISMISS AND THEREBY CAUSE EXTREME PREJUDICE TO WWE'S LEGAL POSITION.

In the alternative, Whistler seeks a Court Order dismissing this case without prejudice pursuant to F.R.C.P. 41(a)(2). This Rule provides in pertinent part that "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." With respect to this Rule, the Eleventh Circuit in *Fisher v. Puerto Rico Marine Mgt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991), stated that "when exercising its discretion in considering a dismissal without prejudice, the court should keep in

mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants."

It is outrageous and unjust for Whistler to seek to dismiss this case without prejudice after having put WWE to the enormous expense and trouble of litigating the case for almost two years through the close of all discovery and the filing of comprehensive motions for summary judgment which demonstrate beyond any doubt that Whistler's claims are frivolous and have been prosecuted in bad faith. Whistler's assertion that WWE would suffer no prejudice as a result of such a dismissal is not correct, to say the least. Among other things, such a dismissal at this advanced stage of the litigation would cause severe legal prejudice to WWE's position in several respects. First, Whistler failed to come forward with any expert reports within the deadlines set by the Court and the applicable rules, despite the fact that Whistler had almost two years within which to come forward with such expert reports. As a result, Whistler finds himself in danger of losing this case on the merits, either as the result of WWE's pending motion for summary judgment on the trademark-related issues or at trial, because he is now barred by the rules from attempting to produce an expert in an effort to try to counter the uncontradicted expert report produced by WWE in accordance with the rules.

The fact that Whistler filed this motion to dismiss only after all discovery had been completed and immediately after WWE had filed its two motions for summary judgment demonstrates that Whistler realizes that he is on the verge of losing the case on the merits and has no further time within the rules within which he could attempt to shore up his case by seeking to add expert witnesses or otherwise. Under these circumstances, it is clear that Whistler's belated motion to dismiss is designed to extricate Whistler from his procedural predicament and allow him to re-set all of the discovery deadlines and witness deadlines that have already lapsed in this case. Such a dismissal under these circumstances would cause severe "plain legal prejudice" to WWE such that the motion to dismiss should be disallowed. *See, Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502 (11th Cir. 1991) (plain legal prejudice standard) (*See also St. Clair v. Gen. Motors Corp.*, 10 F.Supp. 2d 523, 530-31 (M.D.N.C. 1998) (dismissal without prejudice not granted after extensive discovery, the defendant's expert disclosures, and the defendant's meritorious summary judgment motion).

Moreover, Whistler in his motion to dismiss makes no representation that he intends to reimburse WWE for the enormous costs and expenses that have been incurred as a result of Whistler's prosecution of this case. The express language of Rule 41(a)(2) provides that such a dismissal should only be made "upon such terms

and conditions as the court deems proper."    According to a leading treatise,
"[c]osts should ordinarily be awarded as a condition to a dismissal without
prejudice . . . ."    Moore's Federal Practice 3d §41.40[10][d][i].    The Eleventh
Circuit follows this rule and such costs include all litigation-related expenses
incurred by the defendant, including reasonable attorneys' fees. *McCants v. Ford
Motor Co.*, 781 F.2d 855, 859-860 (11th Cir. 1986); *Bishop v. West American Ins.
Co.*, 95 F.R.D. 494, 495 (N.D. Ga. 1982).    Even if this vexatious case could be
dismissed at this late stage without legal prejudice to WWE (which is not the case,
as discussed above), any such dismissal should be conditioned upon the full
payment by Whistler of all costs and fees incurred by WWE, and no dismissal
without prejudice should be entered unless and until full payment has been made.

## CONCLUSION

Whistler's motion to dismiss on grounds of lack of standing is barred by the
plain language of F.R.C.P. 17(a) and 25(c), as interpreted on identical facts by the
Eleventh Circuit's holding in *Barger*.    Whistler is not entitled to a dismissal
without prejudice under F.R.C.P. 41(a)(2) because such a dismissal would cause
legal prejudice to WWE.    Finally, even if such a dismissal were otherwise
available, any dismissal without prejudice should be denied unless and until
Whistler reimburses WWE for all of its costs and fees incurred in defending

against this vexatious litigation for the past two years. For these reasons, the motion to dismiss should be denied.

Respectfully submitted,

Attorneys for Defendant
World Wrestling Entertainment, Inc.

John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)

## **CERTIFICATION**

Counsel for Defendant hereby certifies that the foregoing ***Response in Opposition to Plaintiff's Motion to Dismiss Without Prejudice Due to Lack of Standing*** has been prepared in compliance with Local Rule 7.1(D) and using Times New Roman font in14 point type.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY WHISTLER                          )
a/k/a LARRY ZBYSZKO                     )
a/k/a THE LIVING LEGEND,                )
an individual,                          )
                                        )   Civil Action No. 1 02-CV-1008
            Plaintiff,                  )
                                        )
    vs.                                 )
                                        )
WORLD WRESTLING                         )
ENTERTAINMENT, INC., a Delaware         )
corporation,                            )
                                        )
            Defendants.                 )

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2004, I served opposing

counsel with the foregoing *Response in Opposition to Plaintiff's Motion to

Dismiss Without Prejudice Due to Lack of Standing* by overnight mail to the

following address:

            Joel D. Myers, Esquire
            Myers & Kaplan Intellectual Property Law LLC
            1899 Powers Ferry Road
            Suite 310
            Atlanta, GA  30339

Attorneys for Defendant
World Wrestling Entertainment, Inc.

John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
Kirkpatrick & Lockhart
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)