**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 1 5 2004

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY WHISTLER                      )
a/k/a LARRY ZBYSZKO                 )
a/k/a THE LIVING LEGEND,            )
an individual,                      )
                                    )   Civil Action No. 1 02-CV-1008-CC
            Plaintiff,              )
                                    )
    vs.                             )
                                    )
WORLD WRESTLING                     )
ENTERTAINMENT, INC., a Delaware     )
corporation,                        )
                                    )
            Defendant.              )

## DEFENDANT WWE'S REPLY BRIEF IN SUPPORT OF WWE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF JUDICIAL ESTOPPEL

World Wrestling Entertainment, Inc. ("WWE") files this Reply Brief in support of WWE's Motion for Summary Judgment on the basis of Judicial Estoppel.

## INTRODUCTION

In opposition to WWE's Motion for Summary Judgment on the Basis of Judicial Estoppel, Defendant Whistler has submitted a "Plaintiff's Response and Memorandum of Law" (hereinafter the "Plaintiff's Response"), as well as the Affidavit of the Defendant Larry Whistler (hereinafter "Whistler Affidavit"). In

59

his Response and Affidavit, Plaintiff Whistler does not dispute the core facts upon which WWE's summary judgment motion is based.  Plaintiff Whistler does not dispute that: (1) he repeatedly signed and submitted to the Bankruptcy Court written statements under oath which denied the existence of this litigation and of the trademark assets he claims in this case; (2) at the time he was submitting these sworn statements to the Bankruptcy Court, he had full knowledge of the claims and the lawsuit he was prosecuting simultaneously in this Court; and (3) at the same time he failed to disclose the existence of these claims and this lawsuit to the Bankruptcy Court, Plaintiff Whistler sought and obtained the benefit of a no-asset discharge of his debts from the Bankruptcy Court.  Plaintiff Whistler does not dispute any of these core facts, which are in any event indisputable based upon the certified records of the bankruptcy proceedings that have been submitted in evidence.

In opposing summary judgment on the ground of judicial estoppel, Plaintiff Whistler relies only upon two basic assertions in his Response and Affidavit.  First, he asserts that his concealments in his written bankruptcy submissions were "the result of simple error and inadvertence on the part of Plaintiff's bankruptcy attorney," based upon Whistler's assertion that he disclosed this lawsuit to his bankruptcy counsel and did not carefully review the bankruptcy submissions which

Whistler signed under oath.  Response at 4; Whistler Affidavit ¶¶3, 7.  Second, Whistler asserts that he is in the process of filing a motion to reopen the bankruptcy case and that therefore no prejudice has resulted.  Response at 8.  On the strength of these two basic assertions, Plaintiff Whistler argues that there are fact issues which preclude the grant of summary judgment on the basis of judicial estoppel.

The question of whether these assertions are sufficient to prevent the entry of summary judgment has already been addressed and answered definitively in the controlling Eleventh Circuit case of *Barger vs. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003).  In *Barger*, the Eleventh Circuit ruled just a few months ago that neither inadvertence of bankruptcy counsel nor the reopening of the underlying bankruptcy case were sufficient to prevent the entry of summary judgment on the basis of judicial estoppel.  Indeed, as discussed below, the facts in *Barger* were much more favorable to the plaintiff than the assertions made here by Plaintiff Whistler, yet the Eleventh Circuit still ruled that the plaintiff's claims were barred on summary judgment as a matter of law.  Because Plaintiff Whistler's assertions are even weaker than the facts asserted in *Barger*, *Barger* controls the outcome of this case, and summary judgment should be entered in favor of Plaintiff WWE.

I.   **THE   ELEVENTH   CIRCUIT   BARGER   DECISION   IS CONTROLLING.**

The facts in the controlling case of *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003), are virtually identical to the facts in this case.  In *Barger*, the plaintiff (Ms. Barger) filed a federal employment discrimination suit in the Northern District of Georgia (before Judge Harold L. Murphy).  Ms. Barger filed her federal suit seeking reinstatement to her position on July 18, 2001.   On November 5, 2001, she amended the suit to add a claim for damages.  348 F.3d at 1291.  Simultaneously with her District Court suit before Judge Murphy, Ms. Barger filed a Chapter 7 bankruptcy petition on September 4, 2001 in the Bankruptcy Court for the Northern District of Georgia.  In the sworn statements and schedules that she filed with the Bankruptcy Court, Ms. Barger failed to disclose the existence of her lawsuit and claims being prosecuted in District Court before Judge Murphy.  The Bankruptcy Court proceeded to grant Ms. Barger a no-asset discharge of her debts on January 12, 2002.  348 F.3d at 1291.  Later, after she had revealed the existence of the bankruptcy case to the defendant in the District Court case, the defendant City moved for summary judgment on the basis of judicial estoppel.  Ms. Barger responded by immediately moving to reopen her bankruptcy court case to amend her disclosures and by submitting to Judge Murphy uncontradicted affidavits proving that the omission was the result of an

4

oversight by her bankruptcy attorney. 348 F.3d at 1291-92, 1295. In fact, Ms. Barger not only moved to reopen her bankruptcy case, but she actually litigated the question of inadvertence before the Bankruptcy Court and received a published opinion in her favor on all issues relating to the bankruptcy case. These rulings favorable to Ms. Barger are found in the Bankruptcy Court's opinion rendered on June 19, 2002 and published as *In re: Barger*, 279 B.R. 900 (Bankr. N. D. Ga. 2002).

Based upon uncontested affidavits of Ms. Barger, her litigation counsel, and the Bankruptcy Trustee, the Bankruptcy Court found and ruled:

(1)     That both she and her litigation counsel had disclosed the existence of the District Court litigation to her bankruptcy counsel;

(2)     That she had relied on her bankruptcy counsel to make the proper disclosures in her written bankruptcy filings;

(3)     That both she and her litigation attorney informed the Bankruptcy Trustee of the existence of the District Court litigation;

(4)     That at the first meeting of creditors in the bankruptcy case she testified voluntarily and truthfully under oath to the Bankruptcy Trustee about the existence of the District Court litigation; and

5

      (5)    That her bankruptcy counsel admitted that the failure to list the litigation in the bankruptcy schedules was the result of counsel's oversight.

279 B.R. at 902-06.

After making these findings, the Bankruptcy Court further ruled that the omissions in Ms. Barger's written filings were inadvertent, were due solely to bankruptcy counsel's oversight, and had caused no substantive effect in the bankruptcy proceedings. The Bankruptcy Court also ruled and held that reopening the case to allow the amendment of the schedules and the reappointment of the Trustee would cause no undue prejudice. The Bankruptcy Court even entered an advisory ruling to the effect that the judicial estoppel defense should not be applied. 279 B.R. at 906-09. The Bankruptcy Court entered its Order making these findings and reopening the bankruptcy case on June 19, 2002.

Despite these findings and rulings by the Bankruptcy Court, District Judge Murphy nonetheless granted summary judgment against Ms. Barger on the basis of judicial estoppel and denied her motion for reconsideration of his ruling. 248 F.3d at 1292. Moreover, even though the bankruptcy case had been reopened and the Bankruptcy Trustee had been reappointed, the Eleventh Circuit sixteen months

6

later issued its Opinion rejecting Ms. Barger's claims and ruling that the grant of summary judgment on grounds of judicial estoppel was proper.

In its Opinion, the Eleventh Circuit acknowledged that "it is undisputed that Barger's attorney failed to list Barger's discrimination suit on the schedule of assets despite the fact that Barger specifically told him about the suit . . . ."  348 F.3d at 1295.  Nonetheless, the Eleventh Circuit ruled that this undisputed fact could not be used to avoid the application of judicial estoppel as a matter of law.  The Eleventh Circuit stated:

> Even if Barger's failure to disclose could be blamed on her attorney, the nondisclosure could not in any event be considered inadvertent.  The failure to comply with the Bankruptcy Code's disclosure duty is "inadvertent" only when a party either lacks knowledge of the undisclosed claim or has no motive for their concealment.  See *In re: Coastal Plains*, 179 F.3d 197, 210 (5th Cir. 1999).

348 F.3d at 1295.

The Eleventh Circuit went on to hold that Ms. Barger's failure to disclose was not "inadvertent" for summary judgment purposes because Ms. Barger's knowledge of the undisclosed claim and her motive for concealing it would be

inferred as a matter of law from the records of the bankruptcy proceeding. The Eleventh Circuit held that summary judgment was proper on the judicial estoppel defense, even though it was uncontradicted that Ms. Barger had disclosed the claim to her bankruptcy attorney and the omission was the result of the attorney's oversight.    In making this ruling, the Eleventh Circuit in *Barger* noted with approval the decision in *In re: Coastal Plains*, 179 F.3d 197 (5th Cir. 1999), in which the Fifth Circuit, on similar facts, held that it would be an abuse of discretion for the lower courts to fail to apply judicial estoppel to bar the claim as a matter of law. 348 F.3d at 1295.

Plaintiff Whistler's argument against summary judgment on grounds of "inadvertence" is considerably weaker than the arguments of Ms. Barger that were rejected by the Eleventh Circuit.   Unlike Ms. Barger, Plaintiff Whistler does not contend that he disclosed the omitted claims to the Bankruptcy Trustee.  Plaintiff Whistler submits no affidavits from his attorneys admitting that the lack of disclosure was due to their own oversight, nor any affidavit from the Trustee admitting that Whistler voluntarily disclosed the claims during the bankruptcy case.  Instead, Plaintiff Whistler submits only his own affidavit in which he asserts that he disclosed the litigation to his bankruptcy counsel and that he then failed to read the sworn statements and schedules that he signed.   As a result, Plaintiff

Whistler obtained a no-asset discharge from the Bankruptcy Court, at the same time that he was contending in this Court that he has intellectual property that is worth millions of dollars. The notion that his nondisclosure of these claims in his repeated sworn submissions to the Bankruptcy Court was in any sense inadvertent is far fetched. However, even if this notion were true, uncontradicted, and supported by sworn affidavits of the lawyers and the Trustee, Plaintiff Whistler's claim is still barred as a matter of law on summary judgment under the holding in *Barger* and the other Eleventh Circuit cases cited in WWE's opening brief. Indeed, as the *Barger* case mentioned in discussing the *Coastal Plains* decision, it would be an abuse of discretion not to apply judicial estoppel as a matter of law. 348 F.3d at 1295.

## II.   UNDER THE ELEVENTH CIRCUIT'S BARGER DECISION, THE REOPENING OF THE BANKRUPTCY CASE DOES NOTHING TO PREVENT THE ENTRY OF SUMMARY JUDGMENT.

With respect to Plaintiff Whistler's assertion that his intention to seek the immediate reopening of his bankruptcy case should somehow prevent summary judgment, the Eleventh Circuit *Barger* decision is also dispositive. In *Barger*, some sixteen months before the Eleventh Circuit's opinion, Ms. Barger had succeeded in obtaining the extremely favorable ruling from the Bankruptcy Court discussed above (279 B.R. 900), in which the bankruptcy case was reopened so

9

that she could amend her schedules, and the Bankruptcy Trustee was reappointed. However, these events deterred neither District Judge Murphy nor the Eleventh Circuit from holding that summary judgment on the basis of judicial estoppel should be granted against Ms. Barger's claims.

With respect to the effect of the reopening of the bankruptcy case, the Eleventh Circuit in *Barger* held as follows:

> Finally, Barger's attempt to reopen the bankruptcy estate to include her discrimination claim hardly casts her in the good light she would like. She only thought to reopen the bankruptcy estate after the defendants moved the district court to enter summary judgment against her on judicial estoppel grounds. "Allowing [a debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets." *Burnes* at 1288 (citation omitted). As such, Barger's disclosure upon re-opening the bankruptcy estate deserves no favor.

348 F.3d at 1297, citing *Burnes v. Pemco Acroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002).

In addition to the recent holding in *Barger*, the Eleventh Circuit has made similar rulings in two other recent cases to the effect that a plaintiff's attempt to re-open the underlying bankruptcy case does nothing to prevent the grant of summary judgment on grounds of judicial estoppel. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (2002); *De Leon v. Comcar Industries, Inc.*, 321 F.3d 1289 (11th Cir. 2003). Prior to these three controlling Eleventh Circuit decisions, Judge Marvin Shoob made the same rulings under similar facts in the case of *Traylor v. Gene Evans Ford, LLC*, 185 F.Supp.2d 1338 (N.D. Ga. 2002) (granting summary judgment on judicial estoppel grounds and holding that the plaintiff's modification of his bankruptcy case to disclose the omitted claims came too late as a matter of law to prevent the entry of summary judgment).

## CONCLUSION

The recent Eleventh Circuit decisions in *Barger*, *De Leon*, and *Burnes*, as well as the identical holdings by Judge Murphy in *Barger* and Judge Shoob in *Traylor*, as discussed above, all show that summary judgment should be granted in this case as a matter of law on the grounds of judicial estoppel. For these reasons,

## CERTIFICATION

Counsel for Defendant hereby certify that the foregoing ***Defendant WWE's Reply Brief In Support Of WWE's Motion For Summary Judgment On The Basis Of Judicial Estoppel*** has been prepared in compliance with Local Rule 7.1(D) and using Times New Roman font in 14 point type.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY WHISTLER                          )
a/k/a LARRY ZBYSZKO                     )
a/k/a THE LIVING LEGEND,                )
an individual,                          )
                                        )   Civil Action No. 1 02-CV-1008
        Plaintiff,                      )
                                        )
    vs.                                 )
                                        )
WORLD WRESTLING                         )
ENTERTAINMENT, INC., a Delaware         )
corporation,                            )
                                        )
        Defendants.                     )

## CERTIFICATE OF SERVICE

I hereby certify that on this $\underline{6}$ th day of March, 2004, I served opposing

counsel with the foregoing *Defendant WWE's Reply Brief In Support Of WWE's*

*Motion For Summary Judgment On The Basis Of Judicial Estoppel* by overnight

mail to the following address:

> Joel D. Myers, Esquire
> Myers & Kaplan Intellectual Property Law LLC
> 1899 Powers Ferry Road
> Suite 310
> Atlanta, GA  30339

Attorneys for Defendant
World Wrestling Entertainment, Inc.


John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
Kirkpatrick & Lockhart
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)