ORIGINAL
FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR -9 2004

_____, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>    Plaintiff,<br><br>v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Connecticut<br>Corporation,<br><br>    Defendant. | Civil Action<br>No. 1-02-CV-1008-CC |

## PLAINTIFF'S MOTION FOR A 30-DAY STAY OF PROCEEDINGS

Plaintiff Larry Whistler ("Plaintiff") hereby moves this Court for a 30-day Stay of proceedings pending the United States Bankruptcy Court's approval to permit Plaintiff's counsel to represent Plaintiff's Bankruptcy Trustee (the "Trustee").

Currently before this Court is Defendant World Wrestling Federation Entertainment, Inc.'s ("WWE") Motion for Summary Judgment and Plaintiff's Motion to Dismiss Without Prejudice for Lack of Standing. Pursuant to Eleventh Circuit case law, the Trustee is the lawful owner of the trademark at issue in

64

the present litigation, and is therefore the real party in interest. On March 23, 2004, Plaintiff's counsel received a telephone call from the Trustee, Ed Palmer, requesting that he be substituted as the real party in interest and that the litigation proceed in the Trustee's name. The Trustee indicated his intent to submit an application with the United State Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") to approve Plaintiff's counsel's representation of him against WWE. A hearing in the Bankruptcy Court on this issue is scheduled for April 15, 2004. Therefore, Plaintiff requests that the present litigation be stayed for 30 days, pending the Bankruptcy Court's approval to permit Plaintiff's counsel to represent the Trustee.

The present motion is supported by the accompanying "Memorandum of Law in Support of Plaintiff's Motion for a 30-Day Stay Of Proceedings."

If this Court grants the present Motion to Stay and the Trustee is substituted as the real party in interest, standing will be remedied and thus Plaintiff will withdraw its pending Motion to Dismiss for lack of standing.

Respectfully submitted this 9th day of April, 2004.

By: _____
Joel D. Myers
Georgia Bar No. 533147
Counselors for Plaintiff

Myers & Kaplan, LLC,
1899 Powers Ferry Road
Suite 310
Atlanta, Georgia 30339
Phone: 770-541-7444
Fax: 770-541-7448
Email: jmyers@mkiplaw.com

**CERTIFICATION**

Pursuant to Local Rule 7.1D, counsel for Plaintiff hereby certifies that this Memorandum has been prepared with Courier New Font (12 point).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Connecticut<br>Corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action<br>)   No. 1-02-CV-1008-CC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CERTIFICATE OF SERVICE

  A copy of the PLAINTIFF'S MOTION FOR A 30-DAY STAY OF PROCEEDINGS was served by U.S. First Class Mail upon the following:

> John L. Taylor, Jr.
> Chorey, Taylor & Feil
> The Lenox Building
> Suite 1700
> 3399 Peachtree Road, NE
> Atlanta, GA 30326
> Tel. (404) 841-3200
> Fax  (404) 841-3221

This 9th day of April, 2004.

_____
Joel D. Myers
Georgia Bar No. 533,147
Myers & Kaplan,
Intellectual Property Law, L.L.C.
1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339
Tel. (770) 541-7444
Fax  (770) 541-7448

**ORIGINAL**



CLERK'S OFFICE
D.C. Atlanta

APR -9 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY WHISTLER )
a/k/a LARRY ZBYSZKO )
a/k/a THE LIVING LEGEND, )
an individual, )
 )
 )
            Plaintiff, )
 )  Civil Action
 )  No. 1-02-CV-1008-CC
      v. )
 )
WORLD WRESTLING FEDERATION )
ENTERTAINMENT, INC., a Connecticut )
Corporation, )
 )
            Defendant. )

---

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A 30-
DAY STAY OF PROCEEDINGS


I.   BACKGROUND OF CASE

Currently before this Court is Defendant World Wrestling Federation Entertainment, Inc.'s ("WWE") Motion for Summary Judgment and Plaintiff Larry Whistler's ("Plaintiff") Motion to Dismiss Without Prejudice for Lack of Standing. On March 23, 2004, Plaintiff's counsel received a telephone call from Plaintiff's bankruptcy trustee (the "Trustee"), Ed Palmer, requesting that he be substituted as the real party in

1

interest and that the litigation proceed in the Trustee's name. The Trustee indicated his intent to submit an application with the United State Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") to approve Plaintiff's counsel's representation of him against WWE. A hearing on this issue in the Bankruptcy Court is scheduled for April 15, 2004.

II. INTRODUCTION

Pursuant to well-established Federal case law, the decision to stay a case is firmly within the discretion of the Court. A stay of litigation pending the United States Bankruptcy Court's approval to permit Plaintiff's counsel to represent Plaintiff's Bankruptcy Trustee is proper in this case because: (1) a stay would not unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) a stay will simplify the issues in question and trial of the case; and (3) because a trial date has not been set.

III. STATEMENT OF FACTS

On February 4, 2002, Plaintiff filed a voluntary petition for bankruptcy under Chapter 13 of the United States

Bankruptcy Code.  In order to assist him with the bankruptcy filing, Plaintiff hired David L. Miller, Esq.  On April 17, 2002, Plaintiff filed the present lawsuit.

Approximately nine months after filing suit, Plaintiff requested Mr. Miller to convert his Chapter 13 filing to a Chapter 7 bankruptcy filing.  Unfortunately, Mr. Miller merely took Plaintiff's personal information from the Chapter 13 bankruptcy filing and transferred said information onto the Chapter 7 bankruptcy forms.  As a result, and unbeknownst to Plaintiff and Plaintiff's current counsel, the present lawsuit was never disclosed to the bankruptcy court.

Plaintiff is currently attempting to remedy the inadvertent omission to the bankruptcy court.  More specifically, Plaintiff's Chapter 7 bankruptcy proceedings has been reopened and Plaintiff's bankruptcy trustee has asserted that he wishes to be substituted as the real party in interest of the present litigation.  See **Exhibit A**.  Affidavit of Ed Palmer.  Upon reopening of Plaintiff's bankruptcy proceedings in the United State Bankruptcy Court for the Northern District of Georgia, the Trustee intends to submit an application to

3

Bankruptcy Court to approve Plaintiff's counsel's representation of him against WWE. A hearing on this issue is scheduled for April 15, 2004. Id.

IV.   LEGAL ARGUMENT AND CITATION TO AUTHORITY

The decision to stay a case is firmly within the discretion of the court. Cost Bros., Inc. v. Travelers Indem. Co., 760 F.2d 58, 60 (3d Cir. 1985). In determining whether a stay is appropriate, the court is guided by the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Xerox Corp. v. 3Comm Corp., 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999).

    A.   A Stay Would Not Unduly Prejudice or Present a Clear Tactical Disadvantage to the Non-Moving Party

Defendant WWE would not be prejudiced by a short 30-day stay of proceedings. Although both Plaintiff and Defendant offer similar services, namely wrestling entertainment services, Plaintiff will not gain a competitive advantage over Defendant from a short stay of proceedings. According to the

4

Trustee, Ed Palmer, it should not take more that 30 days for the United States Bankruptcy Court to make a ruling. See **Exhibit A**. Affidavit of Ed Palmer. Therefore, Plaintiff's motion for a 30-day stay of proceedings would not unduly prejudice or present a clear tactical disadvantage to Defendant and should therefore be granted.

    B. A Stay Will Simplify the Issues in Question and Trial of the Case

Because the Trustee is the rightful owner of the trademark at issue, this Court would benefit from the Bankruptcy Court's determination regarding the Trustee. A stay of proceedings would facilitate the substitution of the Trustee as the real party in interest. Thus, Plaintiff's motion for a stay of proceedings would simplify the issues in question and trial of the case and should therefore be granted.

    C. A Trial Date Has Not Been Set

Although discovery has been completed, the advantages of staying the litigation pending the Bankruptcy Court's determination outweigh any potential disadvantages of such a stay. Moreover, a trial date has not been set, and as such,

5

**CERTIFICATION**

Pursuant to Local Rule 7.1D, counsel for Plaintiff hereby certifies that this Memorandum has been prepared with Courier New Font (12 point).

Plaintiff's motion for a stay of proceedings pending the United States Bankruptcy Court's approval to permit Plaintiff's counsel to represent the Trustee should therefore be granted.

V.  CONCLUSION

For all the reasons stated above, it is respectfully requested that Plaintiff's present motion for a 30-day Stay of proceedings pending the United States Bankruptcy Court's approval to permit Plaintiff's counsel to represent the Trustee should be GRANTED in all respects by this Court.

Respectfully submitted this 9th day of April, 2004.

By: _____
Joel D. Myers
Georgia Bar No. 533147
Counselors for Plaintiff

Myers & Kaplan, LLC,
1899 Powers Ferry Road
Suite 310
Atlanta, Georgia 30339
Phone: 770-541-7444
Fax: 770-541-7448
Email: jmyers@mkiplaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>      Plaintiff,<br><br>  v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Connecticut<br>Corporation,<br><br>      Defendant. | Civil Action<br>No. 1-02-CV-1008-CC |

CERTIFICATE OF SERVICE

    A copy of the MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A 30-DAY STAY OF PROCEEDINGS was served by U.S. First Class Mail upon the following:

> John L. Taylor, Jr.
> Chorey, Taylor & Feil
> The Lenox Building
> Suite 1700
> 3399 Peachtree Road, NE
> Atlanta, GA 30326
> Tel. (404) 841-3200
> Fax  (404) 841-3221

8

This \_\_\_\_th day of April, 2004.

_____
Joel D. Myers
Georgia Bar No. 533,147
Myers & Kaplan,
Intellectual Property Law, L.L.C.
1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339
Tel. (770) 541-7444
Fax  (770) 541-7448

9



# EXHIBIT / ATTACHMENT

## A

(To be scanned in place of tab)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>      Plaintiff,<br><br>  v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Delaware<br>Corporation,<br><br>      Defendants. | Civil Action<br>No. 1-02-CV-1008 |

## **AFFIDAVIT OF EDWIN K. PALMER**

I, EDWIN K. PALMER, declare under penalty of perjury of the laws of the United States of Americas the following to be true and correct to the best of my knowledge:

1. I am over the age of eighteen years old and if called as witness to testify in this matter, I could and would competently testify to the within matters as being of my own personal knowledge. I am personally familiar with the facts and circumstances stated herein.

2. I am appointed as the Trustee in Larry Whistler's ("Plaintiff") Chapter 7 bankruptcy proceeding.

3. Pursuant to Federal Bankruptcy law, the bankruptcy estate is the lawful owner of the trademark at issue in the present litigation and, as Trustee thereof, I wish to be substituted as the real party in interest.

4. On March 23, 2004, I had a telephone conversation with Plaintiff's counsel, Joel D. Myers. During said conversation, I requested that I, as Trustee, be substituted as the real party in interest and that the litigation proceed in the Trustee's name.

5. I expect that Plaintiff's bankruptcy proceedings shall be reopened to amend his disclosures, thereby informing the Bankruptcy Court of the present litigation against WWE.

6. Upon reopening of Plaintiff's bankruptcy proceeding, I intend to file an application with the United State Bankruptcy Court for the Northern District of Georgia to approve Plaintiff's counsel to represent the Trustee against WWE. A hearing on this issue is scheduled for April 15, 2004. The Bankruptcy Court should issue a ruling shortly thereafter.

I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Dated: April 8, 2004

EDWIN K. PALMER

Subscribed and sworn to before me
This 8th day of April, 2004.

Jamie P. Todd
Notary Public
My Commission Expires: Sept. 9, 2006

