**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
APR 23 2004
LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, INC., a Delaware<br>corporation,<br><br>    Defendant. | Civil Action No. 1 02-CV-1008-CC |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A 30-DAY STAY OF PROCEEDINGS BY DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.

World Wrestling Entertainment, Inc. ("WWE") files this response in opposition to Plaintiff Larry Whistler's ("Whistler") motion for a 30-day stay of proceedings (the "Motion to Stay"). WWE opposes Plaintiff's Motion to Stay because it is a futile and dilatory attempt to forestall the dismissal of all claims in this action pursuant to WWE's pending Motion for Summary Judgment, which is mandated by controlling Eleventh Circuit law.

In the Motion to Stay, Whistler—or more accurately Whistler's counsel, on

Pl-1133425 v1 0149511-9014

his own behalf—requests a stay to purportedly allow the Bankruptcy Court for the Northern District of Georgia to approve the substitution of the bankruptcy trustee, Ed Palmer, as the real party-in-interest to this litigation, and the approval of Whistler's counsel to represent the bankruptcy trustee in that regard. Whistler's counsel claims that if the Motion to Stay is granted and the Trustee is substituted as the real party-in-interest, standing would be remedied and the Plaintiff would withdraw its pending Motion to Dismiss for lack of standing.

As explained in detail in WWE's Memorandum of Law in Support of Motion to Dismiss on the Basis of Judicial Estoppel, these circumstances are squarely controlled by recent Eleventh Circuit cases in 2002 and 2003, including, particularly, the Eleventh Circuit's ruling in *Barger v. City of Cartersville, Georgia,* 348 F.3d 1289 (11th Cir. 2003). In *Barger,* the Eleventh Circuit first resolved the standing issue pertinent here, holding that the bankruptcy trustee is the real party-in-interest and ordering that the trustee should be substituted for the plaintiff in the court proceedings.

Having substituted the bankruptcy trustee for the plaintiff in the litigation, the Eleventh Circuit went on to rule that those claims, whether asserted by the bankruptcy trustee or the plaintiff, were barred as a matter of law on the basis of judicial estoppel. Applying the Eleventh Circuit's prior rulings in *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282 (11th Cir. 2002) and *DeLeon v. Comcar Industries,*

*Inc.,* 321 F.3d 1289 (11th Cir. 2003), the Eleventh Circuit affirmed the grant of summary judgment to the defendant ruling that judicial estoppel could be inferred from the record as a matter of law based on the plaintiff's submission of sworn statements to the bankruptcy court which failed to disclose the existence of claims simultaneously being prosecuted in a federal court lawsuit. Those Eleventh Circuit cases relied upon the reasoning in the earlier case of *In re Coastal Plains, Inc.,* 179 F.3d 197 (5th Cir. 1999), in which the Fifth Circuit specifically held that it would be an abuse of discretion for the trial court to refuse to grant summary judgment on these facts.

The dismissal of Whistler's claims pursuant to WWE's pending Motion for Summary Judgment thus is mandated by controlling Eleventh Circuit law. In accordance with the Eleventh Circuit's ruling in *Barger*, the substitution of the bankruptcy trustee for the plaintiff as the real party-in-interest in no way alters the ultimate conclusion that the plaintiff's claims—whether asserted by the trustee or the plaintiff—are barred as a matter of law. Accordingly, there is no reason to delay the unavoidable and proper dismissal of all claims in this action pursuant to WWE's pending Motion for Summary Judgment, as the Motion to Stay dilatorily and futilely seeks to do.

For all the foregoing reasons, and the reasons set forth in WWE's Memorandum of Law in Support of Motion for Summary Judgment on the Basis of

Judicial Estoppel, Whistler's Motion to Stay should be denied as dilatory and futile in view of controlling Eleventh Circuit law mandating the dismissal of all claims in this action pursuant to WWE's pending Motion for Summary Judgment.

Respectfully submitted,

_____
Attorneys for Defendant
World Wrestling Entertainment, Inc.

John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500 (phone)
(412) 355-6501 (fax)

4

## **CERTIFICATION**

Pursuant to Local Rule 7.1D, counsel for Defendant hereby certify that this document has been prepared with Times New Roman font (14 point).

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>      Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, INC., a Delaware<br>corporation,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1 02-CV-1008<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2004, I served opposing counsel with the foregoing **Response In Opposition to Plaintiff's Motion for a 30-Day Stay of Proceedings** by hand delivery to the following address:

        Joel D. Myers, Esquire
        Myers & Kaplan Intellectual Property Law LLC
        1899 Powers Ferry Road
        Suite 310
        Atlanta, GA  30339

_/s/ [signature]_

                        Attorneys for Defendant
                        World Wrestling Entertainment, Inc.

John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
Kirkpatrick & Lockhart
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500

(412) 355-6501 (fax)

7