**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERKS OFFICE

MAY 07 2004

LUTHER D. THOMAS, Clerk

By [signature] Deputy Clerk

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>Plaintiff,<br><br>v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Connecticut<br>Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action<br>)  No. 1-02-CV-1008-CC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR A 30-DAY STAY OF PROCEEDINGS**

Plaintiff Larry Whistler ("Plaintiff") files this reply
to Defendant World Wrestling Federation Entertainment, Inc.'s
("Defendant" or "WWE") response in opposition to Plaintiff's
motion for a 30-day stay of proceedings (the "Motion to
Stay").

To support its opposition to Plaintiff's Motion to Stay,
Defendant relies upon recent Eleventh Circuit cases, namely
the Eleventh Circuit's rulings in <u>Barger v. City of
Cartersville, Ga.</u>, 348 F.3d 1289 (11th Cir. 2003); <u>Burnes v.
Pemco Aeroplex, Inc.</u>, 291 F.3d 1282, 1284 (11th Cir. 2002); and

1



De Leon v. Comcar Industries, Inc., 321 F.3d 1289 (11th Cir.
2003). As more fully described below, the facts and
circumstances of this case are distinguishable from the
decisions cited by Defendant. More specifically, unlike the
bankruptcy debtors in the above-referenced cases, there is no
evidence that Plaintiff Whistler intended to make a mockery of
the judicial system.

As noted in Barger, the applicability of judicial
estoppel largely turns on two factors. First, a party's
allegedly inconsistent positions must have been "made under
oath in a prior proceeding." Barger, 348 F.3d at 1293-94
(citing Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1284
(11th Cir. 2002)). Second, the "inconsistencies must be shown
to have been *calculated* to make a mockery of the judicial
system." Id. (Emphasis added, citations omitted). In Barger,
the Court found that Barger's inconsistent statements to the
Court were calculated. Id. at 1296 ("it seems clear that
Barger deceived the trustee"). More specifically, when the
bankruptcy trustee asked Barger for the monetary value of her
discrimination suit, she informed him that she was only
seeking equitable relief. Barger did not tell the trustee
that she was seeking backpay, liquidated damages, compensatory

damages, and punitive damages.  Unlike the debtor in Barger,
and the other decisions cited by Defendants, Plaintiff
Whistler's inconsistencies were not calculated to make a
mockery of the judicial system, rather his omissions were the
result of simple error and inadvertence.  See id. (noting that
for purposes of judicial estoppel, "intent is a purposeful
contradiction - not simple error or inadvertence.").

        In late January to early February of 2002, a couple of
months before filing this lawsuit, Plaintiff Whistler hired
David L. Miller, Esq. to assist him with his Chapter 13
bankruptcy filing.  Approximately nine months after bringing
suit, Plaintiff Whistler requested Mr. Miller to convert his
Chapter 13 filing to a Chapter 7 bankruptcy filing.
Unfortunately, and unbeknownst to Plaintiff, Mr. Miller merely
took Plaintiff Whistler's personal information from the
Chapter 13 bankruptcy filing and transferred said information
onto the Chapter 7 bankruptcy forms.  This simple oversight
was a clerical error that certainly does not rise to the level
of a calculated inconsistency meant to make a "mockery of the
judicial system."    Moreover, Plaintiff Whistler informed Mr.
Miller of the present litigation and therefore it was

                                3

reasonable for Plaintiff Whistler to rely on his bankruptcy attorney to prepare his Chapter 7 bankruptcy documents.

Plaintiff further asserts that, unlike the cases cited by Defendant, it would be a mockery of the judicial system to impose judicial estoppel on Plaintiff under these circumstances. If Plaintiff were estopped from bringing claims for monetary relief, the Court would be punishing Plaintiff and Plaintiff's creditors for a simple inadvertent mistake made in an unrelated court proceeding, and rewarding Defendant for its blatant and willful acts of trademark infringement.

Justice would not be served by imposing judicial estoppel on Plaintiff Whistler and Plaintiff Whistler's creditors; the only party to benefit would be the tortfeasor. Recently, the Supreme Court observed that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." New Hampshire v. Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968 (2001) ("Judicial estoppel is an equitable doctrine invoked at a court's discretion.") Nevertheless, the Supreme Court stated that a factor to consider in determining whether to apply the doctrine in a particular case is whether

4

the party advancing the inconsistent position would derive an
unfair advantage on the opposing party.  Id.

     In this case, none of the parties were prejudiced by
Plaintiff's mistake.  As soon as Plaintiff became aware of the
undisclosed claims, he filed a motion to reopen the bankruptcy
proceeding to correct his disclosures and include the present
lawsuit.  If the bankruptcy court finds that Plaintiff's
omissions were calculated, it has the power to modify its
earlier findings.  It would be completely inequitable to apply
the discretionary doctrine of judicial estoppel to Plaintiff
Whistler and the bankruptcy trustee, because Mr. Miller's
omission occurred without knowledge or fault of Plaintiff
Whistler and the bankruptcy trustee.  See In re Haskett, 297
BR 637 (N.D. Ala. 2003) (Bank) (citing Burnes, the Court noted
that "Burnes' 'motive to conceal' is none other than 'interest
of creditors' harmed by a dash of bad faith.  The true hook is
whether a debtor's failure to disclose had any effect on the
outcome of the case.").  Furthermore, Defendant would avoid
paying the consequences of its wrongful acts by pointing out a
simple error in a court proceeding that is entirely unrelated
to its acts of willful trademark infringement.

For all the foregoing reasons, and the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for a 30-day Stay, and Plaintiff's Response and Memorandum of Law in Opposition to Motion for Summary Judgment on the Basis of Judicial Estoppel, Plaintiff's Motion to Stay should be GRANTED in all respects by this Court.

Respectfully submitted this 7th day of May, 2004.

By:_____
Joel D. Myers
Georgia Bar No. 533147
Counselors for Plaintiff

Myers & Kaplan, LLC,
1899 Powers Ferry Road
Suite 310
Atlanta, Georgia 30339
Phone: 770-541-7444
Fax: 770-541-7448
Email: jmyers@mkiplaw.com

6

## CERTIFICATION

Pursuant to Local Rule 7.1D, counsel for Plaintiff hereby certifies that this Memorandum has been prepared with Courier New Font (12 point).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>      Plaintiff,<br><br>    v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Connecticut<br>Corporation,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action<br>No. 1-02-CV-1008-CC |

**CERTIFICATE OF SERVICE**

A copy of the PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
IN OPPOSITION TO MOTION FOR A 30-DAY STAY OF PROCEEDINGS
was served by U.S. First Class Mail upon the following:

> John L. Taylor, Jr.
> Chorey, Taylor & Feil
> The Lenox Building
> Suite 1700
> 3399 Peachtree Road, NE
> Atlanta, GA 30326
> Tel. (404) 841-3200
> Fax  (404) 841-3221

This 7th day of May, 2004.

_____
Joel D. Myers
Georgia Bar No. 533,147
Myers & Kaplan,
Intellectual Property Law, L.L.C.
1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339
Tel. (770) 541-7444
Fax  (770) 541-7448