

ORIGINAL
U.S.D.C. Atlanta

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
FILE NO. 1-02-CV-1008-CC**

AUG 26 2004

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

| | | |
|---|---|---|
| LARRY WHISTLER a/k/a LARRY ZBYSZKO a/k/a THE LIVING LEGEND, | ) ) ) ) | |
| Plaintiff, | ) ) ) | *1:02-CV-1008-CC* |
| v. | ) ) ) | **NOTICE OF APPEAL** |
| WORLD WRESTLING FEDERATION ENTERTAINMENT, INC., | ) ) ) ) | |
| Defendant. | ) | |

Notice is hereby given that Larry Whistler a/k/a Larry Zbyszko  a/k/a The Living Legend, plaintiff in the above named case, hereby appeals to the United States Court of Appeals for the 11th Circuit from a Motion for Summary Judgment order dismissing Plaintiff Whistler's action on the 30th day of July, 2004.

Respectfully submitted this 25th day of August, 2004.

By: _____
Joel D. Myers
Georgia Bar No. 533147
Counselor for Plaintiff
Myers & Kaplan, LLC,
1899 Powers Ferry Road



Suite 310
Atlanta, Georgia 30339
Phone: 770-541-7444
Fax: 770-541-7448
Email: jmyers@mkiplaw.com

### CERTIFICATION

Pursuant to Local Rule 7.1D, counsel for Plaintiff hereby certifies that this document has been prepared with Courier New Font (12 point).

ORIGIN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION
### FILE NO. 1-02-CV-1008-CC

| | | |
|---|---|---|
| **LARRY WHISTLER** | ) | |
| **a/k/a LARRY ZBYSZKO** | ) | |
| **a/k/a THE LIVING LEGEND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| **WORLD WRESTLING FEDERATION** | ) | |
| **ENTERTAINMENT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

A copy of the NOTICE OF APPEAL was served by U.S. First

Class Mail upon the following:

> John L. Taylor, Jr.
> Chorey, Taylor & Feil
> The Lenox Building
> Suite 1700
> 3399 Peachtree Road, NE
> Atlanta, GA 30326
> Tel. (404) 841-3200
> Fax (404) 841-3221

This 25th day of August, 2004.

_____
Joel D. Myers
Georgia Bar No. 533,147
Myers & Kaplan,
Intellectual Property Law, L.L.C.
1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339
Tel. (770) 541-7444
Fax (770) 541-7448

## Orders on Motions

1:02-cv-01008-CC Whistler v. World Wrestling Fed, et al

### U.S. District Court

### Northern District of Georgia

Notice of Electronic Filing

The following transaction was received from vs entered on 7/30/2004 at 9:20 AM EDT and filed on 7/26/2004

**Case Name:**       Whistler v. World Wrestling Fed, et al
**Case Number:**     1:02-cv-1008
**Filer:**
**Document Number:** 70

**Docket Text:**
ORDER denying as moot [33] Motion to Compel, denying motion for sum jgm on Trademark-related issues [37-1] granting WWE's [37-2] Motion for Summary Judgment on the basis of Judicial Estoppel, denying as moot [44] Motion to Compel, denying as moot [49] Motion to Dismiss, denying as moot [69] Motion for substitution. This action is hereby DISMISSED WITH PREJUDICE . Signed by Judge Clarence Cooper on 7/26/04. (vs)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060868753 [Date=7/30/2004] [FileNumber=137233-0] [3a3afc9090dffff3c1032e1c42fa95ab02699f028f8ceba65069c0f61037dde5f67a 92818ef6bb99385b5e5e1a03b1586fc45c6e8ff210400912c213713a39da]]

**1:02-cv-1008 Notice will be electronically mailed to:**

**1:02-cv-1008 Notice will be delivered by other means to:**

Ben C. Brodhead
Office of Ben C. Brodhead
235 Peachtree Street
Suite 400
Atlanta, GA 30303

Otto F. Feil
Chorey Taylor & Feil
3399 Peachtree Road, N.E.
The Lenox Building, Suite 1700
Atlanta, GA 30326-1148

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY WHISTLER a/k/a
LARRY ZBYSZKO a/k/a
THE LIVING LEGEND, an individual,

             Plaintiff,

v.

WORLD WRESTLING
ENTERTAINMENT, INC., a
Delaware corporation,

             Defendant.

CIVIL ACTION NO.

1:02-CV-1008-CC

## ORDER

Pending before the Court in this action for trademark infringement are the following motions: (1) Defendant World Wrestling Entertainment Inc.'s ("WWE") Motion to Compel; (2) WWE's Motion for Summary Judgment on Trademark-Related Issues; (3) WWE's Motion for Summary Judgment on the Basis of Judicial Estoppel; (4) Plaintiff Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend's ("Plaintiff") Motion to Compel; (5) Plaintiff's Motion to Dismiss Without Prejudice Due to Lack of Standing; and (6) Bankruptcy Trustee's Motion for Substitution.

I.    SUMMARY OF FACTUAL BACKGROUND[1]

Plaintiff, a resident of Georgia, is a wrestler who has engaged in wrestling entertainment services since at least 1980. WWE is a media and entertainment company principally engaged in the development, production and promotion of television programming, pay-per-view programming and live arena events. WWE also engages in an extensive licensing program pursuant to which WWE's

---

[1]    In light of the Court's ruling on WWE's motion for summary judgment on the basis of judicial estoppel, only those facts pertinent to the Court's rulings below or necessary to put the Court's rulings in context are discussed here.

copyrighted characters, trademarks, service marks and other intellectual property rights are depicted on a myriad of consumer products, including video games, action figures and clothing.

Plaintiff filed the instant action on April 17, 2002, against WWE, Vince McMahon ("McMahon), and Chris Irvine a/k/a Chris Hericho a/k/a Jericho ("Irvine"), alleging trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and misrepresentation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), as well as several claims under state law. McMahon's and Irvine moved to dismiss Plaintiff's claims against them for lack of personal jurisdiction, which motion was granted by this Court on August 8, 2003. As such, only WWE remains as a defendant.

In this action, Plaintiff claims that he has used "The Living Legend" as a trademark for entertainment services, namely personal appearances by a wrestler, wrestling exhibitions, and sports and entertainment commentary.[2] Plaintiff acknowledges, however, that Bruno Sammartino ("Sammartino"), who wrestled for WWE[3] from the 1960s through the 1980s, used the term "The Living Legend" prior to Plaintiff's use of the term. As part of his wrestling feud with Sammartino in a

---

[2]    Approximately six weeks before the filing of this lawsuit, on March 1, 2002, Plaintiff filed a trademark application with the United States Patent and Trademark Office ("USPTO") for "The Living Legend" mark.

[3]    When Sammartino first began wrestling for WWE, the company was known as Capital Wrestling, Inc. d/b/a World Wide Wrestling Federation. After several name changes, in May 2002, the company changed its name again to its current name, World Wrestling Entertainment, Inc. For ease of reference, "WWE" refers to the company's current name, as well as all predecessor entities.

WWE storyline in or around 1980,[4] Plaintiff, playing the role of a "heel" or bad guy, began calling himself "The New Living Legend" to draw a negative reaction from the fans by usurping and disrespecting the famous nickname of Sammartino, the beloved good guy.   The entire premise of the storyline was that the fans recognized Sammartino as "The Living Legend" and, therefore, would negatively react to Plaintiff calling himself "The New Living Legend."[5]

Witnesses for Plaintiff acknowledge that other wrestlers have also been called "living legends."  Plaintiff also concedes that over the 20 years he claims to have used "The Living Legend," he has used a variety of different phrases, including "The Living Legend Larry Zbyszko," The New Living Legend Larry Zbyszko," and "The Legend Larry Zbyszko."

On February 4, 2002, Plaintiff filed a voluntary petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code.   After initial confirmation of a Chapter 13 plan, Plaintiff's Chapter 13 bankruptcy was dismissed on November 15, 2002 for default on payments due under the plan.   While Plaintiff's Chapter 13 bankruptcy petition was filed prior to the initiation of this action, Plaintiff did not supplement his Chapter 13 filings to disclose this lawsuit after it was filed, despite the fact that he did file Amendments to Chapter 13 Petition, Schedules and Plan on May 14, 2002, amending his Chapter 13 filings in various other respects.[6]

---

[4]      As part of its sports entertainment product, WWE develops storylines based around WWE's wrestling characters.  These characters interact with one another and progress through the fictitious world of WWE by forming alliances and rivalries with other groups and wrestlers.  While Plaintiff attempts to dispute this fact, he provides no support or explanation why such a description of WWE's product would be false.

[5]      Plaintiff last wrestled for WWE in 1980.

[6]      Once again, without any support, Plaintiff attempts to dispute this fact. However, a certified copy of Plaintiff's entire Chapter 13 Bankruptcy file is in the record

Approximately nine months after initiating this lawsuit, on January 3, 2003, Plaintiff filed a voluntary petition for Chapter 7 bankruptcy. As required in a Chapter 7 bankruptcy, Plaintiff submitted a Statement of Financial Affairs with the Bankruptcy Court on January 28, 2003. Pursuant to Item 4 of the Statement of Financial Affairs, entitled "Suits and administrative proceedings, executions, garnishments and attachments," Plaintiff was required to "list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." *See* Notice of Filing Certified Copy of Chapter 7 Bankruptcy File and Statement of Financial Affairs contained therein. Plaintiff responded to Item 4 by checking the box for "None." **Id.** Schedule B to the Statement of Financial Affairs entitled "Personal Property," similarly required Plaintiff to identify in response to Item 20, "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims" and directed, "Give estimated value of each." Again, Plaintiff responded by placing an "X" in the column for "None."[7] **Id.** In addition, in response to Item 21 of Schedule B regarding "Patents, copyrights, and other intellectual property," Plaintiff did not identify "The Living Legend" trademark he claims to own or his application to register the mark with the USPTO. Plaintiff purported to verify the information contained in the Statement of Financial Affairs and Schedule B in two separate declarations sworn under penalty of perjury. Based

---

in this case, and such file demonstrates that Plaintiff did not supplement or amend his file to disclose the existence of this lawsuit.

[7]      Plaintiff gave a deposition in this action on January 27, 2003, the day before he filed his Statement of Financial Affairs, yet he still failed to disclose the existence of this lawsuit in his bankruptcy filings. Plaintiff's unsupported attempt to dispute this fact, as well as his attempt to dispute that he placed an "X" in the column for "None" regarding any contingent or unliquidated claims, are absolutely baseless.

upon Plaintiff's Statement of Financial Affairs and Schedules, the bankruptcy trustee filed a Report of No Distribution noting that there was no property available for distribution from the estate over and able that exempted by law.  Thereafter, the Bankruptcy Court granted Plaintiff a "no asset" discharge of his debts, which was an amount in excess of $66,000.

II.     DISCUSSION

    A.     WWE's and Plaintiff's Motions to Compel

    WWE filed a motion to compel Plaintiff's responses to its First Request to Produce and its First Merits Interrogatories on the ground that Plaintiff's responses were deficient in several respects.   Plaintiff filed a response stating that he supplemented his discovery responses in a letter to WWE's attorney wherein he addressed each of the shortcomings raised by WWE in its motion to compel.  Instead of filing a reply, shortly after filing its motion to compel, and before the motion was ruled on, WWE filed the pending motions for summary judgment.

    On the same day that WWE filed its motions for summary judgment, Plaintiff filed a motion to compel WWE's responses to Plaintiff's Request for Admissions and First Merits Interrogatories on the ground that certain of WWE's responses were deficient.   However, Plaintiff's motion to compel fails to quote verbatim each discovery request to which objection is taken as required by NDGa. LR 37.1A(2), and he has selectively quoted out of context only fragments of WWE's responses, thereby omitting WWE's substantive responses.   Further, despite Plaintiff's counsel's certification that he attempted to confer in good faith with defense counsel to resolve the discovery dispute, it appears from the record that, in reality, Plaintiff's counsel failed to confer in good faith in violation of Fed.R.Civ.P. 37 and LR 37.1.  In this regard, when WWE's counsel expressed confusion regarding WWE's allegedly deficient discovery responses identified in Plaintiff's counsel letter regarding the

same, and he stated more than once that WWE was willing to discuss any specific questions or concerns that Plaintiff may have had, Plaintiff's counsel never contacted WWE's counsel with his specific questions or concerns either by telephone or in writing, but instead proceeded to file the instant motion to compel.

Regardless of the merits, or lack thereof, of the parties' motions to compel, in light of the Court's ruling below regarding WWE's motion for summary judgment on the basis of judicial estoppel, both WWE's and Plaintiff's motions to compel are moot, and the motions are denied on that basis.

B.    WWE'S Motion for Summary Judgment Based on Judicial Estoppel

Relying on three cases decided by the Eleventh Circuit in 2002 and 2003 that are virtually identical to the instant case, WWE contends that Plaintiff's claims in this action are barred as a matter of law by the doctrine of judicial estoppel. For the reasons that follow, this Court agrees.

The Eleventh Circuit has explained the judicial estoppel doctrine as follows:

> Judicial estoppel is an equitable doctrine that precludes a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceedings." The doctrine exists "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."
>
> The applicability of judicial estoppel largely turns on two factors. First, a party's allegedly inconsistent positions must have been "made under oath in a prior proceeding." Second, the "inconsistencies must be shown to have been calculated to make a mockery of the judicial system." "These two enumerated factors are not inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine."

Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1293-94 (11th Cir. 2003) (quoting Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1284, 1286 (11th Cir. 2002)).

In the present case, Plaintiff filed a Chapter 7 bankruptcy petition approximately nine months after he had filed the instant lawsuit. As required in a Chapter 7 bankruptcy, Plaintiff submitted a Statement of Financial Affairs with the

Bankruptcy court on January 28, 2003, which was one day after he had given a deposition in the instant action. However, Plaintiff did not disclose the existence of this lawsuit on the Statement or the attached Schedule B, despite being required to list any suits to which he was a party and any contingent or unliquidated claims. Plaintiff's Statement of Financial Affairs was submitted under oath to the Bankruptcy Court and was verified to be true in two separate declarations sworn under penalty of perjury.[8]

Because it is clear that Plaintiff submitted his Statement of Financial Affairs under oath and under penalty of perjury, the issue in this case is Plaintiff's intent in failing to disclose the existence of this action in his Bankruptcy Court filings. "'Deliberate or intentional manipulation can be inferred from the record,' where the debtor has knowledge of the undisclosed claims and has motive for concealment." Id. at 1294 (quoting Burnes, 291 F.3d at 1287). Plaintiff contends that his omission regarding the existence of this action was the result of simple error and inadvertence rather than purposeful contradiction. According to Plaintiff, he had at least two conversations with his bankruptcy attorney about this lawsuit, and he assumed that if it was legally required to be disclosed in his bankruptcy filings, his attorney would have disclosed it. Plaintiff further states that, because his bankruptcy attorney was familiar with his situation, including the instant litigation, Plaintiff did not review the information contained in the bankruptcy paperwork before he signed it. As soon as his present counsel informed Plaintiff of the oversight, Plaintiff immediately called another bankruptcy attorney and instructed him to begin the process to reopen

---

[8]      As noted above, Plaintiff had also filed a Chapter 13 bankruptcy petition prior to the initiation of this lawsuit. During the pendency of his Chapter 13 bankruptcy petition, Plaintiff filed the instant action, but he never supplemented his Chapter 13 filings to disclose this lawsuit before the Chapter 13 petition was dismissed.

his bankruptcy case so that the present litigation could be disclosed. Plaintiff avers that his "lack of knowledge of this oversight was certainly unintentional and was not intended to make a mockery of the legal system." Plaintiff's Response and Memorandum in Opposition to Motion for Summary Judgment on the Basis of Judicial Estoppel, Affidavit of Larry Whistler, ¶ 10.

Plaintiff has not submitted an affidavit from his bankruptcy attorney admitting that the lack of disclosure of the instant litigation was due to his own oversight. However, even if Plaintiff's failure to disclose the existence of this lawsuit could be blamed on his bankruptcy attorney, "the nondisclosure could not in any event be considered inadvertent." Barger, 348 F.3d at 1295. A "debtor's failure to satisfy its statutory disclosure duty is inadvertent only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Burnes, 291 F.3d at 1287; *see also*, De Leon v. Comcar Industries, Inc., 321 F.3d 1289, 1291 (11th Cir. 2003) ("judicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court where the plaintiff both knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court. . . ."). In the present case, Plaintiff clearly had knowledge of this lawsuit, and the omission of its existence in his bankruptcy filings certainly could be found to have worked to Plaintiff's benefit because "it is unlikely he would have received the benefit of . . . a no asset, complete discharge had his creditors, the trustee or the bankruptcy court known of a lawsuit claiming millions of dollars in damages."[9] Burnes, 291 F.3d at 1288; *see also*, Barger, 348 F.3d at 1296 ("Omitting the discrimination claims from the schedule of assets appeared to benefit [plaintiff] because, by omitting the claims,

_____

[9]     In Plaintiff's counsel's letter to WWE dated March 23, 2003, Plaintiff valued his claims to be at least $2.7 million. More recently in response to WWE's interrogatories, Plaintiff claimed damages of over $35 million.

she could keep any proceeds for herself and not have them become part of the bankruptcy estate").

Any claim by Plaintiff that his motion to reopen the bankruptcy proceeding so that the existence of this lawsuit could be disclosed negates any finding of intentional concealment on his part has also been foreclosed by the recent Eleventh Circuit authority. By way of example, in <u>Barger</u>, after a hearing before the Bankruptcy Court on the issue of her failure to disclose her employment discrimination suit in her bankruptcy filings, the Bankruptcy Court found that the omissions in Ms. Barger's filings were inadvertent and were due solely to her bankruptcy counsel's oversight, and the Court reopened her bankruptcy case. Despite this favorable decision by the Bankruptcy Court, the <u>Barger</u> Court found as follows:

> Barger's attempt to reopen the bankruptcy estate to include her discrimination claim hardly casts her in the good light she would like. She only sought to reopen the bankruptcy estate after the defendants moved the district court to enter summary judgment against her on judicial estoppel grounds. "Allowing [a debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets." <u>Burnes</u> at 1288 (citation omitted). As such, Barger's disclosure upon re-opening the bankruptcy estate deserves no favor.

<u>Barger</u>, 348 F.3d at 1297. In the present case, Plaintiff too only sought to amend his bankruptcy filings after WWE had moved for summary judgment on the basis of judicial estoppel, and such an attempt by Plaintiff to re-open his bankruptcy case does nothing to prevent the grant of summary judgment on judicial estoppel grounds. *See* <u>Barger</u>, *supra*; <u>De Leon</u>, 321 F.3d at 1291-92; <u>Burnes</u>, 291 F.3d at 1288; *see also*, <u>Traylor v. Ford</u>, 185 F.Supp.2d 1338, 1340 (N.D.Ga. 2002).

Accordingly, for the above-stated reasons, WWE's motion for summary

- 9 -

judgment on the basis of judicial estoppel is GRANTED.[10]  In light of this ruling, WWE's motion for summary judgment on trademark related issues is now moot, and is denied on this basis.[11]

### III.    CONCLUSION

WWE's Motion to Compel [33-1] is DENIED as moot.  WWE's Motion for Summary Judgment on Trademark-Related Issues [37-1] is DENIED as moot.  WWE's Motion for Summary Judgment on the Basis of Judicial Estoppel [37-2] is GRANTED. Plaintiff's Motion to Compel [44-1] is DENIED as moot.  Plaintiff's Motion to Dismiss

---

[10]    After WWE had filed its motion for summary judgment, pursuant to Fed.R.Civ.P. 17(a) or, in the alternative, 41(a)(2), Plaintiff filed a motion to dismiss without prejudice due to lack of standing on the ground that the bankruptcy trustee is the real party in interest and has exclusive standing to assert any trademark claims.  At the time that Plaintiff filed this motion, no trustee had been appointed and his bankruptcy case had not yet been reopened, and thus Plaintiff remained the real party in interest.  Plaintiff's motion to dismiss without prejudice is clearly a last ditch effort to avoid the dismissal of his claims on the merits pursuant to WWE's motion for summary judgment.  In any event, even if a trustee had been appointed and Plaintiff's bankruptcy case had been reopened, dismissal of this case without prejudice would not be warranted.  In Barger, the Court found that the Trustee was the real party in interest in that lawsuit, and ruled that the Trustee should be substituted for the plaintiff from that point forward.  Barger, 348 F.3d at 1292-93.  Having substituted the bankruptcy trustee for the plaintiff in the litigation, the Eleventh Circuit went on to find that the claims in the case, whether asserted by the bankruptcy trustee or the plaintiff, were barred as a matter of law on the basis of judicial estoppel.  Thus, even if the bankruptcy trustee were substituted for Plaintiff in the instant action, Plaintiff's claims would still be barred and summary judgment would be proper. Accordingly, Plaintiff's motion to dismiss for lack of standing is denied as moot.  Further, because the doctrine of judicial estoppel bars the claims asserted in this lawsuit, the later filed motion by Bankruptcy Trustee Edwin Palmer for substitution as the plaintiff in interest is also denied as moot.

[11]    The Court notes here however, that insofar as it is undisputed that WWE identified Bruno Sammartino as "The Living Legend" long before Plaintiff's use of the term, and further as Plaintiff has failed to come forward with evidence sufficient to create a genuine issue of fact that the term "The Living Legend" is capable of trademark protection, summary judgment would also be warranted for this reason.

Without Prejudice Due to Lack of Standing [49-1] is DENIED as moot.   Bankruptcy

Trustee's Motion for Substitution [69-1] is DENIED as moot.

This action is hereby DISMISSED WITH PREJUDICE.

SO ORDERED this 26th day of July, 2004.

s/  Clarence Cooper

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

- 11 -

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LARRY WHISTLER aka LARRY
ZBYSZKO aka THE LIVING LEGEND,

                    Plaintiff,

vs.

WORLD WRESTLING
ENTERTAINMENT, INC.,

                    Defendant.

CIVIL ACTION FILE

NO. 1:02-cv-1008-CC

## J U D G M E N T

This action having come before the court, Honorable Clarence Cooper, United States

District Judge, for consideration of defendant's motion for summary judgement, and the court

having granted said motion, it is

**Ordered and Adjudged** that the plaintiff take nothing; that the defendant recover its

costs of this action, and the action be, and the same hereby, is **dismissed**.

Dated at Atlanta, Georgia, this 30th day of July, 2004.

LUTHER D. THOMAS
CLERK OF COURT

By:  _s/   Velma Shanks_                    _
Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
   July 30, 2004
Luther D. Thomas
Clerk of Court

By: _s/   Velma Shanks_



Joel D. Myers
Myers & Kaplan
1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339

----------------------------------------------------------

**\*\*\*\*\*   TO RECEIVE THIS DOCUMENT BY EMAIL   \*\*\*\*\***

If you are a bar member in good standing with the Northern District of Georgia
and would like to receive all your pleadings and orders delivered to your
desktop, register now for an ECF userid and password.
Please visit http://www.gand.uscourts.gov to sign up as an ECF user.
You may also call 404-215-1600.

Rev. 6/98

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT
### CIVIL APPEAL STATEMENT

Please TYPE.  Attach additional pages if necessary.

11th Circuit Docket Number: _____

| | |
|---|---|
| **TITLE IN FULL:**<br><br>LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br><br>v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC. | **DISTRICT:** Northern District of GA<br>NAME OF JUDGE:  Clarence Cooper<br><br>DATE COMPLAINT FILED:  4-17-02<br>DISTRICT COURT DOCKET NUMBER: 1-02-CV-1008-CC<br><br>DATE NOTICE OF APPEAL FILED:  8-25-04<br>IS THIS A CROSS-APPEAL?   ☐ Yes   ☒ No<br><br>HAS THIS MATTER BEEN BEFORE THIS COURT<br>PREVIOUSLY?   ☐ Yes   ☐ No<br>IF YES, PROVIDE:<br>(A)   CASE NAME<br>(B)   CITATION<br>(C)   DOCKET NUMBER |

| | ATTORNEY NAME | MAILING ADDRESS | TELEPHONE AND FAX |
|---|---|---|---|
| **FOR APPELLANT:**<br>☒ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | Joel D. Myers<br>Myers & Kaplan, LLC | 1899 Powers Ferry Road<br>Suite 310<br>Atlanta, GA 30339 | Tel. 770-541-7444<br>Fax 770-541-7448 |
| **FOR APPELLEE:**<br>☐ Plaintiff<br>☒ Defendant<br>☐ Other (Specify) | John L. Taylor, Jr.<br>Chorey, Taylor & Feil | 3399 Peachtree Road, NE<br>Suite 1700<br>Atlanta, GA 30326 | Tel. 404-841-3200<br>Fax 404-841-3221 |

Circle/check/complete those items below and on page 2 that apply.

| JURISDICTION | NATURE OF JUDGMENT | TYPE OF ORDER | RELIEF |
|---|---|---|---|
| (Federal Question)<br><br>(Diversity)<br><br>US Plaintiff<br><br>US Defendant | (Final Judgment,<br>28 USC 1291)<br><br>Interlocutory Order,<br>28 USC 1292(a)(1)<br><br>(Summary Judgment)<br><br>Interlocutory Order Certified,<br>28 USC 1292(b)<br><br>Interlocutory Order,<br>Qualified Immunity<br><br>Final Agency Action<br>(Review)<br><br>54(b) | Dismissal/Jurisdiction<br><br>Default Judgment<br><br>Summary Judgment<br><br>Judgment/Bench Trial<br><br>Judgment/Jury Verdict<br><br>Judgment/Directed Verdict/NOV<br><br>Injunction<br><br>Other _____ | Damages:<br>Amount Sought by Plaintiff:<br>$to be determined<br>Amount Sought by Defendant:<br>$_____<br>Awarded $_____<br>to _____<br><br>Injunctions:<br>☐ TRO<br>☐ Preliminary    ☐ Granted<br>☐ Permanent     ☐ Denied |

## NATURE OF SUIT   ( ☐ Class Action )

| | | | | | |
|---|---|---|---|---|---|
| Admiralty-Maritime | Civil Rights | Commercial Contract | Environment | Insurance | Social Security |
| Antitrust | ☐ Title VII | Commodities | ERISA | Negotiable Instrument | Tax |
| Arbitration | ☐ ADA | Communications | FELA | Personal Injury | TILA |
| Assault | ☐ ADEA | Consumer | Finance | Privacy | US Constitution |
| Attorney Disqualification | ☐ IDEA | ☒ Copyright/TM/Patent | FOI | Real Property | Warranty |
| Banking | ☐ Harassment | Counsel Fee | Forfeiture | Review Agency Action | Other Contract |
| Bankruptcy | ☐ 1983 | Election | Fraud | Securities | Other Tort |
| | ☐ Other | Employment Contract | FTCA | Stockholder | Other Statutory Action |
| | | Energy | Indemnity | Slander/Libel | |

Page 2                                    11th Circuit Docket Number: _____

GENERAL

BASED ON YOUR PRESENT KNOWLEDGE:

(1)   DOES THIS APPEAL INVOLVE A QUESTION OF FIRST IMPRESSION?   ☐ Yes   ☒ No
      WHAT IS THE ISSUE YOU CLAIM IS ONE OF FIRST IMPRESSION?


(2)   WILL THE DETERMINATION OF THIS APPEAL TURN ON THE INTERPRETATION OR APPLICATION OF A
      PARTICULAR CASE OR STATUTE?   ☒ Yes   ☐ No
      IF YES, PROVIDE:              Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1293-94
      (A)   CASE NAME/STATUTE       (11th Cir. 2003); Burnes v. Pemco Aeroplex, Inc., 291 F.3d
      (B)   CITATION                1282, 1284, 1286 (11th Cir. 2002); De Leon v. Comcar Industries,
      (C)   DOCKET NUMBER, IF UNREPORTED   Inc. 321 F.3d 1289, 1291 (11th Cir. 2003)

(3)   IS THERE ANY CASE NOW PENDING OR ABOUT TO BE BROUGHT BEFORE THIS COURT OR ANY OTHER COURT
      OR ADMINISTRATIVE AGENCY THAT:
      (A)   ARISES FROM SUBSTANTIALLY THE SAME CASE OR CONTROVERSY AS THIS APPEAL?   ☐ Yes   ☐ No
      (B)   INVOLVES AN ISSUE THAT IS SUBSTANTIALLY THE SAME, SIMILAR, OR RELATED TO AN ISSUE IN THIS
            APPEAL?   ☐ Yes   ☒ No
      IF YES, PROVIDE:
      (A)   CASE NAME
      (B)   CITATION
      (C)   DOCKET NUMBER, IF UNREPORTED
      (D)   COURT OR AGENCY

(4)   WILL THIS APPEAL INVOLVE A CONFLICT OF LAW:
      (A)   WITHIN THE ELEVENTH CIRCUIT?   ☐ Yes   ☒ No
      (B)   AMONG CIRCUITS?   ☐ Yes   ☒ No
      IF YES, EXPLAIN BRIEFLY:


ISSUES PROPOSED TO BE RAISED ON APPEAL, INCLUDING JURISDICTIONAL CHALLENGES:


            Judicial Estoppel


I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH
CIRCUIT AND SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS ___ DAY OF August, 2004.

Joel D. Myers, Esq.
_____                          _____
NAME OF COUNSEL  (TYPE)                          SIGNATURE OF COUNSEL

ATTACH portion of district court, tax court, or agency record described in 11th Cir. R. 33-1(b) (judgments and orders appealed from or
sought to be reviewed; any supporting opinion, findings of fact, and conclusions of law filed by the court or the agency, board, commission,
or officer; any report and recommendation adopted by an order; findings and conclusions of an administrative law judge when appealing a
court order reviewing an agency determination; any agency docket sheet or record index).



# District Court Appeal Checklist

1:02 cv 1008

### New appeal transmittal

___ New notice of appeal packages must include certified copies of the **district court docket sheet, the notice of appeal and all orders/judgments being appealed (including the magistrate's report and recommendation)**; and a copy of order/voucher appointing counsel if applicable

__ Transmittal information to appeals court complete

__ Appeal information sheet provided to appellant

__ Civil appeal statement provided to appellant (in civil cases unless appellant is incarcerated of proceeding pro se)

### Bankruptcy Cases

___Certified copies of the Bankruptcy docket sheet, order and notice of appeal to the district court must be included in noa package to USCA

___Bankruptcy File must be included as exhibits to the record on appeal (or original papers if requested)

### Prisoner Civil Rights Cases

___"PLRA" notice should be mailed to appellant

___Submit to DC judge for fee assessment (or process consent form)

### State Habeas Cases

___Submit notice of appeal to district judge for ruling on "Certificate of Appealability" (or Certificate of Probable Cause if filed prior to 4-24-96)

___Pursue appellate filing fee or motion to proceed on appeal  in forma pauperis if needed

___State Court Papers must be included as part of the record on appeal (or original papers if requested)

### 2255s

___Submit notice of appeal to district judge for ruling on "Certificate of Appealability" (for cases in which Motion to Vacate was filed on or after 4-24-96)

___Pursue appellate filing fee or motion to proceed on appeal in forma pauperis if needed

___The defendants criminal record must be transmitted as exhibits to the record in appeals from orders on Motion to Vacate (or original papers if requested)

### DC Orders

___Copies of any district court orders entered regarding **IFP, COA, CPC,** appointment/withdrawal/substitution of counsel should be forwarded to the appeals court upon entry (or transmitted with the notice of appeal package if on file.)