IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>        Plaintiff,<br><br>   vs.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, INC., a Delaware<br>corporation,<br><br>        Defendant. | Civil Action No. 1 02-CV-1008-CC |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TAX COSTS

Pursuant to Fed.R.Civ.P. 54(d)(1) and N.D. Ga. R. 54.1, Defendant World Wrestling Entertainment, Inc. ("WWE"), having prevailed on its motion for summary judgment by Order dated July 26, 2004 and Judgment dated July 30, 2004, respectfully submits this memorandum of law in support of its motion to tax certain costs against Plaintiff Larry Whistler.

## A. WWE—As The Prevailing Party—Is Entitled To Recover Costs "As Of Course" Under The Federal Rules Of Civil Procedure

Pursuant to Fed.R.Civ.P. 54(d)(1), "costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs." As applied by this Court, "the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption." *Thomas v. Clayton County*, Ga., 94 F. Supp. 2d 1330, 1340 (N.D. Ga. 2000).

In assessing the award of costs against the losing party, the claimed financial burden against the losing party is irrelevant. *Id.* at 1341. As this Court has observed, in adopting Rule 54(b), "Congress did not state that a non-prevailing plaintiff could avoid the imposition of costs if the latter might create a financial hardship" despite presumably being aware that "the assessment of costs against a losing party could create a financial hardship in many, if not most cases." *Id.* at 1341. Rather,

> in rejecting the 'English rule,' in which a losing party is required to reimburse the prevailing party for all expenses, Congress was attempting to strike a compromise by requiring the losing party to pay the much lesser 'costs' of litigation. The compromise would be eviscerated if a losing party could avoid paying costs merely by arguing that he could not afford to do so.

*Id.* at 1342 (emphasis in original).

Similarly, the losing party's purported good faith basis for initiating a lawsuit does not preclude an award of costs *Id.* at 1340-41. Indeed, this Court has

2

noted that the Federal Rules of Civil Procedure require all litigants to litigate in good faith, while still allowing costs to the prevailing party. *Id* In any event, the record demonstrates that Whistler did not initiate or litigate this action in good faith. As set forth in this Court's Order granting WWE's motion for summary judgment, it is inferable from the record that Whistler deliberately or intentionally manipulated the judicial system by failing to disclose this suit in his Chapter 7 bankruptcy filings approximately nine months after the initiation of this lawsuit, thus barring his claims in this action under the equitable doctrine of judicial estoppel. Moreover, this Court also noted in its Order that (i) it is undisputed that WWE identified Bruno Sammartino as "The Living Legend" long before Plaintiff's use of the term, and (ii) Plaintiff has failed to come forward with evidence sufficient to create a genuine issue of fact that the term "The Living Legend" is capable of trademark protection, both of which findings seriously question the good faith basis for this lawsuit in the first instance.

Those "costs" to which a prevailing party is entitled under Fed.R.Civ.P. 54(d)(1) are set forth in 28 U.S.C. § 1920. *United States Equal Employment Opportunity Comm'n v W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000); *Lambert v. Fulton County, Georgia,* 151 F. Supp.2d 1364, 1375 (N.D. Ga. 2000), *citing West Virginia Univ. Hosp., Inc v Casey,* 499 U S. 83, 87 n.3, 111 S. Ct 1138 (1991). Under 28 U.S C. § 1920, a prevailing party may recover the following:

3

(1)  Fees of the clerk and marshal;

(2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)  Docket fees under section 1923 of this title; and

(6)  Compensation of court appointed salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

## B. Costs Relating To Depositions Conducted In This Action Are Properly Taxed To Whistler

Controlling law provides that deposition costs are properly taxed to a losing party under 28 U.S C. § 1920(2). *W&O*, 213 F.3d at 621; *see also United States v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963). Pursuant to 28 U.S.C. § 1920(2), deposition costs are recoverable for depositions "wholly or partially necessarily obtained for use in the case." *W&O*, 213 F.3d at 621. The losing party bears the burden of proving that a specific deposition was not "necessarily obtained for use in the case," and that the costs associated with that deposition should not be taxed. *Id* at 621; *see also Desisto College v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 910 n. 1 (M.D. Fla. 1989), *aff'd* 914 F.2d 267 (11th Cir 1990).

According to the Eleventh Circuit, a deposition satisfies the "necessarily obtained" standard if the deposition was related to an issue in the case at the time

4

the deposition was taken. *W&O*, 213 F.3d at 621-22. In particular, the depositions of potential witnesses identified by the losing party are taxable "because the listing of those witnesses indicated [ ] that the plaintiff might need the deposition transcripts to cross-examine the witnesses ..." *Id.* at 621. The Eleventh Circuit has also specifically ruled that depositions filed with the Court in support of the prevailing party's motion for summary judgment are depositions "necessarily obtained for use in the case" and thus are taxable to the losing party. *Id.* at 621.

Under these standards, the depositions of the following witnesses in this action were "necessarily obtained for use in the case:"

- Vince McMahon
- Chris Irvine
- Larry Whistler
- Michael Tenay
- Scott Hudson
- Terry Taylor
- Stacey Steele
- Bruno Sammartino

Each of these witnesses was listed in Plaintiff's Initial Disclosures and/or Responses to WWE's Interrogatories as potential witnesses in this action.

5

Testimony from each of these depositions also was cited in WWE's materials in support of its motion for summary judgment, filed with this Court on February 9, 2004. Because each of these depositions was "necessarily obtained" for use in this litigation, pursuant to 28 U.S.C. § 1920(1), (2) & (3), WWE is entitled to recover the costs associated with those depositions, including, specifically, (i) stenographic/video transcription costs; (ii) witness fees; and (iii) process server costs. *W&O,* 213 F.3d at 622-24. Such costs, with appropriate documentation, are set forth in WWE's Bill of Costs filed concurrently herewith.

In addition to the foregoing deposition costs, the Eleventh Circuit has also ruled that reasonable travel expenses for an attorney attending a deposition are likewise taxable under 28 U.S.C. 1920. *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489 (11th Cir. 1994). As such, WWE's attorneys' reasonable travel expenses associated with the foregoing depositions is set forth in WWE's Bill of Costs.

### C. WWE's Costs Relating To The Filing And Service Of Dispositive Motions In This Action Are Properly Taxed To Whistler

Under controlling law, WWE is entitled to recover copy costs for documents furnished to the Court and to opposing counsel in connection with the dispositive motions WWE filed in this action. *W&O,* 213 F.3d at 623 ("in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue"). Accordingly, WWE is

6

entitled to copy costs relating to the filing and service of the following dispositive motions: (1) Motion to Dismiss for failure to state a claim upon which relief can be granted and lack of personal jurisdiction against defendants Vince McMahon and Chris Irvine, filed on June 17, 2002; (2) Reply Brief to Plaintiff's Opposition to Motion to Dismiss, filed on July 22, 2002; (3) Renewed Motion to Dismiss for lack of personal jurisdiction against defendants Vince McMahon and Chris Irvine, filed at the conclusion of Court-ordered jurisdictional discovery on February 13, 2003; (4) Reply Brief to Plaintiff's Opposition to that Renewed Motion to Dismiss, filed on March 14, 2003; (5) Motion for Summary Judgment and Supporting Materials, filed on February 9, 2004; and (6) Reply Brief to Plaintiff's Response to WWE's Motion for Summary Judgment, filed on March 14, 2004. Such costs, with appropriate documentation, are set forth in WWE's Bill of Costs filed concurrently herewith.

## **CONCLUSION**

For all the foregoing reasons, WWE is entitled to recover the costs set forth in WWE's Bill of Costs filed concurrently herewith.

        Respectfully submitted,

        */s/ Curtis B. Vinall*

        Attorneys for Defendant
        World Wrestling Entertainment, Inc.
        John L. Taylor, Jr.
        Georgia Bar No. 700400
        Celeste McCollough
        Georgia Bar No. 487013
        CHOREY, TAYLOR & FEIL
        The Lenox Building, Suite 1700
        3399 Peachtree Road, N.E.
        Atlanta, Georgia 30326
        (404) 841-3200
        (404) 841-3221 (fax)

        and

        Jerry S. McDevitt
        Curtis B. Krasik
        Julie R. Fenstermaker
        KIRKPATRICK & LOCKHART LLP
        Henry W. Oliver Building
        535 Smithfield Street
        Pittsburgh, PA 15222
        (412) 355-6500 (phone)
        (412) 355-6501 (fax)

## **<u>CERTIFICATION</u>**

Pursuant to Local Rule 7.1D, counsel for Defendant hereby certify that this document has been prepared with Times New Roman font (14 point).

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, INC., a Delaware<br>corporation,<br><br>        Defendants. | Civil Action No. 1 02-CV-1008 |

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2004, I served opposing counsel with the foregoing ***Defendant WWE's Memorandum of Law in Support of Motion to Tax Costs*** by mail with postage prepaid to the following address:

> Joel D. Myers, Esquire
> Myers & Kaplan Intellectual Property Law LLC
> 1899 Powers Ferry Road
> Suite 310
> Atlanta, Georgia  30339

_/s/_

Attorneys for Defendant
World Wrestling Entertainment, Inc.

John L. Taylor, Jr
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B Krasik
Julie R. Fenstermaker
Kirkpatrick & Lockhart
Henry W Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
(412) 355-6501 (fax)