

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>        Plaintiff,<br><br>v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Delaware<br>Corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action
No. 1-02-CV-1008 **-CC**

---

## PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TAX COSTS

COMES NOW Larry Whistler a/k/a Larry Zbyszko a/k/a The Living Legend (hereinafter "Plaintiff"), by and through his attorney, Joel D. Myers, Myers & Kaplan, Intellectual Property Law, L.L.C., hereby files this Response to the motion to tax costs by Defendant World Wrestling Entertainment, Inc. (hereinafter "Defendant" or "WWE") in the above action.



## A.    **Plaintiff Conducted Litigation In Good Faith**

As this Court has previously found, "the trial court has
discretion to disallow or reduce the costs allowed to the
prevailing party when the parties are unevenly matched in size
and resources and where the losing party conducted the
litigation in good faith."  American Key Corp. v. Cumberland
Associates, 102 FRD 496, 498 (N.D. Ga. 1984).  Additionally,
other courts have found that the presence of good faith of the
losing party may support judicial discretion if it would be
inequitable under all circumstances in case to put burden of
costs on losing party.  See Virginia Panel Corp. v. MAC Panel
Co., 203 FRD 236 (W.D. Va. 2001); Teague v. Bakker, 35 F3d
978, CCH Fed Secur L Rep P 98400 (CA4 NC, 1994) ("good faith
is valid factor to consider in determining whether award of
costs is appropriate.").

At all times during the present litigation against WWE,
Plaintiff conducted in good faith.  For more than twenty (20)
years, Plaintiff has been and continues to promote his
wrestling services under the trademark "The Living Legend".
Because of his extensive and prolonged use, many wrestling
fans have come to know him as "The Living Legend".  Even a

2

trademark examining attorney at the U.S. Patent and Trademark
Office, who specializes in trademark law, has approved
Plaintiff's mark as registerable.  When Defendant adopted,
promoted and utilized the trademark "The Living Legend" for
wrestling entertainment services in 2001, Plaintiff filed the
present lawsuit to remedy Defendant's unlawful acts of
trademark infringement, unfair competition and deceptive trade
practices.  Plaintiff cooperated fully with discovery and
never employed any dilatory tactics.

**B.   Plaintiff Has Limited Financial Resources**

In Thomas v. Clayton County, Ga., 94 F.Supp.2d 1330 (N.D.
Ga. 2000), a case cited by and relied upon by Defendant, this
Court noted that the costs per plaintiff in most cases before
this Court have infrequently reached or exceeded $5,000.
Therefore, the Court concluded that "consideration of a
plaintiff's financial condition might be a more appropriate
factor in those cases where the costs have substantially
exceeded [$5,000] and where the plaintiff would suffer a
substantial financial hardship if she had to pay the entire
amount of costs."  Id. at 1341, note 11 (emphasis in
original).  In Thomas, the Court found that the costs per
plaintiff totaled $3,090.04, that such costs would not

3

financially cripple the plaintiffs; and thus, the Court
concluded that the plaintiffs' financial condition would not
disfavor the award of costs.

In the present case, Defendant has filed a motion to tax
costs in the amount of $16,653.73, more than five (5) times
the amount awarded in Thomas. Furthermore, Defendant WWE is a
multi-million dollar international corporation, which has an
aggregate market value of $219,536,844.00. See **Exhibit A-B**,
Defendant WWE's annual report stating aggregate market value
of the common stock held by non-affiliates at July 7, 2004.
Conversely, Plaintiff is an individual who is currently
seeking Chapter 7 bankruptcy. As noted above, "the trial
court has discretion to disallow or reduce the costs allowed
to the prevailing party when the parties are unevenly matched
in size and resources." American Key Corp., 102 FRD at 498.
Accordingly, WWE's immense financial success and Plaintiff's
current insolvency disfavors an award of costs to Defendant.

## CONCLUSION

For all the foregoing reasons, the motion to tax costs by
World Wrestling Entertainment, Inc. should be denied.

4

Respectfully submitted this 13th day of September, 2004.

_____
Joel D. Myers
Georgia Bar No. 533147
Myers & Kaplan, L.L.C.
1899 Powers Ferry Road
Suite 310
Atlanta, Georgia 30339
Phone: 770-541-7444
Fax: 770-541-7448
Email: jmyers@mkiplaw.com

**CERTIFICATION**

Pursuant to Local Rule 7.1D, counsel for Plaintiff hereby certifies that this Response has been prepared with Courier New Font (12 point).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

LARRY WHISTLER                          )
a/k/a LARRY ZBYSZKO                      )
a/k/a THE LIVING LEGEND,                 )
an individual,                          )
                                        )
           Plaintiff,                   )
                                        )   Civil Action
                                        )   No. 1 02-CV-1008
    v.                                  )
                                        )
WORLD WRESTLING FEDERATION              )
ENTERTAINMENT, INC., a Delaware         )
Corporation,                            )
                                        )
           Defendant.                   )
_____

### CERTIFICATE OF SERVICE

A copy of ***Plaintiff's Response And Memorandum Of Law In Opposition To Defendant's Motion To Tax Costs*** was served by U.S. First Class Mail upon the following:

John L. Taylor, Jr.
Chorey, Taylor & Feil
The Lenox Building
Suite 1700
3399 Peachtree Road, NE
Atlanta, GA 30326
Tel. (404) 841-3200
Fax  (404) 841-3221

This 13th day of September, 2004.

Joel D. Myers
Georgia Bar No. 533,147
Myers & Kaplan,
Intellectual Property Law, L.L.C.
1899 Powers Ferry Road
Suite 310
Atlanta, GA 30339
Tel.  (770) 541-7444
Fax   (770) 541-7448

# UNITED STATES SECURITIES AND EXCHANGE COMMISSION
## WASHINGTON, D.C. 20549

# FORM 10-K

☒ **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15 (d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the fiscal year ended April 30, 2004

or

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15 (d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the transition period from _____ to _____

Commission file number 0-27639

# WORLD WRESTLING ENTERTAINMENT, INC.

*(Exact name of Registrant as specified in its charter)*

**Delaware**    04-2693383
*(State or other jurisdiction of incorporation or organization)*    *(I.R.S. Employer Identification No.)*

**1241 East Main Street**
**Stamford, CT 06902**
**(203) 352-8600**
*(Address, including zip code, and telephone number, including area code,*
*of Registrant's principal executive offices)*

### SECURITIES REGISTERED PURSUANT TO SECTION 12(b) OF THE ACT

**Class A Common Stock, $.01 par value per share**    **New York Stock Exchange**
*(Title of each class)*    *(Name of each exchange on which registered)*

### SECURITIES REGISTERED PURSUANT TO SECTION 12(g) OF THE ACT

None

Indicate by check mark whether the Registrant (1) has filed all reports required to be filed by Section 13 or 15 (d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the Registrant was required to file such reports) and (2) has been subject to such filing requirements for the past 90 days    Yes  ☒    No  ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained to the best of Registrant's knowledge in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K  ☒

Indicate by check mark whether the registrant is an accelerated filer (as defined in the Exchange Act Rule 12b-2)  Yes  ☒  No  ☐

Aggregate market value of the common stock held by non-affiliates of the Registrant at July 7, 2004 using our closing price October 23, 2003 was approximately $219,536,844

As of July 7, 2004 the number of shares outstanding of the Registrant's Class A common stock, par value $.01 per share, was 20,810,993 and the number of shares outstanding of the Registrant's Class B common stock, par value $.01 per share was 47,713,563 shares

Portions of the Registrant's definitive proxy statement for the 2004 Annual Meeting of Stockholders are incorporated by reference in Part III of this Form 10-K

Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>      Plaintiff,<br><br>    v.<br><br>WORLD WRESTLING FEDERATION<br>ENTERTAINMENT, INC., a Delaware<br>Corporation,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action<br>No. 1-02-CV-1008 |

<u>AFFIDAVIT OF JOEL D. MYERS</u>

1.  I am over the age of eighteen years old and if
    called as witness to testify in this matter, I
    could and would competently testify to the within
    matters as being of my own personal knowledge.

2.  The document labeled "Exhibit A" to Plaintiff's
    Response And Memorandum Of Law In Opposition To
    Defendant's Motion To Tax Costs is a true and
    accurate copy of World Wrestling Entertainment,
    Inc.'s ("WWE") annual report pursuant to Section

13 or 15(d) of the Securities Exchange Act of 1934

for the fiscal year ended April 30, 2004.

3.   I have obtained WWE's annual report from their

Internet website, having a URL address at

"www.wwe.com".

I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Dated: September 13, 2004

_____
JOEL D. MYERS

Sworn to before me this
_13th_ day of September, 2004.

_____
Notary Public

Notary Public, Cobb County, Georgia
My Commission Expires Feb. 14, 2008.