**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER ) <br> a/k/a LARRY ZBYSZKO ) <br> a/k/a THE LIVING LEGEND, ) <br> an individual, ) <br>   ) <br>   ) Civil Action No. 1 02-CV-1008-CC <br> Plaintiff, ) <br>   ) <br> vs. ) <br>   ) <br> WORLD WRESTLING ) <br> ENTERTAINMENT, INC., a Delaware ) <br> corporation, ) <br>   ) <br> Defendant. ) | |

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO TAX COSTS

Defendant World Wrestling Entertainment, Inc ("WWE") respectfully submits this brief reply to the opposition (the "Opposition") to WWE's motion to tax costs filed by Plaintiff Larry Whistler ("Whistler").

Significantly, Whistler's Opposition did not object to the amount and/or calculation of WWE's costs incurred in this action. WWE's Bill of Costs thus stand uncontroverted and unopposed.

Whistler opposes WWE's motion to tax costs on two bases: (1) that he purportedly brought this action in good faith, and (2) that he has limited financial

resources. Both of these arguments, however, are unfounded and/or legally untenable. At the outset, Fed.R.Civ.P. 54 presumes that costs are allowed "as a matter of course" to the prevailing party. To rebut that presumption and thereby the intent underlying Rule 54, a court denying costs to the prevailing party must articulate "a good reason for doing so." *Teague v Bakker*, 35 F.3d 978, 996 (4th Cir. 1994)

With regard to Whistler's purported good faith, this Court specifically found, based on the record before it, that Whistler intentionally concealed the existence of this lawsuit from the Bankruptcy Court, the bankruptcy trustee and his creditors in connection with his Chapter 7 bankruptcy. In particular, this Court noted that "the omission of [this lawsuit's] existence in his bankruptcy filings certainly could be found to have worked to Plaintiff's benefit because it is unlikely he would have received the benefit of a no asset, complete discharge had his creditors, the trustee or the bankruptcy court known of a lawsuit claiming millions of dollars of damages." Order at 8 (internal citations omitted). Accordingly, despite Whistler's unyielding protestations to the contrary, this Court has ruled that Whistler did not bring or conduct this lawsuit in good faith.

In any event, this Court ruled in the very authorities cited by Whistler in his Opposition that "the good faith of a plaintiff who has brought a non-meritorious

suit would not typically prompt this Court to refuse to tax costs against them." *Thomas v Clayton County, Ga.*, 94 F Supp.2d 1330, 1340-41 (N.D Ga. 2000) Specifically in that case, moreover, this Court concluded that plaintiffs' good faith litigation . . . is not a particularly compelling factor in the Court's present determination of costs. All litigants are required to litigate in good faith under the Federal Rules of Civil Procedure." *Id*

With regard to Whistler's argument to deny WWE costs based on the alleged financial strain it would incur, the very authorities cited in Whistler's Opposition again reject such a position In *American Key Corp v Cumberland* this Court expressly refused to disallow or reduce the costs taxed to plaintiffs, despite recognizing "that plaintiffs have limited financial resources and that the defendants are large corporations with great financial resources" and assuming that the action was brought in good faith (a factor which does not exist here). *American Key Corp v Cumberland Associates*, 102 F.R D. 496 (N D. Ga. 1984). Rather, this Court reasoned that the defendants incurred "enormous" expenses and that the imposition of costs is the tradeoff that all plaintiffs agree upon when instituting a lawsuit.

> For less than $100 an individual can engage the great machinery of the federal court system and can require large corporations to come defend themselves If he prevails he may recover damages. If he loses he is required only to reimburse the defendant certain

3

enumerated costs ... Given the minimal risk a plaintiff incurs in filing [a] lawsuit and the large potential recovery to be won, it is not surprising that there is a potential for the filing of vexatious "strike" suits This potential is only increased when courts further reduce the risks associated with filing the suit by reducing or disallowing the costs allowed to the prevailing defendant.

*Id* at 498

Whistler's purported financial strain and good faith in instituting litigation, therefore, do not constitute "good reason" for refuting Rule 54(b)'s presumption of allowing costs to the prevailing party.

## **CONCLUSION**

For all the foregoing reasons, WWE should be allowed the costs set forth in WWE's Bill of Costs

Respectfully submitted,

_____
Attorneys for Defendant
World Wrestling Entertainment, Inc.
John L. Taylor, Jr
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No 487013
CHOREY, TAYLOR & FEIL, P.C.
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

and

4

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
(412) 355-6500 (phone)
(412) 355-6501 (fax)

## **CERTIFICATION**

Pursuant to Local Rule 7.1D, counsel for Defendant hereby certify that this document has been prepared with Times New Roman font (14 point).

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER<br>a/k/a LARRY ZBYSZKO<br>a/k/a THE LIVING LEGEND,<br>an individual,<br><br>      Plaintiff,<br><br>vs.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, INC., a Delaware<br>corporation,<br><br>      Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 1 02-CV-1008-CC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2004, I served opposing counsel with the foregoing ***Defendant's Reply In Further Support Of Motion To Tax Costs*** by mail with postage prepaid to the following address:

    Joel D. Myers, Esquire
    Myers & Kaplan Intellectual Property Law LLC
    1899 Powers Ferry Road
    Suite 310
    Atlanta, Georgia 30339

_____
Attorneys for Defendant
World Wrestling Entertainment, Inc.

John L. Taylor, Jr.
Georgia Bar No. 700400
Celeste McCollough
Georgia Bar No. 487013
CHOREY, TAYLOR & FEIL, P.C.
The Lenox Building, Suite 1700
3399 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 841-3200
(404) 841-3221 (fax)

and

Jerry S. McDevitt
Curtis B. Krasik
Julie R. Fenstermaker
KIRKPATRICK & LOCKHART
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222
(412) 355-6500
(412) 355-6501 (fax)