IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY WHISTLER a/k/a<br>LARRY ZBYSZKO a/k/a<br>THE LIVING LEGEND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, INC., a<br>Delaware corporation,<br><br>Defendant. | CIVIL ACTION NO.<br><br>1:02-CV-1008-CC |

## **ORDER**

Pending before the Court is Defendant's Motion to Tax Costs. After prevailing on its motion for summary judgment, Defendant filed the instant motion, along with a Bill of Costs in the amount of $16,653.73 and supporting documentation. Plaintiff has filed a response in opposition to Defendant's motion. In his response, Plaintiff does not dispute the propriety of the costs sought by Defendant, but instead opposes the motion on the grounds that he brought this action in good faith, and that he has limited financial resources.

With respect to the issue of Plaintiff's good faith, "the good faith of a plaintiff who has brought a non-meritorious suit would not typically prompt this Court to refuse to tax costs against them." *Thomas v. Clayton County, Ga.*, 94 F.Supp.2d 1330, 1340 (N.D.Ga. 2000). In any event, given that Plaintiff failed to disclose the existence of this lawsuit to the Bankruptcy Court in connection with his Chapter 7 bankruptcy, and further, given that Plaintiff has acknowledged that Bruno Sammartino, who wrestled for WWE from the 1960s through the 1980s, used the term "The Living Legend" prior to Plaintiff's use of the term, Plaintiff's purported good faith in bringing this action is questionable is at best.

With respect to Plaintiff's claim that he has limited resources, the Court has discretion whether to award costs where the financial capabilities of a party are limited. *American Key Corp. v. Cumberland Associates*, 102 F.R.D. 496, 498 (N.D.Ga. 1984). However,

> in adopting Rule 54 of the Federal Rules of Civil Procedure, which applies to both prevailing plaintiffs and defendants, Congress did not state that a non-prevailing plaintiff could avoid the imposition of costs if the latter might create a financial hardship. Presumably, Congress was aware that the assessment of costs against a losing party could create a financial hardship in many, if not most, cases. Nevertheless, as noted there is a presumption that the prevailing party will receive reimbursement of its costs. . . . Presumably, in rejecting the "English rule," in which a losing party is required to reimburse the prevailing party for *all* expenses, Congress was attempting to strike a compromise by requiring the losing party to pay the much lesser "costs" of litigation. The compromise would be eviscerated if a losing party could avoid paying costs merely by arguing that he could not afford to do so.

*Thomas*, 94 F.Supp.2d at 1341-42 (emphasis in original). Under the circumstances of this case, the Court is not persuaded that Plaintiff's supposed limited financial resources is sufficient to prevent the imposition of costs. *See American Key Corp.*, 102 F.R.D. at 498 (costs awarded despite the fact that plaintiffs had limited financial resources while defendants were large corporations with large financial resources). However, as discussed below, the Court concludes that Defendant is not entitled to certain of the costs that it seeks under 28 U.S.C. § 1920.

Although Plaintiff has not specifically objected to Defendant's attempt to recover its attorneys' travel expenses to depositions, the Court finds that such costs are not permissible under § 1920. While Defendant cites to *Cullens v. Georgia Dept. of Transp.*, 29 F.3d 1489 (11th Cir. 1994), a case brought under Title VII of the Civil Rights Act, in support of its contention that such expenses are taxable, it is not clear whether the travel expenses sought in that case were that of the attorneys or of the witnesses. Further, *Cullens* relies upon *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181 (11th Cir. 1983), which was a civil rights case involving the award of attorneys'

fees and expenses under the Attorney's Fees Awards Act rather than § 1920, and thus that case is inapplicable here. *See Barneby v. E.F. Hutton & Co.*, 130 F.R.D. 679, 683 (M.D.Fla. 1990). A review of § 1920 demonstrates that, while witnesses' travel expenses are recoverable under § 1920, the travel expenses of attorneys are not. 28 U.S.C. §§ 1821(4), 1920; *see also, Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F.Supp 415, 418 (N.D. Tex. 1997) (and cases cited therein).

For the above-stated reasons, Defendant's Motion to Tax Costs [73-1] is GRANTED in part. The Clerk of Court is DIRECTED to tax costs against Plaintiff in the amounts shown below:

| | |
|---|---|
| Fees for service of summons and subpoena: | $   400.00 |
| Fees of the court reporter: | $7,695.30 |
| Fees and disbursements for printing: | $1,234.55 |
| Fees for witnesses: | $   200.00 |
| TOTAL: | $9,529.85 |

SO ORDERED this 7<u>th</u> day of <u>February</u>, 2005.

*s/   CLARENCE COOPER*

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE